Avi Burkwitz, Esq., Bar No.: 217225
aburkwitz@pbbllp.com
Natalie U. Luongo, Esq., Bar No.: 285288
nluongo@pbbllp.com
**PETERSON · BRADFORD · BURKWITZ**
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

Attorneys for Defendants,
COUNTY OF LOS ANGELES, RIHANA ACKLIN,
ERASMO AGUILAR, NORMA WARD, VIRGINIA ESPINOZA & CHRISTINA ALFARO

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

LISA CASTILLO, B.U. a Minor, and L.V., a Minor, by and through their Guardian Ad Litem, Lisa Castillo

Plaintiffs,

vs.

COUNTY OF LOS ANGELES, RIHANA ACKLIN, LANA ADRIAN, ERASMO AGUILAR, NORMA WARD, VIRGINA ESPINOZA, CHRISTINA ALFARO, AND Does 1 through 9

Defendants.

Case No.: CV14-07702 BRO (VBKx)
Assigned to the Honorable: Beverly Reid O'Connell
Courtroom: 14

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(5) and 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES

Date: April 13, 2015
Time: 1:30 p.m.
Dept: 14

Complaint Filed: October 9, 2014
(Lodged October 3, 2014)

TO THE HONORABLE COURT, PLAINTIFFS and THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on April 13, 2015, at 1:30 p.m. in Courtroom 14 of the United States District Court, Central District of California, located at 312 N. Spring Street, Los Angeles, California 90012, Defendants, COUNTY OF LOS ANGELES, RIHANA ACKLIN, ERASMO AGUILAR, NORMA WARD, VIRGINIA ESPINOZA, CHRISTINA ALFARO (collectively, the "Defendants")



PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

## TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 5

II. SUMMARY OF FACTS ALLEGED ..... 6

III. LEGAL STANDARD ..... 10

IV. PLAINTIFFS FAILED TO TIMELY SERVE THE INDIVIDUAL DEFENDANTS IN ACCORDANCE WITH F.R.C.P., RULE 4(M) ..... 11

V. THE FIRST AND SECOND CLAIMS FOR VIOLATION OF 42 U.S.C. § 1983 - 4TH AMENDMENT- REMOVAL AND SEIZURE" FAIL TO STATE A CLAIM AGAINST WARD AND AGUILAR ..... 12

A. Plaintiffs' First and Second Claims are Insufficient as to Defendants Ward and Aguilar ..... 12

B. Defendants Have Qualified Immunity under Federal Law ..... 13

VI. PLAINTIFFS' THIRD CLAIM FOR VIOLATION OF 42 U.S.C. § 1983- 6TH AMENDMENT RIGHT TO COUNSEL FAILS TO STATE A CLAIM AGAINST DEFENDANTS ..... 14

A. The Claim Cannot be Brought in this case ..... 14

B. The Claim Fails to Plead Facts Against the Defendants ..... 14

VII. THE FOURTH CLAIM-VIOLATION OF 42 U.S.C. § 1983-FIRST AMENDMENT-INTERFERENCE WITH FAMILIAL RELATIONS - FAILS ..... 15

A. Plaintiffs Fail to Plead Facts Against the Individual Defendants ..... 16

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

B. The Individual Defendants are Entitled to Qualified Immunity ........... 16

C. The Fourth Claim Fails to State a Monell Claim ................................. 17

VIII. PLAINTIFFS' FIFTH CLAIM FOR VIOLATION OF 42 U.S.C. § 1983 - 14TH AMENDMENT - INITIAL AND CONTINUED DETENTION FAILS TO STATE A CLAIM ........................................................................................ 17

IX. PLAINTIFFS' SIXTH CLAIM FOR VIOLATION OF 42 U.S.C. § 1983 - MONELL CLAIM FAILS TO STATE A CLAIM AGAINST THE COUNTY ............................................................................................................ 18

A. The Sixth Claim Fails to Plead Facts to State a Monell Claim ............ 19

B. Compliance with Federal Pleading Standards is not Established by Comparing Plaintiffs' Claim to Unrelated Complaints or Cases ......... 20

X. THE SEVENTH CLAIM FOR VIOLATION OF SECTION 504 OF THE REHABILITATION ACT, 29 U.S.C. § 794 FAILS TO STATE A CLAIM. 22

XI. PLAINTIFFS' EIGHTH CLAIM FOR NEGLIGENT SUPERVISION, HIRING, RETENTION AND DISCIPLINE FAILS TO STATE A CLAIM 23

A. The Eighth Claim is Barred for Failure a Timely Govt. Tort Claim .... 23

B. A Common Law Claim Cannot be Brought Against the County ......... 23

C. The County and its Employees are Immune Under California Law .... 24

D. No Facts Alleged Trigger the Application of Govt. Code § 820.21 ..... 25

XII. PLAINTIFFS' NINTH CLAIM FOR "INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS" FAILS TO STATE A CLAIM .......................... 26

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

XIII. PLAINTIFFS' TENTH CLAIM FOR VIOLATION OF STATE CIVIL RIGHTS UNDER CAL. CIV. CODE § 43 FAILS TO STATE A CLAIM...27

XIV. PLAINTIFFS' ELEVENTH CLAIM- VIOLATION OF CAL. CIV. CODE § 52.1 FAILS TO STATE A CLAIM ....................27

XV. PLAINTIFFS' TWELFTH CLAIM FOR VIOLATIONS OF CAL. CIV. CODE §§ 51.7 and 52 FAILS TO STATE A CLAIM ....................28

XVI. CONCLUSION ....................29

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

## TABLE OF AUTHORITIES

Page

**Cases**

AE ex rel. Hernandez v. County of Tulare,
666 F.3d 631 (9th Cir. 2012)……………………………..……………………..18

Alicia T. v. County of Los Angeles,
222 Ca. App. 3d 869 (1990)……………………………………………………25

Ashcroft v. Iqbal,
556 U.S. 129 S.Ct. 1937 (2009)............................................10, 15, 18, 20, 22, 28

Austin B. v. Escondido Union School Dist.,
149 Cal.App.4th 860 .......................................................................................28

Barner v. Leeds,
(2000) 24 Cal. 4th 676 .....................................................................................25

Bell Atl. Corp. v. Twombly,
550 U.S. 544 (2007)...............................................................................10, 20, 21

Board of the County Commissioners of Bryant County v. Brown,
520 U.S. 397 (1997)...........................................................................................19

California ex. Rel. Lockyer v. Mirant Corp.,
266 F. Supp 2d 1046 (N.D. Cal. 2003) ...........................................................22

Cintron v. Union Pac. R.R. Co.,
813 F2d. 917 (9th Cir. 1987) ..........................................................................11



n:\files\1546-castillo (cola)\pleadings\p-mtn. to dismiss complaint.docx

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

City of Oklahoma City v. Tuttle,
471 U.S. 808 (1985)........................................................................20, 21

County of Los Angeles v. Sup. Ct (Terrell R.),
(2003) 102 Cal. App. 4th 627 ..............................................................24

De Villers v. County of San Diego
(2008) 67 Cal. Rptr. 3d 238 .................................................................24

Hansen v. Black,
885 F.2d 642 (9th Cir. 1989) ..............................................................12

Hodge v. Jones,
31 F.3d 157 (4th Cir. 1994) ................................................................16

Hodgers v. De La Vina,
199 F.3d 1037 (9th Cir. 1999) ............................................................16

Hughes v. Pair,
46 Cal. 4th 1035 (2009)........................................................................26

In re Cutter,
468 F. App'x 657, (9th Cir. 2011).........................................................14

Jackson v. Barnes,
749 F.3d 755 (9th Cir. 2014) ..............................................................18

Jackson v. City of Bremerton,
268 F.3d 646 (9th Cir. 2001) ..............................................................13

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

Jacqueline T. v. Alameda County Child Protective Services,
(2007) 155 Cal. App. 4th 456 .................................................................... 25

Jones v. Williams,
297 F. 3d 930 (9th Cir. 2002) .................................................................... 12, 16

Karim-Panahi v. Los Angeles Police Dept.,
839 F.2d 621 (9th Cir. 1988) .................................................................... 23

Kelson v. City of Springfield, 767 F.2d 651, 654-55 (9th Cir. 1985)…………………..17

Lovell v. Chandler,
303 F.3d 1039 (9th Cir. 2002)………………………………………..………22

Miller v. Gammie,
335 F.3d 889 (9th Cir. 2003) .................................................................... 13, 14, 25

Monell v. New York City Dept. of Social Services,
436 U.S. 658 (1978)............................................................ 15, 17, 18, 19, 20, 21

Moss v. U.S. Secret Service,
572 F.3d 962 (9th Cir. 2009) .................................................................... 10

Pacific Tel. & Tel. Co. v. County of Riverside
(1980) 106 Cal App 3d 183 .................................................................... 23

Parkes v. County of San Diego
(2004) 345 F. supp 2d 1071 .................................................................... 25

Pearson v. Callahan,
555 U.S. 223 (2009)............................................................................ 13, 14

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

Ramirez v. United Airlines, Inc.,
416 F. Supp. 2d 792 (N.D. Cal. 2005). .......... 21

Rabkin v. Dean,
856 F. Supp. 543 (N.D. Cal. 1994).......... 27

Santosky v. Kramer,
455 U.S. 745 (1982) .......... 15, 16

Smith v. City of Fontana,
818 F.2d 1411 (9th Cir. 1987) .......... 16, 17

Sprewell v. Golden State Warriors,
266 F.3d 979 (9th Cir. 2001) .......... 10

State of California v. Sup. Ct.
(1984) 150 Cal. App. 3d 848 .......... 24

State of California v. Superior Court,
32 Cal. 4th 1243 (2004) .......... 23

Twombly, supra,
550 U.S. 544 .......... 12, 18, 28

United States v. Marion,
404 U.S. 307 (1971) .......... 14

Venegas v. County of Los Angeles
(2004) 32 Cal.4th 820 .......... 28

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

Williams v. Gorton,
529 F. 2d 668 (9th Cir. 1976) .......... 12

Ybarra v. Reno Thunderbird Mobile Home Vill.,
723 F.2d 675 (9th Cir. 1984) .......... 12

**Statutes**

29 U.S.C. § 794 .......... 22

42 U.S.C. § 1983 .......... 12, 14, 15, 17, 18

Cal. Civ. Code §43 .......... 27

Cal. Civ. Code § 51 .......... 28

Cal. Civ. Code §51.7 .......... 28

Cal. Civ. Code § 52 .......... 28

Cal. Civ. Code § 52.1 .......... 27

Cal. Govt. Code § 815 .......... 24, 25

Cal. Govt. Code § 815.2 .......... 24, 25, 27

Cal. Govt. Code §815.2(b) .......... 24

Govt. Code, § 815.6 .......... 24

Cal. Govt. Code § 820.2 .......... 24, 25

Cal. Govt. Code § 820.21 .......... 25, 26

Cal. Govt. Code § 821.6 .......... 25

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

Cal. Govt. Code § 905 .......... 23

Cal. Govt. Code § 910 .......... 23

Cal. Govt. Code § 911.2 .......... 23

Cal. Govt. Code § 945.4 .......... 23

Fed. R. Civ. P. 4(m) .......... 11

Fed. R. Civ. P. 8 .......... 12

Fed. R. Civ. P. 12(b)(5) .......... 11

Fed. R. Civ. P. 12(b)(6) .......... 10, 11, 21

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

will move this Court for an order to dismiss the twelve claims for relief stated against them in Plaintiffs' Complaint, with prejudice, pursuant to Federal Rules of Civil Procedure, Rules 12(b)(5) and 12(b)(6) and corresponding case law.[1] The motion will be made and based upon the following grounds:

1. Plaintiffs failed to timely serve Defendants Acklin, Aguilar, Ward, Espinoza and Alfaro within 120 days of filing the Complaint as required under Fed. R. Civ. P., Rule 4(m). See, Fed. R. Civ. P., Rule 12(b)(5).

2. The First claim for relief, entitled "Violation of Civil Rights under 42 U.S.C. § 1983 - 4th Amendment- Removal and Seizure" by Plaintiff B.U. against Defendants Acklin, Ward, Adrian, and Aguilar fails to state a claim upon which relief can be granted against Defendants Ward and Aguilar.

3. The Second claim for relief, entitled "Violation of Civil Rights under 42 U.S.C. § 1983 - 4th Amendment- Removal and Seizure" by Plaintiff L.V. against Defendants Acklin, Ward, Adrian, and Aguilar fails to state a claim upon which relief can be granted against Defendants Ward and Aguilar.

4. The Third claim for relief, entitled "Violation of Civil Rights under 42 U.S.C. § 1983- 6th Amendment Right to Counsel" by Plaintiffs against all Defendants fails to state a claim upon which relief can be granted against the County of Los Angeles, Acklin, Ward, Aguilar, Ward, Espinoza and Alfaro.

5. The Fourth claim for relief, entitled "Violation of Civil Rights under 42 U.S.C. § 1983 - 1st Amendment - Interference with Familial Relations" by Plaintiffs against All Defendants fails to state a claim against which relief can be granted against the County of Los Angeles, Acklin, Ward, Aguilar, Ward, Espinoza and Alfaro.

6. The Fifth claim for relief, entitled "Violation of Civil Rights under 42 U.S.C. § 1983- 14th Amendment - Initial and Continued Detention" by Plaintiffs

---

[1] At the time this motion was filed, Defendant Lana Adrian had not been served.

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

against all Defendants fails to state a claim against the County of Los Angeles, Acklin, Ward, Aguilar, Ward, Espinoza and Alfaro.

7. The Sixth claim for relief, entitled Violation of Civil Rights under 42 U.S.C. § 1983- Monell Claim" by all Plaintiffs against Defendant County of Los Angeles fails to state a claim upon which relief can be granted.

8. The Seventh claim for relief, entitled "Violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794" by all Plaintiffs against the County of Los Angeles fails to state a claim upon which relief can be granted.

9. The Eighth claim for relief, entitled "Negligent Supervision, Hiring, Retention and Discipline" - by Plaintiffs fails to state a claim upon which relief can be granted against the County of Los Angeles, Acklin, Aguilar, Ward, Espinoza and Alfaro.

10. The Ninth claim for relief, entitled "Intentional Infliction of Emotional Distress" by all Plaintiffs fails to state a claim upon which relief can by granted against the County of Los Angeles, Acklin, Aguilar, Ward, Espinoza and Alfaro.

11. The Tenth claim for relief, entitled "Violation of State Civil Rights - Cal. Civ. Code § 43" by Plaintiffs fails to state a claim against the County of Los Angeles, Acklin, Aguilar, Ward, Espinoza and Alfaro.

12. The Eleventh claim for relief, entitled "Violation of State Civil Rights - Cal. Civ. Code § 52.1" by Plaintiffs fails to state a claim against the County of Los Angeles, Acklin, Aguilar, Ward, Espinoza and Alfaro.

13. The Twelfth claim for relief, entitled "Violation of State Civil Rights - Cal. Civ. Code §§ 51.7 and 52" by all Plaintiffs fails to state a claim against Defendants County of Los Angeles, Acklin, Aguilar, Ward, Espinoza and Alfaro.

This motion is made in compliance with Central District Local Rule 7-3. Plaintiffs lodged their Complaint with the Court on October 3, 2014, which was filed on October 9, 2014. Defendant County of Los Angeles was served with the original Complaint on February 6, 2015. Defendants Rihana Acklin, Erasmo

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

Aguilar, Norma Ward, Virginia Espinoza and Christina Alfaro were served on February 9, 2015. Defense Counsel sent detailed meet and confer correspondence on February 20, 2015 via facsimile and U.S. Mail advising that a motion to dismiss was being considered and detailing the grounds for same.

On February 23, 2015, Plaintiffs' counsel sent defense counsel an email, advising that an OSC re: Service was scheduled in this case and advised of Plaintiff's position on the Motion to Dismiss regarding service of the individual Defendants. Plaintiffs' counsel advised that she would address the matters raised in the letter and would further correspond, but as of the date of this filing has failed to provide any further correspondence regarding the additional matters raised in defense counsel's correspondence.

After careful consideration, the Defendants bring this motion, in order to protect their rights and to seek clarity about to the claims they must defend.

This Motion is made and based upon the Complaint, the Court file, the Memorandum Points and Authorities submitted herewith, and the hearing on this matter.

DATED: February 27, 2015 PETERSON · BRADFORD · BURKWITZ

By: /s/
Avi Burkwitz, Esq.
Natalie U. Luongo, Esq.
Attorneys for Defendants,
COUNTY OF LOS ANGELES,
RIHANA ACKLIN, ERASMO
AGUILAR, NORMA WARD,
VIRGINIA ESPINOZA &
CHRISTINA ALFARO

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This civil action arises from the alleged removal of two minors, Plaintiffs B.U. and L.V., from the custody of their mother, Plaintiff Lisa Castillo ("Castillo"). Castillo claims her daughters were removed from her care on October 4, 2012 by the County of Los Angeles Department of Children and Family Services ("DCFS") after their three month-old brother was found in brain dead in his crib for unknown reasons and was taken to the hospital, where he later died, which was under investigation by the City of Los Angeles Police Department, though Plaintiffs allege that there was no basis for the removal of the children. In addition, Plaintiffs admit that there were no Juvenile Court proceedings in this case, because Castillo signed a Voluntary Placement Agreement for B.U. and L.V. to be placed in DCFS custody on October 12, 2012. Despite these facts, Plaintiffs' Complaint asserts conclusory boilerplate allegations that DCFS Social Workers "conspired" to violate their rights by "maliciously and willfully" detaining B.U. and L.V., pursuant to an alleged County "policy" of submitting false statements and evidence to the Juvenile Court, even though no court proceedings are alleged.

The named Defendants are as follows:

- Moving Defendant County of Los Angeles ("County").
- Moving Defendants DCFS social workers: Rihana Acklin, Erasmo Aguilar, Norma Ward, Virginia Espinoza, and Christina Alfaro, individually and in their official capacity, (collectively referred to as the ("Social Worker Defendants"). Defendant Lana Adrian has not been served as of this filing.

Procedural History: Plaintiffs "lodged" the Complaint with the U.S. Federal District Court on October 3, 2014. The Complaint was marked "Filed" on October 9, 2014. (Complaint, Doc. No.9). Plaintiffs did not serve the County until February 6, 2015. Plaintiffs did not serve the Social Worker Defendants until February 9, 2015. (See, Docket Nos. 15, 17-20).

## II. SUMMARY OF FACTS ALLEGED

A brief summary of Plaintiffs' allegations are as follows.

- On the evening of October 3, 2014, Castillo found her three-month son ("Decedent"), lying face down in his bed in a comatose state for unknown reasons and he was taken to the hospital. (Complaint, Doc. No.9, ¶¶ 22, 27).
- On October 4, 2012, Defendant Social Worker Acklin arrived at the hospital, presumably to investigate a child abuse referral, where she interviewed Castillo, B.U. (13 years old), L.V. (3 years old) and other family members. (Complaint ¶23). Castillo was questioned regarding the Decedent, the whereabouts of the children's fathers and Castillo's criminal background and probation officer. (Complaint ¶23). Plaintiffs claim that Castillo did not consent for B.U. and L.V.'s to be interviewed. (Complaint ¶24).
- Plaintiffs allege that on October 4, 2012 at 11:00 p.m. Acklin informed Castillo that she had decided to remove B.U. and L.V. from Acklin's custody because the cause of the Decedent's injuries was unknown and she feared for their safety. (Complaint ¶¶26-29). Plaintiffs allege that Acklin informed Castillo that an unnamed supervisor also recommended the children be removed. (Complaint ¶32).
- Plaintiffs allege in a conclusory manner, that Acklin did not conduct a proper investigation, and that there were no facts to indicate that any of the children had been abused or neglected prior to B.U. and L.V.'s removal. (Complaint ¶¶ 39-40).
- Plaintiffs allege that they were not provided a copy of the warrant before the removal and there was no basis for exigency. (Complaint ¶¶41, 42).
- The children were initially placed together in foster care on October 4, 2012, but were separated against Castillo's wishes. (Complaint ¶¶38, 44).
- On October 5, 2012, Defendant Aguilar, Acklin's Supervisor, spoke with Castillo and informed her that the children would remain in custody until they

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

determined why Decedent died, but informed Plaintiff that the children could be released to family, if they passed a background check. (Complaint ¶47).

- The Decedent was declared brain dead on October 5, 2012. (Complaint ¶ 45).
- The children were both released to L.V.'s paternal grandmother on October 5, 2012, who was of no relation to B.U. (Complaint ¶51).
- Plaintiffs allege that on October 5, 2012, Acklin informed Castillo that a Juvenile Court hearing date was set for October 9, 2012. (Complaint ¶52). Acklin later informed Castillo that the court date was cancelled, and that a hearing was not necessary and a meeting would be held with Castillo and DCFS (presumably because Plaintiff Castillo signed a Voluntary Placement Agreement on October 12, 2012). (Complaint ¶¶52, 68).
- Plaintiffs blame DCFS for that L.V.'s maternal grandmother was unable to bring B.U. and L.V. to the hospital before her son's life support was removed by the hospital. (Complaint ¶54). Life support was withdrawn on October 8, 2012. (Complaint ¶55).
- On October 10, 2012, Acklin told Castillo she was required to take a drug test, and that a Team Meeting with DCFS would be held October 12, 2012. (Complaint ¶58).
- On October 12, 2012 a DCFS Team Meeting was held. (Complaint ¶59). Defendants Adrian, Ward, Acklin and Aguilar, Castillo, her mother, B.U., L.V., Castillo's brother, sister-in-law, cousin, Diana Padilla, L.V.'s father, L.V.'s paternal grandparents, and Castillo's attorney, William Becker, Esq. were all present at the meeting. (Complaint ¶59). Plaintiffs allege Mr. Becker was not permitted to be present during the meeting, which they claim denied them of their "right to counsel." (Complaint ¶¶59, 60).
- Plaintiffs allege that Acklin accused Castillo of being a drug addict and asked about her criminal record during the meeting. (Complaint ¶61).
- Plaintiffs admit that at the meeting on October 12, 2012, ***Castillo signed a***



PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

***Voluntary Placement Agreement for the children***. (Complaint ¶68). Despite that Castillo's attorney was on premises during the meeting, Plaintiffs claim Castillo signed this agreement "unwillingly" and "under duress." (Complaint ¶¶59, 60, 68).

- Plaintiffs allege that Adrian, Ward, Acklin and Aguilar informed Castillo that she needed to attend parenting classes, a drug program, domestic violence classes and grief and loss classes. (Complaint ¶62). Acklin informed Castillo B.U. and L.V. would be returned to her after Castillo completed her parenting classes, the autopsy report was completed and LAPD closed their investigation. (Complaint ¶62).
- Castillo's cousin, Diana Padilla, volunteered to take custody of B.U. and L.V. (Complaint ¶64). Castillo was granted supervised visitation with the children (Complaint ¶¶64, 65).
- In November 2012, Espinoza was assigned as the social worker. (Complaint ¶75).
- Castillo's requests to Acklin and Espinoza for unsupervised visits were denied. (Complaint ¶¶83, 84).
- In February 2013, Decedent's autopsy was completed. (Complaint ¶85). The report stated the cause of death was "undetermined," but the medical examiner informed Castillo that it was Sequele of Hypoxic Ischemic Encephal and Cardiac Arrest. (Complaint ¶85).
- Castillo called Espinoza about the report, but Espinoza did not return her calls immediately, so Castillo went to see her. (Complaint ¶¶86). Espinoza said she would request a copy of the autopsy report. (Complaint ¶¶83, 84).
- Castillo called Espinoza and her supervisor, Defendant Alfaro, repeatedly over the next several days, but they did not return her calls. In March 2013, Espinoza informed Castillo a team meeting would be set. (Complaint ¶93).
- In April 2013 the LAPD notified Castillo that the case was closed and no

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

wrongdoing was found on her part. (Complaint ¶96).

- On May 9, 2013, a Team Meeting was held with Castillo, her mother, Diana Lopez, B.U., L.V., Espinoza and Alfaro. (Complaint ¶97). At the meeting Castillo provided proof of her completion of parenting classes, grief and loss classes, domestic violence classes and the drug program. (Complaint ¶98).
- On May 9, 2013, Alfaro informed Castillo that the children were being returned to her because she had completed all of her classes. (Complaint ¶99).
- Though the children were returned, the case did not close until August 2013.
- The only factual allegations against Defendants Aguilar and Ward are that they were present at a Team Meeting on October 12, 2012. (Complaint ¶59).
- Aside from the removal allegations, the only non-conclusory factual allegations against Acklin are that she conducted an investigation and attended a Team Meeting on October 12, 2012. (Complaint ¶¶23, 24, 59). The only allegations as to Defendants Espinoza and Alfaro are they did not immediately return Plaintiffs' telephone calls and that they were present at a Team Meeting on May 9, 2013 where Alfaro told Castillo her children were being returned. (Complaint ¶¶ 93, 97).
- There are no ***facts*** pled against the County. Even though they are not remotely applicable based on the facts pled in the Complaint, Plaintiffs nonetheless allege in a conclusory manner, that the County has "policies and practices" of: (1) detaining children without a warrant or exigent circumstances; (2) using "trickery, duress, fabrication and/or false testimony or evidence, or failing to disclosure exculpatory evidence, in preparing and presenting reports and court documents to the court; (3) removing children solely on the basis of their disability or association; (4) inadequate training and/or failure to train its employees; (5) a policy of authorizing or ratifying the inclusion of false statements and misrepresentation and/or exaggeration of allegations in reports to the Juvenile Court. (Complaint ¶154(a)-(l)).

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

- Plaintiffs allege, in a wholly conclusory manner, that six cases referred to in their Complaint support that the County/DCFS "has a pattern, practice and policy of violating the rights of families in dependency actions." These allegations regarding other lawsuits are unsupported by any ***facts*** alleged, and cannot be taken as true. (Complaint ¶148-164).
- Plaintiffs also refer to the contents of an April 2012 "County of Los Angeles Special Investigation Unit Report Regarding DCFS Recurring Systemic Issues," but again, no ***facts*** are pled with respect to the relevancy of the contents of this Report to this case. (Complaint ¶¶168-185).
- Plaintiffs did not file a Government Claim with the County of Los Angeles until October 3, 2014. (Complaint ¶121).

## III. LEGAL STANDARD

Under Fed. R. Civ. P., Rule 12(b)(6), the defense of failure to state a claim for which relief can be granted may be made by motion. "To survive a motion to dismiss, the factual allegations in a complaint "must be enough to raise a right of relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The court is "not required to accept as true conclusory, unwarranted deductions of fact or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

A plaintiff may not plead the bare elements of his cause of action, affix a label to it and expect his complaint to survive a motion to dismiss." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The complaint must state sufficient facts that show more than a "sheer possibility" that the defendant acted unlawfully. Id. To survive a motion to dismiss, the "non-conclusory factual content and reasonable inferences from that content must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). In this case, none of the claims asserted by Plaintiffs rise beyond the speculative level.

///

## IV. PLAINTIFFS FAILED TO TIMELY SERVE THE INDIVIDUAL DEFENDANTS IN ACCORDANCE WITH F.R.C.P., RULE 4(M)

Insufficient service of process is grounds for a motion to dismiss. Fed. R. Civ. P., Rule 12(b)(5). If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. Fed. R. Civ. P., Rule 4(m). If the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. Id.

For statute of limitations purposes, a complaint is deemed "filed" when it is tendered to the clerk, regardless of whether a filing fee or request in forma pauperis is made. See, Cintron v. Union Pac. R.R. Co., 813 F2d. 917, 919-920 (9th Cir. 1987);(and cases cited therein). Accordingly, for Rule 4(m) purposes, the Court should consider the date the complaint is first tendered to the clerk as the beginning of the clock under Fed. R. Civ. P. 4(m).

On October 3, 2014, Plaintiffs lodged their Complaint with the Court for filing and filed a Request to Proceed in Forma Pauperis. (See, Doc. No. 1). On October 9, 2014, the Court granted Plaintiffs' Motion and entered the Complaint "filed" on October 9, 2014. (See, Docket Nos. 8, 9). Plaintiffs failed to serve Defendants Acklin, Aguilar, Ward, Espinoza or Alfaro until February 9, 2014, 129 days after the Complaint was tendered to the Clerk, and 123 days after "filing". (See, Doc. Nos. 15, 17, 18, 19, 20). As Plaintiffs have failed to diligently prosecute this case, the Court should dismiss their Complaint in its entirety. See, Fed. R. Civ. P., Rules 12(b)(5) and Rule 4(m).

Should the Court decline to dismiss Plaintiffs' Complaint against the individual Defendants for failure to timely serve, the twelve causes of action asserted in Plaintiffs' Complaint also fail to state a claim under Fed. R. Civ. P., Rule 12(b)(6), as set forth below.

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

## V. THE FIRST AND SECOND CLAIMS FOR VIOLATION OF 42 U.S.C. § 1983 - 4TH AMENDMENT- REMOVAL AND SEIZURE" FAIL TO STATE A CLAIM AGAINST WARD AND AGUILAR

### A. Plaintiffs' First and Second Claims are Insufficient as to Defendants Ward and Aguilar

Federal Rule of Civil Procedure Rule 8 demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." Twombly, supra, 550 U.S. 544, at 555. A plaintiff must state facts showing a deprivation of constitutional rights. Williams v. Gorton, 529 F. 2d 668, 670-71 (9th Cir. 1976). Further, individual defendants cannot be held liable for the actions of other defendant, but only for their own alleged misconduct. See, e.g., Jones v. Williams, 297 F. 3d 930, 934 (9th Cir. 2002) [an individual can be held liable under 42 U.S.C. §1983 only upon a showing of personal participation in the alleged civil rights deprivation]. A defendant may only be held liable as a supervisor under § 1983 if there exists either 1) personal involvement in the constitutional deprivation, or 2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. See, Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); see also Ybarra v. Reno Thunderbird Mobile Home Vill., 723 F.2d 675, 680-81 (9th Cir. 1984).

Here, Plaintiffs plead no facts as to Defendants Ward and Aguilar to support a claim for "removal and seizure." The only factual allegations against Ward are that she was present at a meeting on October 12, 2012 where Castillo signed a voluntary placement agreement, at which time the children had already been removed. (Complaint ¶59). Plaintiffs' only allegations against Acklin's supervisor, Aguilar, are that he informed Castillo on October 5, 2012 that the children could be placed with a family member if they cleared a background check, and that Aguilar was also present at the October 12, 2012 meeting. (Complaint ¶¶47, 59). None of the facts alleged with respect to Defendants Ward and Aguilar amount to a personal participation in a "removal and seizure." It is clear that the facts alleged are

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

insufficient to state a claim against these Defendants.

**B. Defendants Have Qualified Immunity under Federal Law**

To the extent that social workers make discretionary decisions and recommendations that are not functionally similar to prosecutorial or judicial decisions, qualified immunity is available. Miller v. Gammie, 335 F.3d 889, 898 (9th Cir. 2003). Such functions may include decisions and recommendations as to the particular home where a child is to go. Id.

Qualified immunity balances two important interests--the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from liability when they perform their duties reasonable. Pearson v. Callahan, 555 U.S. 223, 231-232 (2009). The protection applies regardless of whether the government official's error is a "mistake of law, a mistake of fact or a mistake based on mixed questions of law and fact. Id. (citations omitted). If a government official could have "reasonably but mistakenly believed that his or her conduct did not violate a clearly established constitutional right," he is entitled to qualified immunity. Jackson v. City of Bremerton, 268 F.3d 646, 651 (9th Cir. 2001). The court must determine whether the plaintiff has alleged a violation of constitution right and whether the constitutional right was clearly established. Pearson v. Callahan, 555 U.S. 223, 231-232 (2009).

Here, the facts alleged as to the moving Defendants Ward are that she attended a meeting where Castillo signed a voluntary placement agreement. As to Aguilar, there are no facts pled as to the alleged October 4, 2012 removal, and all facts pled are solely related to Aguilar allegedly advising Castillo what she was required to do to have her children returned to her at the meeting where Castillo signed a voluntary placement agreement. *No facts* are alleged to show that Aguilar or Ward did any investigation or participated in any unlawful conduct. (Complaint ¶¶47, 59). There are no factual allegations are pled which are sufficient to overcome immunity as to either Defendant. As such, Defendants Ward and Aguilar

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

are entitled to qualified immunity apply to all of the alleged wrongful conduct, and the First claim is subject to dismissal. See Miller and Pearson, supra.

## VI. PLAINTIFFS' THIRD CLAIM FOR VIOLATION OF 42 U.S.C. § 1983-6TH AMENDMENT RIGHT TO COUNSEL FAILS TO STATE A CLAIM

Plaintiff's Third Claim for under 42 U.S.C. § 1983 - 6th Amendment Right to Counsel fails against the County, Acklin, Aguilar, Ward, Espinoza and Alfaro.

### A. The Claim Cannot be Brought on the Facts Alleged

The Sixth Amendment guarantees of "the right to a speedy and public trial, by an impartial jury," the right "to be confronted with the witnesses against [oneself]," the right to "obtain[] witnesses in [one's] favor" pertain only to "criminal prosecutions." U.S. Const. Amend. VI. Plaintiffs were not subject to criminal prosecution and therefore were not entitled to the protections of the Sixth Amendment. See United States v. Marion, 404 U.S. 307, 313 (1971)("[t]he protection of the [Sixth] Amendment is activated only when a criminal prosecution has begun and extends only to those persons who have been 'accused' in the course of that prosecution."); In re Cutter, 468 F. App'x 657, 658 (9th Cir. 2011) (rejecting claim of right to counsel in bankruptcy proceedings, noting that "the Sixth Amendment by its own terms applies only to criminal prosecutions").

The basis for Plaintiffs' Third Claim is entirely unclear. There were no court proceedings alleged to have occurred, and Plaintiffs were not alleged to have been subject to criminal prosecution. Plaintiffs' assert conclsuory allegations that they were denied the right to counsel at a DCFS "Team Meeting," but this is not a court proceeding triggering Sixth Amendment rights. Further, the Complaint also alleges that Plaintiffs' counsel was present. (Complaint ¶¶59, 60). Plaintiffs also admit a Voluntary Placement Agreement was signed, which meant this matter did not proceed to Court.

### B. The Claim Fails to Plead Facts Against the Defendants

In any event, there are no ***facts*** alleged that any of the Defendants deprived

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

Plaintiffs of their right to counsel, only conclusions, which are insufficient to state a claim. See, Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In addition, the individual Defendants are entitled to qualified immunity. Section V(B), incorporated herein.

Plaintiffs' Third Claim also fails against the County because it fails to allege any facts to support a civil rights violation occurred pursuant to a formal government policy or a custom of the County, and the County is not a Defendant to this claim. A claim may only be brought under §1983 when the municipality itself inflicts an injury, and not under a theory of respondeat superior or vicarious liability. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978). To state a claim against a municipal entity such as the County, a plaintiff is required to show that the civil rights violation occurred pursuant to a formal government policy or a custom consciously chosen by the govern entity. See, Id. at 690-691. No such facts are alleged against the County here. As Plaintiffs cannot cure the Claim's deficiencies, dismissal without leave to amend is proper.

## VII. THE FOURTH CLAIM-VIOLATION OF 42 U.S.C. § 1983-FIRST AMENDMENT-INTERFERENCE WITH FAMILIAL RELATIONS - FAILS

Plaintiffs' Fourth Claim for violation of 42 U.S.C. § 1983- First Amendment-Interference with Familial Relations, fails to state a claim against the moving Defendants. The First Amendment of the United States Constitution provides: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." While a parent has a "fundamental liberty interest" in "the companionship and society of his or her child" and that "[t]he state's interference with that liberty interest without due process of law is remediable under [42 U.S.C. §] 1983." See, Santosky v. Kramer, 455 U.S. 745, 753 (1982). "[T]his constitutional interest in familial companionship and society logically extends to protect children from unwarranted state interference with their relationships with their parents."

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

Smith v. City of Fontana, 818 F.2d 1411, 1418 (9th Cir. 1987) *overruled on other grounds by* Hodgers v. De La Vina, 199 F.3d 1037 (9th Cir. 1999). Despite these right, "[t]he right to family integrity clearly does not include a constitutional right to be free from child abuse investigations." Hodge v. Jones, 31 F.3d 157, 164 (4th Cir. 1994). The state has 'parens patriae interest in preserving and promoting the welfare of the child.' Santosky v. Kramer, 455 U.S. 745, 766 (1982) (internal citations omitted). In this case, Plaintiffs have failed to plead facts supporting that their First Amendment Rights have been violated by the Defendants.

**A. Plaintiffs Fail to Plead Facts Against the Individual Defendants**

Plaintiffs boldly allege that the Defendants interference with their rights to familial association under the First Amendment of the United States Constitution in connection with both the warrantless removal of B.U. and L.V. and the "continued detention" of the minor Plaintiffs. Plaintiffs Fourth Claim fails as to Defendants Ward, Aguilar, Espinoza and Alfaro as to the removal of B.U. and L.V. because there are ***no factual allegations*** pled which support that any of these Defendants participated in the removal. See, Jones v. Williams, 297 F. 3d 930, 934 (9th Cir. 2002). Plaintiffs cannot state a claim for "continued detention" against Acklin, Aguilar, Ward, Espinoza or Alfaro because Plaintiffs' Complaint is clear that Plaintiff Castillo signed a "Voluntary Placement Agreement." (Complaint ¶59). Plaintiffs' Complaint also admits that B.U. and L.V. were returned to Castillo's custody after all requirements were agreed to, i.e., the autopsy report, police investigation and Castillo's parenting and domestic violence classes. (See, Complaint ¶¶62, 85, 96, 97-98).

**B. The Individual Defendants are Entitled to Qualified Immunity**

Due to the lack of factual allegations against the Defendants, no facts are alleged to overcome their right to qualified immunity, as set forth in Section V(B), and incorporated herein.

///

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

### C. The Fourth Claim Fails to State a Monell Claim

The Fourth Cause of Action fails to state a claim as to the County, because it does not allege a Monell claim. A claim may only be brought under §1983 when the municipality itself inflicts an injury, and not under a theory of respondeat superior or vicarious liability. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978). To state a claim against a municipal entity such as the County, a plaintiff is required to show that the civil rights violation occurred pursuant to a formal government policy or a custom consciously chosen by the govern entity. See, Id. at 690-691. Here, Plaintiffs' First Cause of Action fails to allege any facts to support a civil rights violation occurred pursuant to a formal government policy or a custom of the County. Monell, supra at 690-691.

## VIII. PLAINTIFFS' FIFTH CLAIM FOR VIOLATION OF 42 U.S.C. § 1983 - 14TH AMENDMENT - INITIAL AND CONTINUED DETENTION FAILS

Plaintiffs' Fifth Claim under 42 U.S.C. § 1983- Fourteenth Amendment for the initial and continued detentions is duplicative of Plaintiffs' Fourth Claim and fails for the same reasons. A parent has a "fundamental liberty interest" in companionship with his or her child which a state may not interfere with, and the violation of the right to family integrity is subject to remedy under § 1983. Kelson v. City of Springfield, 767 F.2d 651, 654-55 (9th Cir. 1985)(overruled on other grounds as stated in, Smith v. City of Fontana, 818 F.2d 1411, 1418 (9th Cir. 1987). To amount to a violation of substantive due process, however, the harmful conduct must "shock the conscience" or "offend the community's sense of fair play and decency." Id. No such facts are pled here. Defendants incorporate Section VII(A)-(C).

Plaintiffs' Fifth Claim also alleges that Defendants failed to make a "reasonable and diligent investigation…and consider reasonable alternatives," but fails to allege any facts pertaining to these claims. No facts pled support Defendants fabricated any evidence or failure to properly investigate. These "naked assertions" do not overcome qualified immunity and are insufficient to state a claim. Ashcroft

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

v. Iqbal, 556 U.S. 662, 678 (2009). The Complaint is clear that Acklin did make an investigation before removing the children, and that Defendants Aguilar, Ward, Espinoza, and Alfaro were not involved with the initial investigation or removal. Also, Plaintiffs' allegations they were deprived of a Court hearing are contradicted by the facts alleged, ***specifically, that Castillo, who was represented by counsel, signed a Voluntary Placement Agreement for the children on October 12, 2012.*** (Complaint ¶68). Clearly, Plaintiffs cannot claim an unlawful "continuing detention" where Castillo signed a placement agreement, and conclusory allegations that she was "coerced" into signing the agreement are unsupported and are not plausible in light of the fact that the Complaint acknowledges Castillo's family and attorney were all with her on that day. Twombly, 550 U.S. 544, 570.

Plaintiffs' Fifth claim also asserts conclusory allegations against the County regarding a "failure to train" its employees, but the Complaint is devoid of any facts pled to that effect, and fails to state a Monell claim. See Iqbal, *supra* at 555-557.

## IX. PLAINTIFFS' SIXTH CLAIM FOR VIOLATION OF 42 U.S.C. § 1983 - MONELL CLAIM FAILS TO STATE A CLAIM AGAINST THE COUNTY

The requirements of Twombly and Iqbal, that facts be pled to demonstrate plausibility, apply to Monell claims. See, Jackson v. Barnes, 749 F.3d 755, 763-64 (9th Cir. 2014); AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 637 (9th Cir. 2012).

Plaintiffs base their 10-page long Claim for "Monell Liability" against the County on nothing more than conclusory allegations of facially invalid "polices" and "practices." After these contentions are cast aside, Plaintiffs have failed to plead facts sufficiently to survive a motion to dismiss. See Iqbal, *supra* at 555-557. As discussed in further detail below, Plaintiffs merely used over-inclusive "boilerplate" language of allegations of "policies and procedures," nearly all of which are completely inapplicable based on the facts alleged. Plaintiffs further fail to identify precisely which "policies" were violated. Thus, the Sixth Claim must be dismissed.

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

### A. The Sixth Claim Fails to Plead Facts to State a Monell Claim

Governmental liability may only be found based on purposeful and deliberate conduct by the entity. Board of the County Commissioners of Bryant County v. Brown, 520 U.S. 397 (1997). In addition, liability does not attach to a municipality because a constitutional violation is caused by a municipal employee, even one acting within the scope of his or her authority. Monell, 436 U.S. 658, 694-695.

Here, it appears that Plaintiffs are attempting to ascribe liability to County based on a theory of respondeat superior because the only facts alleged are those relating to the conduct of the individual defendants. This is impermissible to find liability against the County under Monell. Id.

Moreover, Plaintiffs plead ***no facts*** supporting the allegations that the County has "policies, practices and procedures" of any of the following: detaining and/or or removing children without exigent circumstances, warrant or consent; detaining children during dependency proceedings without probable cause (there were no dependency proceedings in this case); the "use of trickery, duress, fabrication and/or false testimony or evidence and in failing to disclose exculpatory evidence" to the court in reports and documents (again, there were no dependency proceedings in this case); removing children on the basis of disability or association with a person who is disabled, or failing to advise disabled persons (no facts are pled regarding any disability); authorizing and/or ratifying the repeated removal of children without a warrant, consent, or imminent risk of harm; authorizing or ratifying the inclusion of exaggerations, false statements or misrepresentations in reports to the Juvenile Court and/or dependency petitions (which was not at issue in this case). (Complaint ¶¶154(a)-(l), 157). Similarly, *no facts* support the allegation that the County has a policy or practice failure to train and/or supervise its employees. (Complaint ¶¶156, 166). These are purely contentions. Other than vague claims that these allegations occurred in their own case (but most of which clearly did not), no facts are pled to support the County has a policy concerning any of the foregoing.

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

Significantly, even if Plaintiffs disagree with how the County handled the case *involving their own children*, a single incident is insufficient to establish the County had a policy, practice or custom so widespread that it constituted a well established policy. City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-824 (1985).

In sum, the Monell claim must be dismissed because Plaintiffs have failed to allege facts showing a formal government policy or a custom consciously chosen by the govern entity. See, Monell supra at 690-691.

**B. Compliance with Federal Pleading Standards is Not Established by Comparing Plaintiffs' Claim to Unrelated Complaints or Cases**

A plaintiff is required to show that the civil rights violation occurred pursuant to a formal government policy or a custom consciously chosen by the govern entity. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690-691.

Here, in an attempt to bolster their Monell claim, Plaintiff provides a list of six cases filed in state and federal courts dating back to 2008, which they claims support these alleged "policies and practices" of "violating families rights" as to warrantless removals only. (Complaint ¶¶158-164). Conspicuously absent from the allegations ***are any facts indicating any of these cases actually resulted in a judgment of any Monell violation against the County***. Not one of these cases are binding opinions from an appellate court, and are not be binding on this court. Plaintiffs' "allegations" with respect to these other cases are just conclusory allegations piled on allegations from other, unrelated cases. Numerous authorities hold that the factual allegations of any given complaint must be examined to determine whether the plaintiff has alleged sufficient non-conclusory, non-speculative facts to raise a right of relief *against the moving defendant*. Bell Atlantic Corp. v. Twombly 550 U.S. 544, 555 (2007); See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plaintiffs fail to do so here.

Similarly, Plaintiffs' reference to the April 16, 2012 County of Los Angeles Special Investigation Unit "Report Regarding DCFS Recurring Systemic Issues,"

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

(the "Report"), allegedly setting forth areas for improvement in investigations, policy and decision making, communication, human resources and training are irrelevant to whether a Monell Violation occurred in this case. (Complaint ¶¶ 169-170). While the Complaint alleges that the Report discusses child fatality issues, social worker education, supervisor training and performance evaluations, this report and its contents are unrelated to this case, and are not facts establishing a policy which was a "moving force" behind a violation of Plaintiffs' rights. See, Monell, 436 U.S. 658, 694. Plaintiffs are required to proffer "enough facts to state a claim that is plausible on its face" and the vague and conclusory allegations asserted here lack any factual support of any such official policies or customs. See, Bell Atl. Corp. v. Twombly, 50 U.S. 544, 570 (2007).

Furthermore, neither any of these cases or the Report are relevant to determine whether *Plaintiffs' Complaint* meets federal pleading standards. Plaintiffs cite no authority *requiring or permitting* the Court to even consider allegations outside the face of the Complaint, much less from other non-binding cases or a Report. A motion to dismiss under Rule 12(b)(6) tests for legal sufficiency of the claims alleged in the complaint; materials outside of the pleadings ordinarily are not considered on a motion to dismiss. Ramirez v. United Airlines, Inc., 416 F. Supp. 2d 792, 795 (N.D. Cal. 2005). Plaintiffs' reliance on other cases and the Report entirely fail to show that the facts pled in *this case* are sufficient to state a claim against *the County*. Plaintiff cites no authority which entitles him to rely upon allegations in other cases as "facts" to support a claim that the County has any of the formal policies or practices alleged. As it stands right now, Plaintiff has failed to plead anything more than a "one-off" incident. See, City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-824 (1985).

Furthermore, the allegations in the cases listed cannot be taken as true, even pursuant to a request for judicial notice (though not sought here) because courts "does not adopt their factual findings or holding; it simply acknowledges their

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

existence and contents." California ex. Rel. Lockyer v. Mirant Corp., 266 F. Supp 2d 1046, 1053 (N.D. Cal. 2003).

As allegations from other cases and the Report are entirely irrelevant and cannot be considered as "facts" supporting their claims, Plaintiffs have failed to plead facts sufficiently to survive a motion to dismiss on their Monell claim.

**X. THE SEVENTH CLAIM FOR VIOLATION OF SECTION 504 OF THE REHABILITATION ACT, 29 U.S.C. § 794 FAILS TO STATE A CLAIM**

Plaintiffs' Seventh Claim fails to state a claim against the County. The Rehabilitation Act provides, in relevant part, that no otherwise qualified individual with a disability in the United States…shall, solely by reason of her or his disability, be excluded from the participation…[or] denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance..." 29 U.S.C. § 794. Section 705(20) defines "handicapped individual" as any person who "(i) has a physical . . . impairment which substantially limits one or more of [his] major life activities, (ii) has a record of such an impairment, or (iii) is regarded as having such an impairment."

To establish a claim under § 504 of the Act, a plaintiff must show: (1) he is handicapped within the meaning of the Act; (2) he is otherwise qualified for the benefit or services sought; (3) he was denied the benefit or services solely by reason of handicap; and (4) the program providing the benefit or services receives federal financial assistance. Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).

Plaintiffs fail to plead any facts identifying any qualifying disability, or that they were excluded from participation or denied any benefits of a program on the basis of disability. This claim clearly has no applicability to this case. A plaintiff may not plead the bare elements of his cause of action, affix a label to it and expect his complaint to survive a motion to dismiss." See Iqbal, 556 U.S. 662, 678 (2009).

///

///

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

## XI. PLAINTIFFS' EIGHTH CLAIM FOR NEGLIGENT SUPERVISION, HIRING, RETENTION AND DISCIPLINE FAILS TO STATE A CLAIM

### A. The Eighth Claim is Barred for Failure a Timely Govt. Tort Claim

Under California law, no suit for "money or damages" maybe brought against a public entity, such as the County, until a written claim has been presented to the entity and the claim has been acted upon or rejected (absent certain inapplicable exceptions). Govt. Code §§ 905, 910, 945.4. The California Tort Claims Act applies to all claims for money or damages. Govt. Code §§ 905, 910. A claim for injury to a person or property must be presented within six months of accrual, and for all other actions, no later than one year. Govt. Code § 911.2. "Compliance with the claims statute is mandatory and failure to file a claim in accordance with the statute's requirements is fatal to that cause of action." Pacific Tel. & Tel. Co. v. County of Riverside (1980) 106 Cal App 3d 183, 188. Federal Courts will dismiss state law claims which fail to comply with the Tort Claims Act. See, Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988); Rabkin v. Dean, 856 F.Supp. 543, 552 (N.D. Cal. 1994).

Here, Plaintiffs did not file a Government Claim with the County of Los Angeles until October 3, 2014. (Complaint ¶121). Plaintiffs allege the children were removed on October 4, 2012. Therefore, Plaintiffs should have filed their Claim with the County by October 4, 2013. At the absolute latest, Plaintiffs should have filed their Claim by August 2014, one year after the DCFS is alleged to have closed the case. Failure to timely present a claim for damages against a public entity bars a lawsuit. State of California v. Superior Court, 32 Cal. 4th 1243, 1239 (2004).

### B. A Common Law Claim Cannot be Brought Against the County

In their Eighth Claim, Plaintiffs alleged that County had an affirmative duty to Plaintiffs and the public to use care in selecting certain individual to serve as social workers and that both County defendants breached their duty of care. (Complaint ¶¶199, 200). Plaintiffs assert the Defendants failed to ensure that social

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

workers knew how to follow the "express and implied findings of a judicial officer," and failed to require individual social workers to undergo "proper training." (Complaint ¶200(a) and (b)). This is another example of "boilerplate pleading" where Plaintiffs asserted conclusory allegations, which are inapplicable to this case and have failed to ascribe alleged wrongful conduct to a specific defendant.

Nevertheless, this claim must fail because in California, all government tort liability must be predicated upon statute. County of Los Angeles v. Sup. Ct (Terrell R.) (2003) 102 Cal. App. 4th 627, 637; State of California v. Sup. Ct. (1984) 150 Cal. App. 3d 848, 854. Absent a statute setting forth liability against a public entity, there can be no liability against that public entity. Govt. Code § 815. Further, public entities are not liable under a theory of Negligent Hiring, Retention and Training. De Villers v. County of San Diego (2008) 67 Cal. Rptr. 3d 238, 253, 254.

The sole basis for the imposition of liability directly against a public entity on a negligence theory is the breach of a mandatory duty, and Plaintiffs have not alleged the breach of a mandatory duty. See Govt. Code, § 815.6. Instead, Plaintiffs asserts that COLA is "vicariously responsible for the conduct of its respective employees conduct under Govt. Code § 815.2." (Complaint ¶204). However, §815.2(b) clearly states that, "[A] public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability." Govt. Code §815.2(b). As discussed below, the County's social workers are immune from liability, resulting in immunity for County.

**C. The County and its Employees are Immune Under California Law**

A public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused. Govt. Code § 820.2. The investigation of child abuse, removal of a minor and the instigation of dependency procedures involve discretionary decisions subject to immunity under section 820.2 and/or prosecutorial or quasi prosecutorial decisions subject to immunity under

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

section 821.6. Jacqueline T. v. Alameda County Child Protective Services, (2007) 155 Cal. App. 4th 456, 466-469, referencing Alicia T. v. County of Los Angeles, 222 Cal. App. 3d 869, 882-883 (1990). "A decision to remove a child from his or her home or not to do so and the investigation that informs that decision involve precisely the kinds of 'sensitive policy decisions that require [ ] judicial abstention . . .' " Jacqueline T., supra, 155 Cal. App. 4th 456, 463-464, *quoting* Barner v. Leeds (2000) 24 Cal. 4th 676, 688.

The alleged "failures" in this case relating to court proceedings, did not occur in this case (See, Complaint ¶¶ 200(a)-(b)), but even if they had, it would be during an investigation of and instigation of dependency proceedings, for which the social workers are entitled to immunity. Govt. Code §§ 815, 815.2, 820.2 and 821.6.

The County's immunity arises from the immunity of the social workers. Govt. Code §820.2. A public employee is also not liable instituting or prosecuting any judicial or administrative proceeding within the scope of his/her employment, even if he/she acts maliciously and without probable cause. Govt. Code § 821.6. Because DCFS social workers are immune from liability under §§ 820.2 and 821.6, *The County is also immune under section 815.2,* which holds that a public entity is not liable for an injury resulting from the acts or omissions of an employee where the employee is immune. See, Govt. Code § 815.2. In addition, as stated in Section V(B), above and incorporated herein, social workers are entitled to qualified immunity under Federal Law. Miller v. Gammie, 335 F.3d 889, 898.

**D. No Facts Alleged Trigger the Application of Govt. Code § 820.21**

Plaintiffs will likely argue that immunity should not apply based on Govt. Code § 820.21, which holds that immunity for social workers does not extend to conduct that includes perjury, fabrication of evidence, failure to disclose exculpatory evidence and obtaining testimony by duress, if committed with malice in the course of "investigations or proceeding." A plaintiff must present facts to show that a social worker engaged in perjury, or other conduct prohibited by § 820.21. Parkes v.





n:\files\1546-castillo (cola)\pleadings\p-mtn. to dismiss complaint.docx

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

County of San Diego (2004) 345 F. supp 2d 1071, 1083.

While Plaintiffs' Complaint asserts blanket accusations against the individual Defendants of malice, perjury, and fabrication of evidence, this is clearly an attempt by Plaintiffs to avoid governmental immunities. Apart from bare allegations, ***no facts are pled*** to trigger § 820.21, and this case did not involve Court proceedings.

## XII. PLAINTIFFS' NINTH CLAIM FOR "INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS" FAILS TO STATE A CLAIM

A claim for IIED requires "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Hughes v. Pair, 46 Cal. 4th 1035 1050-1051 (2009). Conduct is extreme and outrageous if it is so extreme as to exceed all bounds of that usually tolerated in a civilized community. Id.

Plaintiffs' IIED claim is impermissibly vague in that it is brought by all Plaintiffs against all Defendants. Plaintiffs reply upon conclusory allegations that "Defendants" unlawfully detained and continued the detention of the minor children, committed perjury, falsified evidence, failed to include exculpatory evidence, used undue influence, fraud, or duress to obtain evidence, and did "all the foregoing with malice." (Complaint ¶210). The IIED Claim is also vague and conclusory because the alleged conduct supporting Plaintiffs' claim was not undertaken by the Defendants. There are no facts supporting perjury, falsified evidence, failed to include exculpatory evidence, or used undue influence. The alleged facts are clear: Castillo signed a Voluntary Placement Agreement. Plaintiffs conclusion that "Defendants . . . acted with intent to harm Plaintiffs in a despicable manner" is entirely unsupported by the facts. (Complaint ¶213).

Additionally, the wrongful conduct alleged as against the County relates only and specifically to the discretionary conduct of DCFS social workers, for which the

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

social workers are immune, and because of that immunity, *the County is also immune under Govt. Code § 815.2*. In addition, this common law claim cannot be brought against the County, and Defendants failed to timely file a Government Claim. Defendants incorporate Sections XI(A)-(D) above, herein. As Plaintiffs cannot cure these deficiencies, the IIED claim should be dismissed with prejudice.

## XIII. PLAINTIFFS' TENTH CLAIM FOR VIOLATION OF STATE CIVIL RIGHTS UNDER CAL. CIV. CODE § 43 FAILS TO STATE A CLAIM

Plaintiffs' Tenth Claim is for violation of Cal. Civ. Code §43, which broadly states that every person has the right of protection from bodily restraint or harm from personal insult, from defamation and from injury to his personal relations.

There is not a single fact in the Complaint supporting that County, Acklin, Aguilar, Ward, Espinoza or Alfaro engaged in bodily restraint of any Plaintiff. Additionally, as noted, Defendants are entitled to absolute and/or qualified immunity for their conduct in relation to investigation and instigation of juvenile proceedings. This claim is purely conclusory and must be dismissed. Defendants incorporate the arguments advanced in Sections XI(A),(C)-(D) herein.

## XIV. PLAINTIFFS' ELEVENTH CLAIM- VIOLATION OF CAL. CIV. CODE § 52.1 FAILS TO STATE A CLAIM

Plaintiffs' Eleventh Claim fails to state a claim against the County, Acklin, Aguilar, Ward, Espinoza and Alfaro. To state a claim under Cal. Civ. Code § 52.1, a party must allege that defendant: "[i]nterfere[d] by threats, intimidation, or coercion, or attempt[ed] to interfere by threats, intimidation, or coercion, with the [plaintiff's] exercise or enjoyment . . . of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state . . ." The terms "threats, coercion, or intimidation," in the context of Civil Code §52.1 makes it clear that the statute is meant to protect against violence or the threat of violence. Rabkin v. Dean, 856 F.Supp. 543, 552 (N.D. Cal. 1994). Cal. Civ. Code § 52.1 does not extend to all ordinary tort actions; its provisions are limited to

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

threats, intimidation or coercion that interferes with a constitutional or statutory right. Venegas v. County of Los Angeles (2004) 32 Cal.4th 820, 843. Plaintiffs have alleged no such facts here and the claim under Section 52.1 is vague, conclusory and speculative, in violation of Iqbal and Twombly.

Furthermore, as set forth in Sections XI(A),(C)-(D) above, and incorporated herein, the claim fails because the individuals are entitled to qualified immunity and Plaintiffs failed to present a timely Government Tort Claim.

**XV. PLAINTIFFS' TWELFTH CLAIM FOR VIOLATIONS OF CAL. CIV. CODE §§ 51.7 AND 52 FAILS TO STATE A CLAIM**

Plaintiffs' Twelfth Claim is asserted under both Cal. Civ. Code §51.7 and § 52. Section 51.7 states, in pertinent part, that "all persons within the jurisdiction of this state have the right to be free from any violence, or intimidation by threat of violence, against their person or property because of political affiliation, or on account of any characteristic listed or defined in subdivision (b) or (e) of Section 51…or because another person perceives them to have one or more of these characteristics." Plaintiffs have again indisputably failed to allege a single fact that shows that they were threatened by the County or its employees with violence or intimidation for any reason whatsoever at any time.

Cal. Civ. Code § 52 allows a damages action against any person who "denies, aids or incites a denial, or makes any discrimination or distinction contrary to [Cal. Civ. Code] Section 51" and its subsections. A plaintiff must allege facts to show that the defendant acted with "threats, intimidation or coercion." See, Austin B. v. Escondido Union School Dist., 149 Cal.App.4th 860, 882-883.

Here, Plaintiffs have not alleged that any of the Defendants, at anytime acted with threats, intimidation or coercion towards Plaintiffs. Nor have Plaintiffs alleged any facts to show that the Defendants denied Plaintiffs any right based on his/her sex, race, color, religion, or any other protected classification encompassed by Cal. Civ. Code §52. Once again, this claim has no applicability based on the facts

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

alleged in the Complaint and must be dismissed. The Twelfth Claim further fails as set forth in Sections XI(A),(C)-(D), XIII, and XIV, above, and incorporated herein.

## XVI. CONCLUSION

Based on the foregoing, the Defendants respectfully request that this Motion to Dismiss be granted in its entirety.

DATED: February 27, 2015

PETERSON · BRADFORD · BURKWITZ

By: /s/
Avi Burkwitz, Esq.
Natalie U. Luongo, Esq.
Attorneys for Defendants,
COUNTY OF LOS ANGELES,
RIHANA ACKLIN, ERASMO AGUILAR, NORMA WARD,
VIRGINIA ESPINOZA &
CHRISTINA ALFARO

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 100 North First Street, Suite 300, Burbank, California 91502.

On February 27, 2015, I served the foregoing document described as:

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 4(m) and 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED MAILING LIST**

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed document(s) with the Clerk of the Court by using the CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system. Participants in this case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☐ **BY MAIL:** I deposited such envelope in the mail at Burbank, California. The envelope was mailed with postage thereon fully prepaid. As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Burbank, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **FEDERAL:** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction.

Executed on February 27, 2015, at Burbank, California.

/s/
Nadia Rodriguez

## SERVICE LIST

**RE:** **Castillo, Lisa v. County of Los Angeles**

**Case No.:** CV14-07702 BRO (VBKx)

Vincent W. Davis, Esq.
Law Offices of Vincent W. Davis & Associates
150 N. Santa Anita Ave. Suite 200
Arcadia CA 91006
T: (626) 446-6442
F: (626) 446-6454
**Attorney for Plaintiff,**
**Lisa Castillo**

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800