**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LISA CASTILLO, B.U. a Minor, and L.V., a Minor, by and through their Guardian Ad Litem, Lisa Castillo<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, RIHANA ACKLIN, LANA ADRIAN, ERASMO AGUILAR, NORMA WARD, VIRGINA ESPINOZA, CHRISTINA ALFARO, AND Does 1 through 9<br><br>Defendants. | Case No.: CV14-07702 BRO (VBKx)<br>Assigned to the Honorable: Beverly Reid O'Connell<br>Courtroom: 14<br><br>[PROPOSED] ORDER RE: DEFENDANTS COUNTY OF LOS ANGELES, RIHANA ACKLIN, ERASMO AGUILAR, NORMA WARD, VIRGINIA ESPINOZA AND CHRISTINA ALFARO'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT<br><br>Complaint Filed: October 9, 2014 |

**[PROPOSED] ORDER**

Defendants COUNTY OF LOS ANGELES, RIHANA ACKLIN, ERASMO AGUILAR, NORMA WARD, VIRGINIA ESPINOZA AND CHRISTINA ALFARO'S Motion to Dismiss the Plaintiffs' Complaint came up for hearing on April 13, 2015 at 1:30 p.m., before the Honorable Beverly Reid O'Connell, U.S. District Court Judge presiding. The Court read and considered the papers submitted both in support of and in opposition to the Motion, and based upon the papers and pleadings on file in this matter, as well as the oral arguments.

**IT IS HEREBY ORDERED ADJUDGED AND DECREED** that the Plaintiffs' Complaint is dismissed against the Defendants, as follows:

1. The Complaint is dismissed against Defendants Acklin, Aguilar, Ward, Espinoza and Alfaro for failure to serve within 120 days of filing the Complaint as required under Fed. R. Civ. P., Rule 4(m).

2. The First claim for relief, entitled "Violation of Civil Rights under 42 U.S.C. § 1983 - 4th Amendment- Removal and Seizure" by Plaintiff B.U. against Defendants Acklin, Ward, Adrian, and Aguilar fails to state a claim upon which relief can be granted against Defendants Ward and Aguilar.

3. The Second claim for relief, entitled "Violation of Civil Rights under 42 U.S.C. § 1983 - 4th Amendment- Removal and Seizure" by Plaintiff L.V. against Defendants Acklin, Ward, Adrian, and Aguilar fails to state a claim upon which relief can be granted against Defendants Ward and Aguilar.

4. The Third claim for relief, entitled "Violation of Civil Rights under 42 U.S.C. § 1983- 6th Amendment Right to Counsel" by all Plaintiffs against all Defendants fails to state a claim upon which relief can be granted against the County of Los Angeles, Acklin, Ward, Aguilar, Ward, Espinoza and Alfaro.

5. The Fourth claim for relief, entitled "Violation of Civil Rights under 42 U.S.C. § 1983 - 1st Amendment - Interference with Familial Relations" by all Plaintiffs against All Defendants fails to state a claim against which relief can be granted against the County of Los Angeles, Acklin, Ward, Aguilar, Ward, Espinoza and Alfaro.

6. The Fifth claim for relief, entitled "Violation of Civil Rights under 42 U.S.C. § 1983- 14th Amendment - Initial and Continued Detention" by all Plaintiffs against all Defendants fails to state a claim against the County of Los Angeles, Acklin, Ward, Aguilar, Ward, Espinoza and Alfaro.

7. The Sixth claim for relief, entitled Violation of Civil Rights under 42 U.S.C. § 1983- Monell Claim" by all Plaintiffs against Defendant County of Los Angeles fails to state a claim upon which relief can be granted against the County of Los Angeles.

8. The Seventh claim for relief, entitled "Violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794" by all Plaintiffs against the County of Los Angeles fails to state a claim upon which relief can be granted against the County of Los Angeles.

9. The Eighth claim for relief, entitled "Negligent Supervision, Hiring, Retention and Discipline" by all Plaintiffs against all Defendants fails to state a claim upon which relief can be granted against the County of Los Angeles, Acklin, Aguilar, Ward, Espinoza and Alfaro.

10. The Ninth claim for relief, entitled "Intentional Infliction of Emotional Distress" by all Plaintiffs against all Defendants fails to state a claim upon which relief can by granted against the County of Los Angeles, Acklin, Aguilar, Ward, Espinoza and Alfaro.

11. The Tenth claim for relief, entitled "Violation of State Civil Rights Cal. Civ. Code § 43" by all Plaintiffs against all Defendants fails to state a claim against the County of Los Angeles, Acklin, Aguilar, Ward, Espinoza and Alfaro.

12. The Eleventh claim for relief, entitled "Violation of State Civil Rights - Cal. Civ. Code § 52.1" by all Plaintiffs against all Defendants fails to state a claim against the County of Los Angeles, Acklin, Aguilar, Ward, Espinoza and Alfaro.

13. The Twelfth claim for relief, entitled "Violation of State Civil Rights - Cal. Civ. Code §§ 51.7 and 52" by all Plaintiffs against all Defendants fails to state a claim against Defendants County of Los Angeles, Acklin, Aguilar, Ward, Espinoza and Alfaro.

The ______________________ Causes of Action are dismissed with prejudice.

Defendants are awarded costs.

**IT IS SO ORDERED**:

DATED: ______________________ ________________________________

HON. BEVERLY REID O'CONNELL

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 100 North First Street, Suite 300, Burbank, California 91502.

On February 21, 2015, I served the foregoing document described as:

[PROPOSED] ORDER RE: DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED MAILING LIST**

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed document(s) with the Clerk of the Court by using the CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system. Participants in this case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☐ **BY MAIL:** I deposited such envelope in the mail at Burbank, California. The envelope was mailed with postage thereon fully prepaid. As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Burbank, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **FEDERAL:** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction.

Executed on February 21, 2015, at Burbank, California.

[signature]

Nadia Rodriguez

**SERVICE LIST**

**RE:** **Castillo, Lisa v. County of Los Angeles**

**Case No.:** CV14-07702 BRO (VBKx)

Vincent W. Davis, Esq.
Law Offices of Vincent W. Davis & Associates
150 N. Santa Anita Ave. Suite 200
Arcadia CA 91006
T: (626) 446-6442
F: (626) 446-6454
**Attorney for Plaintiff, Lisa Castillo**