Vincent W. Davis, Esq. (SBN 125399)
Luke Jackson, Esq. (SBN 230084)
Law Offices of Vincent W. Davis & Associates
150 North Santa Anita Avenue, Suite 200
Arcadia, California 91006
Telephone: (626) 446-6442
Facsimile: (626) 446-6454
Email: v.davis@vincentwdavis.com

Attorneys for Plaintiffs
LISA CASTILLO, B.U. a Minor, and L. V. a Minor, by and through their *Guardian Ad Litem*, LISA CASTILLO



**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LISA CASTILLO, B.U. a Minor, and L. V. a Minor, by and through their *Guardian Ad Litem*, LISA CASTILLO<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, RIHANA ACKLIN, LANA ADRIAN, ERASMO AGUILAR, NORMA WARD, VIRGINIA ESPINOZA, CHRISTINA ALFARO, and Does 1 through 9<br><br>Defendants. | Case No.: CV14-07702BRO(VBKx)<br><br>*[Assigned for all matters to the **Honorable Judge Beverly Reid O'Connell**, Courtroom 14]*<br><br>**STATEMENT OF GENUINE ISSUES IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, REQUEST FOR CONTINUANCE PER *FRCP RULE* 56(d)**<br><br>*[Filed concurrently with Plaintiffs' Opposition to Motion for Summary Judgment, Declarations of Lisa Castillo and Luke Jackson and etc.]*<br><br>Hearing Date: April 18, 2016<br>Hearing Time: 1:30 p.m.<br>Dept.: 14 |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

Plaintiffs LISA CASTILLO, B.U. a Minor, and L.V. a Minor, by and through their *Guardian Ad Litem,* LISA CASTILLO (hereinafter "Plaintiffs") submit this statement of genuine issues pursuant to Central District of California Local Rule 56-2 in opposition to the motion for summary judgment herein filed by Defendants COUNTY OF LOS ANGELES, RIHANA ACKLIN, ERASMO AGUILAR, NORMA WARD and VIRGINIA ESPINOZA (hereinafter "Defendants").

Facts 1 through 439 below correspond to the facts and supporting evidence presented in the Statement of Uncontroverted Facts filed by the moving parties. These facts are followed by additional material facts and supporting evidence showing there is a genuine issue.

**MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS & EVIDENCE**

**I. DEFENDANT'S CONTENTION:** DEFENDANT AGUILAR IS ENTITLED TO SUMMARY JUDGMENT ON THE FIRST CLAIM FOR RELIEF AND SECOND CLAIM FOR RELIEF ALLEGED IN PLAINTIFFS' FIRST AMENDED COMPLAINT, BY PLAINTIFFS B.U. AND L.V., FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983- 4TH AMENDMENT- REMOVAL AND SEIZURE

| | **MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| 1. | Ms. Castillo has a criminal and DCFS history. In 2007 Castillo was arrested with methamphetamine on her person and in possession of an unregistered handgun. | 1. | Plaintiffs dispute that this is undisputed. This evidence is improperly included in Moving Party's Uncontroverted Facts as charges from said arrest have been expunged pursuant to Penal Code section 1203.4.<br><br>**Evidence:**<br>Castillo deposition at 34:21-24.<br><br>Plaintiffs dispute this statement, which is entirely conclusory, |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | without foundation |
| 2. | At the time of the children's detention in October 2012, Castillo was on probation for a felony conviction of possession of a firearm. | 2. | Plaintiffs dispute that this is undisputed. This evidence is improperly included in Moving Party's Uncontroverted Facts as charges from said arrest have been expunged pursuant to Penal Code section 1203.4.<br><br>**Evidence:**<br>Castillo deposition at 34:21-24.<br><br>Plaintiffs dispute this statement, which is entirely conclusory, without foundation. This evidence constitutes several levels of hearsay, is irrelevant to Plaintiffs' claims and unduly prejudicial. *See* Objections to and Motion to Strike Luongo Decl. filed herewith. |
| 3. | Castillo also had a prior DCFS history, which included a referral in 2011 related to suspected sexual abuse of L.V., by L.V. and M.V.'s father, Moises Villasano. | 3. | Plaintiffs dispute that this is undisputed. Plaintiff does not have a "history" with DCFS, rather Moises Villasano had an allegation against him that he kissed L.V., which was subsequently declared unfounded.<br><br>**Evidence**:<br>Castillo deposition at 36; 1-3; 38 ;6-14.<br><br>This evidence constitutes several levels of hearsay, is irrelevant to Plaintiffs' claims and unduly prejudicial. *See* Objections to |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | and Motion to Strike Luongo Decl. filed herewith. |
| 4. | In addition, Castillo and Villasano had a tumultuous relationship that included a disturbing history of domestic violence. | 4. | Plaintiffs dispute that this is undisputed. There is no "disturbing history", there was one incident where Plaintiff and Mr. Villasano had a fight, no charges were filed and this was not brought up until the TDM. Disputed in that Acklin has admitted under oath that her declaration submitted in support of this motion contains false information.<br><br>**Evidence**:<br>Castillo deposition at 48:19-24.<br><br>March 28, 2016 deposition transcript of Defendant Acklin stating that she has knowingly submitted false documents to this court and testified incorrectly in her declaration in support of this motion. (Acklin Trans. at 129:22-24; 130:14-16; 181: 1-2; 185:1-6; 186: 23-25).<br><br>This evidence constitutes several levels of hearsay, is irrelevant to Plaintiffs' claims and unduly prejudicial. *See* Objections to and Motion to Strike Luongo Decl. filed herewith. |
| 5. | On October 2, 2012, Castillo placed her 3 month old child, M.V. in her bed to sleep. Castillo usually put M.V. to sleep in a playpen, but that | 5. | Plaintiffs dispute that this is undisputed. Disputed in that there were no blankets or pillows anywhere near M.V.'s head. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | evening, she placed him on his side in her full-size bed, with blankets and pillows in the bed. | | **Evidence**: Castillo deposition at 72:18-21.<br><br>Disputed in that Acklin has admitted under oath that her declaration submitted in support of this motion contains false information. Acklin Trans. at 129:22-24; 130:14-16; 181: 1-2; 185:1-6; 186: 23-25.<br><br>Objection: several levels of hearsay. *See* Objections to and Motion to Strike Luongo Decl. filed herewith. |
| 6. | Between 8-9 p.m., M.V., was found unresponsive in his mother's bed, and taken to Brotman Hospital via ambulance where he was admitted around 9:43 p.m. with cardiac arrest. | 6. | Undisputed |
| 7. | Brotman Hospital was unable to care for the infant's severe injuries, and he was transported to Cedars Sinai at approximately 1:30 a.m. on October 3, 2012. | 7. | Undisputed |
| 8. | On October 4, 2012, DFCS received an immediate referral alleging general neglect of children M.V., B.U. and L.V. | 8. | Undisputed |
| 9. | It was reported that in the evening on October 2, 2012, Plaintiff Castillo put 3-month old M.V. to bed. When Castillo went to check on M.V., she found him face-down on his stomach and unresponsive, and M.V. was brain dead from a lack of oxygen. | 9. | Plaintiffs deny that this is undisputed as to "M.V. was brain dead from a lack of oxygen". At the time the referral was made – the medical staff did not know if M.V. was brain dead. Even at the time of detention, no medical staff had informed Defendant |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | Acklin that the M.V. had an injury.<br><br>**Evidence**:<br>Castillo deposition at 75:14-18.<br><br>Acklin Trans. at 61:23-25; 63:9-11.<br><br>Plaintiffs dispute this statement, which is entirely conclusory, without foundation. This evidence constitutes several levels of hearsay as well as improper expert opinion.<br><br>Objection: several levels of hearsay. *See* Objections to and Motion to Strike Luongo Decl. filed herewith. |
| 10. | The cause of injury was unknown, and it was unclear how the child was injured. M.V. had no broken bones or retinal hemorrhages. | 10. | Undisputed. |
| 11. | On the same day that the referral was made, October 4, 2012, the referral was assigned to Emergency Response Children's Social Worker ("ER CSW") Defendant Rihana Acklin for investigation. | 11. | Undisputed. |
| 12. | Ms. Acklin had over 9 years of experience as a CSW at the time of the referral. In her career, she has seen many babies who have had traumatic injuries and mothers with drug and other criminal-related histories. | 12. | Plaintiffs dispute that this is undisputed.<br><br>This is a misstatement of Acklin's declaration. Acklin stated "there were a lot of calls related to babies with traumatic brain injuries, drugs, and parents |

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | with criminal histories. Acklin does not say she herself has dealt with these cases.<br><br>**Evidence**:<br>Acklin Dec. ¶3, p. 2, ln 18-19.<br><br>This evidence constitutes several levels of hearsay, is irrelevant to Plaintiffs' claims and unduly prejudicial. *See* Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith. |
| 13. | Acklin responded to Cedars Sinai Hospital, where M.V. was hospitalized with a Public Health Nurse, Miriam Kaman, where they met with Castillo. | 13. | Undisputed. |
| 14. | Castillo denied any abuse, and said that she was the primary caregiver of M.V. | 14. | Undisputed. |
| 15. | Castillo disclosed to Acklin that she was on probation and had been arrested for possession of methamphetamine in the past. Castillo told Acklin that she was in a court-ordered drug treatment program. | 15. | Plaintiffs dispute that this is undisputed. This evidence is improperly included in Moving Party's Uncontroverted Facts as charges from said arrest have been expunged pursuant to Penal Code section 1203.4.Further, Plaintiff was not on probation for a drug charge.<br><br>**Evidence:**<br>Castillo deposition at 34:21-24; 35:5-6.<br><br>Plaintiffs dispute this statement, which is entirely conclusory, |



LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | without foundation |
| 16. | Castillo also told Acklin that she a past history of domestic violence with M.V. and L.V.'s father. | 16. | Plaintiffs dispute that this is undisputed. There is no "history", there was one incident where Plaintiff and Mr. Villasano had a fight, no charges were filed and this was not brought up until the TDM. Further, Acklin never verified whether or not the one incident actually occurred.<br><br>Disputed in that Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that falsified documents were relied upon.<br><br>**Evidence**:<br>Castillo deposition at 48:19-24; 50:3-7; 51:13-16; Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 181: 1-2; 185:1-6; 186: 23-25.<br><br>This evidence constitutes several levels of hearsay, is irrelevant to Plaintiffs' claims and unduly prejudicial. *See* Objections to and Motion to Strike Luongo Decl. filed herewith. Plaintiffs dispute that this is undisputed. This evidence is improperly included in Moving Party's Uncontroverted Facts as charges from said arrest have been expunged pursuant to Penal Code |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | section 1203.4.<br><br>**Evidence:**<br>Castillo deposition at 34:21-24.<br><br>Plaintiffs dispute this statement, which is entirely conclusory, without foundation. This evidence constitutes several levels of hearsay, is irrelevant to Plaintiffs' claims and unduly prejudicial. *See* Objections to and Motion to Strike Luongo Decl. filed herewith. |
| 17. | Castillo also had a past history of involvement with DCFS. There was a prior DCFS referral from June 22, 2011, which alleged emotional and sexual abuse of child L.V. by L.V. and M.V.'s father, Moises Villasano ("Villasano"). | 17. | Plaintiffs dispute that this is undisputed. Plaintiff does not have a "history" with DCFS, rather Moises Villasano had an allegation against him that he kissed L.V., which was subsequently declared unfounded by DCFS. Disputed in that Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that falsified documents were relied upon.<br><br>**Evidence:**<br>Castillo deposition at 36;1-3; 38 ;6-14; Acklin at 129:22-24; 130:14-16; 181: 1-2; 185:1-6; 186: 23-25.<br><br>This evidence constitutes several levels of hearsay, is irrelevant to Plaintiffs' claims and unduly prejudicial. *See* Objections to |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | and Motion to Strike Luongo Decl. filed herewith. Objection: several levels of hearsay. *See* Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith. |
| 18. | Castillo said that the whereabouts of B.U.'s father were unknown. | 18. | Undisputed. |
| 19. | Given her experience in dealing with traumatic injuries to children working in an area that was crime-ridden and drug-infested (Vermont Corridor), Acklin was greatly concerned about the information disclosed by Castillo. | 19. | Plaintiffs dispute that this is undisputed.<br>This is a misstatement of Acklin's declaration. Acklin stated "there were a lot of calls related to babies with traumatic brain injuries, drugs, and parents with criminal histories. Acklin does not say she herself has dealt with these cases, or that she was concerned because of the "crime ridden, drug infested area." Further, all of the risk fields on the Safety Assessment filled out by Acklin are marked – "no" safety risk and the form states that Plaintiff cause no physical harm to M.V.. Acklin told Castillo that she was removing the children because she feared for their safety because of the coma M.V. was in.<br><br>**Evidence**:<br>Acklin at 125:19-25; 126:1-6;<br>Acklin Dec. ¶3, p. 2, ln 18-19;<br>Castillo deposition at 84:10-19;<br>Castillo Decl. ¶ 23, pg 6, ln 7-14. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | Objection: several levels of hearsay. *See* Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith. |
| 20. | At the hospital on October 4, 2012, Acklin and PHN Kaman also interviewed with Liz Ruiz, the Charge Nurse, Dr. Zhudi, and Dr. Barron in intensive care. | 20. | Undisputed. |
| 21. | Dr. Zhudi reported that the mother checked on the child after 30 minutes and found him face down with formula and blood, and the cause could be SIDS. | 21. | Undisputed |
| 22. | Dr. Barron said the child should have been able to lift his head or move to his side. | 22. | Plaintiffs dispute that this is undisputed.<br><br>Disputed in that the Doctors at Cedar-Sinai told Plaintiff that they did not know what had happened to M.V.. Further disputed in that Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that falsified documents were relied upon. Declaration contains false information which Luongo's declaration is based on.<br><br>**Evidence:**<br>Acklin Trans. 61:23-25; 36:9-11; 129:22-24; 130:14-16; 181: 1-2; 185:1-6; 186: 23-25<br><br>Objection: Plaintiffs dispute this statement, which is entirely |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | conclusory, without foundation. This evidence constitutes several levels of hearsay. *See* Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith. |
| 23. | Doctors at Cedars Sinai expressed concern to Acklin that Castillo's time line between finding M.V. and his arrival at the hospital did not seem to add up, which caused Acklin concern. | 23. | Plaintiffs dispute that this is undisputed.<br>Disputed in that the Doctors at Cedar-Sinai told Plaintiff that they did not know what had happened to M.V.. Further disputed in that Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that falsified documents were relied upon.<br><br>**Evidence:**<br>Acklin Trans. 61:23-25; 36:9-11; 129:22-24; 130:14-16; 181: 1-2; 185:1-6; 186: 23-25<br><br>Objection: Plaintiffs dispute this statement, which is entirely conclusory, without foundation. This evidence constitutes several levels of hearsay. *See* Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith. |
| 24. | On October 5, 2012, Acklin also interviewed L.V. and M.V.'s father, Villasano. Villasano admitted to a past domestic violence altercation. | 24. | Plaintiffs dispute that this is undisputed.<br><br>Disputed in that Acklin never asked Moises Villasano if he consented to the detention of |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | B.U. and L.V.. Further disputed in that Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that falsified documents were relied upon.<br><br>**Evidence:**<br>Acklin Trans. 50:18-25; 51:1; 61:23-25; 36:9-11; 129:22-24; 130:14-16; 181: 1-2; 185:1-6; 186: 23-25.<br><br>Objection: several levels of hearsay. *See* Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith. |
| 25. | Villasano said he got along with Castillo, but they were not in a relationship. | 25. | Undisputed. |
| 26. | Acklin reached out to Castillo's probation officer, Anthony Allen, on October 5, 2012, but did not hear back from Mr. Allen. | 26. | Plaintiffs dispute that this is undisputed.<br><br>This evidence is improperly included in Moving Party's Uncontroverted Facts as charges from said arrest have been expunged pursuant to Penal Code section 1203.4. Further the only evidence of this is from Acklin who has admitted to under oath that her declaration submitted in support of this motion contains falsehoods and that falsified documents were relied upon.<br><br>**Evidence:** |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | Castillo deposition at 34:21-24; Acklin Trans. at 129:22-24; 130:14-16; 181: 1-2; 185:1-6; 186: 23-25.<br><br>This evidence this statement, which is entirely conclusory, without foundation constitutes several levels of hearsay, is irrelevant to Plaintiffs' claims and unduly prejudicial. *See* Objections to and Motion to Strike Luongo Decl. filed herewith. |
| 27. | Based on M.V.'s life-threatening and unexplained injury, Castillo's past drug, criminal, and domestic violence history, it appeared to Acklin children should be removed from the home pending an investigation. | 27. | Plaintiffs dispute that this is undisputed.<br><br>All of the risk fields on the Safety Assessment filled out by Acklin are marked – "no" and the safety risk form states that Plaintiff caused no physical harm to M.V.. Acklin told Castillo that she was removing the children because she feared for their safety because of the coma M.V. was in. Disputed in that the Doctors at Cedar-Sinai told Plaintiff that they did not know what had happened to M.V.. Further disputed in that Acklin has testified that at the time of her decision to detain, no one at the hospital had told her that M.V. had been injured.<br><br>Disputed in that Acklin told Plaintiff she was detaining her |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | daughters because M.V. was in a coma; Castillo at 84:10-19. Further Disputed in that Acklin's declaration contains false information which Luongo's declaration is based on. Acklin Trans. at 129:22-24; 130:14-16; 181:1-2; 25; 185:1-6; 186:23-25<br><br>**Evidence:**<br>Acklin at 61:23-25; 63:9-11; 125:19-25; 126:1-6; Acklin Dec. ¶3, p. 2, ln 18-19; Castillo deposition at 84:10-19; Castillo Decl. ¶ 23, pg 5, ln 18-26.<br><br>This evidence constitutes several levels of hearsay, is irrelevant to Plaintiffs' claims and unduly prejudicial. *See* Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith. |
| 28. | M.V. was an alleged victim of severe neglect by Plaintiff, and L.V. and B.U. were at risk. | 28. | Plaintiffs dispute that this is undisputed.<br><br>All of the risk fields on the Safety Assessment filled out by Acklin are marked – "no" and the safety risk form states that Plaintiff caused no physical harm to M.V.. Acklin told Castillo that she was removing the children because she feared for their safety because of the coma M.V. was in. Disputed in that the Doctors at Cedar-Sinai told Plaintiff that they did not know what had happened to M.V..Further |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | disputed in that Acklin has testified that at the time of her decision to detain, no one at the hospital had told her that M.V. had been injured. Disputed in that Acklin testified that both B.U. and L.V. told her they were not abused by Plaintiff. Acklin at 65:25; 66:1-4.<br><br>Disputed in that Acklin told Plaintiff she was detaining her daughters because M.V. was in a coma; Castillo @84:10-19. Further Disputed in that Acklin's declaration contains false information which Luongo's declaration is based on. Acklin Trans. at 129:22-24; 130:14-16; 181:1-2; 25; 185:1-6; 186:23-25<br><br>**Evidence:**<br>Acklin at 61:23-25; 63:9-11; 125:19-25; 126:1-6; Acklin Dec. ¶3, p. 2, ln 18-19; Castillo deposition at 84:10-19; Castillo Decl. ¶ 23, pg 5, ln 18-26.<br><br>This evidence constitutes several levels of hearsay, is irrelevant to Plaintiffs' claims and unduly prejudicial. *See* Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith. Plaintiffs dispute that this is undisputed. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| 29. | There was also an ongoing investigation by LAPD into M.V.'s injuries. | 29. | Plaintiffs dispute that this is undisputed as to the phrase "M.V.'S injuries", and disputed in that Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that falsified documents were relied upon and placed in the DCFS file.<br><br>**Evidence**:<br>Acklin at 61:23-25; 63:9-11; Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 181: 1-2; 185:1-6; 186: 23-25.<br><br>Objection: several levels of hearsay. *See* Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith. |
| 30. | Acklin thought family reunification under court supervision might be appropriate. | 30. | Plaintiff denies that this is undisputed. Plaintiff cannot possibly respond to this alleged state of mind of Defendant Acklin. This statement consists entirely of a legal conclusion rather than a statement of material fact, as required under Local Rule 56-1, as such Plaintiffs cannot appropriately respond. |
| 31. | The DCFS records that are part of the Juvenile Case File in this case contain multiple forms signed by Plaintiff Lisa Castillo that are dated October 4, 2012. | 31. | Plaintiffs deny that this is undisputed.<br><br>Plaintiff signed no DCFS documents on 10/4/12. Acklin has admitted under oath that her declaration submitted in support |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | of this motion contains false information and that the documents referenced in this were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion. Defendants have withdrawn the VPA of 10/4/12 and ¶s 9 and 21 of Acklin's declaration, thus no basis for this fact.<br>Further disputed in that Acklin has testified that Plaintiff signed no documents on October 4, 2012 Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19; Castillo decl. ¶28, Pg. 7: 9-11.<br><br>Objection: several levels of hearsay: *see also* Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith. |
| 32. | There is a Consent to Release and Exchange Information dated October 4, 2012, which is signed by Plaintiff Castillo. | 32. | Plaintiffs deny that this is undisputed.<br><br>Plaintiff signed no DCFS documents on 10/4/12. Defendants have withdrawn the VPA of 10/4/12 and ¶s 9 and 21 of Acklin's declaration, thus no basis for this fact. Acklin has admitted under oath that her |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | declaration submitted in support of this motion contains false information and that the documents referenced in this were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion. Further disputed in that Acklin has testified that Plaintiff signed no documents on October 4, 2012.<br><br>**Evidence**:<br>Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19.<br><br>Objection: several levels of hearsay. *See also* Objections to and Motion to Strike Luongo Decl. |
| 33. | There is a signed acknowledgment form of receipt of voluntary services. (Acklin Dec., Form - G). | 33. | Plaintiffs deny that this is undisputed.<br><br>Plaintiff signed no DCFS documents on 10/4/12. Defendants have withdrawn the VPA of 10/4/12 and ¶s 9 and 21 of Acklin's declaration, thus no basis for this fact. Acklin has admitted under oath that her declaration submitted in support of this motion contains false |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | information and that the documents referenced in this were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion. Further disputed in that Acklin has testified that Plaintiff signed no documents, including the receipt of services form on October 4, 2012, rather it was signed on October 12, 2012.<br><br>**Evidence**:<br>Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 172:8-25; 173:1-7; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19.<br><br>Objection: several levels of hearsay. *See also* Objections to and Motion to Strike Luongo Decl. |
| 34. | There is an acknowledgement of receipt of: (1) DCFS Civil Rights Information Form; (2) State of California Civil Rights Publication 13 Pamphlet; and (3) Americans with Disabilities ADA Accommodations. | 34. | Plaintiffs deny that this is undisputed.<br><br>Plaintiff signed no DCFS documents on 10/4/12. Defendants have withdrawn the VPA of 10/4/12 and ¶s 9 and 21 of Acklin's declaration, thus no basis for this fact. Acklin has admitted under oath that her declaration submitted in support |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | of this motion contains false information and that the documents referenced in this were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion. Further disputed in that Acklin has testified that Plaintiff signed no documents, including the Acknowledgment of Receipt on October 4, 2012, rather it was signed on October 12, 2012.<br><br>**Evidence**:<br>Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 172:8-25; 173:1-7; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 104:17-18,25; 105:1-2; 107:14-19.<br><br>Objection: several levels of hearsay. *See also* Objections to and Motion to Strike Luongo Decl. Decl. and Acklin Decl. filed herewith.. |
| 35. | The official DCFS records from the Juvenile Case File contain a "Voluntary Placement Agreement-Placement Request" ("VPA") signed by Plaintiff Castillo and Defendant Rihana Acklin, which is dated October 4, 2012. | 35. | Plaintiffs deny that this is undisputed.<br><br>Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that the documents referenced in this |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion. Further disputed in that Acklin has testified that Plaintiff did not sign the VPA on October 4, 2012, and that Acklin never even discussed VPA with Plaintiff on October 4, 2012. Plaintiff Castillo has testified that she did not sign the VPA on October 4, 2012.<br><br>**Evidence**:<br>Acklin at 107:11-16; 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19.<br><br>Plaintiff signed no DCFS documents on 10/4/12. Defendants have withdrawn the VPA of 10/4/12 and ¶s 9 and 21 of Acklin's declaration, thus no basis for this fact.<br><br>Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith. |
| 36. | The VPA states "I give custody and control of my child to the county welfare department…to arrange for my child's care, supervision, | 36. | Plaintiffs deny that this is undisputed.<br>Plaintiff signed no DCFS documents on 10/4/12. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | custody, conduct, maintenance and support, including medical care." The VPA pertains to both B.U. and L.V., and gives custody to DCFS. The VPA states "I understand that voluntary placement is usually limited to six months, but sometimes six more months can be approved for a total period not to exceed twelve months." The VPA further states: "I understand I can withdraw this request or terminate this placement agreement at any time." | | Defendants have withdrawn the VPA of 10/4/12 and ¶s 9 and 21 of Acklin's declaration, thus no basis for this fact. Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that the documents referenced in this were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion. Further disputed in that Acklin has testified that Plaintiff did not sign the VPA on October 4, 2012, and that Acklin never even discussed VPA with Plaintiff on October 4, 2012. Plaintiff Castillo has testified that she did not sign the VPA on October 4, 2012.<br><br>**Evidence**:<br>Acklin at 107:11-16; 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19.<br><br>Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith. |
| 37. | Plaintiff denies signing this form and claims she did not sign any such | 37. | Plaintiffs agree that this is undisputed, and moreover is |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | form until October 12, 2012. | | corroborated by Acklin's own deposition testimony.<br><br>**Evidence**:<br>*See* Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25. |
| 38. | Castillo claims that she signed the VPA on October 12, 2012, because she wanted her children to be placed with family and admits that she never revoked the VPA. | 38. | Plaintiff denies that this is undisputed. Plaintiff certainly did revoke the VPA by repeatedly demanding her children back. Castillo deposition at 109:4-7, 15-18; 110:9-13; 111:20-24; 112:6-9; 113:13-14; 141:20-25; 142:1-9.<br><br>Castillo decl. ¶32, pg. 7: 22-25; ¶33, pg. 8:4-9; ¶39, pg. 9: 15-17.<br><br>Further Plaintiff was told by defendant Acklin that she had no other option, if she did not sign, she could lose her daughters permanently. Castillo deposition at 97:13-25; 98:1; 99:1-4, 8-11, 21-24; 100: 1-4.<br><br>Plaintiff wanted her daughters with her, not relatives. Castillo decl. ¶34 pg. 8: 16-19.<br><br>*See* p. 144, ll. 16-25; Declaration of Lisa Castillo ("Castillo Decl."). |
| 39. | Castillo never revoked the VPA at any time while the children were in DCFS custody. | 39. | Plaintiff denies that this is undisputed. Plaintiff certainly did revoke the VPA by repeatedly |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | demanding her children back. Castillo decl. ¶32, pg. 7: 22-25; ¶33, pg. 8:4-9; ¶39, pg. 9: 15-17. Plaintiff wanted her daughters with her, not relatives. Castillo decl. ¶34 pg. 8: 16-19. Plaintiffs repeatedly asked Acklin, Aquilar, and Espinoza for children to be returned. Castillo at 109:4-7, 15-18; 110:9-13; 111:20-24; 112:6-9; 113:13-14; 141:20-25; 142:1-9.<br><br>Further, Acklin has testified that she does not know if she even told Plaintiff that the VPA could be revoked. Acklin at 110:8-10.<br><br>Plaintiff decl. ¶60, pg. 13: 16-19, ¶62, pg. 13: 23-26. Further disputed in that Defendant Espinoza has testified that she was under the impression that a VPA cannot be revoked and did not know a parent involved in a VPA can request to go to court. Espinoza at 133:17-25; 134:1-3. |
| 40. | Late in the evening on October 4, 2012, Acklin removed B.U. and L.V. from Castillo's care. | 40. | Plaintiff agrees this is undisputed. |
| 41. | The children were at the hospital at the time, and Castillo's family and Villasano were also present. | 41. | Plaintiffs agree that this is undisputed. |
| 42. | Acklin would have obtained approval for the removal from the supervisor on duty, and the Assistant Regional Administrator prior to taking the children into DCFS | 42. | Plaintiffs dispute that this is undisputed.<br><br>Plaintiff cannot possibly respond to this allegation of what |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | custody. | | Defendant Acklin would have done. This statement consists entirely of a an irrelevant statement than a statement of material fact, as required under Local Rule 56-1, as such Plaintiffs cannot appropriately respond.<br><br>Further disputed in that Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that the documents referenced in this case were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion. Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 181: 1-2; 185:1-6; 186: 23-25<br><br>Objection: irrelevant; several levels of hearsay. *See* Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith. |
| 43. | Aguilar was Acklin's regular Supervising Children's Social Worker (SCSW), but Aguilar *was not on duty on October 4, 2012*, and was not the supervisor that Acklin consulted with that day regarding the removal. | 43. | Undisputed. |

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| 44. | The children were in placement at a DCFS facility for one night before they were placed with Irma Villasano, L.V.'s maternal grandmother on October 5, 2012, which Castillo agreed with. | 44. | Disputed. The children were not placed together, they were in fact separated.<br><br>**Evidence**:<br>Castillo Dec. ¶29, p. 7, ln 11-13; ¶31, p. 7, ln 14-17; Castillo deposition at 93:1-7. |
| 45. | On October 5, 2012, M.V. was pronounced dead. | 45. | Undisputed |
| 46. | An autopsy was required to determine that cause of death, which could have been related to SIDS. | 46. | Undisputed |
| 47. | As it was unclear the course this case would take, Acklin was required to prepare a Detention Report for her and Aguilar to sign within 24 hours, in the event the case proceeded to the Juvenile Court. | 47. | Plaintiff denies that this is undisputed. Acklin told Plaintiff on October 4, 2012, that she would call Plaintiff the next day with her court date, however, Aklin called Plaintiff on October 5, 2012 and told her the court date was cancelled.<br><br>Aguilar's decl. ¶5-8 refers to plaintiff signing the VPA on 10/4/12 – said VPA has been withdrawn by defendants, thus no basis for this fact. Aguilar never saw plaintiff sign 10/4/12 VPA, he was told by someone she signed it. Aguilar at 38: 22-25; 39: 1-8; 44: 5-16.<br><br>Castillo at 111:11-16; 112:6-9.<br><br>Further disputed in that Plaintiff repeatedly begged Acklin not to take her children. |



LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | Acklin at 115:7-11; Castillo at 109:4-8. |
| 48. | However, on October 5, 2012, Acklin spoke with Ms. Castillo on the phone and explained to her that if she would agree to a voluntary placement, a court appearance could be avoided. | 48. | Plaintiff denies that this is undisputed. Acklin told Plaintiff on October 4, 2012, that she would call Plaintiff the next day with her court date, however, Aklin called Plaintiff on October 5, 2012 and told her the court case was cancelled. Plaintiff asked for her children back on 10/5/12.<br><br>Castillo at 111:11-16; 112:6-9.<br><br>Further disputed in that Plaintiff repeatedly begged Acklin not to take her children.<br><br>Castillo ¶38 pg. 6-10; Castillo ¶39 pg. 9: 11-18.<br><br>Acklin at 115:7-11; Castillo at 109:4-8.<br><br>Acklin never told plaintiff the VPA could be revoked. Acklin at 110: 8-10.<br><br>Aguilar's decl. ¶5-8 refers to plaintiff signing the VPA on 10/4/12 – said VPA has been withdrawn by defendants, thus no basis for this fact. Aguilar never saw plaintiff sign 10/4/12 VPA, he was told by someone she signed it. Aguilar at 38: 22-25; 39: 1-8; 44: 5-16. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that the documents referenced in this were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion. Further disputed in that Acklin has testified that Plaintiff signed no documents on October 4, 2012.<br><br>**Evidence**:<br>Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19. |
| 49. | Castillo agreed to do a voluntary case, and Acklin notified Erasmo Aguilar, her supervisor, so that he could withdraw the Detention Report. | 49. | Disputed. Plaintiff never agreed to a voluntary case on October 5, 2012. The documentation in the DCFS file indicating that Plaintiff signed the VPA on October 4, 2012 is admittedly a falsified document. On that same date, Plaintiff repeatedly begged Acklin not to take her children.<br><br>Aguilar's decl. ¶5-8 refers to plaintiff signing the VPA on 10/4/12 – said VPA has been withdrawn by defendants, thus no basis for this fact. Aguilar |

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | never saw plaintiff sign 10/4/12 VPA, he was told by someone she signed it. Aguilar at 38: 22-25; 39: 1-8; 44: 5-16.<br><br>Plaintiff decl. ¶38, pg.9: 6-10; ¶39, pg. 9: 11-18.<br><br>Acklin at 115:7-11; 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25<br><br>Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19; 109:4-8.<br><br>**Evidence**:<br>Castillo Dec. ¶37, p. 11, ln 2-4; ¶31, p. 9, ln 9-13. |
| 50. | As the VPA was signed by Castillo, this case never proceeded to the Juvenile Court and the Detention Report was not filed. | 50. | Plaintiff denies that this is undisputed. Plaintiff never signed the VPA on October 4, 2012. In fact Defendant Acklin has admitted that the October 4, 2012 VPA document in her DCFS file is fake.<br><br>Aguilar's decl. ¶5-8 refers to plaintiff signing the VPA on 10/4/12 – said VPA has been withdrawn by defendants, thus no basis for this fact. Aguilar never saw plaintiff sign 10/4/12 VPA, he was told by someone she signed it. Aguilar at 38: 22-25; 39: 1-8; 44: 5-16.<br><br>10/4/12 VPA has been withdrawn |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | by defendant and did not be relied upon as evidence.<br><br>Castillo ¶28, pg. 7: 9-11.<br><br>Acklin at 115:7-11; 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25<br><br>Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19; 109:4-8.<br><br>Further disputed in that Acklin told Plaintiff on October 5, 2012 that her Court date had been cancelled. Acklin at111:11-16; 112:6-9. |
| 51. | It was County practice in October 2012 that where a parent signs a VPA, the matter does not proceed to the Juvenile Court. | 51. | Insufficient information to either dispute or agree to |
| 52. | Accordingly, on October 8, 2012, pursuant to his conversation with Acklin, Aguilar pulled the Detention Report from being filed, and noted on the fax cover sheet "pulled VFR", evidencing Castillo's agreement to the VPA was the reason why the Detention Report was not filed. | 52. | Plaintiff denies that this is undisputed as Plaintiff signed no VPA agreement on October 4, 2012. In fact Defendant Acklin has admitted that the October 4, 2012 VPA document in her DCFS file is fake.<br><br>Plaintiff denies that this is undisputed. Plaintiff never signed the VPA on October 4, 2012. In fact Defendant Acklin has admitted that the October 4, 2012 VPA document in her DCFS file is fake. |

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | Aguilar's decl. ¶5-8 refers to plaintiff signing the VPA on 10/4/12 – said VPA has been withdrawn by defendants, thus no basis for this fact. Aguilar never saw plaintiff sign 10/4/12 VPA, he was told by someone she signed it. Aguilar at 38: 22-25; 39: 1-8; 44: 5-16.<br><br>10/4/12 VPA has been withdrawn by defendant and did not be relied upon as evidence.<br><br>Castillo ¶28, pg. 7: 9-11.<br><br>Acklin at 115: 7-11; 125: 1; 126: 1-5; 129: 22-24; 130: 14-16; 163: 1-21; 165: 17-25; 166: 1; 181: 1-2; 185: 1-6; 186: 23-25<br><br>Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19; 109:4-8.<br><br>Further disputed in that Acklin told Plaintiff on October 5, 2012 that her Court date had been cancelled. Acklin at111:11-16; 112:6-9.<br><br>Acklin at 115:7-11; 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25<br><br>Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19; 109:4-8. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| 53. | If Ms. Castillo had not agreed to the VPM by that time, the Detention Report would have been filed and a detention hearing would have been held. | 53. | Plaintiff denies this statement. Acklin told Plaintiff she had set a Court date for a detention hearing. Further, Plaintiff denies that this is undisputed as Plaintiff signed no VPA agreement on October 4, 2012. In fact Defendant Acklin has admitted that the October 4, 2012 VPA document in her DCFS file is fake. Further disputed in that Plaintiff had 3 conversations with Acklin prior to the October 12, TDM where she requested her daughters be returned to her.<br><br>Castillo at 113:13-14.<br><br>Plaintiff denies that this is undisputed. Plaintiff never signed the VPA on October 4, 2012. In fact Defendant Acklin has admitted that the October 4, 2012 VPA document in her DCFS file is fake.<br><br>Aguilar's decl. ¶5-8 refers to plaintiff signing the VPA on 10/4/12 – said VPA has been withdrawn by defendants, thus no basis for this fact. Aguilar never saw plaintiff sign 10/4/12 VPA, he was told by someone she signed it. Aguilar at 38: 22-25; 39: 1-8; 44: 5-16.<br><br>10/4/12 VPA has been withdrawn by defendant and did not be |



LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | relied upon as evidence.<br><br>Castillo ¶28, pg. 7: 9-11.<br><br>Acklin at 115:7-11; 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25<br><br>Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19; 109:4-8.<br><br>Further disputed in that Acklin told Plaintiff on October 5, 2012 that her Court date had been cancelled. Acklin at111:11-16; 112:6-9.<br><br>Acklin at 115:7-11; 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25<br><br>Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19; 109:4-8. |
| 54. | On October 12, 2012, a Team Decision Meeting ("TDM") was held to determine how the case would proceed. | 54. | Plaintiff agrees this is undisputed. |
| 55. | The TDM on October 12, 2012 was facilitated by Defendant CSW Norma Ward. | 55. | Undisputed. |
| 56. | Plaintiff Castillo's attorney, William Becker, Esq. appeared at DCFS for the TDM meeting that day. | 56. | .Undisputed. |
| 57. | Since a TDM is a family proceeding, and not a legal proceeding, counsel for the parents and for DCFS do not | 57. | Plaintiffs deny that this is undisputed. Plaintiff's attorney was told he had to leave as he |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | generally attend, and Mr. Becker was asked to leave the meeting. | | was not allowed to attend the TDM.<br><br>Castillo decl. ¶46, pg. 10: 13-20.<br><br>Castillo at 116: 4-17; 117: 9-14; 118: 6-7, 10-12. Becker decl. ¶4, pg. 2: 23-28, pg. 3: 1-7.<br><br>Further disputed in that Defendant Ward told Plaintiffs' attorney he could not be present, that he had to leave the building.<br><br>Plaintiff was informed by Acklin and Ward that she did not need an attorney. Castillo at 118:6-7, 10-12. Acklin has testified that she is unsure of the County's policy regarding exclusion of a party's attorney from a TDM. Acklin at 101:6-13; 117:19-20; Ward deposition at 23:18-25; 24:1-4, 34:18-20. |
| 58. | Castillo did not express any issue with her counsel not being present in the TDM, and the meeting moved forward without any issue. | 58. | Plaintiffs deny that this is undisputed. Ward has testified that she cannot remember anything Plaintiff said about the issue with her attorney at the TDM. Ward at 34:18-20; 36:9-13; 47:13-24. Defendant Aguilar has testified that he does not recall anything about Plaintiff's attorney at the TDM, even though his decl. says otherwise. Aguilar deposition at 60:12-25; 61:1-8; 64:6-11; 54: 14-22; 56: 2-6. Plaintiff denies this. Plaintiff |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | demanded her attorney be present and her attorney was told he was not allowed into the meeting and that he had to leave the building. Castillo at 117:25, 118:1, 118:10-12. Plaintiff was informed by Acklin and Ward that she did not need an attorney. Castillo at 118:6-7, 10-12.<br><br>Further disputed in that Aguilar testified that ¶11 of his decl. is not based in his own personal knowledge. Aguilar 56: 2-6; 61-22-25; 62: 1-4.<br><br>**Evidence**:<br>Castillo Dec. ¶46, p. 10, 13-20. |
| 59. | Had Castillo insisted that her counsel be present, the meeting would have been rescheduled so that County counsel could also attend. | 59. | Plaintiff denies this.<br>Plaintiff demanded her attorney be present and her attorney was told he was not allowed and he had to leave, Plaintiff was not told he could be present if the meeting was rescheduled so county counsel could attend. Ward at 23:15-17; 23:18-25; 24:1-4. Further disputed in that Ward testified that she did not call County counsel when she saw that Plaintiff's attorney was present. Ward at 38:2-4 Ward did not call county counsel as she claims "the family wanted to proceed without attorneys present", but cannot recall who told her that. Ward at 38:5-7; 39:1-18. Plaintiff's attorney was |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | told he had to leave as he was not allowed to attend the TDM. Castillo at 116:4-17; 117:9-14; 118:6-7, 10-12.<br><br>Further disputed in that Aguilar testified that ¶11 of his decl. is not based in his own personal knowledge. Aguilar 56: 2-6; 61-22-25; 62: 1-4.<br><br>**Evidence**:<br>Castillo Dec. ¶46, p. 10: 13-20; ¶46. |
| 60. | Castillo also could have left the meeting at any time to consult with her attorney, and no one said he had to leave the building during the TDM. | 60. | Plaintiffs deny that this is undisputed. Plaintiff's attorney was told he had to leave as he was not allowed to attend the TDM. Further, no one informed the Plaintiff that she had a right to consult with her attorney or that she could step out of the meeting to talk to him.<br><br>Plaintiffs deny that this is undisputed. Ward has testified that she cannot remember anything Plaintiff said about the issue with her attorney at the TDM. Ward at 34:18-20; 36:9-13; 47:13-24. Defendant Aguilar has testified that he does not recall anything about Plaintiff's attorney at the TDM, even though his decl. says otherwise. Aguilar deposition at 60:12-25; 61:1-8; 64:6-11; 54: 14-22; 56: 2-6. Plaintiff denies this. Plaintiff |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | demanded her attorney be present and her attorney was told he was not allowed into the meeting and that he had to leave the building. Castillo at 117:25, 118:1, 118:10-12. Plaintiff was informed by Acklin and Ward that she did not need an attorney. Castillo at 118:6-7, 10-12.<br><br>Further disputed in that Aguilar testified that ¶11 of his decl. is not based in his own personal knowledge. Aguilar 56: 2-6; 61-22-25; 62: 1-4.<br><br>**Evidence**:<br>Castillo Dec. ¶46, p. 10, 13-20.<br><br>Castillo at 150:25; 151:1-13; 116:4-17; 117:9-14; 118:6-7, 10-12.<br><br>Plaintiff demanded her attorney be present and her attorney was told he was not allowed and he had to leave, Plaintiff was not told he could be present if the meeting was rescheduled so county counsel could attend. Ward at 23:15-17; 23:18-25; 24:1-4.<br><br>Further disputed in that Defendant Ward told Plaintiffs' attorney he could not be present, that he had to leave the building. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | Castillo at 118:6-7, 10-12. Acklin has testified that she is unsure of the County's policy regarding exclusion of a party's attorney from a TDM.<br><br>Acklin at 101:6-13; 117:19-20; Ward deposition at 23:18-25; 24:1-4, 34:18-20.<br><br>Castillo Dec. ¶46, p. 10, 13-20. |
| 61. | At no time did Aguilar, Acklin, Ward, nor anyone representing DCFS, tell Castillo's attorney that he had to leave the building or that he could not consult with Castillo. | 61. | Plaintiffs deny that this is undisputed. Plaintiff's attorney was told he had to leave as he was not allowed to attend the TDM. Further disputed in that Defendant Ward told Plaintiffs' attorney he could not be present, that he had to leave the building. Plaintiff was informed by Acklin and Ward that she did not need an attorney.<br><br>Becker decl. ¶4, pg. 2: 23-28, pg. 3: 1-7.<br><br>Plaintiffs deny that this is undisputed. Ward has testified that she cannot remember anything Plaintiff said about the issue with her attorney at the TDM. Ward at 34:18-20; 36:9-13; 47:13-24. Defendant Aguilar has testified that he does not recall anything about Plaintiff's attorney at the TDM, even though his decl. says otherwise. Aguilar deposition at 60:12-25; 61:1-8; |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | 64:6-11; 54: 14-22; 56: 2-6. Plaintiff denies this. Plaintiff demanded her attorney be present and her attorney was told he was not allowed into the meeting and that he had to leave the building. Castillo at 117:25, 118:1, 118:10-12. Plaintiff was informed by Acklin and Ward that she did not need an attorney. Castillo at 118:6-7, 10-12.<br><br>Further disputed in that Aguilar testified that ¶11 of his decl. is not based in his own personal knowledge. Aguilar 56: 2-6; 61-22-25; 62: 1-4.<br><br>**Evidence**:<br>Castillo Dec. ¶46, p. 10, 13-20.<br><br>Castillo at 116:4-17; 117:9-14; 118:6-7, 10-12; Ward deposition at 23:18-25; 24:1-4, 38:2-4,7; 47:13-24.<br><br>Acklin has testified that she is unsure of the County's policy regarding exclusion of a party's attorney from a TDM.<br>Acklin at 101:6-13; 117:19-20.<br><br>**Evidence**:<br>Castillo Dec. ¶45, p. 13, ln 1-9; ¶46, p. 13, ln 10-13. |
| 62. | Defendants Acklin and Aguilar, CSW Erika Price, and Department of | 62. | Undisputed |

| | **MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | Mental Health employee Lana Adrian Easterly were all present at the TDM that day. | | |
| 63. | Castillo was present, along with several members of her family, including her mother, Lydia Castillo, brother, Douglas Castillo, maternal aunt to B.U. and L.V., Diana Lopez, Georgina Castillo (maternal aunt). | 63. | Undisputed |
| 64. | M.V. and L.V.'s father, Villasano, paternal grandmother Irma Villasano, and paternal grandfather Ramiro Villasano, were also all present. | 64. | Undisputed |
| 65. | A Safety Plan is in the Juvenile Case file, signed by all present at the TDM on October 12, 2012, including Castillo and Moises Villasano, (except for Ward, who is not a participant). | 65. | Plaintiff denies that this is undisputed.<br><br>Plaintiffs deny that this is undisputed. Ward has testified that she cannot remember anything Plaintiff said about the issue with her attorney at the TDM. Ward at 34:18-20; 36:9-13; 47:13-24. Defendant Aguilar has testified that he does not recall anything about Plaintiff's attorney at the TDM, even though his decl. says otherwise. Aguilar deposition at 60:12-25; 61:1-8; 64:6-11; 54: 14-22; 56: 2-6. Plaintiff denies this. Plaintiff demanded her attorney be present and her attorney was told he was not allowed into the meeting and that he had to leave the building. Castillo at 117:25, 118:1, 118:10-12. Plaintiff was informed by Acklin and Ward that she did not |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | need an attorney. Castillo at 118:6-7, 10-12.<br><br>Further disputed in that Aguilar testified that ¶11 of his decl. is not based in his own personal knowledge. Aguilar 56: 2-6; 61-22-25; 62: 1-4.<br><br>**Evidence**:<br>Castillo Dec. ¶46, pg. 10, 13-20.<br><br>Plaintiff did not willingly sign the documents at the TDM, she was told that if she did not sign the documents, things would go worse for her. Castillo at 124:1-10, 12-15.<br><br>Ward does not recall anything anyone said at TDM. Ward at 41: 13-15; 47: 13-24; 48: 1-4. Ward did not recall plaintiff signing any documents. Ward at 40: 17-18. Aguilar did not see plaintiff sign any documents. Aguilar at 65: 3-18.<br><br>Castillo decl. ¶48, pg. 10: 23-27.<br><br>Aguilar decl. |
| 66. | At the TDM the Case Plan was agreed upon, specifically, that: (1) the children would continue to reside with paternal grandmother for L.V. (later changed to mother's cousin Diana Padilla); (2) that Castillo and Villasno would participate in | 66. | Plaintiff denies that this is undisputed.<br><br>Plaintiff did not willingly sign the documents at the TDM, she was told that if she did not sign the documents, things would go |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | individual counseling, domestic violence, grief counseling (Castillo), and parenting classes; (3) Castillo would complete substance abuse awareness class; (4) that the minors would be assessed by DMH and receive services; (5) that requested changes would go to the court; and (6) that Gina Castillo (maternal uncle's wife) would be live-scanned for approval to transport the children and supervise visitation. | | worse for her. Castillo at 124:1-10, 12-15.<br><br>Further disputed in that Defendants Aguilar and Ward have no recollection of what Plaintiff, her family or any of the defendants said at the October 12, 2012 TDM. Aguilar at 65:3-18, 15-22; 72: 20-25, 73: 1; Ward at 41:13-15; 47:13-24; 48:1-4.<br><br>Plaintiff denies this. Plaintiff was not asked to agree to anything; rather, Acklin told her "in order to get your girls back with this plan, which is for your best interest you need to sign the voluntary placement agreement." Further Plaintiff was never told that any changes in the plan would go to court.<br><br>**Evidence**:<br>Castillo Dec. ¶ 51; pg 14, ln 26-28; ¶ 55, p. 15, ln 22-27. |
| 67. | Castillo was informed that the Coroner's Report would need to be obtained to determine the cause of M.V.'s death. | 67. | Plaintiff agrees that this is undisputed. |
| 68. | Castillo was also informed that the children would be in placement pending LAPD's investigation. | 68. | Plaintiff agrees that this is undisputed. |
| 69. | The estimated completion of the plan was April 12, 2013. | 69. | Plaintiff denies that this is undisputed. Plaintiff was told no date for completion, rather she was told her children would be in placement until the autopsy |

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | report was completed. Castillo at 124:1-10. |
| 70. | A Child Welfare Services Initial Case Plan- Voluntary Case Plan Family Assessment ("Case Plan") was signed by Castillo, Villasano, Acklin and Aguilar at the TDM on October 12, 2012. | 70. | Plaintiff denies that this is undisputed. Plaintiff had no idea what any of the documents were that she was told to sign at the TDM, or the implications of those documents. Castillo at 125:1-2. Plaintiff was told if she didn't sign the documents she could lose her children permanently. Castillo at 154:9-12.<br><br>Plaintiff denies that this is undisputed.<br><br>Plaintiffs deny that this is undisputed. Ward has testified that she cannot remember anything Plaintiff said about the issue with her attorney at the TDM. Ward at 34:18-20; 36:9-13; 47:13-24. Defendant Aguilar has testified that he does not recall anything about Plaintiff's attorney at the TDM, even though his decl. says otherwise. Aguilar deposition at 60:12-25; 61:1-8; 64:6-11; 54: 14-22; 56: 2-6. Plaintiff denies this. Plaintiff demanded her attorney be present and her attorney was told he was not allowed into the meeting and that he had to leave the building. Castillo at 117:25, 118:1, 118:10-12. Plaintiff was informed by |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | Acklin and Ward that she did not need an attorney. Castillo at 118:6-7, 10-12.<br><br>Further disputed in that Aguilar testified that ¶11 of his decl. is not based in his own personal knowledge. Aguilar 56: 2-6; 61-22-25; 62: 1-4.<br><br>**Evidence**:<br>Castillo Dec. ¶46, pg. 10, 13-20.<br><br>Plaintiff did not willingly sign the documents at the TDM, she was told that if she did not sign the documents, things would go worse for her. Castillo at 124:1-10, 12-15.<br><br>Ward does not recall anything anyone said at TDM. Ward at 41: 13-15; 47: 13-24; 48: 1-4. Ward did not recall plaintiff signing any documents. Ward at 40: 17-18. Aguilar did not see plaintiff sign any documents. Aguilar at 65: 3-18.<br><br>Castillo decl. ¶48, pg. 10: 23-27.<br><br>Aguilar decl.<br><br>Further disputed in that Defendants Aguilar and Ward have no recollection of what Plaintiff, her family or any of the Defendants said at the October |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | 12, 2012 TDM, and no recollection of anyone signing any documents, including the Child Welfare Services Initial Case Plan. Aguilar at 65:3-18, 15-22; 72:20-25, 73:1 Ward at 40:17-19, 41:13-15; 47:13-24; 48:1-4. |
| 71. | The Case Plan Goal was for B.U. and L.V. to be returned home by April 12, 2013. | 71. | Plaintiff denies that this is undisputed. Plaintiff was told no date for completion, rather she was told her children would be in placement until the autopsy report was completed. Castillo at 124:1-10. |
| 72. | The Case Plan states "[p]arents were willing to sign the Voluntary Family Reunitcat[ion] Plan." | 72. | Plaintiff denies that this is undisputed.<br><br>Plaintiff did not willingly sign the documents at the TDM, she was told that if she did not sign the documents, things would go worse for her. Castillo at 124:1-10, 12-15.<br><br>Castillo decl. ¶56. pg. 12: 15-22.<br><br>Further disputed in that Defendants Aguilar and Ward have no recollection of what Plaintiff, her family or any of the defendants said at the October 12, 2012 TDM. Aguilar at 65:3-18, 15-22; Ward at 41:13-15; 47:13-24; 48:1-4.<br><br>Plaintiff further disputes this as Plaintiff had no idea what any of |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | the documents were that she was told to sign at the TDM, or the implications of those documents. Castillo at 125:1-2. Plaintiff was told if she didn't sign the documents she could lose her children permanently. Castillo at 154: 9-12.<br><br>Castillo decl. ¶56, pg. 12: 15-22.<br><br>Further disputed in that Defendants Aguilar and Ward have no recollection of what Plaintiff, her family or any of the Defendants said at the October 12, 2012 TDM, and no recollection of anyone signing any documents. Aguilar at 65:3-18, 15-22; 72:20-25, 73:1 Ward at 40:17-19, 41:13-15; 47:13-24; 48:1-4. |
| 73. | The Case Plan provided for "[m]onitored visitation with parents 3 hours per week or more per the caregiver's discretion." | 73. | Plaintiff agrees that this is undisputed. |
| 74. | The Case Plan set for the parents' responsibilities in the Safety Plan (parenting classes, grief counseling, etc.) and provided that a CSW would visit the family monthly to assess the family's compliance with the Case Plan. | 74. | Plaintiff agrees that this is undisputed. |
| 75. | If Castillo did not consent to the VPA, Safety Plan or Case Plan, she could have refused to sign these documents. | 75. | Plaintiff denies this.<br>Plaintiff was not informed in writing or verbally that she could not consent and not sign the |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | documents. Plaintiff was told by Acklin that "in order to get your girls back you need to sign the voluntary placement agreement." Castillo at 97:13-25, 98:1, 99:1-4, 21-24. Plaintiff was told if she didn't sign the documents she could lose her children permanently. Castillo at 154:9-12.<br><br>None of the defendants told the plaintiff she had the right to cancel at any time. ¶52, pg. 11: 25-28; pg. 12: 1-4.<br><br>Further disputed in that Acklin has testified that she is not sure if she told Plaintiff that voluntary placement could be revoked. Acklin at 110:8-10.<br><br>Plaintiff denies that this is undisputed. Plaintiff had no idea what any of the documents were that she was told to sign at the TDM, or the implications of those documents. Castillo at 125:1-2. |
| 76. | Castillo also could have revoked the VPA at any time. | 76. | Plaintiff denies this. Plaintiff was not informed in writing or verbally that she could not consent and not sign the documents. Plaintiff was told by Acklin that "in order to get your girls back you need to sign the voluntary placement agreement." Castillo at 97:13-25, 98:1, 99:1-4, |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | 21-24. Plaintiff was told if she didn't sign the documents she could lose her children permanently. Castillo at 154:9-12.<br><br>Defendants have withdrawn Exhibit I, thus it cannot be a basis for this fact.<br><br>None of the defendants told the plaintiff she had the right to cancel at any time. ¶52, pg. 11: 25-28; pg. 12: 1-4.<br><br>Plaintiff denies that this is undisputed. Plaintiff had no idea what any of the documents were that she was told to sign at the TDM, or the implications of those documents. Castillo at 125:1-2.<br><br>Further disputed in that Acklin has testified that she is not sure if she told Plaintiff that voluntary placement could be revoked. Acklin at 110:8-10.<br><br>Further disputed in that Defendant Espinoza was under the impression while being Plaintiff's case worker, that VPA could not be revoked. Espinoza at 133:17-22, 25; 134:1-3.<br><br>Plaintiff denies this.<br>Plaintiff was not informed in |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | writing or verbally that she could not consent or that she could revoke the plan. Further Plaintiff was never told that any changes in the plan would go to court.<br><br>**Evidence**:<br>Castillo Dec. ¶ 51; pg 14, ln 26-28, pg 15, ln 1-5. |
| 77. | At no time did Aguilar, Acklin or any other person call Castillo a drug addict, or tell her that if she did not agree to the VPA her children would be placed in foster care. | 77. | Plaintiff denies that this is Undisputed. Plaintiff was accused in front of her daughters of being a criminal and a drug addict. Castillo at 120:5-8, 13-15; 160:15-17.<br><br>Castillo decl. ¶50, pg. 11:7-17.<br><br>Further disputed in that Espinoza was under the impression that Plaintiff had a history of using drugs. Espinoza at 70:18-19. Further disputed in that Plaintiff was by Acklin that "in order to get your girls back you need to sign the voluntary placement agreement."<br><br>Castillo at 97:13-25, 98:1, 99:1-4, 21-24; 100:1-4. Plaintiff was told if she didn't sign the documents she could lose her children permanently. Castillo at 154:9-12.<br><br>**Evidence**:<br>Castillo Dec. ¶ 49; pg 14, ln 1-6. |

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| 78. | At no time did Acklin, nor anyone else, threaten Castillo that her kids would be taken to foster parents if she did not agree to the case plan, nor was Castillo ever told she was not entitled to consult her lawyer before the case plan was executed. | 78. | Plaintiff denies that this is Undisputed, in that Plaintiff was by Acklin that "in order to get your girls back you need to sign the voluntary placement agreement."<br><br>Castillo at 97:13-25, 98:1, 99:1-4, 21-24; 100:1-4. Plaintiff was told if she didn't sign the documents she could lose her children permanently. Castillo at 154:9-12.<br><br>Plaintiff's attorney was told he had to leave as he was not allowed to attend the TDM.<br><br>Becker decl. ¶4, pg. 2: 23-28; pg. 3: 1-7.<br><br>Castillo decl. ¶46, pg. 10: 13-20.<br><br>Castillo at 116:4-17; 117:9-14; 118:6-7, 10-12.<br><br>Further disputed in that Defendant Ward told Plaintiffs' attorney he could not be present, that he had to leave the building. Ward deposition at 23:18-25; 24:1-4, 34:18-20.<br>Further Plaintiff was told she did not need an attorney. Castillo at 118:6-7, 10-12. Acklin has testified that she is unsure of the County's policy regarding exclusion of a party's attorney |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | from a TDM.<br>Acklin at 101:6-13; 117:19-20;<br><br>Further disputed in that Aguilar informed Mr. Villasano that he should try to get custody of the children.<br><br>**Evidence**:<br>Castillo Dec. ¶ 54; pg 15, ln 18-22. |
| 79. | On or about October 16, 2012, based on the terms of the case plan, the children were placed with Castillo's cousin, Diana Padilla. | 79. | Undisputed. |
| 80. | Castillo and the children were agreeable to the placement with Padilla. | 80. | Plaintiff denies that this is Undisputed, in that Plaintiff was not agreeable to placement, in fact she repeatedly asked Acklin for her children back. Further disputed in that Plaintiff had 3 conversations with Acklin prior to the October 12, TDM where she requested her daughters be returned to her. Castillo at 113:13-14.<br>Plaintiff was told by Acklin that "in order to get your girls back you need to sign the voluntary placement agreement."<br><br>Castillo at 97:13-25, 98:1, 99:1-4, 21-24; 100:1-4. Plaintiff was told if she didn't sign the documents she could lose her children permanently. Castillo at 154:9-12. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | **Evidence**:<br>Castillo Dec. ¶ 33; pg 9, ln 9-14. |
| 81. | On or about October 18, 2012, after the children were placed with Padilla, Continuing Services CSW Defendant Virginia Espinoza was assigned to the case. | 81. | Undisputed. |
| 82. | Defendants Acklin and Aguilar were not involved with the case after it was assigned to Continuing Services. | 82. | Plaintiff denies that this is undisputed. Plaintiff cannot possibly respond to this alleged state of mind of Defendant Acklin. This statement consists entirely of a legal conclusion rather than a statement of material fact, as required under Local Rule 56-1, as such Plaintiffs cannot appropriately respond. |
| 83. | In October 2012 the County had a policy regarding obtaining warrants. | 83. | Plaintiff denies that this is undisputed. Plaintiff cannot possibly respond to this alleged state of mind of Defendant Acklin. This statement consists entirely of a legal conclusion rather than a statement of material fact, as required under Local Rule 56-1, as such Plaintiffs cannot appropriately respond. |
| 84. | Warrants were obtained to detain children unless there was exigency, consent or a court order. | 84. | Plaintiff denies that this is undisputed. Policy was not followed. No warrant was obtained in this case prior to detention. No consent of either |

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | parent or signed VPA was obtained from the date of detention up to October 12, 2012 – and there was never a detention hearing scheduled during that time.<br>Acklin at 50:18-25, 51:1; 134:17-19; 137:9-12; 165:21-25; 166:1. |
| 85. | The County also had a practice in October 2012 that if a VPA is signed by the parents, the case does not proceed to court and a Detention Report is not necessary. | 85. | Plaintiff denies that this is undisputed. Policy was not followed. No warrant was obtained in this case prior to detention. No consent of either parent or signed VPA was obtained from the date of detention up to October 12, 2012 – and there was never a detention hearing scheduled during that time.<br>Acklin at 50:18-25, 51:1; 134:17-19; 137:9-12; 165:21-25; 166:1 . |

ISSUE II. DEFENDANTS' CONTENTION: DEFENDANTS COUNTY, ACKLIN, AGUILAR, ESPINOZA AND WARD ARE ENTITLED TO SUMMARY JUDGMENT ON THE THIRD CLAIM FOR RELIEF ALLEGED IN PLAINTIFFS' FIRST AMENDED COMPLAINT BROUGHT BY ALL PLAINTIFFS, FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983- 1ST AMENDMENT -INTERFERENCE WITH FAMILIAL RELATIONS

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| 86. | Ms. Castillo has a criminal and DCFS history. In 2007 Castillo was arrested with methamphetamine on her person | 86. | Plaintiffs dispute that this is undisputed. This evidence is improperly included in Moving Party's Uncontroverted Facts as |



LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | and in possession of an unregistered handgun. | | charges from said arrest have been expunged pursuant to Penal Code section 1203.4.<br><br>**Evidence**:<br>Castillo deposition at 34:21-24;<br><br>Plaintiffs dispute this statement, which is entirely conclusory, without foundation<br><br>Plaintiffs dispute that this is undisputed. Plaintiff does not have a "history" with DCFS, rather Moises Villasano had an allegation against him that he kissed L.V., which was subsequently declared unfounded.<br><br>**Evidence**:<br>Castillo deposition at 36;1-3; 38 ;6-14.<br><br>This evidence constitutes several levels of hearsay, is irrelevant to Plaintiffs' claims and unduly prejudicial. See Objections to and Motion to Strike Luongo Decl. filed herewith. |
| 87. | At the time of the children's detention in October 2012, Castillo was on probation for a felony conviction of possession of a firearm. | 87. | Plaintiffs dispute that this is undisputed. Plaintiffs dispute that this is undisputed. This evidence is improperly included in Moving Party's Uncontroverted Facts as charges from said arrest have been expunged pursuant to Penal Code section 1203.4. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | **Evidence**:<br>Castillo deposition at 34:21-24.<br><br>Plaintiffs dispute this statement, which is entirely conclusory, without foundation. This evidence constitutes several levels of hearsay, is irrelevant to Plaintiffs' claims and unduly prejudicial. See Objections to and Motion to Strike Luongo Decl. filed herewith. |
| 88. | Castillo also had a prior DCFS history, which included a referral in 2011 related to suspected sexual abuse of L.V., by L.V. and M.V.'s father, Moises Villasano. | 88. | Plaintiffs dispute that this is undisputed. Plaintiff does not have a "history" with DCFS, rather Moises Villasano had an allegation against him that he kissed L.V., which was subsequently declared unfounded.<br><br>**Evidence**:<br>Castillo deposition at 36;1-3; 38; 6-14.<br><br>This evidence constitutes several levels of hearsay, is irrelevant to Plaintiffs' claims and unduly prejudicial. See Objections to and Motion to Strike Luongo Decl. filed herewith. |
| 89. | In addition, Castillo and Villasano had a tumultuous relationship that included a disturbing history of domestic violence. | 89. | Plaintiffs dispute that this is undisputed. There is no "disturbing history", there was one incident where Plaintiff and Mr. Villasano had a fight, no charges were filed and this was not brought up until the TDM. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | Disputed in that Acklin has admitted under oath that her declaration submitted in support of this motion contains false information.<br><br>**Evidence**:<br>Castillo deposition at 48:19-24; 50:3-7; 51:13-16.<br><br>March 28, 2016 deposition transcript of Defendant Acklin stating that she has knowingly submitted false documents to this court and testified incorrectly in her declaration in support of this motion. (Acklin Trans. at 129:22-24; 130:14-16; 181: 1-2; 185:1-6; 186: 23-25).<br><br>This evidence constitutes several levels of hearsay, is irrelevant to Plaintiffs' claims and unduly prejudicial. See Objections to and Motion to Strike Luongo Decl. filed herewith. |
| 90. | On October 2, 2012, Castillo placed her 3 month old child, M.V. in her bed to sleep. Castillo usually put M.V. to sleep in a playpen, but that evening, she placed him on his side in her full-size bed, with blankets and pillows in the bed. | 90. | Plaintiffs dispute that this is undisputed. Disputed in that there were no blankets or pillows anywhere near M.V.'s head.<br><br>**Evidence**:<br>Castillo deposition at 72:18-21.<br><br>Disputed in that Acklin has admitted under oath that her |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | declaration submitted in support of this motion contains false information. Acklin Trans. at 129:22-24; 130:14-16; 181: 1-2; 185:1-6; 186: 23-25<br><br>Objection: several levels of hearsay. See Objections to and Motion to Strike Luongo Decl. filed herewith. |
| 91. | Between 8-9 p.m., M.V., was found unresponsive in his mother's bed, and taken to Brotman Hospital via ambulance where he was admitted around 9:43 p.m. with cardiac arrest. | 91. | Undisputed |
| 92. | Brotman Hospital was unable to care for the infant's severe injuries, and he was transported to Cedars Sinai at approximately 1:30 a.m. on October 3, 2012. | 92. | Undisputed |
| 93. | On October 4, 2012, DFCS received an immediate referral alleging general neglect of children M.V., B.U. and L.V. | 93. | Undisputed |
| 94. | It was reported that in the evening on October 2, 2012, Plaintiff Castillo put 3-month old M.V. to bed. When Castillo went to check on M.V., she found him face-down on his stomach and unresponsive, and M.V. was brain dead from a lack of oxygen. | 94. | Plaintiffs dispute that this is undisputed as to "M.V. was brain dead from a lack of oxygen". At the time the referral was made – the medical staff did not know at that time if M.V. was brain dead. Even at the time of detention, no medical staff had informed Defendant Acklin that the M.V. had an injury.<br><br>**Evidence**: |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | Castillo deposition at 75:14-18.<br><br>Acklin Trans. at 61:23-25; 63:9-11.<br><br>Plaintiff disputes this statement, which is entirely conclusory, without foundation. This evidence constitutes several levels of hearsay as well as improper expert opinion.<br><br>Objection: several levels of hearsay: see Objections to and Motion to Strike Luongo Decl. filed herewith. |
| 95. | The cause of injury was unknown, and it was unclear how the child was injured. M.V. had no broken bones or retinal hemorrhages. | 95. | Undisputed. |
| 96. | On the same day that the referral was made, October 4, 2012, the referral was assigned to Emergency Response Children's Social Worker ("ER CSW") Defendant Rihana Acklin for investigation. | 96. | Undisputed. |
| 97. | Ms. Acklin had over 9 years of experience as a CSW at the time of the referral. In her career, she has seen many babies who have had traumatic injuries and mothers with drug and other criminal-related histories. | 97. | Plaintiffs dispute that this is undisputed.<br><br>This is a misstatement of Acklin's declaration. Acklin stated "there were a lot of calls related to babies with traumatic brain injuries, drugs, and parents with criminal histories. Acklin does not say she herself has dealt with these cases.<br><br>**Evidence**:<br>Acklin Dec. ¶3, p. 2, ln 18-19. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| 98. | Acklin responded to Cedars Sinai Hospital, where M.V. was hospitalized with a Public Health Nurse, Miriam Kaman, where they met with Castillo. | 98. | Plaintiff agrees this is undisputed. |
| 99. | Castillo denied any abuse, and said that she was the primary caregiver of M.V. | 99. | Plaintiff agrees this is undisputed. |
| 100. | Castillo disclosed to Acklin that she was on probation and had been arrested for possession of methamphetamine in the past. Castillo told Acklin that she was in a court-ordered drug treatment program. | 100. | Plaintiffs dispute that this is undisputed. This evidence is improperly included in Moving Party's Uncontroverted Facts as charges from said arrest have been expunged pursuant to Penal Code section 1203.4.Further, Plaintiff was not on probation for a drug charge.<br><br>**Evidence**:<br>Castillo deposition at 34:21-24.<br><br>Plaintiffs dispute this statement, which is entirely conclusory, without foundation. |
| 101. | Castillo also told Acklin that she a past history of domestic violence with M.V. and L.V.'s father. | 101. | Plaintiffs dispute that this is undisputed. There is no "history", there was one incident where Plaintiff and Mr. Villasano had a fight, no charges were filed and this was not brought up until the TDM. Further, Acklin never verified whether or not the one incident actually occurred.<br><br>Disputed in that Acklin has admitted under oath that her declaration submitted in support of |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | this motion contains false information and that falsified documents were relied upon.<br><br>**Evidence**:<br>Castillo deposition at 48:19-24; 50:3-7; 51:13-16. Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 181: 1-2; 185:1-6; 186: 23-25<br><br>This evidence constitutes several levels of hearsay, is irrelevant to Plaintiffs' claims and unduly prejudicial. See Objections to and Motion to Strike Luongo Decl. filed herewith. Plaintiffs dispute that this is undisputed. This evidence is improperly included in Moving Party's Uncontroverted Facts as charges from said arrest have been expunged pursuant to Penal Code section 1203.4.<br><br>**Evidence**:<br>Castillo deposition at 34:21-24.<br><br>Plaintiffs dispute this statement, which is entirely conclusory, without foundation. This evidence constitutes several levels of hearsay, is irrelevant to Plaintiffs' claims and unduly prejudicial. See Objections to and Motion to Strike Luongo Decl. filed herewith. |
| 102. | Castillo also had a past history of involvement with DCFS. There was a prior DCFS referral from | 102. | Plaintiffs dispute that this is undisputed. Plaintiff does not have a "history" with DCFS, rather |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | June 22, 2011, which alleged emotional and sexual abuse of child L.V. by L.V. and M.V.'s father, Moises Villasano ("Villasano"). | | Moises Villasano had an allegation against him that he kissed L.V., which was subsequently declared unfounded.<br><br>**Evidence**:<br>Castillo deposition at 36;1-3; 38 ;6-14.<br><br>This evidence constitutes several levels of hearsay, is irrelevant to Plaintiffs' claims and unduly prejudicial. See Objections to and Motion to Strike Luongo Decl. filed herewith. |
| 103. | Castillo said that the whereabouts of B.U.'s father were unknown. | 103. | Undisputed |
| 104. | Given her experience in dealing with traumatic injuries to children working in an area that was crime-ridden and drug-infested (Vermont Corridor), Acklin was greatly concerned about the information disclosed by Castillo. | 104. | Castillo at 84:10-19 |
| 105. | At the hospital on October 4, 2012, Acklin and PHN Kaman also interviewed with Liz Ruiz, the Charge Nurse, Dr. Zhudi, and Dr. Barron in intensive care. (Acklin Dec.- Det Report, p. 5). | 105. | Undisputed |
| 106. | Dr. Zhudi reported that the mother checked on the child after 30 minutes and found him face down with formula and blood, and the cause could be SIDS. | 106. | Undisputed |
| 107. | Dr. Barron said the child should have been able to lift his head or | 107. | Plaintiffs dispute that this is undisputed. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | move to his side. | | Disputed in that Acklin's declaration contains false information which Luongo's declaration is based on.<br>Evidence:<br>March 28, 2016 deposition transcript of Defendant Acklin stating that she has knowingly submitted false documents to this court and testified incorrectly in her declaration in support of this motion. (Acklin Trans. Pg 129, ln 22-24; pg 130, ln 14-16; 181, ln 1-2 and ln 25; pg 185, ln 1-6; pg 186, ln 23-25).<br><br>Objection: several levels of hearsay: *see* Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith. |
| 108. | Doctors at Cedars Sinai expressed concern to Acklin that Castillo's time line between finding M.V. and his arrival at the hospital did not seem to add up, which caused Acklin concern. | 108. | Plaintiffs dispute that this is undisputed.<br>Disputed in that the Doctors at cedar-Sinai told Plaintiff that they did not know what had happened to M.V.. Further disputed in that Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that falsified documents were relied upon.<br><br>**Evidence**:<br>Acklin Trans. 61:23-25; 36:9-11; 129:22-24; 130:14-16; 181: 1-2; 185:1-6; 186: 23-25 |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | Objection: Plaintiffs dispute this statement, which is entirely conclusory, without foundation. This evidence constitutes several levels of hearsay. See Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith. |
| 109. | On October 5, 2012, Acklin also interviewed L.V. and M.V.'s father, Villasano. Villasano admitted to a past domestic violence altercation. | 109. | Plaintiffs dispute that this is undisputed. Disputed in that the Doctors at cedar-Sinai told Plaintiff that they did not know what had happened to M.V.. Further disputed in that Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that falsified documents were relied upon.<br><br>**Evidence**:<br>Acklin Trans. 61:23-25; 36:9-11; 129:22-24; 130:14-16; 181: 1-2; 185:1-6; 186: 23-25<br><br>Objection: Plaintiffs dispute this statement, which is entirely conclusory, without foundation. This evidence constitutes several levels of hearsay. See Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith.<br><br>Plaintiffs dispute that this is undisputed. Disputed in that Acklin never asked Moises Villasano if he consented to the detention of B.U. |

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | and L.V.. Further disputed in that Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that falsified documents were relied upon.<br><br>**Evidence**:<br>Acklin Trans. 50:18-25; 51:1; 61:23-25; 36:9-11; 129:22-24; 130:14-16; 181: 1-2; 185:1-6; 186: 23-25<br><br>Objection: several levels of hearsay. See Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith. |
| 110. | Villasano said he got along with Castillo, but they were not in a relationship. | 110. | Undisputed |
| 111. | Acklin reached out to Castillo's probation officer, Anthony Allen, on October 5, 2012, but did not hear back from Mr. Allen. | 111. | Plaintiffs dispute that this is undisputed.<br>This evidence is improperly included in Moving Party's Uncontroverted Facts as charges from said arrest have been expunged pursuant to Penal Code section 1203.4. Further the only evidence of this is from Acklin who has admitted to under oath that her declaration submitted in support of this motion contains falsehoods and that falsified documents were relied upon.<br><br>**Evidence**:<br>Castillo deposition at 34:21-24; |



LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | Acklin Trans. at 129:22-24; 130:14-16; 181: 1-2; 185:1-6; 186: 23-25<br><br>This evidence this statement, which is entirely conclusory, without foundation constitutes several levels of hearsay, is irrelevant to Plaintiffs' claims and unduly prejudicial. See Objections to and Motion to Strike Luongo Decl. filed herewith. |
| 112. | Based on M.V.'s life-threatening and unexplained injury, Castillo's past drug, criminal, and domestic violence history, it appeared to Acklin children should be removed from the home pending an investigation. | 112. | Castillo at 84:10-19<br><br>Plaintiffs dispute that this is undisputed.<br><br>All of the risk fields on the Safety Assessment filled out by Acklin are marked – "no" and the safety risk form states that Plaintiff caused no physical harm to M.V.. Acklin told Castillo that she was removing the children because she feared for their safety because of the coma M.V. was in. Disputed in that the Doctors at Cedar-Sinai told Plaintiff that they did not know what had happened to M.V.. Further disputed in that Acklin has testified that at the time of her decision to detain, no one at the hospital had told her that M.V. had been injured.<br><br>Disputed in that Acklin told Plaintiff she was detaining her |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | daughters because M.V. was in a coma; Castillo @84:10-19. Further Disputed in that Acklin's declaration contains false information which Luongo's declaration is based on. Acklin Trans. at 129:22-24; 130:14-16; 181:1-2; 25; 185:1-6; 186:23-25<br><br>**Evidence**:<br>Acklin at 61:23-25; 63:9-11; 125:19-25; 126:1-6; Acklin Dec. ¶3, p. 2, ln 18-19; Castillo deposition at 84:10-19; Castillo Decl. ¶ 23, pg 6, ln 7-14.<br><br>This evidence constitutes several levels of hearsay, is irrelevant to Plaintiffs' claims and unduly prejudicial. See Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith. |
| 113. | M.V. was an alleged victim of severe neglect by Plaintiff, and L.V. and B.U. were at risk. | 113. | Plaintiffs dispute that this is undisputed.<br><br>All of the risk fields on the Safety Assessment filled out by Acklin are marked – "no" and the safety risk form states that Plaintiff caused no physical harm to M.V.. Acklin told Castillo that she was removing the children because she feared for their safety because of the coma M.V. was in. Disputed in that the Doctors at Cedar-Sinai told Plaintiff that they did not know what had happened to M.V.. |

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | Further disputed in that Acklin has testified that at the time of her decision to detain, no one at the hospital had told her that M.V. had been injured. Disputed in that Acklin testified that both B.U. and L.V. told her they were not abused by Plaintiff. Acklin at 65:25; 66:1-4.<br><br>Disputed in that Acklin told Plaintiff she was detaining her daughters because M.V. was in a coma; Castillo at 84:10-19. Further Disputed in that Acklin's declaration contains false information which Luongo's declaration is based on. Acklin Trans. at 129:22-24; 130:14-16; 181:1-2; 25; 185:1-6; 186:23-25<br><br>**Evidence**:<br>Acklin at 61:23-25; 63:9-11; 125:19-25; 126:1-6; Acklin Dec. ¶3, pg. 2, ln 18-19; Castillo deposition at 84:10-19; Castillo Decl. ¶ 23, pg. 5: 18-26, ln 7-14.<br><br>This evidence constitutes several levels of hearsay, is irrelevant to Plaintiffs' claims and unduly prejudicial. See Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith. Plaintiffs dispute that this is undisputed. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | Plaintiffs dispute that this is undisputed. All of the risk fields on the Safety Assessment filled out by Acklin are marked – "no" and the safety risk form states that Plaintiff caused no physical harm to M.V.. Acklin told Castillo that she was removing the children because she feared for their safety because of the coma M.V. was in. Disputed in that the Doctors at Cedar-Sinai told Plaintiff that they did not know what had happened to M.V.. Further disputed in that Acklin has testified that at the time of her decision to detain, no one at the hospital had told her that M.V. had been injured.<br><br>Disputed in that Acklin told Plaintiff she was detaining her daughters because M.V. was in a coma; Castillo at 84:10-19. Further Disputed in that Acklin's declaration contains false information which Luongo's declaration is based on. Acklin Trans. at 129:22-24; 130:14-16; 181:1-2; 25; 185:1-6; 186:23-25<br><br>**Evidence**:<br>Acklin at 61:23-25; 63:9-11; 125:19-25; 126:1-6; Acklin Dec. ¶3, pg. 2, ln 18-19; Castillo deposition at 84:10-19; Castillo Decl. ¶ 23, pg 6, ln 7-14. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | This evidence constitutes several levels of hearsay, is irrelevant to Plaintiffs' claims and unduly prejudicial. See Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith. |
| 114. | There was also an ongoing investigation by LAPD into M.V.'s injuries. (Castillo Depo., p. 134-135). | 114. | Undisputed |
| 115. | Acklin thought family reunification under court supervision might be appropriate. | 115. | Undisputed |
| 116. | The DCFS records that are part of the Juvenile Case File in this case contain multiple forms signed by Plaintiff Lisa Castillo that are dated October 4, 2012. | 116. | Plaintiffs deny that this is undisputed. Plaintiff signed no DCFS documents on 10/4/12. Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that the documents referenced in this were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion. Defendants have withdrawn the VPA of 10/4/12 and ¶s 9 and 21 of Acklin's declaration, thus no basis for this fact.<br><br>Further disputed in that Acklin has testified that Plaintiff signed no documents on October 4, 2012 Acklin at 107: 11-16; 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19; Castillo decl. ¶28, Pg. 7: 9-11. |
| 117. | There is a Consent to Release and Exchange Information dated October 4, 2012, which is signed by Plaintiff Castillo. | 117. | Plaintiffs deny that this is undisputed. Plaintiff signed no DCFS documents on 10/4/12. Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that the documents referenced in this were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion. Defendants have withdrawn the VPA of 10/4/12 and ¶s 9 and 21 of Acklin's declaration, thus no basis for this fact.<br><br>Further disputed in that Acklin has testified that Plaintiff signed no documents on October 4, 2012 Acklin at 107: 11-16; 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19; Castillo decl. ¶28, Pg. 7: 9-11.<br><br>Objection: several levels of hearsay. *See also* Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| 118. | There is a signed acknowledgment form of receipt of voluntary services. | 118. | Plaintiffs deny that this is undisputed. Plaintiff signed no DCFS documents on 10/4/12. Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that the documents referenced in this were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion. Defendants have withdrawn the VPA of 10/4/12 and ¶s 9 and 21 of Acklin's declaration, thus no basis for this fact.<br><br>Further disputed in that Acklin has testified that Plaintiff signed no documents on October 4, 2012 Acklin at 107: 11-16; 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19; Castillo decl. ¶28, Pg. 7: 9-11.<br><br>Objection: several levels of hearsay: *see also* Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith.<br><br>Objection: several levels of hearsay.<br><br>See also Objections to and Motion |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | to Strike Luongo Decl. and Acklin Decl. filed herewith.<br><br>Plaintiffs deny that this is undisputed. Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that the documents referenced in this were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion. Further disputed in that Acklin has testified that Plaintiff signed no documents, including the receipt of services form on October 4, 2012, rather it was signed on October 12, 2012.<br><br>**Evidence**:<br>Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 172:8-25; 173:1-7; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19.<br><br>Objection: several levels of hearsay. see also Objections to and Motion to Strike Luongo Decl. |
| 119. | There is an acknowledgement of receipt of: (1) DCFS Civil Rights Information Form; (2) State of California Civil Rights Pub 13 | 119. | Plaintiffs deny that this is undisputed. Plaintiff signed no DCFS documents on 10/4/12. Acklin has admitted under oath that |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | Pamphlet; and (3) Americans with Disabilities (ADA Accommodations). | | her declaration submitted in support of this motion contains false information and that the documents referenced in this were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion. Defendants have withdrawn the VPA of 10/4/12 and ¶s 9 and 21 of Acklin's declaration, thus no basis for this fact.<br>Further disputed in that Acklin has testified that Plaintiff signed no documents on October 4, 2012 Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19; Castillo decl. ¶28, Pg. 7: 9-11.<br><br>Objection: several levels of hearsay: *see also* Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith.<br><br>**Evidence**:<br>Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 172:8-25; 173:1-7; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 104:17-18,25; 105:1-2; 107:14-19.<br><br>Objection: several levels of |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | hearsay. See also Objections to and Motion to Strike Luongo Decl. Decl. and Acklin Decl. filed herewith.<br><br>Plaintiffs deny that this is undisputed. Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that the documents referenced in this were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion. Further disputed in that Acklin has testified that Plaintiff did not sign the VPA on October 4, 2012, and that Acklin never even discussed VPA with Plaintiff on October 4, 2012. Plaintiff Castillo has testified that she did not sign the VPA on October 4, 2012.<br><br>**Evidence**:<br>Acklin at 107:11-16; 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19.<br><br>Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith. |

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| 120. | The official DCFS records from the Juvenile Case File contain a "Voluntary Placement Agreement-Placement Request" ("VPA") signed by Plaintiff Castillo and Defendant Rihana Acklin, which is dated October 4, 2012. | 120. | Plaintiffs deny that this is undisputed. Plaintiff signed no DCFS documents on 10/4/12. Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that the documents referenced in this were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion. Defendants have withdrawn the VPA of 10/4/12 and ¶s 9 and 21 of Acklin's declaration, thus no basis for this fact.<br><br>Further disputed in that Acklin has testified that Plaintiff signed no documents on October 4, 2012 Acklin at 107: 11-16; 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19; Castillo decl. ¶28, Pg. 7: 9-11.<br><br>Objection: several levels of hearsay. *See also* Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith. that Acklin never even discussed VPA with Plaintiff on October 4, 2012. Plaintiff Castillo has testified that she did not sign the VPA on October 4, 2012. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | **Evidence**: Acklin at 107:11-16; 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19.<br><br>Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith. |
| 121. | The VPA states "I give custody and control of my child to the county welfare department…to arrange for my child's care, supervision, custody, conduct, maintenance and support, including medical care." The VPA pertains to both B.U. and L.V., and gives custody to DCFS. The VPA states "I understand that voluntary placement is usually limited to six months, but sometimes six more months can be approved for a total period not to exceed twelve months." The VPA further states: "I understand I can withdraw this request or terminate this placement agreement at any time." | 121. | Plaintiffs deny that this is undisputed. Plaintiff signed no DCFS documents on 10/4/12. Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that the documents referenced in this were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion. Defendants have withdrawn the VPA of 10/4/12 and ¶s 9 and 21 of Acklin's declaration, thus no basis for this fact.<br><br>Further disputed in that Acklin has testified that Plaintiff signed no documents on October 4, 2012 Acklin at 107: 11-16; 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19; Castillo |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | decl. ¶28, Pg. 7: 9-11.<br><br>Objection: several levels of hearsay. See also Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith. |
| 122. | Plaintiff denies signing this form and claims she did not sign any such form until October 12, 2012. | 122. | Undisputed |
| 123. | Castillo alleges that she signed the VPA on October 12, 2012, because she wanted her children to be placed with family and admits that she never revoked the VPA. | 123. | Plaintiff denies that this is undisputed. Plaintiff certainly did revoke the VPA by repeatedly demanding her children back. Castillo deposition at 109: 4-7, 15-18; 110:9-13; 111:20-24; 112:6-9; 113:13-14; 141:20-25; 142:1-9.<br><br>Castillo decl. ¶32, pg. 7: 22-25; ¶33, pg. 8:4-9; ¶39, pg. 9: 15-17.<br><br>Further Plaintiff was told by defendant Acklin that she had no other option, if she did not sign, she could lose her daughters permanently. Castillo deposition at 97:13-25; 98:1; 99:1-4, 8-11, 21-24; 100: 1-4.<br><br>Plaintiff wanted her daughters with her, not relatives. Castillo decl. ¶34 pg. 8: 16-19.<br><br>*See* p. 144, ll. 16-25; Declaration of Lisa Castillo ("Castillo Decl."). |
| 124. | Late in the evening on October 4, 2012, Acklin removed B.U. and L.V. from Castillo's care. | 124. | Plaintiff agrees this is undisputed. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| 125. | The children were at the hospital at the time, and Castillo's family and Villasano were also present. | 125. | Undisputed |
| 126. | Acklin would have obtained approval for the removal from the supervisor on duty, and the Assistant Regional Administrator prior to taking the children into DCFS custody. | 126. | Plaintiffs dispute that this is undisputed. Plaintiff cannot possibly respond to this allegation of what Defendant Acklin would have done. This statement consists entirely of a an irrelevant statement than a statement of material fact, as required under Local Rule 56-1, as such Plaintiffs cannot appropriately respond.<br><br>Further disputed in that Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that the documents referenced in this case were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion. Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 181: 1-2; 185:1-6; 186: 23-25<br><br>Objection: irrelevant; several levels of hearsay: see Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith. |
| 127. | Aguilar was Acklin's regular Supervising Children's Social Worker (SCSW), but Aguilar *was not on duty on October 4, 2012,* | 127. | Undisputed |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | and was not the supervisor that Acklin consulted with that day regarding the removal. | | |
| 128. | The children were in placement at a DCFS facility for one night before they were placed with Irma Villasano, L.V.'s maternal grandmother on October 5, 2012, which Castillo agreed with. | 128. | Disputed. The children were not placed together, they were in fact separated.<br><br>**Evidence**:<br>Castillo Dec. ¶29, p. 7, ln 11-13; ¶31, p. 7, ln 14-17; Castillo deposition at 93:1-7. |
| 129. | On October 5, 2012, M.V. was pronounced dead. | 129. | Undisputed |
| 130. | An autopsy was required to determine that cause of death, which could have been related to SIDS. | 130. | Undisputed |
| 131. | As it was unclear the course this case would take, Acklin was required to prepare a Detention Report for her and Aguilar to sign within 24 hours, in the event the case proceeded to the Juvenile Court. | 131. | Plaintiff denies that this is undisputed. Further disputed in that Acklin told Plaintiff on October 4, 2012, that she would call Plaintiff the next day with her court date, however, Aklin called Plaintiff on October 5, 2012 and told her the court case was cancelled.<br><br>Aguilar's decl. ¶5-8 refers to plaintiff signing the VPA on 10/4/12 – said VPA has been withdrawn by defendants, thus no basis for this fact. Aguilar never saw plaintiff sign 10/4/12 VPA, he was told by someone she signed it. Aguilar at 38: 22-25; 39: 1-8; 44: 5-16.<br><br>Castillo at 111:11-16; 112: 6-9. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | Further disputed in that Plaintiff repeatedly begged Acklin not to take her children.<br><br>Acklin at 115:7-11; Castillo at 109:4-8.<br><br>Plaintiff denies that this is undisputed. Further disputed in that Acklin told Plaintiff on October 4, 2012, that she would call Plaintiff the next day with her court date, however, Aklin called Plaintiff on October 5, 2012 and told her the court case was cancelled.<br><br>Castillo at 111:11-16; 112:6-9.<br><br>Further disputed in that Plaintiff repeatedly begged Acklin not to take her children.<br><br>Acklin at 115:7-11; Castillo at 109:4-8.<br><br>Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that the documents referenced in this were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | Further disputed in that Acklin has testified that Plaintiff signed no documents on October 4, 2012. **Evidence**: Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19. |
| 132. | However, on October 5, 2012, Acklin spoke with Ms. Castillo on the phone and explained to her that if she would agree to a voluntary placement, a court appearance could be avoided. | 132. | Plaintiff denies that this is undisputed. Further disputed in that Acklin told Plaintiff on October 4, 2012, that she would call Plaintiff the next day with her court date, however, Aklin called Plaintiff on October 5, 2012 and told her the court case was cancelled.<br><br>Castillo at 111:11-16; 112:6-9.<br><br>Further disputed in that Plaintiff repeatedly begged Acklin not to take her children.<br><br>Castillo ¶38 pg. 6-10; Castillo ¶39 pg. 9: 11-18.<br><br>Acklin never told plaintiff the VPA could be revoked. Acklin at 110: 8-10; 115:7-11; Castillo at 109:4-8.<br><br>Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that the documents referenced in this were not signed by Plaintiff on October |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion. Further disputed in that Acklin has testified that Plaintiff signed no documents on October 4, 2012.<br><br>**Evidence**:<br>Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19.<br><br>Sign any docs when Acklin took kids under threat of calling police<br>86: 5-7<br>87: 2-3<br><br>Disputed. Acklin told Plaintiff she had set a Court date for a detention hearing. |
| 133. | Castillo agreed to do a voluntary case, and Acklin notified Erasmo Aguilar, her supervisor, so that he could withdraw the Detention Report. | 133. | Plaintiffs deny that this is undisputed. Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that the documents referenced in this were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion. Further disputed in that Acklin has testified that Plaintiff signed no |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | documents on October 4, 2012 Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19.<br><br>Aguilar's decl. ¶5-8 refers to plaintiff signing the VPA on 10/4/12 – said VPA has been withdrawn by defendants, thus no basis for this fact. Aguilar never saw plaintiff sign 10/4/12 VPA, he was told by someone she signed it. Aguilar at 38: 22-25; 39: 1-8; 44: 5-16.<br><br>Disputed. Plaintiff never agreed to a voluntary case on October 5, 2012. The documentation in the DCFS file indicating that Plaintiff signed the VPA on October 4, 2012 is admittedly a falsified document. On that same date, Plaintiff repeatedly begged Acklin not to take her children.<br><br>Aguilar's decl. ¶5-8 refers to plaintiff signing the VPA on 10/4/12 – said VPA has been withdrawn by defendants, thus no basis for this fact. Aguilar never saw plaintiff sign 10/4/12 VPA, he was told by someone she signed it. Aguilar at 38: 22-25; 39: 1-8; 44: 5-16. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | Plaintiff decl. ¶38, pg.9: 6-10; ¶39, pg. 9: 11-18.<br><br>Acklin at 115:7-11; 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25<br><br>Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19; 109:4-8.<br><br>**Evidence**:<br>Castillo Dec. ¶37, p. 11, ln 2-4; ¶31, p. 9, ln 9-13.<br><br>Sign any docs when Acklin took kids under threat of calling police 86: 5-7; 87: 2-3<br><br>Disputed. Acklin told Plaintiff she had set a Court date for a detention hearing. |
| 134. | As the VPA was signed by Castillo, this case never proceeded to the Juvenile Court and the Detention Report was not filed. | 134. | Plaintiffs deny that this is undisputed. Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that the documents referenced in this were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion. Further disputed in that Acklin has testified that Plaintiff signed no documents on October 4, 2012 |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19.<br><br>Aguilar's decl. ¶5-8 refers to plaintiff signing the VPA on 10/4/12 – said VPA has been withdrawn by defendants, thus no basis for this fact. Aguilar never saw plaintiff sign 10/4/12 VPA, he was told by someone she signed it. Aguilar at 38: 22-25; 39: 1-8; 44: 5-16.<br><br>Plaintiff denies that this is undisputed. Further disputed in that Acklin told Plaintiff on October 4, 2012, that she would call Plaintiff the next day with her court date, however, Aklin called Plaintiff on October 5, 2012 and told her the court case was cancelled.<br><br>Castillo at 111:11-16; 112:6-9.<br><br>Further disputed in that Plaintiff repeatedly begged Acklin not to take her children.<br><br>Acklin at 115:7-11; Castillo at 109:4-8.<br><br>Castillo at 87:2-3; 94:14-15; 95:9-25; 96:1; 107:14-19. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | Plaintiff denies that this is undisputed. Plaintiff never signed the VPA on October 4, 2012. In fact Defendant Acklin has admitted that the October 4, 2012 VPA document in her DCFS file is fake.<br><br>10/4/12 VPA has been withdrawn by defendant and did not be relied upon as evidence.<br><br>Castillo ¶28, pg. 7: 9-11.<br><br>Acklin at 115:7-11; 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25<br><br>Further disputed in that Acklin told Plaintiff on October 5, 2012 that her Court date had been cancelled. Acklin at111:11-16; 112:6-9. |
| 135. | It was County practice in October 2012 that where a parent signs a VPA, the matter does not proceed to the Juvenile Court. | 135. | Insufficient information to either dispute or agree to. |
| 136. | Accordingly, on October 8, 2012, pursuant to his conversation with Acklin, Aguilar pulled the Detention Report from being filed, and noted on the fax cover sheet "pulled VFR", evidencing Castillo's agreement to the VPA was the reason why the Detention Report was not filed. | 136. | Plaintiff denies that this is undisputed as Plaintiff signed no VPA agreement on October 4, 2012. In fact Defendant Acklin has admitted that the October 4, 2012 VPA document in her DCFS file is fake.<br><br>Plaintiff denies that this is undisputed. Plaintiff never signed |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | the VPA on October 4, 2012. In fact Defendant Acklin has admitted that the October 4, 2012 VPA document in her DCFS file is fake.<br><br>Aguilar's decl. ¶5-8 refers to plaintiff signing the VPA on 10/4/12 – said VPA has been withdrawn by defendants, thus no basis for this fact. Aguilar never saw plaintiff sign 10/4/12 VPA, he was told by someone she signed it. Aguilar at 38: 22-25; 39: 1-8; 44: 5-16.<br><br>10/4/12 VPA has been withdrawn by defendant and did not be relied upon as evidence.<br><br>Castillo ¶28, pg. 7: 9-11.<br><br>Acklin at 115: 7-11; 125: 1; 126: 1-5; 129: 22-24; 130: 14-16; 163: 1-21; 165: 17-25; 166: 1; 181: 1-2; 185: 1-6; 186: 23-25<br><br>Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19; 109:4-8.<br><br>Further disputed in that Acklin told Plaintiff on October 5, 2012 that her Court date had been cancelled. Acklin at111:11-16; 112:6-9.<br><br>Acklin at 115:7-11; 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1- |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | 6; 186: 23-25<br><br>Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19; 109:4-8. |
| 137. | If Ms. Castillo had not agreed to the VPM by that time, the Detention Report would have been filed and a detention hearing would have been held. | 137. | Plaintiff denies this statement. Acklin told Plaintiff she had set a Court date for a detention hearing. Further, Plaintiff denies that this is undisputed as Plaintiff signed no VPA agreement on October 4, 2012. In fact Defendant Acklin has admitted that the October 4, 2012 VPA document in her DCFS file is fake. Further disputed in that Plaintiff had 3 conversations with Acklin prior to the October 12, TDM where she requested her daughters be returned to her. Castillo at 113:13-14.<br><br>Acklin at 115:7-11; 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25.<br><br>Castillo at 87: 2-3; 95: 9-25; 96: 1; 107: 14-19; 109: 4-8; 113: 13-14.<br><br>**Evidence**:<br>Castillo Dec. ¶37, p. 11, ln 2-4; ¶31, p. 9, ln 9-13.<br><br>Plaintiffs deny that this is undisputed. Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that |

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | the documents referenced in this were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion. Further disputed in that Acklin has testified that Plaintiff signed no documents on October 4, 2012 Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19.<br><br>Objection: several levels of hearsay: see also Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith.<br><br>Plaintiff denies that this is undisputed. Plaintiff never signed the VPA on October 4, 2012. In fact Defendant Acklin has admitted that the October 4, 2012 VPA document in her DCFS file is fake.<br><br>Aguilar's decl. ¶5-8 refers to plaintiff signing the VPA on 10/4/12 – said VPA has been withdrawn by defendants, thus no basis for this fact. Aguilar never saw plaintiff sign 10/4/12 VPA, he was told by someone she signed it. Aguilar at 38: 22-25; 39: 1-8; 44: 5-16. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | 10/4/12 VPA has been withdrawn by defendant and did not be relied upon as evidence.<br><br>Castillo ¶28, pg. 7: 9-11.<br><br>Further disputed in that Acklin told Plaintiff on October 5, 2012 that her Court date had been cancelled. Acklin at111:11-16; 112:6-9. |
| 138. | On October 12, 2012, a Team Decision Meeting ("TDM") was held to determine how the case would proceed. | 138. | Undisputed |
| 139. | The TDM on October 12, 2012 was facilitated by Defendant CSW Norma Ward. | 139. | Undisputed |
| 140. | Ward's role is to act as a neutral third party to the meeting, in order to assist DCFS and the family participating in the meeting in reaching agreements about the case. | 140. | Plaintiffs deny that this is undisputed. Plaintiff's attorney was told he had to leave as he was not allowed to attend the TCM.<br><br>Castillo at 116:4-17; 117:9-14; 118:6-7, 10-12.<br><br>Further disputed in that Defendant Ward told Plaintiffs' attorney he could not be present, that he had to leave the building.<br><br>Plaintiff was informed by Acklin and Ward that she did not need an attorney. Castillo at 118:6-7, 10-12. Acklin has testified that she is unsure of the County's policy regarding exclusion of a party's |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | attorney from a TDM.<br>Acklin at 101:6-13; 117:19-20; Ward deposition at 23:18-25; 24:1-4, 34:18-20.<br><br>Plaintiffs deny that this is undisputed. Ward has testified that she cannot remember anything Plaintiff said about the issue with her attorney at the TDM. Ward at 34:18-20; 36:9-13; 47:13-24. Defendant Aguilar has testified that he does not recall anything about Plaintiff's attorney at the TDM. Aguilar deposition at 60:12-25; 61:1-8; 64:6-11. Plaintiff denies this.<br><br>Plaintiff's attorney was told he had to leave as he was not allowed to attend the TCM. Castillo at 116:4-17; 117:9-14; 118:6-7, 10-12.<br><br>**Evidence**:<br>Castillo Dec. ¶45, p. 13, ln 1-9; ¶46, p. 13, ln 10-13.<br><br>Ward at 23:18-25; 24:1-4<br>Castillo at 116:14-17; 117:9-14, 25; 118:16-7 |
| 141. | Ward does not make decisions regarding the placement, or take any party's side during the meeting. | 141. | Plaintiffs deny that this is undisputed. Plaintiff's attorney was told he had to leave as he was not allowed to attend the TCM.<br><br>Castillo at 116:4-17; 117:9-14; 118:6-7, 10-12. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | Further disputed in that Defendant Ward told Plaintiffs' attorney he could not be present, that he had to leave the building.<br><br>Plaintiff was informed by Acklin and Ward that she did not need an attorney. Castillo at 118:6-7, 10-12. Acklin has testified that she is unsure of the County's policy regarding exclusion of a party's attorney from a TDM.<br>Acklin at 101:6-13; 117:19-20; Ward deposition at 23:18-25; 24:1-4, 34:18-20.<br><br>Plaintiffs deny that this is undisputed. Ward has testified that she cannot remember anything Plaintiff said about the issue with her attorney at the TDM. Ward at 34:18-20; 36:9-13; 47:13-24. Defendant Aguilar has testified that he does not recall anything about Plaintiff's attorney at the TDM. Aguilar deposition at 60:12-25; 61:1-8; 64:6-11. Plaintiff denies this.<br><br>Plaintiff demanded her attorney be present and her attorney was told he was not allowed into the meeting and that he had to leave the building. Castillo at 117:25, 118:1, 118:10-12. Plaintiff was informed by Acklin and Ward that |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | she did not need an attorney. Castillo at 118:6-7, 10-12. Plaintiff denies this. Plaintiff demanded her attorney be present and her attorney was told he was not allowed and he had to leave, Plaintiff was not told he could be present if the meeting was rescheduled so county counsel could attend. Ward at 23:15-17; 23:18-25; 24:1-4. Further disputed in that Ward testified that she did not call County counsel when she saw that Plaintiff's attorney was present. Ward at 38:2-4 Ward did not call county counsel as she claims "the family wanted to proceed without attorneys present", but cannot recall who told her that. Ward at 38:5-7; 39:1-18. Plaintiff's attorney was told he had to leave as he was not allowed to attend the TCM. Castillo at 116:4-17; 117:9-14; 118:6-7, 10-12.<br><br>Ward at 23:18-25; 24:1-4<br>Castillo at 116:14-17; 117:9-14, 25; 118:16-7 |
| 142. | Ward was not consulted, nor did she suggest how the case should proceed or participate in the decisions regarding placement in this case. | 142. | Plaintiff disputes that this is undisputed. Despite her self-serving claims otherwise, Ward was in no way "a neutral third party" or "facilitator" in that she was another DCFS social worker aligned with Defendants' interests. |
| 143. | Facilitating the TDM, was the extent of Ward's involvement in | 143. | Plaintiffs deny that this is undisputed. Plaintiff's attorney was |

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | this case. | | told he had to leave as he was not allowed to attend the TDM. Castillo decl. ¶46, pg. 10: 13-20.<br><br>Castillo at 116:4-17; 117:9-14; 118:6-7, 10-12. Becker decl. ¶4, pg. 2: 23-28, pg. 3: 1-7.<br><br>Further disputed in that Defendant Ward told Plaintiffs' attorney he could not be present, that he had to leave the building.<br><br>Plaintiff was informed by Acklin and Ward that she did not need an attorney. Castillo at 118:6-7, 10-12. Acklin has testified that she is unsure of the County's policy regarding exclusion of a party's attorney from a TDM. Acklin at 101:6-13; 117:19-20; Ward deposition at 23:18-25; 24:1-4, 34:18-20.<br><br>Ward at 23:18-25; 24:1-4 Castillo at 116:14-17; 117:9-14, 25; 118:16-7 |
| 144. | Plaintiff Castillo's attorney, William Becker, Esq. appeared at DCFS for the TDM meeting that day. | 144. | Undisputed. |
| 145. | Since a TDM is a family proceeding, and not a legal proceeding, counsel for the parents and for DCFS do not generally attend, and Mr. Becker was asked to leave the meeting. | 145. | Plaintiffs deny that this is undisputed. Plaintiff's attorney was told he had to leave as he was not allowed to attend the TCM.<br><br>Castillo at 116:4-17; 117:9-14; |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | 118:6-7, 10-12.<br><br>Further disputed in that Defendant Ward told Plaintiffs' attorney he could not be present, that he had to leave the building.<br><br>Plaintiff was informed by Acklin and Ward that she did not need an attorney. Castillo at 118:6-7, 10-12. Acklin has testified that she is unsure of the County's policy regarding exclusion of a party's attorney from a TDM.<br>Acklin at 101:6-13; 117:19-20; Ward deposition at 23:18-25; 24:1-4, 34:18-20.<br><br>Ward at 23:18-25; 24:1-4<br>Castillo at 116:14-17; 117:9-14, 25; 118:16-7 |
| 146. | Castillo did not express any issue with her counsel not being present in the TDM, and the meeting moved forward without any issue. | 146. | Plaintiffs deny that this is undisputed. Ward has testified that she cannot remember anything Plaintiff said about the issue with her attorney at the TDM. Ward at 34:18-20; 36:9-13; 47:13-24. Defendant Aguilar has testified that he does not recall anything about Plaintiff's attorney at the TDM, even though his decl. says otherwise. Aguilar deposition at 60:12-25; 61:1-8; 64:6-11; 54: 14-22; 56: 2-6. Plaintiff denies this. Plaintiff demanded her attorney be present and her attorney was told he was not allowed into the |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | meeting and that he had to leave the building. Castillo at 117:25, 118:1, 118:10-12. Plaintiff was informed by Acklin and Ward that she did not need an attorney. Castillo at 118:6-7, 10-12.<br><br>Further disputed in that Aguilar testified that ¶11 of his decl. is not based in his own personal knowledge. Aguilar 56: 2-6; 61-22-25; 62: 1-4.<br><br>**Evidence**:<br>Castillo Dec. ¶46, p. 10, 13-20. |
| 147. | Had Castillo insisted that her counsel be present, the meeting would have been rescheduled so that County counsel could also attend. | 147. | Plaintiff denies this. Plaintiff demanded her attorney be present and her attorney was told he was not allowed and he had to leave, Plaintiff was not told he could be present if the meeting was rescheduled so county counsel could attend. Ward at 23:15-17; 23:18-25; 24:1-4. Further disputed in that Ward testified that she did not call County counsel when she saw that Plaintiff's attorney was present. Ward at 38:2-4 Ward did not call county counsel as she claims "the family wanted to proceed without attorneys present", but cannot recall who told her that. Ward at 38:5-7; 39:1-18. Plaintiff's attorney was told he had to leave as he was not allowed to attend the TDM. Castillo at 116:4-17; 117:9-14; 118:6-7, 10-12. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | Further disputed in that Aguilar testified that ¶11 of his decl. is not based in his own personal knowledge. Aguilar 56: 2-6; 61-22-25; 62: 1-4.<br><br>**Evidence**:<br>Castillo Dec. ¶46, p. 10: 13-20; ¶46. |
| 148. | Castillo also could have left the meeting at any time to consult with her attorney, and no one said he had to leave the building during the TDM. | 148. | Plaintiffs deny that this is undisputed. Plaintiff's attorney was told he had to leave as he was not allowed to attend the TDM. Further, no one informed the Plaintiff that she had a right to consult with her attorney or that she could step out of the meeting to talk to him.<br><br>Plaintiffs deny that this is undisputed. Ward has testified that she cannot remember anything Plaintiff said about the issue with her attorney at the TDM. Ward at 34:18-20; 36:9-13; 47:13-24. Defendant Aguilar has testified that he does not recall anything about Plaintiff's attorney at the TDM, even though his decl. says otherwise. Aguilar deposition at 60:12-25; 61:1-8; 64:6-11; 54: 14-22; 56: 2-6. Plaintiff denies this. Plaintiff demanded her attorney be present and her attorney was told he was not allowed into the meeting and that he had to leave |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | the building. Castillo at 117:25, 118:1, 118:10-12. Plaintiff was informed by Acklin and Ward that she did not need an attorney. Castillo at 118:6-7, 10-12.<br><br>Further disputed in that Aguilar testified that ¶11 of his decl. is not based in his own personal knowledge. Aguilar 56: 2-6; 61-22-25; 62: 1-4.<br><br>**Evidence**:<br>Castillo Dec. ¶46, p. 10, 13-20.<br><br>Castillo at 150:25; 151:1-13; 116:4-17; 117:9-14; 118:6-7, 10-12.<br><br>Plaintiff demanded her attorney be present and her attorney was told he was not allowed and he had to leave, Plaintiff was not told he could be present if the meeting was rescheduled so county counsel could attend. Ward at 23:15-17; 23:18-25; 24:1-4.<br><br>Further disputed in that Defendant Ward told Plaintiffs' attorney he could not be present, that he had to leave the building.<br><br>Castillo at 118:6-7, 10-12. Acklin has testified that she is unsure of the County's policy regarding exclusion of a party's attorney |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | from a TDM.<br><br>Acklin at 101:6-13; 117:19-20; Ward deposition at 23:18-25; 24:1-4, 34:18-20.<br><br>Castillo Dec. ¶46, p. 10, 13-20. Plaintiff demanded her attorney be present and her attorney was told he was not allowed and he had to leave, Plaintiff was not told he could be present if the meeting was rescheduled so county counsel could attend. Ward at 23:15-17; 23:18-25; 24:1-4.<br>Further disputed in that Defendant Ward told Plaintiffs' attorney he could not be present, that he had to leave the building.<br><br>Castillo at 118:6-7, 10-12. Acklin has testified that she is unsure of the County's policy regarding exclusion of a party's attorney from a TDM.<br>Acklin at 101:6-13; 117:19-20; Ward deposition at 23:18-25; 24:1-4, 34:18-20.<br><br>Ward at 23:18-25; 24:1-4<br>Castillo at 116:14-17; 117:9-14, 25; 118:16-7 |
| 149. | At no time did Aguilar, Acklin, Ward, nor anyone representing DCFS, tell Castillo's attorney that he had to leave the building or that he could not consult with Castillo. | 149. | Plaintiffs deny that this is undisputed. Plaintiff's attorney was told he had to leave as he was not allowed to attend the TCM. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | Castillo at 116:4-17; 117:9-14; 118:6-7, 10-12.<br>Becker decl. ¶4, pg. 2: 23-28, pg. 3: 1-7.<br><br>Further disputed in that Defendant Ward told Plaintiffs' attorney he could not be present, that he had to leave the building.<br><br>Plaintiff was informed by Acklin and Ward that she did not need an attorney. Castillo at 118:6-7, 10-12. Acklin has testified that she is unsure of the County's policy regarding exclusion of a party's attorney from a TDM.<br>Acklin at 101:6-13; 117:19-20; Ward deposition at 23:18-25; 24:1-4, 34:18-20.<br><br>Plaintiff denies this. Plaintiff demanded her attorney be present and her attorney was told he was not allowed and he had to leave, Plaintiff was not told he could be present if the meeting was rescheduled so county counsel could attend. Ward at 23:15-17; 23:18-25; 24:1-4. Further disputed in that Ward testified that she did not call County counsel when she saw that Plaintiff's attorney was present. Ward at 38:2-4 Ward did not call county counsel as she claims "the family wanted to proceed without attorneys present", |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | but cannot recall who told her that. Ward at 38:5-7; 39:1-18. Plaintiff's attorney was told he had to leave as he was not allowed to attend the TCM. Castillo at 116:4-17; 117:9-14; 118:6-7, 10-12.<br><br>Plaintiff's attorney was told he had to leave as he was not allowed to attend the TCM. Further, no one informed the Plaintiff that she had a right to consult with her attorney or that she could step out of the meeting to talk to him.<br><br>Castillo at 150:25; 151:1-13; 116:4-17; 117:9-14; 118:6-7, 10-12. |
| 150. | Defendants Acklin and Aguilar, CSW Erika Price, and Department of Mental Health employee Lana Adrian Easterly were all present at the TDM that day. | 150. | Undisputed. |
| 151. | Castillo was present, along with several members of her family, including her mother, Lydia Castillo, brother, Douglas Castillo, maternal aunt to B.U. and L.V., Diana Lopez, Georgina Castillo (maternal aunt). | 151. | Undisputed. |
| 152. | M.V. and L.V.'s father, Villasano, paternal grandmother Irma Villasano, and paternal grandfather Ramiro Villasano, were also all present. | 152. | Undisputed. |
| 153. | A Safety Plan is in the Juvenile Case file, signed by all present at | 153. | Plaintiff denies that this is undisputed. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | the TDM on October 12, 2012, including Castillo and Moises Villasano, (except for Ward, who is not a participant). | | Plaintiffs deny that this is undisputed. Ward has testified that she cannot remember anything Plaintiff said about the issue with her attorney at the TDM. Ward at 34:18-20; 36:9-13; 47:13-24. Defendant Aguilar has testified that he does not recall anything about Plaintiff's attorney at the TDM, even though his decl. says otherwise. Aguilar deposition at 60:12-25; 61:1-8; 64:6-11; 54: 14-22; 56: 2-6. Plaintiff denies this. Plaintiff demanded her attorney be present and her attorney was told he was not allowed into the meeting and that he had to leave the building. Castillo at 117:25, 118:1, 118:10-12. Plaintiff was informed by Acklin and Ward that she did not need an attorney. Castillo at 118:6-7, 10-12.<br><br>Further disputed in that Aguilar testified that ¶11 of his decl. is not based in his own personal knowledge. Aguilar 56: 2-6; 61-22-25; 62: 1-4.<br><br>**Evidence**:<br>Castillo Dec. ¶46, pg. 10, 13-20.<br><br>Plaintiff did not willingly sign the documents at the TDM, she was told that if she did not sign the documents, things would go worse |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | for her. Castillo at 124:1-10, 12-15.<br><br>Ward does not recall anything anyone said at TDM. Ward at 41: 13-15; 47: 13-24; 48: 1-4. Ward did not recall plaintiff signing any documents. Ward at 40: 17-18. Aguilar did not see plaintiff sign any documents. Aguilar at 65: 3-18.<br><br>Castillo decl. ¶48, pg. 10: 23-27.<br><br>Aguilar decl. |
| 154. | At the TDM the Case Plan was agreed upon, specifically, that: (1) the children would continue to reside with paternal grandmother for L.V. (later changed to mother's cousin Diana Padilla); (2) that Castillo and Villasno would participate in individual counseling, domestic violence, grief counseling (Castillo), and parenting classes; (3) Castillo would complete substance abuse awareness class; (4) that the minors would be assessed by DMH and receive services; (5) that requested changes would go to the court; and (6) that Gina Castillo (maternal uncle's wife) would be live-scanned for approval to transport the children and supervise visitation. | 154. | Plaintiff denies that this is undisputed.<br><br>Plaintiff did not willingly sign the documents at the TDM, she was told that if she did not sign the documents, things would go worse for her. Castillo at 124:1-10, 12-15.<br><br>Further disputed in that Defendants Aguilar and Ward have no recollection of what Plaintiff, her family or any of the defendants said at the October 12, 2012 TDM. Aguilar at 65:3-18, 15-22; Ward at 41:13-15; 47:13-24; 48:1-4; 72: 20-25; 73: 1. |
| 155. | Castillo was informed that the Coroner's Report would need to be | 155. | Plaintiff disputes this in that that Acklin has testified in her March |

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | obtained to determine the cause of M.V.'s death. | | 28, 2016 deposition, that she did not verify the veracity of documents listed in her declaration; and has "authenticated" documents she knew were false in her declaration in support of this motion; and that her declaration is incorrect. Luongo bases her declaration on Acklin's and on documents prepared by Acklin<br><br>**Evidence**:<br>Acklin 129: 22-24; 130: 14-16; 181: 1-2, 25; 185: 1-6; 186: 23-25. |
| 156. | Castillo was also informed that the children would be in placement pending LAPD's investigation. | 156. | Plaintiff disputes this in that that Acklin has testified in her March 28, 2016 deposition, that she did not verify the veracity of documents listed in her declaration; and has "authenticated" documents she knew were false in her declaration in support of this motion; and that her declaration is incorrect. Luongo bases her declaration on Acklin's and on documents prepared by Acklin<br><br>**Evidence**:<br>Acklin 129: 22-24; 130: 14-16; 181: 1-2, 25; 185: 1-6; 186: 23-25. |
| 157. | The estimated completion of the plan was April 12, 2013. | 157. | Plaintiff denies that this is undisputed. Plaintiff was told no date for completion, rather she was told her children would be in placement until the autopsy report was completed. Castillo at 124:1-10. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| 158. | A Child Welfare Services Initial Case Plan- Voluntary Case Plan Family Assessment ("Case Plan") was signed by Castillo, Villasano, Acklin and Aguilar at the TDM on October 12, 2012. | 158. | Plaintiff denies that this is undisputed. Plaintiff had no idea what any of the documents were that she was told to sign at the TDM, or the implications of those documents. Castillo at 125:1-2. Plaintiff was told if she didn't sign the documents she could lose her children permanently. Castillo at 154:9-12.<br><br>Plaintiff denies that this is undisputed.<br><br>Plaintiffs deny that this is undisputed. Ward has testified that she cannot remember anything Plaintiff said about the issue with her attorney at the TDM. Ward at 34:18-20; 36:9-13; 47:13-24. Defendant Aguilar has testified that he does not recall anything about Plaintiff's attorney at the TDM, even though his decl. says otherwise. Aguilar deposition at 60:12-25; 61:1-8; 64:6-11; 54: 14-22; 56: 2-6. Plaintiff denies this. Plaintiff demanded her attorney be present and her attorney was told he was not allowed into the meeting and that he had to leave the building. Castillo at 117:25, 118:1, 118:10-12. Plaintiff was informed by Acklin and Ward that she did not need an attorney. Castillo at 118:6-7, 10-12. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | Further disputed in that Aguilar testified that ¶11 of his decl. is not based in his own personal knowledge. Aguilar 56: 2-6; 61-22-25; 62: 1-4.<br><br>**Evidence**:<br>Castillo Dec. ¶46, pg. 10, 13-20.<br><br>Plaintiff did not willingly sign the documents at the TDM, she was told that if she did not sign the documents, things would go worse for her. Castillo at 124:1-10, 12-15.<br><br>Ward does not recall anything anyone said at TDM. Ward at 41: 13-15; 47: 13-24; 48: 1-4. Ward did not recall plaintiff signing any documents. Ward at 40: 17-18. Aguilar did not see plaintiff sign any documents. Aguilar at 65: 3-18.<br><br>Castillo decl. ¶48, pg. 10: 23-27.<br><br>Aguilar decl.<br><br>Further disputed in that Defendants Aguilar and Ward have no recollection of what Plaintiff, her family or any of the Defendants said at the October 12, 2012 TDM, and no recollection of anyone signing any documents, including the Child Welfare Services Initial Case Plan. Aguilar at 65:3-18, 15- |

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | 22; 72:20-25, 73:1 Ward at 40:17-19, 41:13-15; 47:13-24; 48:1-4. |
| 159. | The Case Plan Goal was for B.U. and L.V. to be returned home by April 12, 2013. | 159. | Plaintiff denies that this is undisputed. Plaintiff was told no date for completion, rather she was told her children would be in placement until the autopsy report was completed. Castillo at 124:1-10.<br><br>Plaintiff denies that this is undisputed.<br><br>Plaintiff did not willingly sign the documents at the TDM. She was told that if she did not sign the documents, things would go worse for her. Castillo at 124:1-10, 12-15. |
| 160. | The Case Plan states "[p]arents were willing to sign the Voluntary Family Reunitcat[ion] Plan." | 160. | Plaintiff denies that this is undisputed. Plaintiff did not willingly sign the documents at the TDM, she was told that if she did not sign the documents, things would go worse for her. Castillo at 124:1-10, 12-15.<br><br>Castillo decl. ¶56. pg. 12: 15-22.<br><br>Further disputed in that Defendants Aguilar and Ward have no recollection of what Plaintiff, her family or any of the defendants said at the October 12, 2012 TDM. Aguilar at 65:3-18, 15-22; Ward at 41:13-15; 47:13-24; 48:1-4. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | Plaintiff further disputes this as Plaintiff had no idea what any of the documents were that she was told to sign at the TDM, or the implications of those documents. Castillo at 125:1-2. Plaintiff was told if she didn't sign the documents she could lose her children permanently. Castillo at 154: 9-12.<br><br>Castillo decl. ¶56, pg. 12: 15-22.<br><br>Further disputed in that Defendants Aguilar and Ward have no recollection of what Plaintiff, her family or any of the Defendants said at the October 12, 2012 TDM, and no recollection of anyone signing any documents. Aguilar at 65:3-18, 15-22; 72:20-25, 73:1 Ward at 40:17-19, 41:13-15; 47:13-24; 48:1-4. |
| 161. | The Case Plan provided for "[m]onitored visitation with parents 3 hours per week or more per the caregiver's discretion." | 161. | Undisputed. |
| 162. | The Case Plan set for the parents' responsibilities in the Safety Plan (parenting classes, grief counseling, etc.) and provided that a CSW would visit the family monthly to assess the family's compliance with the Case Plan. | 162. | Plaintiff denies that this is undisputed.<br><br>Plaintiff did not willingly sign the documents at the TDM, she was told that if she did not sign the documents, things would go worse for her. Castillo at 124:1-10, 12-15. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | Further disputed in that Defendants Aguilar and Ward have no recollection of what Plaintiff, her family or any of the defendants said at the October 12, 2012 TDM. Aguilar at 65:3-18, 15-22; Ward at 41:13-15; 47:13-24; 48:1-4. Plaintiff further disputes this as Plaintiff had no idea what any of the documents were that she was told to sign at the TDM, or the implications of those documents. Castillo at 125:1-2. Plaintiff was told if she didn't sign the documents she could lose her children permanently. Castillo at 154:9-12.<br><br>Further disputed in that Defendants Aguilar and Ward have no recollection of what Plaintiff, her family or any of the Defendants said at the October 12, 2012 TDM, and no recollection of anyone signing any documents. Aguilar at 65:3-18, 15-22; 72:20-25, 73:1 Ward at 40:17-19, 41:13-15; 47:13-24; 48:1-4. |
| 163. | If Castillo did not consent to the VPA, Safety Plan or Case Plan, she could have refused to sign these documents. | 163. | Plaintiff denies this. Plaintiff was not informed in writing or verbally that she could not consent and not sign the documents. Plaintiff was told by Acklin that "in order to get your girls back you need to sign the voluntary placement agreement." |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | Castillo at 97: 13-25, 98:1, 99:1-4, 21-24. Plaintiff was told if she didn't sign the documents she could lose her children permanently. Castillo at 154: 9-12.<br><br>None of the defendants told the plaintiff she had the right to cancel at any time. ¶52, pg. 11: 25-28; pg. 12: 1-4.<br><br>Further disputed in that Acklin has testified that she is not sure if she told Plaintiff that voluntary placement could be revoked. Acklin at 110:8-10.<br><br>Plaintiff denies that this is undisputed. Plaintiff had no idea what any of the documents were that she was told to sign at the TDM, or the implications of those documents. Castillo at 125:1-2. |
| 164. | Castillo also could have revoked the VPA at any time. | 164. | Plaintiff denies this. Plaintiff was not informed in writing or verbally that she could not consent and not sign the documents. Plaintiff was told by Acklin that "in order to get your girls back you need to sign the voluntary placement agreement." Castillo at 97:13-25, 98:1, 99:1-4, 21-24. Plaintiff was told if she didn't sign the documents she could lose her children permanently. Castillo at 154:9-12.<br><br>Defendants have withdrawn |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | Exhibit I, thus it cannot be a basis for this fact.<br><br>None of the defendants told the plaintiff she had the right to cancel at any time. ¶52, 11: 25-28; 12: 1-4.<br><br>Plaintiff denies that this is undisputed. Plaintiff had no idea what any of the documents were that she was told to sign at the TDM, or the implications of those documents. Castillo at 125:1-2.<br><br>Further disputed in that Acklin has testified that she is not sure if she told Plaintiff that voluntary placement could be revoked. Acklin at 110:8-10.<br><br>Further disputed in that Defendant Espinoza was under the impression while being Plaintiff's case worker, that VPA could not be revoked. Espinoza at 133:17-22, 25; 134:1-3.<br><br>Plaintiff denies this.<br>Plaintiff was not informed in writing or verbally that she could not consent or that she could revoke the plan. Further Plaintiff was never told that any changes in the plan would go to court.<br><br>**Evidence**: |

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | Castillo Dec. ¶ 51; 14: 26-28, 15: 1-5. |
| 165. | At no time did Aguilar, Acklin or any other person call Castillo a drug addict, or tell her that if she did not agree to the VPA her children would be placed in foster care. | 165. | Plaintiff denies that this is Undisputed. Plaintiff denies this. Plaintiff was accused in front of her daughters of being a criminal and a drug addict. Castillo at 120:5-8, 13-15; 160:15-17.<br><br>Further disputed in that Espinoza was under the impression that Plaintiff had a history of using drugs. Espinoza at 70:18-19. Further disputed in that Plaintiff was by Acklin that "in order to get your girls back you need to sign the voluntary placement agreement."<br><br>Castillo at 97:13-25, 98:1, 99:1-4, 21-24; 100:1-4. Plaintiff was told if she didn't sign the documents she could lose her children permanently. Castillo at 154:9-12.<br><br>Castillo decl. ¶50 pg. 11: 7-17.<br><br>**Evidence**:<br>Castillo Dec. ¶ 49; pg 14, ln 1-6. |
| 166. | At no time did Acklin, nor anyone else, threaten Castillo that her kids would be taken to foster parents if she did not agree to the case plan, nor was Castillo ever told she was not entitled to consult her lawyer before the case plan was executed. | 166. | Plaintiff denies that this is Undisputed, in that Plaintiff was by Acklin that "in order to get your girls back you need to sign the voluntary placement agreement."<br><br>Castillo at 97:13-25, 98:1, 99:1-4, |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | 21-24; 100:1-4. Plaintiff was told if she didn't sign the documents she could lose her children permanently. Castillo at 154:9-12.<br><br>Plaintiff's attorney was told he had to leave as he was not allowed to attend the TCM.<br><br>Castillo at 116:4-17; 117:9-14; 118:6-7, 10-12.<br><br>Becker decl. ¶4, pg. 2: 23-28; pg. 3: 1-7.<br><br>Castillo decl. ¶46, pg. 10: 13-20.<br><br>Further disputed in that Defendant Ward told Plaintiffs' attorney he could not be present, that he had to leave the building. Ward deposition at 23:18-25; 24:1-4, 34:18-20.<br>Further Plaintiff was told she did not need an attorney. Castillo at 118:6-7, 10-12. Acklin has testified that she is unsure of the County's policy regarding exclusion of a party's attorney from a TDM. Acklin at 101:6-13; 117:19-20;<br><br>Further disputed in that Aguilar informed Mr. Villasano that he should try to get custody of the children.<br><br>**Evidence**: |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | Castillo Dec. ¶ 54; pg 15, ln 18-22. |
| 167. | On or about October 16, 2012, based on the terms of the case plan, the children were placed with Castillo's cousin, Diana Padilla. | 167. | Undisputed. |
| 168. | Castillo and the children were agreeable to the placement with Padilla. | 168. | Plaintiff denies this. Plaintiff was not informed in writing or verbally that she could not consent and not sign the documents. Plaintiff was told by Acklin that "in order to get your girls back you need to sign the voluntary placement agreement." Castillo at 97:13-25, 98:1, 99:1-4, 21-24. Plaintiff was told if she didn't sign the documents she could lose her children permanently. Castillo at 154:9-12. Further disputed in that Acklin has testified that she is not sure if she told Plaintiff that voluntary placement could be revoked. Acklin at 110:8-10.<br><br>Plaintiff denies that this is undisputed. Plaintiff had no idea what any of the documents were that she was told to sign at the TDM, or the implications of those documents. Castillo at 125:1-2.<br><br>Plaintiff denies that this is Undisputed, in that Plaintiff was not agreeable to placement, in fact she repeatedly asked Acklin for her children back. Further disputed in |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | that Plaintiff had 3 conversations with Acklin prior to the October 12, TDM where she requested her daughters be returned to her. Castillo at 113:13-14.<br>Plaintiff was told by Acklin that "in order to get your girls back you need to sign the voluntary placement agreement."<br><br>Castillo at 97:13-25, 98:1, 99:1-4, 21-24; 100:1-4. Plaintiff was told if she didn't sign the documents she could lose her children permanently. Castillo at 154:9-12. |
| 169. | On or about October 18, 2012, after the children were placed with Padilla, Continuing Services CSW Defendant Virginia Espinoza was assigned to the case. | 169. | Undisputed. |
| 170. | Defendants Acklin and Aguilar were not involved with the case after it was assigned to Continuing Services. | 170. | Undisputed. |
| 171. | Espinoza's role was to visit with the family monthly and monitor compliance with the Case Plan, including the parents' classes and grief counseling. | 171. | Plaintiff does not have sufficient information to either dispute or agree to this statement. |
| 172. | Espinoza also monitored the case for the final Coroner's Report for M.V., and for the LAPD's completion of their investigation. | 172. | Plaintiff does not have sufficient information to either dispute or agree to this statement. |
| 173. | Espinoza had no involvement with the detention, nor was she consulted about whether the kids should have been detained. | 173. | Undisputed. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| 174. | Espinoza understood that Castillo consented to the VPA and Case Plan. | 174. | Espinoza knew Plaintiff always calling her wanting her children back and coming to the DCFS office.<br><br>Espinoza at 85:17-25; 86:6-10; 89:2-15.<br><br>Plaintiff told Espinoza she wanted her girls back numerous times.<br><br>Castillo decl. ¶57, pg. 12: 22-28, pg. 13: 1-3; ¶58, pg. 13: 4-6; ¶60, pg. 13: 14-19. |
| 175. | From October 18, 2012 through May 9, 2013, Espinoza monitored the case, visiting and maintaining contact the family at least once a month. | 175. | Espinoza did not go to home to meet with Plaintiff. 89:2-5 |
| 176. | Castillo saw the children during the entire time they were with her cousin, Diana Padilla. | 176. | Plaintiff saw children at supervised visitation.<br><br>Espinoza at 88:10-12<br>Castillo at 165:8-20 |
| 177. | On February 27, 2012, Castillo had still not completed her parenting and domestic violence classes, but the family was in grief counseling. | 177. | Undisputed. |
| 178. | The DCFS records contain a copy of the Coroner's Report dated March 6, 2013, stating the cause of M.V.'s death was unknown. | 178. | Plaintiff gave Expinoza copy of Dr. Tovar autopsy report in February 2013.<br><br>Espinoza at 90:7-19<br><br>Casitllo decl. ¶65, pg. 14: 10-19. |
| 179. | The autopsy states the official cause of death was | 179. | Undisputed. |

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | "Undetermined." | | |
| 180. | On March 29, 2012, Plaintiff Castillo told Espinoza that she had completed her domestic violence classes, but had not yet obtained a certificate, and had not completed her parenting class. | 180. | Undisputed. |
| 181. | In April 2013, LAPD closed its investigation into the case. | 181. | Undisputed. |
| 182. | On April 11, 2013, Moises provided Espinoza with the completion of his parenting and domestic violence classes. | 182. | Undisputed. |
| 183. | On April 17, 2013, Espinoza requested to schedule a TDM, and on April 19, 2013, a TDM was scheduled for May 9, 2013, with the goal of returning the children at that time. | 183. | Plaintiff does not have sufficient information to either dispute or agree to this statement. |
| 184. | On April 30, 2012, Castillo's probation officer confirmed that all her drug tests were negative and that she was in compliance with her probation; this information had been requested in early March 2013. | 184. | Undisputed. |
| 185. | A TDM was held on May 9, 2013, with the goal of returning B.U. and L.V. to Castillo's care. | 185. | Undisputed. |
| 186. | Espinoza and her supervisor, SCSW Christina Alfaro were present for DCFS. | 186. | Undisputed. |
| 187. | Castillo, Diana Lopez, Castillo's therapist, Martha Castillo (no relation), Lydia Castillo, and B.U. were all present. The TDM was | 187. | Undisputed. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | facilitated by TDM Facilitator Gilbert Salazar. | | |
| 188. | Martha Castillo reported the family had made progress in counseling, and there were no concerns with the children being returned. | 188. | Undisputed. |
| 189. | At the TDM, Castillo provided her completion and certificates for the parenting classes, grief and loss classes, domestic violence classes and the drug program. The family was compliant with the Case Plan. | 189. | Undisputed. |
| 190. | At the TDM it was determined that the children would be returned to Castillo's care, the mother and children would continue in grief counseling, and Espinoza would continue to monitor the case. | 190. | Undisputed. |
| 191. | The family was compliant with the Case Plan. | 191. | Undisputed. |
| 192. | At the TDM it was determined that the children would be returned to Castillo's care, the mother and children would continue in grief counseling, and Espinoza would continue to monitor the case. | 192. | Undisputed. |
| 193. | Castillo *did not revoke the VPA at any time during the time that the children were in custody*. | 193. | Plaintiffs deny that this is undisputed. Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that the documents referenced in this were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | Defendants' present motion. Further disputed in that Acklin has testified that Plaintiff signed no documents on October 4, 2012 Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19.<br><br>Plaintiff denies that this is undisputed. Plaintiff certainly did revoke the VPA by repeatedly demanding her children back. Castillo deposition at 109:4-7, 15-18; 110:9-13; 111:20-24; 112:6-9; 113:13-14; 141:20-25; 142:1-9. Further Plaintiff was told by defendant Acklin that she had no other option, if she did not sign, she could lose her daughters permanently. Castillo deposition at 97:13-25; 98:1; 99:1-4, 8-11, 21-24; 100:1-4.<br><br>Further disputed in that Defendant Espinoza has testified that she was under the impression that a VPA cannot be revoked and did not know a parent involved in a VPA can request to go to court. Espinoza at 133:17-25; 134:1-3.<br><br>In fact Defendant Espinoza herself was under the impression that a parent has no legal recourse to get their dhilcren back under a VPA |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | other than completing the program.<br><br>Espinoza knew Plaintiff always calling her wanting her children back and coming to the DCFS office.<br><br>Espinoza at 85:17-25; 86:6-10; 89:2-15; 135:21-25.<br><br>Plaintiff told Espinoza she wanted her girls back numerous times.<br><br>Castillo decl. ¶57, pg. 12: 22-28, pg. 13: 1-3; ¶58, pg. 13: 4-6; ¶60, pg. 13: 14-19 |
| 194. | Had Castillo revoked the VPA, the case would have proceeded to the Juvenile Court. | 194. | Plaintiff denies that this is undisputed. Plaintiff certainly did revoke the VPA by repeatedly demanding her children back. Castillo at 109:4-7, 15-18; 110:9-13; 111:20-24; 112:6-9; 113:13-14; 141:20-25; 142:1-9.<br>Further, Acklin has testified that she does not know if she even told Plaintiff that the VPA could be revoked. Acklin at 110:8-10.<br><br>Further disputed in that Defendant Espinoza has testified that she was under the impression that a VPA cannot be revoked and did not know a parent involved in a VPA can request to go to court. Espinoza at 133:17-25; 134:1-3.<br><br>Plaintiff denies this. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | Plaintiff was not informed in writing or verbally that she could not consent and not sign the documents. Plaintiff was told by Acklin that "in order to get your girls back you need to sign the voluntary placement agreement." Castillo at 97:13-25, 98:1, 99:1-4, 21-24. Plaintiff was told if she didn't sign the documents she could lose her children permanently. Castillo at 154:9-12.<br><br>Plaintiff was not asked to agree to anything, rather Acklin told her "in order to get your girls back with this plan, which is for your best interest you need to sign the voluntary placement agreement." Further Plaintiff was never told that any changes in the plan would go to court.<br><br>**Evidence**:<br>Castillo Dec. ¶ 51; pg 14, ln 26-28; ¶ 55, p. 15, ln 22-27.<br><br>Plaintiff did revoke a number of times. |
| 195. | Espinoza monitored the family until around August 21, 2013, when DCFS closed this case. | 195. | Undisputed. |
| 196. | Plaintiffs' FAC asserts a conclusory Monell Claim for violations of their First, Fourth and Fourteenth Amendment Rights. Even though the allegations are not | 196. | Defendant Acklin has admitted submitting that fabricated document to the DCFS file and court and the October 4, 2012 VPA was never signed by Plaintiff. |

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | remotely applicable based on the facts of this case, Plaintiffs allege that the County has "policies and practices" of: (1) detaining children without a warrant or exigent circumstances; (2) detaining children without basis during dependency proceedings; (3) examining children without need; (4) using "trickery, duress, fabrication and/or false testimony or evidence, or failing to disclosure exculpatory evidence," in reports and court documents; (5) removing children solely on the basis of their disability or association; (6) inadequate training and/or failure to train employees; (7) a policy of authorizing or ratifying the inclusion of false statements and misrepresentation and/or exaggeration of allegations in reports to the Juvenile Court. (FAC ¶144(a)-(l)). | | Thus, Plaintiff's rights were violated.<br><br>Plaintiff denies that this is undisputed. Policy was not followed. No warrant was obtained in this case prior to detention. No consent of either parent or signed VPA was obtained from the date of detention up to October 12, 2012 – and there was never a detention hearing scheduled during that time. Acklin at 50:18-25, 51:1; 134:17-19; 137:9-12; 165:21-25; 166:1.<br><br>In fact, defendant Acklin, knowing Plaintiff did not sign the VPA in 10/4/12. Represented to other defendants that plaintiff agreed. |
| 197. | In October 2012 the County had a policy regarding obtaining warrants. | 197. | Plaintiff disputes this in that Acklin has testified in her March 28, 2016 deposition, that she did not verify the veracity of documents listed in her declaration; and has "authenticated" documents she knew were false in her declaration in support of this motion; and that her declaration is incorrect, which was relied upon Luongo for her "authentication" of all Exhibits.<br><br>**Evidence**: |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | Acklin at 129: 22-24; 130: 14-16; 181: 1-2, 25 185: 1-6; 186: 23-25. |
| 198. | Warrants were obtained to detain children unless there was exigency, consent or a court order. | 198. | Plaintiff denies that this is undisputed. Policy was not followed. No warrant was obtained in this case prior to detention. No consent of either parent or signed VPA was obtained from the date of detention up to October 12, 2012 – and there was never a detention hearing scheduled during that time.<br><br>Acklin at 50:18-25, 51:1; 134:17-19; 137:9-12; 165:21-25; 166:1. |
| 199. | The County also had a practice in October 2012 that if a VPA is signed by the parents, the case does not proceed to court and a Detention Report is not necessary. | 199. | Plaintiff denies that this is undisputed. Policy was not followed. No warrant was obtained in this case prior to detention. No consent of either parent or signed VPA was obtained from the date of detention up to October 12, 2012 – and there was never a detention hearing scheduled during that time.<br><br>In fact, defendant Acklin, knowing Plaintiff did not sign the VPA in 10/4/12. Represented to other defendants that plaintiff agreed.<br><br>Acklin at 50: 18-25, 51: 1; 129: 22-24; 130: 14-16; 134: 17-19; 137: 9-12; 165: 21-25; 166: 1; 181: 1-2, 25; 185: 1-6; 186: 23-25.<br><br>Plaintiff denies that this is |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | undisputed. Policy was not followed. No warrant was obtained in this case prior to detention. No consent of either parent or signed VPA was obtained from the date of detention up to October 12, 2012 – and there was never a detention hearing scheduled during that time. Acklin at 50:18-25, 51:1; 134:17-19; 137:9-12; 165:21-25; 166:1 .<br><br>Disputed Plaintiff did not sign the October 4, 2012 VPA Acklin submitted.<br>Plaintiffs deny that this is undisputed. Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that the documents referenced in this were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion.<br>Further disputed in that Acklin has testified that Plaintiff signed no documents on October 4, 2012 Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19.<br><br>Objection: several levels of hearsay: *see also* Objections to and |

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | Motion to Strike Luongo Decl. and Acklin Decl. filed herewith. |
| 200. | In October 2012, Acklin had been trained in obtaining warrants. | 200. | Plaintiff does not have sufficient information to either dispute or agree to this statement. However, it is undisputed that Acklin never obtained a warrant in this case. |
| 201. | Plaintiffs' FAC vaguely refers to 6 cases to support that the County/DCFS "has a pattern, practice and policy of violating the rights of families in dependency actions:" 1. Arce v. County of Los Angeles, et al., BC420124; 2. Evelyn Pena v. County of Los Angeles, et al. cv11-05038 GAP (AJWx); 3. Alondro Cole et al. v. County of Los Angeles, et al., cv10-5701 GHK (FFMx); 4. Sean Kooiari et al. v. County of Los Angeles, et al., cv06-0695 SJO; 5. Cheila Hen-era, et al. v. County of Los Angeles, et al., BC391052; and 6. Frank Marshall et al. v. County of Los Angles, et al., BC 391052. | 201. | Plaintiff rights were violated.<br><br>Plaintiff denies that this is undisputed. Policy was not followed. No warrant was obtained in this case prior to detention. No consent of either parent or signed VPA was obtained from the date of detention up to October 12, 2012 – and there was never a detention hearing scheduled during that time.<br><br>In fact, defendant Acklin, knowing Plaintiff did not sign the VPA in 10/4/12. Represented to other defendants that plaintiff agreed.<br><br>Acklin at 50: 18-25, 51: 1; 129: 22-24; 130: 14-16; 134: 17-19; 137: 9-12; 165: 21-25; 166: 1; 181: 1-2, 25; 185: 1-6; 186: 23-25.<br><br>Plaintiffs deny that this is undisputed. Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that the documents referenced in this were not signed by Plaintiff on October 4, 2012 and that these |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion. Further disputed in that Acklin has testified that Plaintiff signed no documents on October 4, 2012 Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19.<br><br>Objection: several levels of hearsay: *see also* Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith.<br><br>Plaintiff denies that this is undisputed. Further disputed in that Acklin told Plaintiff on October 4, 2012, that she would call Plaintiff the next day with her court date, however, Aklin called Plaintiff on October 5, 2012 and told her the court case was cancelled.<br><br>Castillo at 111:11-16; 112:6-9.<br><br>Further disputed in that Plaintiff repeatedly begged Acklin not to take her children.<br><br>Acklin at 115:7-11; Castillo at 109:4-8.<br><br>Disputed. Plaintiff never agreed to |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | a voluntary case on October 5, 2012. The documentation in the DCFS file indicating that Plaintiff signed the VPA on October 4, 2012 is admittedly a falsified document. On that same date, Plaintiff repeatedly begged Acklin not to take her children.<br><br>Acklin at 115:7-11; 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25<br><br>Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19; 109:4-8.<br><br>Plaintiff denies this.<br>Plaintiff was not informed in writing or verbally that she could not consent and not sign the documents. Plaintiff was told by Acklin that "in order to get your girls back you need to sign the voluntary placement agreement." Castillo at 97:13-25, 98:1, 99:1-4, 21-24. Plaintiff was told if she didn't sign the documents she could lose her children permanently. Castillo at 154:9-12. Further disputed in that Acklin has testified that she is not sure if she told Plaintiff that voluntary placement could be revoked. Acklin at 110:8-10.<br><br>Plaintiff denies that this is |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | undisputed. Plaintiff had no idea what any of the documents were that she was told to sign at the TDM, or the implications of those documents. Castillo at 125:1-2.<br><br>Plaintiff denies that this is undisputed. Plaintiff had no idea what any of the documents were that she was told to sign at the TDM, or the implications of those documents. Castillo at 125:1-2. Plaintiff was told if she didn't sign the documents she could lose her children permanently. Castillo at 154:9-12.<br><br>Further disputed in that Defendants Aguilar and Ward have no recollection of what Plaintiff, her family or any of the Defendants said at the October 12, 2012 TDM, and no recollection of anyone signing any documents, including the Child Welfare Services Initial Case Plan. Aguilar at 65:3-18, 15-22; 72:20-25, 73:1 Ward at 40:17-19, 41:13-15; 47:13-24; 48:1-4.<br><br>Plaintiff did not willingly sign the documents at the TDM, she was told that if she did not sign the documents, things would go worse for her. Castillo at 124:1-10, 12-15.<br><br>Plaintiffs dispute this statement, which is entirely conclusory, |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | without foundation. |
| 202. | The alleged "violations" are not specified and these cases do not relate to a voluntary placement as is the case here. Not one of these cases referred to by Plaintiffs resulted in a judgment against the County. | 202. | Placement number voluntary here forged documents, neither parents' consents and no detention hearing was set within 72 hours.<br><br>Plaintiff denies that this is undisputed. Policy was not followed. No warrant was obtained in this case prior to detention. No consent of either parent or signed VPA was obtained from the date of detention up to October 12, 2012 – and there was never a detention hearing scheduled during that time.<br><br>This was not a voluntary case. Plaintiff never signed a VPA on 10/4/12.<br><br>Acklin at 50: 18-25, 51:1; 129: 22-24; 130: 14-16; 134: 17-19; 137: 9-12; 165: 21-25; 166: 1; 181: 1-2, 25; 185: 1-6; 186: 23-25.<br><br>Further, defendants Exhibit I has been withdrawn and thus proves no VPA was signed on 10/4/12 and detention was not lawful. |
| 203. | Plaintiffs also refer to the contents of an April 2012 "County of Los Angeles Special Investigation Unit Report Regarding DCFS Recurring Systemic Issues," ("SUI Report") but the Report is irrelevant to Plaintiffs' consent case. | 203. | Plaintiff disputes that this is undisputed. In fact, this is not a verifiable fact but constitutes legal argument that is inappropriate in a separate statement of purportedly undisputed material facts. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

## ISSUE III. DEFENDANTS' CONTENTION: DEFENDANTS COUNTY, ACKLIN, AGUILAR, ESPINOZA AND WARD ARE ENTITLED TO SUMMARY JUDGMENT ON THE FOURTH CLAIM FOR RELIEF ALLEGED IN PLAINTIFFS' FIRST AMENDED COMPLAINT BROUGHT BY ALL PLAINTIFFS, FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983- 14TH AMENDMENT -INTERFERENCE WITH FAMILIAL RELATIONS

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| 204. | Ms. Castillo has a criminal and DCFS history. In 2007 Castillo was arrested with methamphetamine on her person and in possession of an unregistered handgun. | 204. | Plaintiffs dispute that this is undisputed. This evidence is improperly included in Moving Party's Uncontroverted Facts as charges from said arrest have been expunged pursuant to Penal Code section 1203.4.<br><br>**Evidence:**<br>Castillo deposition at 34:21-24.<br><br>Plaintiffs dispute this statement, which is entirely conclusory, without foundation. |
| 205. | At the time of the children's detention in October 2012, Castillo was on probation for a felony conviction of possession of a firearm. | 205. | Plaintiffs dispute that this is undisputed. Plaintiffs dispute that this is undisputed. This evidence is improperly included in Moving Party's Uncontroverted Facts as charges from said arrest have been expunged pursuant to Penal Code section 1203.4.<br><br>**Evidence:**<br>Castillo deposition at 34:21-24.<br><br>Plaintiffs dispute this statement, which is entirely conclusory, without foundation. This |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | evidence constitutes several levels of hearsay, is irrelevant to Plaintiffs' claims and unduly prejudicial. *See* Objections to and Motion to Strike Luongo Decl. filed herewith. |
| 206. | Castillo also had a prior DCFS history, which included a referral in 2011 related to suspected sexual abuse of L.V., by L.V. and M.V.'s father, Moises Villasano. | 206. | Plaintiffs dispute that this is undisputed. Plaintiff does not have a "history" with DCFS, rather Moises Villasano had an allegation against him that he kissed L.V., which was subsequently declared unfounded.<br><br>**Evidence**:<br>Castillo deposition at 36; 1-3; 38 ; 6-14.<br><br>This evidence constitutes several levels of hearsay, is irrelevant to Plaintiffs' claims and unduly prejudicial. *See* Objections to and Motion to Strike Luongo Decl. filed herewith. |
| 207. | In addition, Castillo and Villasano had a tumultuous relationship that included a disturbing history of domestic violence. | 207. | Plaintiffs dispute that this is undisputed. There is no "disturbing history", there was one incident where Plaintiff and Mr. Villasano had a fight, no charges were filed and this was not brought up until the TDM. Disputed in that Acklin has admitted under oath that her declaration submitted in support of this motion contains false information. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | **Evidence**:<br>Castillo deposition at 48:19-24; 50:3-7; 51:13-16.<br><br>March 28, 2016 deposition transcript of Defendant Acklin stating that she has knowingly submitted false documents to this court and testified incorrectly in her declaration in support of this motion. (Acklin Trans. at 129:22-24; 130:14-16; 181: 1-2; 185:1-6; 186: 23-25).<br><br>This evidence constitutes several levels of hearsay, is irrelevant to Plaintiffs' claims and unduly prejudicial. *See* Objections to and Motion to Strike Luongo Decl. filed herewith. |
| 208. | On October 2, 2012, Castillo placed her 3 month old child, M.V. in her bed to sleep. Castillo usually put M.V. to sleep in a playpen, but that evening, she placed him on his side in her full-size bed, with blankets and pillows in the bed. | 208. | Plaintiffs dispute that this is undisputed. Disputed in that there were no blankets or pillows anywhere near M.V.'s head.<br><br>**Evidence**:<br>Castillo deposition at 72:18-21.<br><br>Disputed in that Acklin has admitted under oath that her declaration submitted in support of this motion contains false information. Acklin Trans. at 129:22-24; 130:14-16; 181: 1-2; 185:1-6; 186: 23-25 |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | Objection: several levels of hearsay: *see* Objections to and Motion to Strike Luongo Decl. filed herewith. |
| 209. | Between 8-9 p.m., M.V., was found unresponsive in his mother's bed, and taken to Brotman Hospital via ambulance where he was admitted around 9:43 p.m. with cardiac arrest. | 209. | Undisputed. |
| 210. | Brotman Hospital was unable to care for the infant's severe injuries, and he was transported to Cedars Sinai at approximately 1:30 a.m. on October 3, 2012. | 210. | Undisputed. |
| 211. | On October 4, 2012, DFCS received an immediate referral alleging general neglect of children M.V., B.U. and L.V. | 211. | Undisputed. |
| 212. | It was reported that in the evening on October 2, 2012, Plaintiff Castillo put 3-month old M.V. to bed. When Castillo went to check on M.V., she found him face-down on his stomach and unresponsive, and M.V. was brain dead from a lack of oxygen. | 212. | Plaintiffs dispute that this is undisputed as to "M.V. was brain dead from a lack of oxygen". At the time the referral was made – the medical staff did not know at that time if M.V. was brain dead. Even at the time of detention, no medical staff had informed Defendant Acklin that the M.V. had an injury.<br><br>**Evidence**:<br>Castillo deposition at 75:14-18.<br><br>Acklin Trans. at 61:23-25; 63:9-11.<br><br>Plaintiffs disputes this statement, |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | which is entirely conclusory, without foundation. This evidence constitutes several levels of hearsay as well as improper expert opinion.<br><br>Objection: several levels of hearsay. *See* Objections to and Motion to Strike Luongo Decl. filed herewith. |
| 213. | The cause of injury was unknown, and it was unclear how the child was injured. M.V. had no broken bones or retinal hemorrhages. | 213. | Undisputed. |
| 214. | On the same day that the referral was made, October 4, 2012, the referral was assigned to Emergency Response Children's Social Worker ("ER CSW") Defendant Rihana Acklin for investigation. | 214. | Undisputed. |
| 215. | Ms. Acklin had over 9 years of experience as a CSW at the time of the referral. In her career, she has seen many babies who have had traumatic injuries and mothers with drug and other criminal-related histories. | 215. | Plaintiffs dispute that this is undisputed.<br><br>This is a misstatement of Acklin's declaration. Acklin stated "there were a lot of calls related to babies with traumatic brain injuries, drugs, and parents with criminal histories. Acklin does not say she herself has dealt with these cases.<br><br>Evidence: Acklin Dec. ¶3, p. 2, ln 18-19.<br><br>This evidence constitutes several levels of hearsay, is irrelevant to |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | Plaintiffs' claims and unduly prejudicial. *See* Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith. |
| 216. | Acklin responded to Cedars Sinai Hospital, where M.V. was hospitalized with a Public Health Nurse, Miriam Kaman, where they met with Castillo. | 216. | Plaintiff agrees this is undisputed. |
| 217. | Castillo denied any abuse, and said that she was the primary caregiver of M.V. | 217. | Plaintiff agrees this is undisputed. |
| 218. | Castillo disclosed to Acklin that she was on probation and had been arrested for possession of methamphetamine in the past. Castillo told Acklin that she was in a court-ordered drug treatment program. | 218. | Plaintiffs dispute that this is undisputed. This evidence is improperly included in Moving Party's Uncontroverted Facts as charges from said arrest have been expunged pursuant to Penal Code section 1203.4.Further, Plaintiff was not on probation for a drug charge.<br><br>**Evidence:**<br>Castillo deposition at 34:21-24; 35:5-6.<br><br>Plaintiffs dispute this statement, which is entirely conclusory, without foundation. |
| 219. | Castillo also told Acklin that she a past history of domestic violence with M.V. and L.V.'s father. | 219. | Plaintiffs dispute that this is undisputed. There is no "history", there was one incident where Plaintiff and Mr. Villasano had a fight, no charges were filed and this was not brought up until the TDM. Further, Acklin never |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | verified whether or not the one incident actually occurred.<br><br>Disputed in that Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that falsified documents were relied upon.<br><br>**Evidence**:<br>Castillo deposition at 48:19-24; 50:3-7; 51:13-16. Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 181: 1-2; 185:1-6; 186: 23-25<br><br>This evidence constitutes several levels of hearsay, is irrelevant to Plaintiffs' claims and unduly prejudicial. *See* Objections to and Motion to Strike Luongo Decl. filed herewith. Plaintiffs dispute that this is undisputed. This evidence is improperly included in Moving Party's Uncontroverted Facts as charges from said arrest have been expunged pursuant to Penal Code section 1203.4.<br><br>**Evidence:**<br>Castillo deposition at 34:21-24. |
| 220. | Castillo also had a past history of involvement with DCFS. There was a prior DCFS referral from June 22, 2011, which alleged | 220. | Plaintiffs dispute that this is undisputed. Plaintiff does not have a "history" with DCFS, rather Moises Villasano had an |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | emotional and sexual abuse of child L.V. by L.V. and M.V.'s father, Moises Villasano ("Villasano"). | | allegation against him that he kissed L.V., which was subsequently declared unfounded by DCFS. Disputed in that Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that falsified documents were relied upon.<br><br>**Evidence:**<br>Castillo deposition at 36;1-3; 38 ;6-14. Acklin at 129:22-24; 130:14-16; 181: 1-2; 185:1-6; 186: 23-25<br><br>This evidence constitutes several levels of hearsay, is irrelevant to Plaintiffs' claims and unduly prejudicial. *See* Objections to and Motion to Strike Luongo Decl. filed herewith. Objection: several levels of hearsay. *See* Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith. |
| 221. | Castillo said that the whereabouts of B.U.'s father were unknown. | 221. | Undisputed. |
| 222. | Given her experience in dealing with traumatic injuries to children working in an area that was crime-ridden and drug-infested (Vermont Corridor), Acklin was greatly concerned about the information disclosed by Castillo. | 222. | Plaintiffs dispute that this is undisputed.<br>This is a misstatement of Acklin's declaration. Acklin stated "there were a lot of calls related to babies with traumatic brain injuries, drugs, and parents with criminal histories. Acklin does not say she herself has dealt |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | with these cases, or that she was concerned because of the "crime ridden, drug infested area." Further, all of the risk fields on the Safety Assessment filled out by Acklin are marked – "no" safety risk and the form states that Plaintiff cause no physical harm to M.V.. Acklin told Castillo that she was removing the children because she feared for their safety because of the coma M.V. was in.<br><br>**Evidence**:<br>Acklin at 125:19-25; 126:1-6; Acklin Dec. ¶3, p. 2, ln 18-19; Castillo deposition at 84:10-19; Castillo Decl. ¶ 23, pg 6, ln 7-14.<br><br>Objection: several levels of hearsay. *See* Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith. |
| 223. | At the hospital on October 4, 2012, Acklin and PHN Kaman also interviewed with Liz Ruiz, the Charge Nurse, Dr. Zhudi, and Dr. Barron in intensive care. (Acklin Dec.- Det Report, p. 5). | 223. | Undisputed. |
| 224. | Dr. Zhudi reported that the mother checked on the child after 30 minutes and found him face down with formula and blood, and the cause could be SIDS. | 224. | Undisputed. |
| 225. | Dr. Barron said the child should have been able to lift his head or | 225. | Plaintiffs dispute that this is undisputed. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | move to his side. | | Disputed in that the Doctors at Cedar-Sinai told Plaintiff that they did not know what had happened to M.V.. Further disputed in that Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that falsified documents were relied upon. Declaration contains false information which Luongo's declaration is based on.<br><br>**Evidence:**<br>Acklin Trans. 61:23-25; 36:9-11; 129:22-24; 130:14-16; 181: 1-2; 185:1-6; 186: 23-25<br><br>Objection: Plaintiffs dispute this statement, which is entirely conclusory, without foundation. This evidence constitutes several levels of hearsay. *See* Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith. |
| 226. | Doctors at Cedars Sinai expressed concern to Acklin that Castillo's time line between finding M.V. and his arrival at the hospital did not seem to add up, which caused Acklin concern. | 226. | Plaintiffs dispute that this is undisputed.<br>Disputed in that the Doctors at Cedar-Sinai told Plaintiff that they did not know what had happened to M.V.. Further disputed in that Acklin has admitted under oath that her declaration submitted in support |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | of this motion contains false information and that falsified documents were relied upon.<br><br>**Evidence:**<br>Acklin Trans. 61:23-25; 36:9-11; 129:22-24; 130:14-16; 181: 1-2; 185:1-6; 186: 23-25<br><br>Objection: Plaintiffs dispute this statement, which is entirely conclusory, without foundation. This evidence constitutes several levels of hearsay. *See* Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith. |
| 227. | On October 5, 2012, Acklin also interviewed L.V. and M.V.'s father, Villasano. Villasano admitted to a past domestic violence altercation. | 227. | Plaintiffs dispute that this is undisputed.<br><br>Disputed in that Acklin never asked Moises Villasano if he consented to the detention of B.U. and L.V.. Further disputed in that Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that falsified documents were relied upon.<br><br>**Evidence:**<br>Acklin Trans. 50:18-25; 51:1; 61:23-25; 36:9-11; 129:22-24; 130:14-16; 181: 1-2; 185:1-6; 186: 23-25 |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | Objection: several levels of hearsay. *See* Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith. |
| 228. | Villasano said he got along with Castillo, but they were not in a relationship. | 228. | Undisputed. |
| 229. | Acklin reached out to Castillo's probation officer, Anthony Allen, on October 5, 2012, but did not hear back from Mr. Allen. | 229. | Plaintiffs dispute that this is undisputed.<br><br>This evidence is improperly included in Moving Party's Uncontroverted Facts as charges from said arrest have been expunged pursuant to Penal Code section 1203.4. Further the only evidence of this is from Acklin who has admitted to under oath that her declaration submitted in support of this motion contains falsehoods and that falsified documents were relied upon.<br><br>**Evidence:**<br>Castillo deposition at 34:21-24; Acklin Trans. at 129:22-24; 130:14-16; 181: 1-2; 185:1-6; 186: 23-25.<br><br>This evidence this statement, which is entirely conclusory, without foundation constitutes several levels of hearsay, is irrelevant to Plaintiffs' claims and unduly prejudicial. *See* Objections to and Motion to Strike Luongo Decl. filed |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | herewith. |
| 230. | Based on M.V.'s life-threatening and unexplained injury, Castillo's past drug, criminal, and domestic violence history, it appeared to Acklin children should be removed from the home pending an investigation. | 230. | Plaintiffs dispute that this is undisputed.<br><br>All of the risk fields on the Safety Assessment filled out by Acklin are marked – "no" and the safety risk form states that Plaintiff caused no physical harm to M.V.. Acklin told Castillo that she was removing the children because she feared for their safety because of the coma M.V. was in. Disputed in that the Doctors at Cedar-Sinai told Plaintiff that they did not know what had happened to M.V.. Further disputed in that Acklin has testified that at the time of her decision to detain, no one at the hospital had told her that M.V. had been injured.<br><br>Disputed in that Acklin told Plaintiff she was detaining her daughters because M.V. was in a coma; Castillo at 84:10-19. Further Disputed in that Acklin's declaration contains false information which Luongo's declaration is based on. Acklin Trans. at 129:22-24; 130:14-16; 181:1-2; 25; 185:1-6; 186:23-25<br><br>**Evidence:**<br>Acklin at 61:23-25; 63:9-11; 125:19-25; 126:1-6; Acklin Dec. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | ¶3, p. 2, ln 18-19; Castillo deposition at 84:10-19; Castillo Decl. ¶ 23, pg 5, ln 18-26.<br><br>This evidence constitutes several levels of hearsay, is irrelevant to Plaintiffs' claims and unduly prejudicial. *See* Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith. |
| 231. | M.V. was an alleged victim of severe neglect by Plaintiff, and L.V. and B.U. were at risk. | 231. | Plaintiffs dispute that this is undisputed.<br><br>All of the risk fields on the Safety Assessment filled out by Acklin are marked – "no" and the safety risk form states that Plaintiff caused no physical harm to M.V.. Acklin told Castillo that she was removing the children because she feared for their safety because of the coma M.V. was in. Disputed in that the Doctors at Cedar-Sinai told Plaintiff that they did not know what had happened to M.V..Further disputed in that Acklin has testified that at the time of her decision to detain, no one at the hospital had told her that M.V. had been injured. Disputed in that Acklin testified that both B.U. and L.V. told her they were not abused by Plaintiff. Acklin at 65:25; 66:1-4.<br><br>Disputed in that Acklin told |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | Plaintiff she was detaining her daughters because M.V. was in a coma; Castillo @84:10-19. Further Disputed in that Acklin's declaration contains false information which Luongo's declaration is based on. Acklin Trans. at 129:22-24; 130:14-16; 181:1-2; 25; 185:1-6; 186:23-25<br><br>**Evidence:**<br>Acklin at 61:23-25; 63:9-11; 125:19-25; 126:1-6; Acklin Dec. ¶3, p. 2, ln 18-19; Castillo deposition at 84:10-19; Castillo Decl. ¶ 23, pg 5, ln 18-26.<br><br>This evidence constitutes several levels of hearsay, is irrelevant to Plaintiffs' claims and unduly prejudicial. *See* Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith. Plaintiffs dispute that this is undisputed. |
| 232. | There was also an ongoing investigation by LAPD into M.V.'s injuries. (Castillo Depo., p. 134-135). | 232. | Undisputed. |
| 233. | Acklin thought family reunification under court supervision might be appropriate. | 233. | Plaintiff denies that this is undisputed. Plaintiff cannot possibly respond to this alleged state of mind of Defendant Acklin. This statement consists entirely of a legal conclusion rather than a statement of material fact, as required under |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | Local Rule 56-1, as such Plaintiffs cannot appropriately respond. |
| 234. | The DCFS records that are part of the Juvenile Case File in this case contain multiple forms signed by Plaintiff Lisa Castillo that are dated October 4, 2012. | 234. | Plaintiffs deny that this is undisputed.<br><br>Plaintiff signed no DCFS documents on 10/4/12. Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that the documents referenced in this were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion. Defendants have withdrawn the VPA of 10/4/12 and ¶s 9 and 21 of Acklin's declaration, thus no basis for this fact.<br>Further disputed in that Acklin has testified that Plaintiff signed no documents on October 4, 2012 Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19; Castillo decl. ¶28, Pg. 7: 9-11.<br><br>Objection: several levels of hearsay: *see also* Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | herewith. |
| 235. | There is a Consent to Release and Exchange Information dated October 4, 2012, which is signed by Plaintiff Castillo. | 235. | Plaintiffs deny that this is undisputed.<br><br>Plaintiff signed no DCFS documents on 10/4/12. Defendants have withdrawn the VPA of 10/4/12 and ¶s 9 and 21 of Acklin's declaration, thus no basis for this fact. Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that the documents referenced in this were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion. Further disputed in that Acklin has testified that Plaintiff signed no documents on October 4, 2012.<br><br>**Evidence**:<br>Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19.<br><br>Objection: several levels of hearsay: *see also* Objections to and Motion to Strike Luongo Decl. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| 236. | There is a signed acknowledgment form of receipt of voluntary services. | 236. | Plaintiffs deny that this is undisputed.<br><br>Plaintiff signed no DCFS documents on 10/4/12. Defendants have withdrawn the VPA of 10/4/12 and ¶s 9 and 21 of Acklin's declaration, thus no basis for this fact. Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that the documents referenced in this were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion. Further disputed in that Acklin has testified that Plaintiff signed no documents, including the receipt of services form on October 4, 2012, rather it was signed on October 12, 2012.<br><br>**Evidence**:<br>Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 172:8-25; 173:1-7; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19.<br><br>Objection: several levels of hearsay. *See also* Objections to |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | and Motion to Strike Luongo Decl. |
| 237. | There is an acknowledgement of receipt of: (1) DCFS Civil Rights Information Form; (2) State of California Civil Rights Pub 13 Pamphlet; and (3) Americans with Disabilities (ADA Accommodations). | 237. | Plaintiffs deny that this is undisputed.<br><br>Plaintiff signed no DCFS documents on 10/4/12. Defendants have withdrawn the VPA of 10/4/12 and ¶s 9 and 21 of Acklin's declaration, thus no basis for this fact. Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that the documents referenced in this were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion. Further disputed in that Acklin has testified that Plaintiff signed no documents, including the Acknowledgment of Receipt on October 4, 2012, rather it was signed on October 12, 2012.<br><br>**Evidence**:<br>Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 172:8-25; 173:1-7; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 104:17-18,25; 105:1-2; 107:14-19. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | Objection: several levels of hearsay. *See also* Objections to and Motion to Strike Luongo Decl. Decl. and Acklin Decl. filed herewith.. |
| 238. | The official DCFS records from the Juvenile Case File contain a "Voluntary Placement Agreement-Placement Request" ("VPA") signed by Plaintiff Castillo and Defendant Rihana Acklin, which is dated October 4, 2012. | 238. | Plaintiffs deny that this is undisputed.<br><br>Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that the documents referenced in this were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion. Further disputed in that Acklin has testified that Plaintiff did not sign the VPA on October 4, 2012, and that Acklin never even discussed VPA with Plaintiff on October 4, 2012. Plaintiff Castillo has testified that she did not sign the VPA on October 4, 2012.<br><br>**Evidence**:<br>Acklin at 107:11-16; 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | Plaintiff signed no DCFS documents on 10/4/12. Defendants have withdrawn the VPA of 10/4/12 and ¶s 9 and 21 of Acklin's declaration, thus no basis for this fact.<br><br>Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith. |
| 239. | The VPA states "I give custody and control of my child to the county welfare department…to arrange for my child's care, supervision, custody, conduct, maintenance and support, including medical care." The VPA pertains to both B.U. and L.V., and gives custody to DCFS. The VPA states "I understand that voluntary placement is usually limited to six months, but sometimes six more months can be approved for a total period not to exceed twelve months." The VPA further states: "I understand I can withdraw this request or terminate this placement agreement at any time." | 239. | Plaintiffs deny that this is undisputed. Plaintiff signed no DCFS documents on 10/4/12. Defendants have withdrawn the VPA of 10/4/12 and ¶s 9 and 21 of Acklin's declaration, thus no basis for this fact. Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that the documents referenced in this were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion. Further disputed in that Acklin has testified that Plaintiff did not sign the VPA on October 4, 2012, and that Acklin never even discussed VPA with Plaintiff on October 4, 2012. Plaintiff Castillo has testified that she did |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | not sign the VPA on October 4, 2012.<br><br>**Evidence**:<br>Acklin at 107:11-16; 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19.<br><br>Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith.<br><br>Plaintiffs deny that this is undisputed.<br><br>Plaintiff signed no DCFS documents on 10/4/12. Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that the documents referenced in this were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion. Defendants have withdrawn the VPA of 10/4/12 and ¶s 9 and 21 of Acklin's declaration, thus no basis for this fact.<br>Further disputed in that Acklin has testified that Plaintiff signed |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | no documents on October 4, 2012 Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19; Castillo decl. ¶28, Pg. 7: 9-11.<br><br>Objection: several levels of hearsay: *see also* Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith. |
| 240. | Plaintiff denies signing this form and claims she did not sign any such form until October 12, 2012. | 240. | Plaintiffs agree that this is undisputed, and moreover is corroborated by Acklin's own deposition testimony.<br><br>**Evidence**:<br>*See* Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25. |
| 241. | Castillo alleges that she signed the VPA on October 12, 2012, because she wanted her children to be placed with family and admits that she never revoked the VPA. | 241. | Plaintiff denies that this is undisputed. Plaintiff certainly did revoke the VPA by repeatedly demanding her children back. Castillo deposition at 109:4-7, 15-18; 110:9-13; 111:20-24; 112:6-9; 113:13-14; 141:20-25; 142:1-9.<br><br>Castillo decl. ¶32, pg. 7: 22-25; ¶33, pg. 8:4-9; ¶39, pg. 9: 15-17.<br><br>Further Plaintiff was told by defendant Acklin that she had no |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | other option, if she did not sign, she could lose her daughters permanently. Castillo deposition at 97:13-25; 98:1; 99:1-4, 8-11, 21-24; 100: 1-4.<br><br>Plaintiff wanted her daughters with her, not relatives. Castillo decl. ¶34 pg. 8: 16-19.<br><br>*See* p. 144, ll. 16-25; Declaration of Lisa Castillo ("Castillo Decl."). |
| 242. | Late in the evening on October 4, 2012, Acklin removed B.U. and L.V. from Castillo's care. | 242. | Plaintiff agrees this is undisputed. |
| 243. | The children were at the hospital at the time, and Castillo's family and Villasano were also present. | 243. | Undisputed. |
| 244. | Acklin would have obtained approval for the removal from the supervisor on duty, and the Assistant Regional Administrator prior to taking the children into DCFS custody. | 244. | Plaintiffs dispute that this is undisputed.<br><br>Plaintiff cannot possibly respond to this allegation of what Defendant Acklin would have done. This statement consists entirely of a an irrelevant statement than a statement of material fact, as required under Local Rule 56-1, as such Plaintiffs cannot appropriately respond.<br><br>Further disputed in that Acklin has admitted under oath that her declaration submitted in support of this motion contains false |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | information and that the documents referenced in this case were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion. Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 181: 1-2; 185:1-6; 186: 23-25<br><br>Objection: irrelevant; several levels of hearsay. *See* Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith. |
| 245. | Aguilar was Acklin's regular Supervising Children's Social Worker (SCSW), but Aguilar *was not on duty on October 4, 2012*, and was not the supervisor that Acklin consulted with that day regarding the removal. | 245. | Undisputed. |
| 246. | The children were in placement at a DCFS facility for one night before they were placed with Irma Villasano, L.V.'s maternal grandmother on October 5, 2012, which Castillo agreed with. | 246. | Disputed. The children were not placed together, they were in fact separated.<br><br>**Evidence**:<br>Castillo Dec. ¶29, pg. 7: 11-13; ¶31, pg. 7: 14-17; Castillo deposition at 93:1-7. |
| 247. | On October 5, 2012, M.V. was pronounced dead. | 247. | Undisputed. |
| 248. | An autopsy was required to determine that cause of death, which could have been related to | 248. | Undisputed. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | SIDS. | | |
| 249. | As it was unclear the course this case would take, Acklin was required to prepare a Detention Report for her and Aguilar to sign within 24 hours, in the event the case proceeded to the Juvenile Court. | 249. | Plaintiff denies that this is undisputed. Acklin told Plaintiff on October 4, 2012, that she would call Plaintiff the next day with her court date, however, Aklin called Plaintiff on October 5, 2012 and told her the court date was cancelled.<br><br>Aguilar's decl. ¶5-8 refers to plaintiff signing the VPA on 10/4/12 – said VPA has been withdrawn by defendants, thus no basis for this fact. Aguilar never saw plaintiff sign 10/4/12 VPA, he was told by someone she signed it. Aguilar at 38: 22-25; 39: 1-8; 44: 5-16.<br><br>Castillo at 111:11-16; 112:6-9.<br><br>Further disputed in that Plaintiff repeatedly begged Acklin not to take her children.<br><br>Acklin at 115:7-11; Castillo at 109:4-8. |
| 250. | However, on October 5, 2012, Acklin spoke with Ms. Castillo on the phone and explained to her that if she would agree to a voluntary placement, a court appearance could be avoided. | 250. | Plaintiff denies that this is undisputed. Acklin told Plaintiff on October 4, 2012, that she would call Plaintiff the next day with her court date, however, Aklin called Plaintiff on October 5, 2012 and told her the court case was cancelled. Plaintiff asked for her children back on |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | 10/5/12.<br><br>Castillo at 111:11-16; 112:6-9.<br><br>Further disputed in that Plaintiff repeatedly begged Acklin not to take her children.<br><br>Castillo ¶38 pg. 6-10; Castillo ¶39 pg. 9: 11-18.<br><br>Acklin at 115:7-11; Castillo at 109:4-8.<br><br>Acklin never told plaintiff the VPA could be revoked. Acklin at 110: 8-10.<br><br>Aguilar's decl. ¶5-8 refers to plaintiff signing the VPA on 10/4/12 – said VPA has been withdrawn by defendants, thus no basis for this fact. Aguilar never saw plaintiff sign 10/4/12 VPA, he was told by someone she signed it. Aguilar at 38: 22-25; 39: 1-8; 44: 5-16.<br><br>Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that the documents referenced in this were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | dependency case and in Defendants' present motion. Further disputed in that Acklin has testified that Plaintiff signed no documents on October 4, 2012.<br><br>**Evidence**:<br>Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19. |
| 251. | Castillo agreed to do a voluntary case, and Acklin notified Erasmo Aguilar, her supervisor, so that he could withdraw the Detention Report. | 251. | Disputed. Plaintiff never agreed to a voluntary case on October 5, 2012. The documentation in the DCFS file indicating that Plaintiff signed the VPA on October 4, 2012 is admittedly a falsified document. On that same date, Plaintiff repeatedly begged Acklin not to take her children.<br><br>Aguilar's decl. ¶5-8 refers to plaintiff signing the VPA on 10/4/12 – said VPA has been withdrawn by defendants, thus no basis for this fact. Aguilar never saw plaintiff sign 10/4/12 VPA, he was told by someone she signed it. Aguilar at 38: 22-25; 39: 1-8; 44: 5-16.<br><br>Plaintiff decl. ¶38, pg.9: 6-10; ¶39, pg. 9: 11-18.<br><br>Acklin at 115:7-11; 125:1; |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25<br><br>Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19; 109:4-8.<br><br>**Evidence**:<br>Castillo Dec. ¶37, p. 11, ln 2-4; ¶31, p. 9, ln 9-13. |
| 252. | As the VPA was signed by Castillo, this case never proceeded to the Juvenile Court and the Detention Report was not filed. | 252. | Plaintiffs deny that this is undisputed. Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that the documents referenced in this were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion. Further disputed in that Acklin has testified that Plaintiff signed no documents on October 4, 2012 Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19.<br><br>Aguilar's decl. ¶5-8 refers to plaintiff signing the VPA on 10/4/12 – said VPA has been withdrawn by defendants, thus no basis for this fact. Aguilar never saw plaintiff sign 10/4/12 VPA, |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | he was told by someone she signed it. Aguilar at 38: 22-25; 39: 1-8; 44: 5-16.<br><br>Plaintiff denies that this is undisputed. Further disputed in that Acklin told Plaintiff on October 4, 2012, that she would call Plaintiff the next day with her court date, however, Aklin called Plaintiff on October 5, 2012 and told her the court case was cancelled.<br><br>Castillo at 111:11-16; 112:6-9.<br><br>Further disputed in that Plaintiff repeatedly begged Acklin not to take her children.<br><br>Acklin at 115:7-11; Castillo at 109:4-8.<br><br>Castillo at 87:2-3; 94:14-15; 95:9-25; 96:1; 107:14-19.<br><br>Plaintiff denies that this is undisputed. Plaintiff never signed the VPA on October 4, 2012. In fact Defendant Acklin has admitted that the October 4, 2012 VPA document in her DCFS file is fake.<br><br>10/4/12 VPA has been withdrawn by defendant and did not be relied upon as evidence. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | Castillo ¶28, pg. 7: 9-11.<br><br>Acklin at 115:7-11; 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25<br><br>Further disputed in that Acklin told Plaintiff on October 5, 2012 that her Court date had been cancelled. Acklin at111:11-16; 112:6-9. |
| 253. | It was County practice in October 2012 that where a parent signs a VPA, the matter does not proceed to the Juvenile Court. | 253. | Insufficient information to either dispute or agree to. |
| 254. | Accordingly, on October 8, 2012, pursuant to his conversation with Acklin, Aguilar pulled the Detention Report from being filed, and noted on the fax cover sheet "pulled VFR", evidencing Castillo's agreement to the VPA was the reason why the Detention Report was not filed. | 254. | Plaintiff denies that this is undisputed as Plaintiff signed no VPA agreement on October 4, 2012. In fact Defendant Acklin has admitted that the October 4, 2012 VPA document in her DCFS file is fake.<br><br>Plaintiff denies that this is undisputed. Plaintiff never signed the VPA on October 4, 2012. In fact Defendant Acklin has admitted that the October 4, 2012 VPA document in her DCFS file is fake.<br><br>Aguilar's decl. ¶5-8 refers to plaintiff signing the VPA on 10/4/12 – said VPA has been |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | withdrawn by defendants, thus no basis for this fact. Aguilar never saw plaintiff sign 10/4/12 VPA, he was told by someone she signed it. Aguilar at 38: 22-25; 39: 1-8; 44: 5-16.<br><br>10/4/12 VPA has been withdrawn by defendant and did not be relied upon as evidence.<br><br>Castillo ¶28, pg. 7: 9-11.<br><br>Acklin at 115: 7-11; 125: 1; 126: 1-5; 129: 22-24; 130: 14-16; 163: 1-21; 165: 17-25; 166: 1; 181: 1-2; 185: 1-6; 186: 23-25<br><br>Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19; 109:4-8.<br><br>Further disputed in that Acklin told Plaintiff on October 5, 2012 that her Court date had been cancelled. Acklin at111:11-16; 112:6-9.<br><br>Acklin at 115:7-11; 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25<br><br>Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19; 109:4-8. |
| 255. | If Ms. Castillo had not agreed to the VPM by that time, the | 255. | Plaintiff denies this statement. Acklin told Plaintiff she had set a |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | Detention Report would have been filed and a detention hearing would have been held. | | Court date for a detention hearing. Further, Plaintiff denies that this is undisputed as Plaintiff signed no VPA agreement on October 4, 2012. In fact Defendant Acklin has admitted that the October 4, 2012 VPA document in her DCFS file is fake. Further disputed in that Plaintiff had 3 conversations with Acklin prior to the October 12, TDM where she requested her daughters be returned to her. Castillo at 113:13-14.<br><br>Acklin at 115:7-11; 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25.<br><br>Castillo at 87: 2-3; 95: 9-25; 96: 1; 107: 14-19; 109: 4-8; 113: 13-14.<br><br>**Evidence**:<br>Castillo Dec. ¶37, p. 11, ln 2-4; ¶31, p. 9, ln 9-13.<br><br>Plaintiffs deny that this is undisputed. Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that the documents referenced in this were not signed by Plaintiff on October 4, 2012 and that these falsified documents |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | were knowingly relied upon in the dependency case and in Defendants' present motion. Further disputed in that Acklin has testified that Plaintiff signed no documents on October 4, 2012 Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19.<br><br>Objection: several levels of hearsay: see also Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith.<br><br>Plaintiff denies that this is undisputed. Plaintiff never signed the VPA on October 4, 2012. In fact Defendant Acklin has admitted that the October 4, 2012 VPA document in her DCFS file is fake.<br><br>Aguilar's decl. ¶5-8 refers to plaintiff signing the VPA on 10/4/12 – said VPA has been withdrawn by defendants, thus no basis for this fact. Aguilar never saw plaintiff sign 10/4/12 VPA, he was told by someone she signed it. Aguilar at 38: 22-25; 39: 1-8; 44: 5-16.<br><br>10/4/12 VPA has been withdrawn |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | by defendant and did not be relied upon as evidence.<br><br>Castillo ¶28, pg. 7: 9-11.<br><br>Further disputed in that Acklin told Plaintiff on October 5, 2012 that her Court date had been cancelled. Acklin at111:11-16; 112:6-9. |
| 256. | On October 12, 2012, a Team Decision Meeting ("TDM") was held to determine how the case would proceed. | 256. | Undisputed. |
| 257. | The TDM on October 12, 2012 was facilitated by Defendant CSW Norma Ward. | 257. | Undisputed. |
| 258. | Ward's role is to act as a neutral third party to the meeting, in order to assist DCFS and the family participating in the meeting in reaching agreements about the case. | 258. | Plaintiffs deny that this is undisputed. Plaintiff's attorney was told he had to leave as he was not allowed to attend the TCM.<br><br>Castillo at 116:4-17; 117:9-14; 118:6-7, 10-12.<br><br>Further disputed in that Defendant Ward told Plaintiffs' attorney he could not be present, that he had to leave the building.<br><br>Plaintiff was informed by Acklin and Ward that she did not need an attorney. Castillo at 118:6-7, 10-12. Acklin has testified that she is unsure of the County's policy regarding exclusion of a |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | party's attorney from a TDM. Acklin at 101:6-13; 117:19-20; Ward deposition at 23:18-25; 24:1-4, 34:18-20.<br>Further disputed in that Ward testified that she did not call County counsel when she saw that Plaintiff's attorney was present. Ward at 38:2-4 Ward did not call county counsel as she claims "the family wanted to proceed without attorneys present", but cannot recall who told her that. Ward at 38:5-7; 39:1-18. Plaintiff's attorney was told he had to leave as he was not allowed to attend the TCM. Castillo at 116:4-17; 117:9-14; 118:6-7, 10-12.<br><br>**Evidence**:<br>Ward at 23:18-25; 24:1-4<br>Castillo at 116:14-17; 117:9-14, 25; 118:16-7 |
| 259. | Ward does not make decisions regarding the placement, or take any party's side during the meeting. | 259. | Plaintiffs deny that this is undisputed. Plaintiff's attorney was told he had to leave as he was not allowed to attend the TDM.<br><br>Castillo at 116:4-17; 117:9-14; 118:6-7, 10-12.<br><br>Plaintiff was informed by Acklin and Ward that she did not need an attorney. Castillo at 118:6-7, 10-12. Acklin has testified that |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | she is unsure of the County's policy regarding exclusion of a party's attorney from a TDM. Acklin at 101:6-13; 117:19-20; Ward deposition at 23:18-25; 24:1-4, 34:18-20. |
| 260. | Ward was not consulted, nor did she suggest how the case should proceed or participate in the decisions regarding placement in this case. | 260. | Planitiff disputes that this is undisputed. Despite her self-serving clains otherwise, Ward was in no way "a neutral third party" or "facilitator" in that she was another DCFS social worker aligned with Defendants' interests. |
| 261. | Facilitating the TDM, was the extent of Ward's involvement in this case. | 261. | Plaintiffs deny that this is undisputed. Plaintiff's attorney was told he had to leave as he was not allowed to attend the TDM.<br><br>Castillo at 116:4-17; 117:9-14; 118:6-7, 10-12.<br><br>Further disputed in that Defendant Ward told Plaintiffs' attorney he could not be present, that he had to leave the building.<br><br>Plaintiff was informed by Acklin and Ward that she did not need an attorney. Castillo at 118:6-7, 10-12. Acklin has testified that she is unsure of the County's policy regarding exclusion of a party's attorney from a TDM. Acklin at 101:6-13; 117:19-20; Ward deposition at 23:18-25; |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | 24:1-4, 34:18-20.<br><br>Ward at 23:18-25; 24:1-4<br>Castillo at 116:14-17; 117:9-14, 25; 118:16-7 |
| 262. | Plaintiff Castillo's attorney, William Becker, Esq. appeared at DCFS for the TDM meeting that day. | 262. | Undisputed. |
| 263. | Since a TDM is a family proceeding, and not a legal proceeding, counsel for the parents and for DCFS do not generally attend, and Mr. Becker was asked to leave the meeting. | 263. | Plaintiffs deny that this is undisputed. Plaintiff's attorney was told he had to leave as he was not allowed to attend the TDM.<br><br>Castillo at 116:4-17; 117:9-14; 118:6-7, 10-12.<br><br>Becker decl. ¶4, pg. 2: 23-28; pg. 1-7.<br><br>Castillo decl. ¶46, pg. 10: 13-20.<br><br>Further disputed in that Defendant Ward told Plaintiffs' attorney he could not be present, that he had to leave the building.<br><br>Plaintiff was informed by Acklin and Ward that she did not need an attorney. Castillo at 118:6-7, 10-12. Acklin has testified that she is unsure of the County's policy regarding exclusion of a party's attorney from a TDM. Acklin at 101:6-13; 117:19-20; |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | Ward deposition at 23:18-25; 24:1-4, 34:18-20. |
| 264. | Castillo did not express any issue with her counsel not being present in the TDM, and the meeting moved forward without any issue. | 264. | Plaintiffs deny that this is undisputed. Ward has testified that she cannot remember anything Plaintiff said about the issue with her attorney at the TDM. Ward at 34:18-20; 36:9-13; 47:13-24. Defendant Aguilar has testified that he does not recall anything about Plaintiff's attorney at the TDM, even though his decl. says otherwise. Aguilar deposition at 60:12-25; 61:1-8; 64:6-11; 54: 14-22; 56: 2-6. Plaintiff denies this. Plaintiff demanded her attorney be present and her attorney was told he was not allowed into the meeting and that he had to leave the building. Castillo at 117:25, 118:1, 118:10-12. Plaintiff was informed by Acklin and Ward that she did not need an attorney. Castillo at 118:6-7, 10-12.<br><br>Further disputed in that Aguilar testified that ¶11 of his decl. is not based in his own personal knowledge. Aguilar 56: 2-6; 61-22-25; 62: 1-4.<br><br>**Evidence**:<br>Castillo Dec. ¶46, p. 10, 13-20. |
| 265. | Had Castillo insisted that her counsel be present, the meeting | 265. | Plaintiff denies this.<br>Plaintiff demanded her attorney |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | would have been rescheduled so that County counsel could also attend. | | be present and her attorney was told he was not allowed and he had to leave, Plaintiff was not told he could be present if the meeting was rescheduled so county counsel could attend. Ward at 23:15-17; 23:18-25; 24:1-4. Further disputed in that Ward testified that she did not call County counsel when she saw that Plaintiff's attorney was present. Ward at 38:2-4 Ward did not call county counsel as she claims "the family wanted to proceed without attorneys present", but cannot recall who told her that. Ward at 38:5-7; 39:1-18. Plaintiff's attorney was told he had to leave as he was not allowed to attend the TCM. Castillo at 116:4-17; 117:9-14; 118:6-7, 10-12.<br><br>Becker decl. ¶4, pg. 2: 23-28; Castillo decl. ¶46, pg. 10: 13-20.<br><br>**Evidence**:<br>Castillo Dec. ¶45, p. 13, ln 1-9; ¶46, p. 13, ln 10-13. |
| 266. | Castillo also could have left the meeting at any time to consult with her attorney, and no one said he had to leave the building during the TDM. | 266. | Plaintiffs deny that this is undisputed. Plaintiff's attorney was told he had to leave as he was not allowed to attend the TCM. Further, no one informed the Plaintiff that she had a right to consult with her attorney or that she could step out of the |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | meeting to talk to him.<br><br>Castillo at 150:25; 151:1-13; 116:4-17; 117:9-14; 118:6-7, 10-12.<br><br>Plaintiff demanded her attorney be present and her attorney was told he was not allowed and he had to leave, Plaintiff was not told he could be present if the meeting was rescheduled so county counsel could attend. Ward at 23:15-17; 23:18-25; 24:1-4.<br><br>Becker decl. ¶4, pg. 2: 23-28; Castillo ¶46, pg. 10: 13-20.<br><br>Further disputed in that Defendant Ward told Plaintiffs' attorney he could not be present, that he had to leave the building.<br><br>Castillo at 118:6-7, 10-12. Acklin has testified that she is unsure of the County's policy regarding exclusion of a party's attorney from a TDM.<br>Acklin at 101:6-13; 117:19-20; Ward deposition at 23:18-25; 24:1-4, 34:18-20. |
| 267. | At no time did Aguilar, Acklin, Ward, nor anyone representing DCFS, tell Castillo's attorney that he had to leave the building or that he could not consult with Castillo. | 267. | Plaintiffs deny that this is undisputed. Plaintiff's attorney was told he had to leave as he was not allowed to attend the TCM. Further disputed in that |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | Defendant Ward told Plaintiffs' attorney he could not be present, that he had to leave the building. Plaintiff was informed by Acklin and Ward that she did not need an attorney.<br><br>Castillo at 116:4-17; 117:9-14; 118:6-7, 10-12; Ward deposition at 23:18-25; 24:1-4, 38:2-4,7; 47:13-24.<br><br>Becker decl. ¶4, pg. 2: 23-28; Castillo decl. ¶46, pg. 10: 13-20.<br><br>Acklin has testified that she is unsure of the County's policy regarding exclusion of a party's attorney from a TDM.<br>Acklin at 101:6-13; 117:19-20.<br>Evidence: Castillo Dec. ¶45, p. 13, ln 1-9; ¶46, p. 13, ln 10-13. |
| 268. | Defendants Acklin and Aguilar, CSW Erika Price, and Department of Mental Health employee Lana Adrian Easterly were all present at the TDM that day. | 268. | Undisputed. |
| 269. | Castillo was present, along with several members of her family, including her mother, Lydia Castillo, brother, Douglas Castillo, maternal aunt to B.U. and L.V., Diana Lopez, Georgina Castillo (maternal aunt). | 269. | Undisputed. |
| 270. | M.V. and L.V.'s father, Villasano, paternal grandmother Irma | 270. | Undisputed. |

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | Villasano, and paternal grandfather Ramiro Villasano, were also all present. | | |
| 271. | A Safety Plan is in the Juvenile Case file, signed by all present at the TDM on October 12, 2012, including Castillo and Moises Villasano, (except for Ward, who is not a participant). | 271. | Plaintiff denies that this is undisputed.<br><br>Plaintiff did not willingly sign the documents at the TDM, she was told that if she did not sign the documents, things would go worse for her. Castillo at 124:1-10, 12-15.<br><br>Plaintiff denies that this is undisputed.<br><br>Plaintiff did not willingly sign the documents at the TDM, she was told that if she did not sign the documents, things would go worse for her. Castillo at 124:1-10, 12-15.<br><br>Further disputed in that Defendants Aguilar and Ward have no recollection of what Plaintiff, her family or any of the defendants said at the October 12, 2012 TDM. Aguilar at 65:3-18, 15-22; Ward at 41:13-15; 47:13-24; 48:1-4. |
| 272. | At the TDM the Case Plan was agreed upon, specifically, that: (1) the children would continue to reside with paternal grandmother for L.V. (later changed to mother's cousin Diana Padilla); (2) that | 272. | Plaintiff denies that this is undisputed.<br><br>Plaintiff did not willingly sign the documents at the TDM, she was told that if she did not sign the |



LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | Castillo and Villasno would participate in individual counseling, domestic violence, grief counseling (Castillo), and parenting classes; (3) Castillo would complete substance abuse awareness class; (4) that the minors would be assessed by DMH and receive services; (5) that requested changes would go to the court; and (6) that Gina Castillo (maternal uncle's wife) would be live-scanned for approval to transport the children and supervise visitation. | | documents, things would go worse for her. Castillo at 124:1-10, 12-15.<br><br>Further disputed in that Defendants Aguilar and Ward have no recollection of what Plaintiff, her family or any of the defendants said at the October 12, 2012 TDM. Aguilar at 65:3-18, 15-22; 72: 20-25; Ward at 41:13-15; 47:13-24; 48:1-4; 73: 1. |
| 273. | Castillo was informed that the Coroner's Report would need to be obtained to determine the cause of M.V.'s death. | 273. | Plaintiff disputes this in that that Acklin has testified in her March 28, 2016 depposition, that she did not verify the veracity of documents listed in her declaration; and has "authenticated" documents she knew were false in her declaration in support of this motion; and that her declaration is incorrect. Luongo bases her declaration on Acklin's and on documents prepared by Acklin.<br><br>**Evidence**:<br>Acklin at 129: 22-24; 130: 14-16; 18: 1-2, 25; 185: 1-6; 186: 23-25. |
| 274. | Castillo was also informed that the children would be in placement pending LAPD's investigation. | 274. | Plaintiff disputes this in that that Acklin has testified in her March 28, 2016 deposition, that she did not verify the veracity of documents listed in her |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | declaration; and has "authenticated" documents she knew were false in her declaration in support of this motion; and that her declaration is incorrect. Luongo bases her declaration on Acklin's and on documents prepared by Acklin.<br><br>Evidence:<br>Acklin at 129: 22-24; 130: 14-16; 181: 1-2, 25; 185, ln 1-6; 186: 23-25. |
| 275. | The estimated completion of the plan was April 12, 2013. | 275. | Plaintiff denies that this is undisputed. Plaintiff was told no date for completion, rather she was told her children would be in placement until the autopsy report was completed. Castillo at 124:1-10. |
| 276. | A Child Welfare Services Initial Case Plan- Voluntary Case Plan Family Assessment ("Case Plan") was signed by Castillo, Villasano, Acklin and Aguilar at the TDM on October 12, 2012. | 276. | Plaintiff denies that this is undisputed. Plaintiff had no idea what any of the documents were that she was told to sign at the TDM, or the implications of those documents. Castillo at 125:1-2. Plaintiff was told if she didn't sign the documents she could lose her children permanently. Castillo at 154:9-12.<br><br>Further disputed in that Defendants Aguilar and Ward have no recollection of what Plaintiff, her family or any of the |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | Defendants said at the October 12, 2012 TDM, and no recollection of anyone signing any documents, including the Child Welfare Services Initial Case Plan. Aguilar at 65:3-18, 15-22; 72:20-25, 73:1 Ward at 40:17-19, 41:13-15; 47:13-24; 48:1-4. |
| 277. | The Case Plan Goal was for B.U. and L.V. to be returned home by April 12, 2013. | 277. | Plaintiff denies that this is undisputed. Plaintiff was told no date for completion, rather she was told her children would be in placement until the autopsy report was completed. Castillo at 124:1-10. |
| 278. | The Case Plan states "[p]arents were willing to sign the Voluntary Family Reunitcat[ion] Plan." | 278. | Plaintiff denies that this is undisputed. Plaintiff had no idea what any of the documents were that she was told to sign at the TDM, or the implications of those documents. Castillo at 125:1-2. Plaintiff was told if she didn't sign the documents she could lose her children permanently. Castillo at 154:9-12.<br><br>Further disputed in that Defendants Aguilar and Ward have no recollection of what Plaintiff, her family or any of the Defendants said at the October 12, 2012 TDM, and no recollection of anyone signing any documents, including the Child Welfare Services Initial |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | Case Plan. Aguilar at 65:3-18, 15-22; 72:20-25, 73:1 Ward at 40:17-19, 41:13-15; 47:13-24; 48:1-4.<br><br>Plaintiff denies that this is undisputed.<br><br>Plaintiff did not willingly sign the documents at the TDM, she was told that if she did not sign the documents, things would go worse for her. Castillo at 124:1-10, 12-15.<br><br>Plaintiff denies this. |
| 279. | The Case Plan provided for "[m]onitored visitation with parents 3 hours per week or more per the caregiver's discretion." | 279. | Undisputed. |
| 280. | The Case Plan set for the parents' responsibilities in the Safety Plan (parenting classes, grief counseling, etc.) and provided that a CSW would visit the family monthly to assess the family's compliance with the Case Plan. | 280. | Plaintiff denies that this is undisputed.<br><br>Plaintiff did not willingly sign the documents at the TDM, she was told that if she did not sign the documents, things would go worse for her. Castillo at 124:1-10, 12-15.<br><br>Further disputed in that Defendants Aguilar and Ward have no recollection of what Plaintiff, her family or any of the defendants said at the October 12, 2012 TDM. Aguilar at 65:3-18, 15-22; Ward at 41:13-15; 47:13- |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | 24; 48:1-4.<br>Plaintiff further disputes this as Plaintiff had no idea what any of the documents were that she was told to sign at the TDM, or the implications of those documents. Castillo at 125:1-2. Plaintiff was told if she didn't sign the documents she could lose her children permanently. Castillo at 154:9-12.<br><br>Further disputed in that Defendants Aguilar and Ward have no recollection of what Plaintiff, her family or any of the Defendants said at the October 12, 2012 TDM, and no recollection of anyone signing any documents. Aguilar at 65:3-18, 15-22; 72:20-25, 73:1 Ward at 40:17-19, 41:13-15; 47:13-24; 48:1-4. |
| 281. | If Castillo did not consent to the VPA, Safety Plan or Case Plan, she could have refused to sign these documents. | 281. | Plaintiff denies this.<br>Plaintiff was not informed in writing or verbally that she could not consent and not sign the documents. Plaintiff was told by Acklin that "in order to get your girls back you need to sign the voluntary placement agreement." Castillo at 97:13-25, 98:1, 99:1-4, 21-24. Plaintiff was told if she didn't sign the documents she could lose her children permanently. Castillo at 154:9-12. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | Further disputed in that Acklin has testified that she is not sure if she told Plaintiff that voluntary placement could be revoked. Acklin at 110:8-10.<br><br>Plaintiff denies that this is undisputed. Plaintiff had no idea what any of the documents were that she was told to sign at the TDM, or the implications of those documents. Castillo at 125:1-2. |
| 282. | Castillo also could have revoked the VPA at any time. | 282. | Plaintiff denies this.<br>Plaintiff was not informed in writing or verbally that she could not consent and not sign the documents. Plaintiff was told by Acklin that "in order to get your girls back you need to sign the voluntary placement agreement." Castillo at 97:13-25, 98:1, 99:1-4, 21-24. Plaintiff was told if she didn't sign the documents she could lose her children permanently. Castillo at 154:9-12.<br><br>Further disputed in that Acklin has testified that she is not sure if she told Plaintiff that voluntary placement could be revoked. Acklin at 110:8-10.<br><br>Further disputed in that Defendant Espinoza was under the impression while being |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | Plaintiff's case worker, that VPA could not be revoked. Espinoza at 133:17-22,25; 134:1-3.<br><br>Plaintiff denies that this is undisputed. Plaintiff had no idea what any of the documents were that she was told to sign at the TDM, or the implications of those documents. Castillo at 125:1-2.<br><br>Further disputed in that Defendants Aguilar and Ward have no recollection of what Plaintiff, her family or any of the Defendants said at the October 12, 2012 TDM, and no recollection of anyone signing any documents, including the Child Welfare Services Initial Case Plan. Aguilar at 65:3-18, 15-22; 72:20-25, 73:1 Ward at 40:17-19, 41:13-15; 47:13-24; 48:1-4.<br><br>Plaintiff did not willingly sign the documents at the TDM, she was told that if she did not sign the documents, things would go worse for her. Castillo at 124:1-10, 12-15. |
| 283. | At no time did Aguilar, Acklin or any other person call Castillo a drug addict, or tell her that if she did not agree to the VPA her children would be placed in foster | 283. | Plaintiff denies that this is Undisputed. Plaintiff denies this. Plaintiff was accused in front of her daughters of being a criminal and a drug addict. Castillo at |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | care. | | 120:5-8, 13-15; 160:15-17.<br><br>Castillo decl. ¶50, pg. 11: 7-17.<br><br>Further disputed in that Espinoza was under the impression that Plaintiff had a history of using drugs. Espinoza at 70:18-19. Further disputed in that Plaintiff was by Acklin that "in order to get your girls back you need to sign the voluntary placement agreement."<br><br>Castillo at 97:13-25, 98:1, 99:1-4, 21-24; 100:1-4. Plaintiff was told if she didn't sign the documents she could lose her children permanently. Castillo at 154:9-12.<br><br>**Evidence**:<br>Castillo Dec. ¶ 49; pg 14, ln 1-6. |
| 284. | At no time did Acklin, nor anyone else, threaten Castillo that her kids would be taken to foster parents if she did not agree to the case plan, nor was Castillo ever told she was not entitled to consult her lawyer before the case plan was executed. | 284. | Plaintiff denies that this is Undisputed, in that Plaintiff was by Acklin that "in order to get your girls back you need to sign the voluntary placement agreement."<br><br>Castillo at 97:13-25, 98:1, 99:1-4, 21-24; 100:1-4. Plaintiff was told if she didn't sign the documents she could lose her children permanently. Castillo at 154:9-12. |

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | Plaintiff's attorney was told he had to leave as he was not allowed to attend the TDM.<br><br>Becker decl. ¶4, pg. 2: 23-28; pg. 3: 1-7; Castillo decl ¶46, 10: 13-20.<br><br>Castillo at 116:4-17; 117:9-14; 118:6-7, 10-12.<br><br>Further disputed in that Defendant Ward told Plaintiffs' attorney he could not be present, that he had to leave the building. Ward deposition at 23:18-25; 24:1-4, 34:18-20.<br>Further Plaintiff was told she did not need an attorney. Castillo at 118:6-7, 10-12. Acklin has testified that she is unsure of the County's policy regarding exclusion of a party's attorney from a TDM.<br>Acklin at 101:6-13; 117:19-20. |
| 285. | On or about October 16, 2012, based on the terms of the case plan, the children were placed with Castillo's cousin, Diana Padilla. | 285. | Undisputed. |
| 286. | Castillo and the children were agreeable to the placement with Padilla. | 286. | Plaintiff denies that this is Undisputed, in that Plaintiff was not agreeable to placement, in fact she repeatedly asked Acklin for her children back. Further disputed in that Plaintiff had 3 conversations with Acklin prior to the October 12, TDM where |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | she requested her daughters be returned to her. Castillo at 113:13-14.<br>Plaintiff was told by Acklin that "in order to get your girls back you need to sign the voluntary placement agreement."<br><br>Castillo at 97:13-25, 98:1, 99:1-4, 21-24; 100:1-4. Plaintiff was told if she didn't sign the documents she could lose her children permanently. Castillo at 154:9-12. |
| 287. | On or about October 18, 2012, after the children were placed with Padilla, Continuing Services CSW Defendant Virginia Espinoza was assigned to the case. | 287. | Undisputed. |
| 288. | Defendants Acklin and Aguilar were not involved with the case after it was assigned to Continuing Services. | 288. | Plaintiff does not have sufficient information to either dispute or agree to this statement. |
| 289. | Espinoza's role was to visit with the family monthly and monitor compliance with the Case Plan, including the parents' classes and grief counseling. | 289. | Plaintiff does not have sufficient information to either dispute or agree to this statement. |
| 290. | Espinoza also monitored the case for the final Coroner's Report for M.V., and for the LAPD's completion of their investigation. | 290. | Plaintiff does not have sufficient information to either dispute or agree to this statement. |
| 291. | Espinoza had no involvement with the detention, nor was she consulted about whether the kids should have been detained. | 291. | Plaintiff does not have sufficient information to either dispute or agree to this statement. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| 292. | Espinoza understood that Castillo consented to the VPA and Case Plan. | 292. | Espinoza knew Plaintiff always calling her wanting her children back and coming to the DCFS office.<br><br>Espinoza at 85:17-25; 86:6-10; 89:2-15.<br><br>Plaintiff told Espinoza she wanted her girls back numerous times.<br><br>Castillo decl. ¶57, pg. 12: 22-28, pg. 13: 1-3; ¶58, pg. 13: 4-6; ¶60, pg. 13: 14-19. |
| 293. | From October 18, 2012 through May 9, 2013, Espinoza monitored the case, visiting and maintaining contact the family at least once a month. | 293. | Espinoza did not go to Plaintiff's home to meet with Plaintiff.<br><br>Espinoza at 89:2-5. |
| 294. | Castillo saw the children during the entire time they were with her cousin, Diana Padilla. | 294. | Plaintiff saw children at supervised visitation.<br><br>Espinoza at 88:10-12.<br>Castillo at 165:8-20. |
| 295. | On February 27, 2012, Castillo had still not completed her parenting and domestic violence classes, but the family was in grief counseling. | 295. | Undisputed. |
| 296. | The DCFS records contain a copy of the Coroner's Report dated March 6, 2013, stating the cause of M.V.'s death was unknown. | 296. | Plaintiff gave Expinoza copy of Dr. Tovar autopsy report in February 2013.<br><br>Espinoza at 90:7-19.<br>Castillo decl. ¶65, pg. 14: 10-19. |
| 297. | The autopsy states the official cause of death was | 297. | Undisputed. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | "Undetermined." | | |
| 298. | On March 29, 2012, Plaintiff Castillo told Espinoza that she had completed her domestic violence classes, but had not yet obtained a certificate, and had not completed her parenting class. | 298. | Undisputed. |
| 299. | In April 2013, LAPD closed its investigation into the case. | 299. | Undisputed. |
| 300. | On April 11, 2013, Moises provided Espinoza with the completion of his parenting and domestic violence classes. | 300. | Undisputed. |
| 301. | On April 17, 2013, Espinoza requested to schedule a TDM, and on April 19, 2013, a TDM was scheduled for May 9, 2013, with the goal of returning the children at that time. | 301. | Undisputed. |
| 302. | On April 30, 2012, Castillo's probation officer confirmed that all her drug tests were negative and that she was in compliance with her probation; this information had been requested in early March 2013. | 302. | Undisputed. |
| 303. | A TDM was held on May 9, 2013, with the goal of returning B.U. and L.V. to Castillo's care. | 303. | Undisputed. |
| 304. | Espinoza and her supervisor, SCSW Christina Alfaro were present for DCFS. | 304. | Undisputed. |
| 305. | Castillo, Diana Lopez, Castillo's therapist, Martha Castillo (no relation), Lydia Castillo, and B.U. were all present. The TDM was | 305. | Undisputed. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | facilitated by TDM Facilitator Gilbert Salazar. | | |
| 306. | Martha Castillo reported the family had made progress in counseling, and there were no concerns with the children being returned. | 306. | Undisputed. |
| 307. | At the TDM, Castillo provided her completion and certificates for the parenting classes, grief and loss classes, domestic violence classes and the drug program. The family was compliant with the Case Plan. At the TDM it was determined that the children would be returned to Castillo's care, the mother and children would continue in grief counseling, and Espinoza would continue to monitor the case. | 307. | Undisputed. |
| 308. | At the TDM it was determined that the children would be returned to Castillo's care, the mother and children would continue in grief counseling, and Espinoza would continue to monitor the case. | 308. | Undisputed. |
| 309. | The family was compliant with the Case Plan. | 309. | Undisputed. |
| 310. | At the TDM it was determined that the children would be returned to Castillo's care, the mother and children would continue in grief counseling, and Espinoza would continue to monitor the case. | 310. | Undisputed. |
| 311. | Castillo *did not revoke the VPA at any time during the time that the children were in custody.* | 311. | Plaintiffs deny that this is undisputed.<br><br>Acklin has admitted under oath that her declaration submitted in |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | support of this motion contains false information and that the documents referenced in this were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion. Further disputed in that Acklin has testified that Plaintiff signed no documents on October 4, 2012 Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19.<br><br>Plaintiff denies that this is undisputed. Plaintiff certainly did revoke the VPA by repeatedly demanding her children back. Castillo deposition at 109:4-7, 15-18; 110:9-13; 111:20-24; 112:6-9; 113:13-14; 141:20-25; 142:1-9.<br>Further Plaintiff was told by defendant Acklin that she had no other option, if she did not sign, she could lose her daughters permanently. Castillo deposition at97:13-25; 98:1; 99:1-4, 8-11, 21-24; 100:1-4.<br><br>Further, Acklin has testified that she does not know if she even told Plaintiff that the VPA could |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | be revoked. Acklin at 110:8-10.<br><br>Further disputed in that Defendant Espinoza has testified that she was under the impression that a VPA cannot be revoked and did not know a parent involved in a VPA can request to go to court. Espinoza at 133:17-25; 134:1-3.<br><br>In fact Defendant Espinoza herself was under the impression that a parent has no legal recourse to get their dhilcren back under a VPA other than completing the program.<br><br>Espinoza at 135:21-25 |
| 312. | Had Castillo revoked the VPA, the case would have proceeded to the Juvenile Court. | 312. | Plaintiff denies that this is undisputed. Plaintiff certainly did revoke the VPA by repeatedly demanding her children back. Castillo at 109:4-7, 15-18; 110:9-13; 111:20-24; 112:6-9; 113:13-14; 141:20-25; 142:1-9. Further, Acklin has testified that she does not know if she even told Plaintiff that the VPA could be revoked. Acklin at 110:8-10.<br><br>Further disputed in that Defendant Espinoza has testified that she was under the impression that a VPA cannot be revoked and did not know a parent involved in a VPA can request to |

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | go to court. Espinoza at 133:17-25; 134:1-3.<br><br>Plaintiff denies this.<br>Plaintiff was not informed in writing or verbally that she could not consent and not sign the documents. Plaintiff was told by Acklin that "in order to get your girls back you need to sign the voluntary placement agreement." Castillo at 97:13-25, 98:1, 99:1-4, 21-24. Plaintiff was told if she didn't sign the documents she could lose her children permanently. Castillo at 154:9-12.<br><br>Further disputed in that Defendant Espinoza was under the impression while being Plaintiff's case worker, that VPA could not be revoked. Espinoza at 133:17-22,25; 134:1-3.<br><br>Plaintiff denies that this is undisputed. Plaintiff had no idea what any of the documents were that she was told to sign at the TDM, or the implications of those documents. Castillo at 125:1-2. Plaintiff was told if she didn't sign the documents she could lose her children permanently. Castillo at 154:9-12. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | Further disputed in that Defendants Aguilar and Ward have no recollection of what Plaintiff, her family or any of the Defendants said at the October 12, 2012 TDM, and no recollection of anyone signing any documents, including the Child Welfare Services Initial Case Plan. Aguilar at 65:3-18, 15-22; 72:20-25, 73:1 Ward at 40:17-19, 41:13-15; 47:13-24; 48:1-4.<br><br>Plaintiff denies that this is undisputed.<br><br>Plaintiff did not willingly sign the documents at the TDM, she was told that if she did not sign the documents, things would go worse for her. Castillo at 124:1-10, 12-15. |
| 313. | Espinoza monitored the family until around August 21, 2013, when DCFS closed this case. | 313. | Undisputed. |
| 314. | Plaintiffs' FAC asserts a conclusory Monell Claim for violations of their First, Fourth and Fourteenth Amendment Rights. Even though the allegations are not remotely applicable based on the facts of this case, Plaintiffs allege that the County has "policies and practices" of: (1) detaining children without a warrant or exigent circumstances; (2) detaining | 314. | Defendant Acklin has admitted to submitting fabricated documents to court and that the October 4, 2012 VPA was never signed by Plaintiff. Thus, the Plaintiff's rights were violated.<br><br>Plaintiff denies that this is undisputed. Policy was not followed. No warrant was obtained in this case prior to |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | children without basis during dependency proceedings; (3) examining children without need; (4) using "trickery, duress, fabrication and/or false testimony or evidence, or failing to disclosure exculpatory evidence," in reports and court documents; (5) removing children solely on the basis of their disability or association; (6) inadequate training and/or failure to train employees; (7) a policy of authorizing or ratifying the inclusion of false statements and misrepresentation and/or exaggeration of allegations in reports to the Juvenile Court. (FAC ¶144(a)-(l)). | | detention. No consent of either parent or signed VPA was obtained from the date of detention up to October 12, 2012 – and there was never a detention hearing scheduled during that time.<br><br>In fact, defendant Acklin, knowing Plaintiff did not sign the VPA in 10/4/12. Represented to other defendants that plaintiff agreed.<br><br>Acklin at 50: 18-25, 51: 1; 129: 22-24; 130: 14-16; 134: 17-19; 137: 9-12; 165: 21-25; 166: 1; 181: 1-2, 25; 185: 1-6; 186: 23-25.<br><br>Plaintiffs deny that this is undisputed. Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that the documents referenced in this were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion. Further disputed in that Acklin has testified that Plaintiff signed no documents on October 4, 2012 Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17- |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | 25; 166:1; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19.<br><br>Plaintiff denies that this is undisputed. Further disputed in that Acklin told Plaintiff on October 4, 2012, that she would call Plaintiff the next day with her court date, however, Aklin called Plaintiff on October 5, 2012 and told her the court case was cancelled.<br><br>Castillo at 111:11-16; 112:6-9.<br><br>Acklin at 115:7-11; Castillo at 109:4-8.<br><br>Disputed. Plaintiff never agreed to a voluntary case on October 5, 2012. The documentation in the DCFS file indicating that Plaintiff signed the VPA on October 4, 2012 is admittedly a falsified document. On that same date, Plaintiff repeatedly begged Acklin not to take her children.<br><br>Acklin at 115:7-11; 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25<br><br>Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19; 109:4-8. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | Plaintiff denies this.<br>Plaintiff was not informed in writing or verbally that she could not consent and not sign the documents. Plaintiff was told by Acklin that "in order to get your girls back you need to sign the voluntary placement agreement." Castillo at 97:13-25, 98:1, 99:1-4, 21-24. Plaintiff was told if she didn't sign the documents she could lose her children permanently. Castillo at 154:9-12.<br>Further disputed in that Acklin has testified that she is not sure if she told Plaintiff that voluntary placement could be revoked. Acklin at 110:8-10.<br><br>Plaintiff denies that this is undisputed. Plaintiff had no idea what any of the documents were that she was told to sign at the TDM, or the implications of those documents. Castillo at 125:1-2. Plaintiff was told if she didn't sign the documents she could lose her children permanently. Castillo at 154:9-12.<br><br>Plaintiffs dispute that this is undisputed. This evidence is improperly included in Moving Party's Uncontroverted Facts as charges from said arrest have |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | been expunged pursuant to Penal Code section 1203.4.Further, Plaintiff was not on probation for a drug charge.<br><br>**Evidence**:<br>Castillo deposition at 34:21-24; 35:5-6.<br><br>Plaintiffs dispute this statement, which is entirely conclusory, without foundation. |
| 315. | In October 2012 the County had a policy regarding obtaining warrants. | 315. | Plaintiff disputes this in that Acklin has testified in her March 28, 2016 deposition, that she did not verify the veracity of documents listed in her declaration; and has "authenticated" documents she knew were false in her declaration in support of this motion; and that her declaration is incorrect, which was relied upon Luongo for her "authentication" of all Exhibits..<br><br>**Evidence**:<br>Acklin at 129: 22-24; 130: 14-16; 181: 1-2, 25; 185: 1-6; 186: 23-25. |
| 316. | Warrants were obtained to detain children unless there was exigency, consent or a court order. | 316. | Plaintiff denies that this is undisputed. Policy was not followed. No warrant was obtained in this case prior to detention. No consent of either parent or signed VPA was obtained from the date of |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | detention up to October 12, 2012 – and there was never a detention hearing scheduled during that time.<br><br>Acklin at 50:18-25, 51:1; 134:17-19; 137:9-12; 165:21-25; 166:1. |
| 317. | The County also had a practice in October 2012 that if a VPA is signed by the parents, the case does not proceed to court and a Detention Report is not necessary. | 317. | Plaintiff denies that this is undisputed. Policy was not followed. No warrant was obtained in this case prior to detention. No consent of either parent or signed VPA was obtained from the date of detention up to October 12, 2012 – and there was never a detention hearing scheduled during that time.<br><br>Acklin, knowing plaintiff did not sign the VPA or any docs on 10/4/12, represented to the other plaintiffs that it agreed to the VPA.<br><br>Acklin at 50:18-25, 51:1; 129: 22-24; 130: 14-16; 134:17-19; 137:9-12; 165:21-25; 166:1; 181: 1-25; 185: 1-6; 186: 23-25. |
| 318. | In October 2012, Acklin had been trained in obtaining warrants. | 318. | Plaintiff does not have sufficient information to either dispute or agree to this statement. However, it is undisputed that Acklin never obtained a warrant in this case. |
| 319. | Plaintiffs' FAC vaguely refers to 6 cases to support that the County/DCFS "has a pattern, | 319. | Plaintiff rights were violated.<br><br>Plaintiff denies that this is |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | practice and policy of violating the rights of families in dependency actions:" 1. Arce v. County of Los Angeles, et al., BC420124; 2. Evelyn Pena v. County of Los Angeles, et al. cv11-05038 GAP (AJWx); 3. Alondro Cole et al. v. County of Los Angeles, et al., cv10-5701 GHK (FFMx); 4. Sean Kooiari et al. v. County of Los Angeles, et al., cv06-0695 SJO; 5. Cheila Hen-era, et al. v. County of Los Angeles, et al., BC391052; and 6. Frank Marshall et al. v. County of Los Angles, et al., BC 391052. | | undisputed. Policy was not followed. No warrant was obtained in this case prior to detention. No consent of either parent or signed VPA was obtained from the date of detention up to October 12, 2012 – and there was never a detention hearing scheduled during that time.<br><br>In fact, defendant Acklin, knowing Plaintiff did not sign the VPA in 10/4/12. Represented to other defendants that plaintiff agreed.<br><br>Acklin at 50: 18-25, 51: 1; 129: 22-24; 130: 14-16; 134: 17-19; 137: 9-12; 165: 21-25; 166: 1; 181: 1-2, 25; 185: 1-6; 186: 23-25.<br><br>Plaintiffs deny that this is undisputed.<br>Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that the documents referenced in this were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion.<br>Further disputed in that Acklin |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | has testified that Plaintiff signed no documents on October 4, 2012 Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19.<br><br>Objection: several levels of hearsay: *see also* Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith.<br><br>Plaintiff denies that this is undisputed. Further disputed in that Acklin told Plaintiff on October 4, 2012, that she would call Plaintiff the next day with her court date, however, Aklin called Plaintiff on October 5, 2012 and told her the court case was cancelled.<br><br>Castillo at 111:11-16; 112:6-9.<br><br>Further disputed in that Plaintiff repeatedly begged Acklin not to take her children.<br><br>Acklin at 115:7-11; Castillo at 109:4-8.<br><br>Disputed. Plaintiff never agreed to a voluntary case on October 5, 2012. The documentation in the DCFS file indicating that Plaintiff |

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | signed the VPA on October 4, 2012 is admittedly a falsified document. On that same date, Plaintiff repeatedly begged Acklin not to take her children.<br><br>Acklin at 115:7-11; 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25<br><br>Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19; 109:4-8.<br><br>Plaintiff denies this.<br>Plaintiff was not informed in writing or verbally that she could not consent and not sign the documents. Plaintiff was told by Acklin that "in order to get your girls back you need to sign the voluntary placement agreement." Castillo at 97:13-25, 98:1, 99:1-4, 21-24. Plaintiff was told if she didn't sign the documents she could lose her children permanently. Castillo at 154:9-12. Further disputed in that Acklin has testified that she is not sure if she told Plaintiff that voluntary placement could be revoked. Acklin at 110:8-10.<br><br>Plaintiff denies that this is undisputed. Plaintiff had no idea what any of the documents were that she was told to sign at the |



LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS** | | **RESPONSE IN OPPOSITION** |
|---|---|---|---|
| | | | TDM, or the implications of those documents. Castillo at 125:1-2.<br><br>Plaintiff denies that this is undisputed. Plaintiff had no idea what any of the documents were that she was told to sign at the TDM, or the implications of those documents. Castillo at 125:1-2. Plaintiff was told if she didn't sign the documents she could lose her children permanently. Castillo at 154:9-12.<br><br>Further disputed in that Defendants Aguilar and Ward have no recollection of what Plaintiff, her family or any of the Defendants said at the October 12, 2012 TDM, and no recollection of anyone signing any documents, including the Child Welfare Services Initial Case Plan. Aguilar at 65:3-18, 15-22; 72:20-25, 73:1 Ward at 40:17-19, 41:13-15; 47:13-24; 48:1-4.<br><br>Plaintiff did not willingly sign the documents at the TDM, she was told that if she did not sign the documents, things would go worse for her. Castillo at 124:1-10, 12-15.<br><br>Plaintiffs dispute this statement, which is entirely conclusory, |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | | | without foundation. |
| 320. | The alleged "violations" are not specified and these cases do not relate to a voluntary placement as is the case here. Not one of these cases referred to by Plaintiffs resulted in a judgment against the County. | 320. | Placement number voluntary here forged documents, neither parents' consents and no detention hearing was set within 72 hours.<br><br>Plaintiff denies that this is undisputed. Policy was not followed. No warrant was obtained in this case prior to detention. No consent of either parent or signed VPA was obtained from the date of detention up to October 12, 2012 – and there was never a detention hearing scheduled during that time.<br><br>This was not a voluntary case. Plaintiff never signed a VPA on 10/4/12.<br><br>Acklin at 50: 18-25, 51:1; 129: 22-24; 130: 14-16; 134: 17-19; 137: 9-12; 165: 21-25; 166: 1; 181: 1-2, 25; 185: 1-6; 186: 23-25.<br><br>Further, defendants Exhibit I has been withdrawn and thus proves no VPA was signed on 10/4/12 and detention was not lawful. |
| 321. | Plaintiffs also refer to the contents of an April 2012 "County of Los Angeles Special Investigation Unit Report Regarding DCFS Recurring | 321. | Plaintiff disputes that this is undisputed. In fact, this is not a verifiable fact but constitutes legal argument that is |

| | MOVING PARTY'S ALLEGED UNDISPUTED MATERIAL FACTS | | RESPONSE IN OPPOSITION |
|---|---|---|---|
| | Systemic Issues," ("SUI Report") but the Report is irrelevant to Plaintiffs' consent case. | | inappropriate in a separate statement of purportedly undisputed material facts. |

## ISSUE IV. DEFENDANTS' CONTENTION: DEFENDANT COUNTY OF LOS ANGELES IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS' FIFTH CLAIM FOR RELIEF ALLEGED IN PLAINTIFFS' FIRST AMENDED COMPLAINT, BY ALL PLAINTIFFS, FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983- MONELL CLAIM

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| 322. | Ms. Castillo has a criminal and DCFS history. In 2007 Castillo was arrested with methamphetamine on her person and in possession of an unregistered handgun. | 322. | Plaintiffs dispute that this is undisputed. This evidence is improperly included in Moving Party's Uncontroverted Facts as charges from said arrest have been expunged pursuant to Penal Code section 1203.4.<br><br>**Evidence:**<br>Castillo deposition at 34:21-24.<br><br>Plaintiffs dispute this statement, which is entirely conclusory, without foundation. |
| 323. | At the time of the children's detention in October 2012, Castillo was on probation for a felony conviction of possession of a firearm. | 323. | Plaintiffs dispute that this is undisputed. Plaintiffs dispute that this is undisputed. This evidence is improperly included in Moving Party's Uncontroverted Facts as charges from said arrest have been expunged pursuant to Penal Code section 1203.4.<br><br>**Evidence:**<br>Castillo deposition at 34:21-24. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | | | Plaintiffs dispute this statement, which is entirely conclusory, without foundation. This evidence constitutes several levels of hearsay, is irrelevant to Plaintiffs' claims and unduly prejudicial. *See* Objections to and Motion to Strike Luongo Decl. filed herewith. |
| 324. | Castillo also had a prior DCFS history, which included a referral in 2011 related to suspected sexual abuse of L.V., by L.V. and M.V.'s father, Moises Villasano. | 324. | Plaintiffs dispute that this is undisputed. Plaintiff does not have a "history" with DCFS, rather Moises Villasano had an allegation against him that he kissed L.V., which was subsequently declared unfounded.<br><br>**Evidence**:<br>Castillo deposition at 36;1-3; 38 ; 6-14.<br><br>This evidence constitutes several levels of hearsay, is irrelevant to Plaintiffs' claims and unduly prejudicial. *See* Objections to and Motion to Strike Luongo Decl. filed herewith. |
| 325. | In addition, Castillo and Villasano had a tumultuous relationship that included a disturbing history of domestic violence. | 325. | Plaintiffs dispute that this is undisputed. There is no "disturbing history", there was one incident where Plaintiff and Mr. Villasano had a fight, no charges were filed and this was not brought up until the TDM. Disputed in that Acklin has |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S UNDISPUTED MATERIAL FACTS** | | **SUPPORTING EVIDENCE** |
|---|---|---|---|
| | | | admitted under oath that her declaration submitted in support of this motion contains false information.<br><br>**Evidence**:<br>Castillo deposition at 48:19-24; 50:3-7; 51:13-16.<br><br>March 28, 2016 deposition transcript of Defendant Acklin stating that she has knowingly submitted false documents to this court and testified incorrectly in her declaration in support of this motion. (Acklin Trans. at 129:22-24; 130:14-16; 181: 1-2; 185:1-6; 186: 23-25).<br><br>This evidence constitutes several levels of hearsay, is irrelevant to Plaintiffs' claims and unduly prejudicial. *See* Objections to and Motion to Strike Luongo Decl. filed herewith. |
| 326. | On October 2, 2012, Castillo placed her 3 month old child, M.V. in her bed to sleep. Castillo usually put M.V. to sleep in a playpen, but that evening, she placed him on his side in her full-size bed, with blankets and pillows in the bed. | 326. | Plaintiffs dispute that this is undisputed. Disputed in that there were no blankets or pillows anywhere near M.V.'s head.<br><br>**Evidence**:<br>Castillo deposition at 72:18-21.<br><br>Disputed in that Acklin has admitted under oath that her declaration submitted in support of this motion contains false |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S UNDISPUTED MATERIAL FACTS** | | **SUPPORTING EVIDENCE** |
|---|---|---|---|
| | | | information. Acklin Trans. at 129:22-24; 130:14-16; 181: 1-2; 185:1-6; 186: 23-25<br><br>Objection: several levels of hearsay: *see* Objections to and Motion to Strike Luongo Decl. filed herewith. |
| 327. | Between 8-9 p.m., M.V., was found unresponsive in his mother's bed, and taken to Brotman Hospital via ambulance where he was admitted around 9:43 p.m. with cardiac arrest. | 327. | Undisputed. |
| 328. | Brotman Hospital was unable to care for the infant's severe injuries, and he was transported to Cedars Sinai at approximately 1:30 a.m. on October 3, 2012. | 328. | Undisputed. |
| 329. | On October 4, 2012, DFCS received an immediate referral alleging general neglect of children M.V., B.U. and L.V. | 329. | Undisputed. |
| 330. | It was reported that in the evening on October 2, 2012, Plaintiff Castillo put 3-month old M.V. to bed. When Castillo went to check on M.V., she found him face-down on his stomach and unresponsive, and M.V. was brain dead from a lack of oxygen. | 330. | Plaintiffs dispute that this is undisputed as to "M.V. was brain dead from a lack of oxygen". At the time the referral was made – the medical staff did not know at that time if M.V. was brain dead. Even at the time of detention, no medical staff had informed Defendant Acklin that the M.V. had an injury.<br><br>**Evidence**:<br>Castillo deposition at 75:14-18. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S UNDISPUTED MATERIAL FACTS** | | **SUPPORTING EVIDENCE** |
|---|---|---|---|
| | | | Acklin Trans. at 61:23-25; 63:9-11.<br><br>Plaintiffs disputes this statement, which is entirely conclusory, without foundation. This evidence constitutes several levels of hearsay as well as improper expert opinion.<br><br>Objection: several levels of hearsay. *See* Objections to and Motion to Strike Luongo Decl. filed herewith. |
| 331. | The cause of injury was unknown, and it was unclear how the child was injured. M.V. had no broken bones or retinal hemorrhages. | 331. | Undisputed. |
| 332. | On the same day that the referral was made, October 4, 2012, the referral was assigned to Emergency Response Children's Social Worker ("ER CSW") Defendant Rihana Acklin for investigation. | 332. | Undisputed. |
| 333. | Ms. Acklin had over 9 years of experience as a CSW at the time of the referral. In her career, she has seen many babies who have had traumatic injuries and mothers with drug and other criminal-related histories. | 333. | Plaintiffs dispute that this is undisputed.<br><br>This is a misstatement of Acklin's declaration. Acklin stated "there were a lot of calls related to babies with traumatic brain injuries, drugs, and parents with criminal histories. Acklin does not say she herself has dealt with these cases.<br><br>**Evidence**: |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S UNDISPUTED MATERIAL FACTS** | | **SUPPORTING EVIDENCE** |
|---|---|---|---|
| | | | Acklin Dec. ¶3, p. 2, ln 18-19.<br><br>This evidence constitutes several levels of hearsay, is irrelevant to Plaintiffs' claims and unduly prejudicial. *See* Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith. |
| 334. | Acklin responded to Cedars Sinai Hospital, where M.V. was hospitalized with a Public Health Nurse, Miriam Kaman, where they met with Castillo. | 334. | Plaintiff agrees this is undisputed. |
| 335. | Castillo denied any abuse, and said that she was the primary caregiver of M.V. | 335. | Plaintiff agrees this is undisputed. |
| 336. | Castillo disclosed to Acklin that she was on probation and had been arrested for possession of methamphetamine in the past. Castillo told Acklin that she was in a court-ordered drug treatment program. | 336. | Plaintiffs dispute that this is undisputed. This evidence is improperly included in Moving Party's Uncontroverted Facts as charges from said arrest have been expunged pursuant to Penal Code section 1203.4.Further, Plaintiff was not on probation for a drug charge.<br><br>**Evidence:**<br>Castillo deposition at 34:21-24; 35:5-6.<br><br>Plaintiffs dispute this statement, which is entirely conclusory, without foundation. |
| 337. | Castillo also told Acklin that she a past history of domestic violence with M.V. and L.V.'s father. | 337. | Plaintiffs dispute that this is undisputed. There is no "history", there was one incident where |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | | | Plaintiff and Mr. Villasano had a fight, no charges were filed and this was not brought up until the TDM. Further, Acklin never verified whether or not the one incident actually occurred.<br><br>Disputed in that Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that falsified documents were relied upon.<br><br>**Evidence**:<br>Castillo deposition at 48:19-24; 50:3-7; 51:13-16. Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 181: 1-2; 185:1-6; 186: 23-25<br><br>This evidence constitutes several levels of hearsay, is irrelevant to Plaintiffs' claims and unduly prejudicial. *See* Objections to and Motion to Strike Luongo Decl. filed herewith. Plaintiffs dispute that this is undisputed. This evidence is improperly included in Moving Party's Uncontroverted Facts as charges from said arrest have been expunged pursuant to Penal Code section 1203.4.<br><br>**Evidence:**<br>Castillo deposition at 34:21-24. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| 338. | Castillo also had a past history of involvement with DCFS. There was a prior DCFS referral from June 22, 2011, which alleged emotional and sexual abuse of child B.U. and L.V. by L.V. and M.V.'s father, Moises Villasano ("Villasano"). | 338. | Plaintiffs dispute that this is undisputed. Plaintiff does not have a "history" with DCFS, rather Moises Villasano had an allegation against him that he kissed L.V., which was subsequently declared unfounded by DCFS. Disputed in that Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that falsified documents were relied upon.<br><br>**Evidence:**<br>Castillo deposition at 36; 1-3; 38 ; 6-14. Acklin at 129:22-24; 130:14-16; 181: 1-2; 185:1-6; 186: 23-25<br><br>This evidence constitutes several levels of hearsay, is irrelevant to Plaintiffs' claims and unduly prejudicial. *See* Objections to and Motion to Strike Luongo Decl. filed herewith. Objection: several levels of hearsay. *See* Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith. |
| 339. | Castillo said that the whereabouts of B.U.'s father were unknown. | 339. | Undisputed. |
| 340. | Given her experience in dealing with traumatic injuries to children working in an area that was crime-ridden and drug-infested (Vermont Corridor), Acklin was greatly | 340. | Plaintiffs dispute that this is undisputed.<br>This is a misstatement of Acklin's declaration. Acklin stated "there were a lot of calls |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S UNDISPUTED MATERIAL FACTS** | | **SUPPORTING EVIDENCE** |
|---|---|---|---|
| | concerned about the information disclosed by Castillo. | | related to babies with traumatic brain injuries, drugs, and parents with criminal histories. Acklin does not say she herself has dealt with these cases, or that she was concerned because of the "crime ridden, drug infested area." Further, all of the risk fields on the Safety Assessment filled out by Acklin are marked – "no" safety risk and the form states that Plaintiff cause no physical harm to M.V.. Acklin told Castillo that she was removing the children because she feared for their safety because of the coma M.V. was in.<br><br>**Evidence**:<br>Acklin at 125:19-25; 126:1-6; Acklin Dec. ¶3, p. 2, ln 18-19; Castillo deposition at 84:10-19.<br><br>Objection: several levels of hearsay. *See* Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith. |
| 341. | At the hospital on October 4, 2012, Acklin and PHN Kaman also interviewed with Liz Ruiz, the Charge Nurse, Dr. Zhudi, and Dr. Barron in intensive care. (Acklin Dec.- Det Report, p. 5). | 341. | Undisputed. |
| 342. | Dr. Zhudi reported that the mother checked on the child after 30 minutes and found him face down with formula and blood, and the | 342. | Undisputed. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | cause could be SIDS. | | |
| 343. | Dr. Barron said the child should have been able to lift his head or move to his side. | 343. | Plaintiffs dispute that this is undisputed.<br><br>Disputed in that the Doctors at Cedar-Sinai told Plaintiff that they did not know what had happened to M.V.. Further disputed in that Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that falsified documents were relied upon. Declaration contains false information which Luongo's declaration is based on.<br><br>**Evidence:**<br>Acklin Trans. 61:23-25; 36:9-11; 129:22-24; 130:14-16; 181: 1-2; 185:1-6; 186: 23-25<br><br>Objection: Plaintiffs dispute this statement, which is entirely conclusory, without foundation. This evidence constitutes several levels of hearsay. *See* Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith. |
| 344. | Doctors at Cedars Sinai expressed concern to Acklin that Castillo's time line between finding M.V. and his arrival at the hospital did not seem to add up, which caused Acklin concern. | 344. | Plaintiffs dispute that this is undisputed.<br>Disputed in that the Doctors at Cedar-Sinai told Plaintiff that they did not know what had happened to M.V.. Further |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S UNDISPUTED MATERIAL FACTS** | | **SUPPORTING EVIDENCE** |
|---|---|---|---|
| | | | disputed in that Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that falsified documents were relied upon.<br><br>**Evidence:**<br>Acklin Trans. 61:23-25; 36:9-11; 129:22-24; 130:14-16; 181: 1-2; 185:1-6; 186: 23-25<br><br>Objection: Plaintiffs dispute this statement, which is entirely conclusory, without foundation. This evidence constitutes several levels of hearsay. *See* Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith. |
| 345. | On October 5, 2012, Acklin also interviewed L.V. and M.V.'s father, Villasano. Villasano admitted to a past domestic violence altercation. | 345. | Plaintiffs dispute that this is undisputed.<br>Disputed in that Acklin never asked Moises Villasano if he consented to the detention of B.U. and L.V.. Further disputed in that Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that falsified documents were relied upon.<br><br>**Evidence:**<br>Acklin Trans. 50:18-25; 51:1; 61:23-25; 36:9-11; 129:22-24; 130:14-16; 181: 1-2; 185:1-6; |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | | | 186: 23-25<br><br>Objection: several levels of hearsay. *See* Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith. |
| 346. | Villasano said he got along with Castillo, but they were not in a relationship. | 346. | Undisputed. |
| 347. | Acklin reached out to Castillo's probation officer, Anthony Allen, on October 5, 2012, but did not hear back from Mr. Allen. | 347. | Plaintiffs dispute that this is undisputed.<br><br>This evidence is improperly included in Moving Party's Uncontroverted Facts as charges from said arrest have been expunged pursuant to Penal Code section 1203.4. Further the only evidence of this is from Acklin who has admitted to under oath that her declaration submitted in support of this motion contains falsehoods and that falsified documents were relied upon.<br><br>**Evidence:**<br>Castillo deposition at 34:21-24; Acklin Trans. at 129:22-24; 130:14-16; 181: 1-2; 185:1-6; 186: 23-25.<br><br>This evidence this statement, which is entirely conclusory, without foundation constitutes several levels of hearsay, is irrelevant to Plaintiffs' claims and unduly prejudicial. *See* |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | | | Objections to and Motion to Strike Luongo Decl. filed herewith. |
| 348. | Based on M.V.'s life-threatening and unexplained injury, Castillo's past drug, criminal, and domestic violence history, it appeared to Acklin children should be removed from the home pending an investigation. | 348. | Plaintiffs dispute that this is undisputed.<br><br>All of the risk fields on the Safety Assessment filled out by Acklin are marked – "no" and the safety risk form states that Plaintiff caused no physical harm to M.V.. Acklin told Castillo that she was removing the children because she feared for their safety because of the coma M.V. was in. Disputed in that the Doctors at Cedar-Sinai told Plaintiff that they did not know what had happened to M.V.. Further disputed in that Acklin has testified that at the time of her decision to detain, no one at the hospital had told her that M.V. had been injured.<br><br>Disputed in that Acklin told Plaintiff she was detaining her daughters because M.V. was in a coma; Castillo at 84:10-19. Further Disputed in that Acklin's declaration contains false information which Luongo's declaration is based on. Acklin Trans. at 129:22-24; 130:14-16; 181:1-2; 25; 185:1-6; 186:23-25 |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | | | **Evidence:**<br>Acklin at 61:23-25; 63:9-11; 125:19-25; 126:1-6; Acklin Dec. ¶3, p. 2, ln 18-19; Castillo deposition at 84:10-19; Castillo Decl. ¶ 23, pg 5, ln 18-26.<br><br>This evidence constitutes several levels of hearsay, is irrelevant to Plaintiffs' claims and unduly prejudicial. *See* Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith. |
| 349. | M.V. was an alleged victim of severe neglect by Plaintiff, and L.V. and B.U. were at risk. | 349. | Plaintiffs dispute that this is undisputed.<br><br>All of the risk fields on the Safety Assessment filled out by Acklin are marked – "no" and the safety risk form states that Plaintiff caused no physical harm to M.V.. Acklin told Castillo that she was removing the children because she feared for their safety because of the coma M.V. was in. Disputed in that the Doctors at Cedar-Sinai told Plaintiff that they did not know what had happened to M.V..Further disputed in that Acklin has testified that at the time of her decision to detain, no one at the hospital had told her that M.V. had been injured. Disputed in that Acklin testified that both B.U. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | | | and L.V. told her they were not abused by Plaintiff. Acklin at 65:25; 66:1-4.<br><br>Disputed in that Acklin told Plaintiff she was detaining her daughters because M.V. was in a coma; Castillo @84:10-19. Further Disputed in that Acklin's declaration contains false information which Luongo's declaration is based on. Acklin Trans. at 129:22-24; 130:14-16; 181:1-2; 25; 185:1-6; 186:23-25<br><br>**Evidence:**<br>Acklin at 61:23-25; 63:9-11; 125:19-25; 126:1-6; Acklin Dec. ¶3, p. 2, ln 18-19; Castillo deposition at 84:10-19; Castillo Decl. ¶ 23, pg 5, ln 18-26.<br><br>This evidence constitutes several levels of hearsay, is irrelevant to Plaintiffs' claims and unduly prejudicial. *See* Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith. Plaintiffs dispute that this is undisputed. |
| 350. | There was also an ongoing investigation by LAPD into M.V.'s injuries. (Castillo Depo., p. 134-135). | 350. | Undisputed. |
| 351. | Acklin thought family reunification under court supervision might be appropriate. | 351. | Plaintiff denies that this is undisputed. Plaintiff cannot possibly respond to this alleged |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | | | state of mind of Defendant Acklin. This statement consists entirely of a legal conclusion rather than a statement of material fact, as required under Local Rule 56-1, as such Plaintiffs cannot appropriately respond. |
| 352. | The DCFS records that are part of the Juvenile Case File in this case contain multiple forms signed by Plaintiff Lisa Castillo that are dated October 4, 2012. | 352. | Plaintiffs deny that this is undisputed.<br><br>Plaintiff signed no DCFS documents on 10/4/12. Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that the documents referenced in this were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion. Defendants have withdrawn the VPA of 10/4/12 and ¶s 9 and 21 of Acklin's declaration, thus no basis for this fact.<br>Further disputed in that Acklin has testified that Plaintiff signed no documents on October 4, 2012 Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19; Castillo decl. ¶28, Pg. 7: 9-11. |

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | | | Objection: several levels of hearsay: *see also* Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith. |
| 353. | There is a Consent to Release and Exchange Information dated October 4, 2012, which is signed by Plaintiff Castillo. | 353. | Plaintiffs deny that this is undisputed.<br><br>Plaintiff signed no DCFS documents on 10/4/12. Defendants have withdrawn the VPA of 10/4/12 and ¶s 9 and 21 of Acklin's declaration, thus no basis for this fact. Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that the documents referenced in this were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion. Further disputed in that Acklin has testified that Plaintiff signed no documents on October 4, 2012.<br><br>**Evidence**:<br>Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | | | Objection: several levels of hearsay: *see also* Objections to and Motion to Strike Luongo Decl. |
| 354. | There is a signed acknowledgment form of receipt of voluntary services. | 354. | Plaintiffs deny that this is undisputed.<br><br>Plaintiff signed no DCFS documents on 10/4/12. Defendants have withdrawn the VPA of 10/4/12 and ¶s 9 and 21 of Acklin's declaration, thus no basis for this fact. Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that the documents referenced in this were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion. Further disputed in that Acklin has testified that Plaintiff signed no documents, including the receipt of services form on October 4, 2012, rather it was signed on October 12, 2012.<br><br>**Evidence**:<br>Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 172:8-25; 173:1-7; 181: 1-2; 185:1-6; 186: 23-25; |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | | | Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19.<br><br>Objection: several levels of hearsay. *See also* Objections to and Motion to Strike Luongo Decl. |
| 355. | There is an acknowledgement of receipt of: (1) DCFS Civil Rights Information Form; (2) State of California Civil Rights Pub 13 Pamphlet; and (3) Americans with Disabilities (ADA Accommodations). | 355. | Plaintiffs deny that this is undisputed.<br><br>Plaintiff signed no DCFS documents on 10/4/12. Defendants have withdrawn the VPA of 10/4/12 and ¶s 9 and 21 of Acklin's declaration, thus no basis for this fact. Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that the documents referenced in this were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion. Further disputed in that Acklin has testified that Plaintiff signed no documents, including the Acknowledgment of Receipt on October 4, 2012, rather it was signed on October 12, 2012.<br><br>**Evidence**:<br>Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17- |

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | | | 25; 166:1; 172:8-25; 173:1-7; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 104:17-18,25; 105:1-2; 107:14-19.<br><br>Objection: several levels of hearsay. *See also* Objections to and Motion to Strike Luongo Decl. Decl. and Acklin Decl. filed herewith.. |
| 356. | The official DCFS records from the Juvenile Case File contain a "Voluntary Placement Agreement-Placement Request" ("VPA") signed by Plaintiff Castillo and Defendant Rihana Acklin, which is dated October 4, 2012. | 356. | Plaintiffs deny that this is undisputed.<br><br>Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that the documents referenced in this were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion. Further disputed in that Acklin has testified that Plaintiff did not sign the VPA on October 4, 2012, and that Acklin never even discussed VPA with Plaintiff on October 4, 2012. Plaintiff Castillo has testified that she did not sign the VPA on October 4, 2012.<br><br>**Evidence**:<br>Acklin at 107:11-16; 125:1; |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | | | 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19.<br><br>Plaintiff signed no DCFS documents on 10/4/12. Defendants have withdrawn the VPA of 10/4/12 and ¶s 9 and 21 of Acklin's declaration, thus no basis for this fact.<br><br>Objections to and Motion to Strike Luongo Decl. and Acklin |
| 357. | The VPA states "I give custody and control of my child to the county welfare department…to arrange for my child's care, supervision, custody, conduct, maintenance and support, including medical care." The VPA pertains to both B.U. and L.V., and gives custody to DCFS. The VPA states "I understand that voluntary placement is usually limited to six months, but sometimes six more months can be approved for a total period not to exceed twelve months." The VPA further states: "I understand I can withdraw this request or terminate this placement agreement at any time." | 357. | Plaintiffs deny that this is undisputed.<br>Plaintiff signed no DCFS documents on 10/4/12. Defendants have withdrawn the VPA of 10/4/12 and ¶s 9 and 21 of Acklin's declaration, thus no basis for this fact. Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that the documents referenced in this were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion.<br>Further disputed in that Acklin has testified that Plaintiff did not sign the VPA on October 4, 2012, |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | | | and that Acklin never even discussed VPA with Plaintiff on October 4, 2012. Plaintiff Castillo has testified that she did not sign the VPA on October 4, 2012.<br><br>**Evidence**:<br>Acklin at 107:11-16; 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19.<br><br>Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith.<br><br>Plaintiffs deny that this is undisputed.<br><br>Plaintiff signed no DCFS documents on 10/4/12. Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that the documents referenced in this were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion. Defendants have withdrawn the VPA of 10/4/12 and ¶s 9 and 21 |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | | | of Acklin's declaration, thus no basis for this fact.<br><br>Further disputed in that Acklin has testified that Plaintiff signed no documents on October 4, 2012 Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19; Castillo decl. ¶28, Pg. 7: 9-11.<br><br>Objection: several levels of hearsay.<br>*See also* Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith. |
| 358. | Plaintiff denies signing this form and claims she did not sign any such form until October 12, 2012. | 358. | Undisputed. |
| 359. | Castillo alleges that she signed the VPA on October 12, 2012, because she wanted her children to be placed with family and admits that she never revoked the VPA. | 359. | Plaintiff denies that this is undisputed. Plaintiff certainly did revoke the VPA by repeatedly demanding her children back. Castillo deposition at 109:4-7, 15-18; 110:9-13; 111:20-24; 112:6-9; 113:13-14; 141:20-25; 142:1-9.<br>Further Plaintiff was told by defendant Acklin that she had no other option, if she did not sign, she could lose her daughters permanently. Castillo deposition at97:13-25; 98:1; 99:1-4, 8-11, 21-24; 100:1-4. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| 360. | Late in the evening on October 4, 2012, Acklin removed B.U. and L.V. from Castillo's care. | 360. | Plaintiff agrees this is undisputed. |
| 361. | The children were at the hospital at the time, and Castillo's family and Villasano were also present. | 361. | Undisputed. |
| 362. | Acklin would have obtained approval for the removal from the supervisor on duty, and the Assistant Regional Administrator prior to taking the children into DCFS custody. | 362. | Plaintiffs dispute that this is undisputed.<br>Plaintiff cannot possibly respond to this allegation of what Defendant Acklin would have done. This statement consists entirely of a an irrelevant statement than a statement of material fact, as required under Local Rule 56-1, as such Plaintiffs cannot appropriately respond.<br><br>Further disputed in that Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that the documents referenced in this case were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion. Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 181: 1-2; 185:1-6; 186: 23-25<br><br>Objection: irrelevant; several levels of hearsay: *see* Objections |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | | | to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith. |
| 363. | Aguilar was Acklin's regular Supervising Children's Social Worker (SCSW), but Aguilar *was not on duty on October 4, 2012*, and was not the supervisor that Acklin consulted with that day regarding the removal. | 363. | Undisputed. |
| 364. | The children were in placement at a DCFS facility for one night before they were placed with Irma Villasano, L.V.'s maternal grandmother on October 5, 2012, which Castillo agreed with. | 364. | Disputed. The children were not placed together, they were in fact separated.<br><br>**Evidence**:<br>Castillo Dec. ¶29, pg. 7: 11-13; ¶31, pg.7: 14-17; Castillo deposition at 93:1-7. |
| 365. | On October 5, 2012, M.V. was pronounced dead. | 365. | Undisputed. |
| 366. | An autopsy was required to determine that cause of death, which could have been related to SIDS. | 366. | Undisputed. |
| 367. | As it was unclear the course this case would take, Acklin was required to prepare a Detention Report for her and Aguilar to sign within 24 hours, in the event the case proceeded to the Juvenile Court. | 367. | Plaintiff denies that this is undisputed. Acklin told Plaintiff on October 4, 2012, that she would call Plaintiff the next day with her court date, however, Aklin called Plaintiff on October 5, 2012 and told her the court date was cancelled.<br><br>Aguilar's decl. ¶5-8 refers to plaintiff signing the VPA on 10/4/12 – said VPA has been withdrawn by defendants, thus no |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | | | basis for this fact. Aguilar never saw plaintiff sign 10/4/12 VPA, he was told by someone she signed it. Aguilar at 38: 22-25; 39: 1-8; 44: 5-16.<br><br>Castillo at 111:11-16; 112:6-9.<br><br>Further disputed in that Plaintiff repeatedly begged Acklin not to take her children.<br><br>Acklin at 115:7-11; Castillo at 109:4-8. |
| 368. | However, on October 5, 2012, Acklin spoke with Ms. Castillo on the phone and explained to her that if she would agree to a voluntary placement, a court appearance could be avoided. | 368. | Plaintiff denies that this is undisputed. Acklin told Plaintiff on October 4, 2012, that she would call Plaintiff the next day with her court date, however, Aklin called Plaintiff on October 5, 2012 and told her the court case was cancelled. Plaintiff asked for her children back on 10/5/12.<br><br>Castillo at 111:11-16; 112:6-9.<br><br>Further disputed in that Plaintiff repeatedly begged Acklin not to take her children.<br><br>Castillo ¶38 pg. 6-10; Castillo ¶39 pg. 9: 11-18.<br><br>Acklin at 115:7-11; Castillo at 109:4-8. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S UNDISPUTED MATERIAL FACTS** | | **SUPPORTING EVIDENCE** |
|---|---|---|---|
| | | | Acklin never told plaintiff the VPA could be revoked. Acklin at 110: 8-10.<br><br>Aguilar's decl. ¶5-8 refers to plaintiff signing the VPA on 10/4/12 – said VPA has been withdrawn by defendants, thus no basis for this fact. Aguilar never saw plaintiff sign 10/4/12 VPA, he was told by someone she signed it. Aguilar at 38: 22-25; 39: 1-8; 44: 5-16.<br><br>Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that the documents referenced in this were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion. Further disputed in that Acklin has testified that Plaintiff signed no documents on October 4, 2012.<br><br>**Evidence**:<br>Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S UNDISPUTED MATERIAL FACTS** | | **SUPPORTING EVIDENCE** |
|---|---|---|---|
| 369. | Castillo agreed to do a voluntary case, and Acklin notified Erasmo Aguilar, her supervisor, so that he could withdraw the Detention Report. | 369. | Disputed. Plaintiff never agreed to a voluntary case on October 5, 2012. The documentation in the DCFS file indicating that Plaintiff signed the VPA on October 4, 2012 is admittedly a falsified document. On that same date, Plaintiff repeatedly begged Acklin not to take her children.<br><br>Aguilar's decl. ¶5-8 refers to plaintiff signing the VPA on 10/4/12 – said VPA has been withdrawn by defendants, thus no basis for this fact. Aguilar never saw plaintiff sign 10/4/12 VPA, he was told by someone she signed it. Aguilar at 38: 22-25; 39: 1-8; 44: 5-16.<br><br>Plaintiff decl. ¶38, pg.9: 6-10; ¶39, pg. 9: 11-18.<br><br>Acklin at 115:7-11; 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25<br><br>Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19; 109:4-8.<br><br>**Evidence**:<br>Castillo Dec. ¶37, p. 11, ln 2-4; ¶31, p. 9, ln 9-13. |
| 370. | As the VPA was signed by Castillo, this case never proceeded to the Juvenile Court and the | 370. | Plaintiffs deny that this is undisputed. Acklin has admitted under oath that her declaration |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | Detention Report was not filed. | | submitted in support of this motion contains false information and that the documents referenced in this were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion. Further disputed in that Acklin has testified that Plaintiff signed no documents on October 4, 2012 Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19.<br><br>Aguilar's decl. ¶5-8 refers to plaintiff signing the VPA on 10/4/12 – said VPA has been withdrawn by defendants, thus no basis for this fact. Aguilar never saw plaintiff sign 10/4/12 VPA, he was told by someone she signed it. Aguilar at 38: 22-25; 39: 1-8; 44: 5-16.<br><br>Plaintiff denies that this is undisputed. Further disputed in that Acklin told Plaintiff on October 4, 2012, that she would call Plaintiff the next day with her court date, however, Aklin called Plaintiff on October 5, 2012 and told her the court case was cancelled. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | | | Castillo at 111:11-16; 112:6-9.<br><br>Further disputed in that Plaintiff repeatedly begged Acklin not to take her children.<br><br>Acklin at 115:7-11; Castillo at 109:4-8.<br><br>Castillo at 87:2-3; 94:14-15; 95:9-25; 96:1; 107:14-19.<br><br>Plaintiff denies that this is undisputed. Plaintiff never signed the VPA on October 4, 2012. In fact Defendant Acklin has admitted that the October 4, 2012 VPA document in her DCFS file is fake.<br><br>10/4/12 VPA has been withdrawn by defendant and did not be relied upon as evidence.<br><br>Castillo ¶28, pg. 7: 9-11.<br><br>Acklin at 115:7-11; 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25<br><br>Further disputed in that Acklin told Plaintiff on October 5, 2012 that her Court date had been cancelled. Acklin at111:11-16; 112:6-9. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S UNDISPUTED MATERIAL FACTS** | | **SUPPORTING EVIDENCE** |
|---|---|---|---|
| | | | |
| 371. | It was County practice in October 2012 that where a parent signs a VPA, the matter does not proceed to the Juvenile Court. | 371. | Insufficient information to either dispute or agree to. |
| 372. | Accordingly, on October 8, 2012, pursuant to his conversation with Acklin, Aguilar pulled the Detention Report from being filed, and noted on the fax cover sheet "pulled VFR", evidencing Castillo's agreement to the VPA was the reason why the Detention Report was not filed. | 372. | Plaintiff denies that this is undisputed as Plaintiff signed no VPA agreement on October 4, 2012. In fact Defendant Acklin has admitted that the October 4, 2012 VPA document in her DCFS file is fake.<br><br>Plaintiff denies that this is undisputed. Plaintiff never signed the VPA on October 4, 2012. In fact Defendant Acklin has admitted that the October 4, 2012 VPA document in her DCFS file is fake.<br><br>Aguilar's decl. ¶5-8 refers to plaintiff signing the VPA on 10/4/12 – said VPA has been withdrawn by defendants, thus no basis for this fact. Aguilar never saw plaintiff sign 10/4/12 VPA, he was told by someone she signed it. Aguilar at 38: 22-25; 39: 1-8; 44: 5-16.<br><br>10/4/12 VPA has been withdrawn by defendant and did not be relied upon as evidence.<br><br>Castillo ¶28, pg. 7: 9-11. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S UNDISPUTED MATERIAL FACTS** | | **SUPPORTING EVIDENCE** |
|---|---|---|---|
| | | | Acklin at 115: 7-11; 125: 1; 126: 1-5; 129: 22-24; 130: 14-16; 163: 1-21; 165: 17-25; 166: 1; 181: 1-2; 185: 1-6; 186: 23-25<br><br>Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19; 109:4-8.<br><br>Further disputed in that Acklin told Plaintiff on October 5, 2012 that her Court date had been cancelled. Acklin at111:11-16; 112:6-9.<br><br>Acklin at 115:7-11; 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25<br><br>Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19; 109:4-8. |
| 373. | If Ms. Castillo had not agreed to the VPM by that time, the Detention Report would have been filed and a detention hearing would have been held. | 373. | Plaintiff denies this statement. Acklin told Plaintiff she had set a Court date for a detention hearing. Further, Plaintiff denies that this is undisputed as Plaintiff signed no VPA agreement on October 4, 2012. In fact Defendant Acklin has admitted that the October 4, 2012 VPA document in her DCFS file is fake. Further disputed in that Plaintiff had 3 conversations with Acklin prior to the October 12, TDM where she requested her daughters be returned to her. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | | | Castillo at 113:13-14.<br><br>Acklin at 115:7-11; 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25.<br><br>Castillo at 87: 2-3; 95: 9-25; 96: 1; 107: 14-19; 109: 4-8; 113: 13-14.<br><br>**Evidence**:<br>Castillo Dec. ¶37, p. 11, ln 2-4; ¶31, p. 9, ln 9-13.<br><br>Plaintiffs deny that this is undisputed. Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that the documents referenced in this were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion. Further disputed in that Acklin has testified that Plaintiff signed no documents on October 4, 2012 Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19.<br><br>Objection: several levels of |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S UNDISPUTED MATERIAL FACTS** | | **SUPPORTING EVIDENCE** |
|---|---|---|---|
| | | | hearsay: see also Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith.<br><br>Plaintiff denies that this is undisputed. Plaintiff never signed the VPA on October 4, 2012. In fact Defendant Acklin has admitted that the October 4, 2012 VPA document in her DCFS file is fake.<br><br>Aguilar's decl. ¶5-8 refers to plaintiff signing the VPA on 10/4/12 – said VPA has been withdrawn by defendants, thus no basis for this fact. Aguilar never saw plaintiff sign 10/4/12 VPA, he was told by someone she signed it. Aguilar at 38: 22-25; 39: 1-8; 44: 5-16.<br><br>10/4/12 VPA has been withdrawn by defendant and did not be relied upon as evidence.<br><br>Castillo ¶28, pg. 7: 9-11.<br><br>Further disputed in that Acklin told Plaintiff on October 5, 2012 that her Court date had been cancelled. Acklin at111:11-16; 112:6-9. |
| 374. | On October 12, 2012, a Team Decision Meeting ("TDM") was held to determine how the case | 374. | Undisputed. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | would proceed. | | |
| 375. | The TDM on October 12, 2012 was facilitated by Defendant CSW Norma Ward. | 375. | Undisputed. |
| 376. | Ward's role is to act as a neutral third party to the meeting, in order to assist DCFS and the family participating in the meeting in reaching agreements about the case. | 376. | Plaintiffs deny that this is undisputed. Plaintiff's attorney was told he had to leave as he was not allowed to attend the TCM.<br><br>Castillo at 116:4-17; 117:9-14; 118:6-7, 10-12.<br><br>Further disputed in that Defendant Ward told Plaintiffs' attorney he could not be present, that he had to leave the building.<br><br>Plaintiff was informed by Acklin and Ward that she did not need an attorney. Castillo at 118:6-7, 10-12. Acklin has testified that she is unsure of the County's policy regarding exclusion of a party's attorney from a TDM. Acklin at 101:6-13; 117:19-20; Ward deposition at 23:18-25; 24:1-4, 34:18-20.<br><br>Further disputed in that Ward testified that she did not call County counsel when she saw that Plaintiff's attorney was present. Ward at 38:2-4 Ward did not call county counsel as she claims "the family wanted to |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | | | proceed without attorneys present", but cannot recall who told her that. Ward at 38:5-7; 39:1-18. Plaintiff's attorney was told he had to leave as he was not allowed to attend the TCM. Castillo at 116:4-17; 117:9-14; 118:6-7, 10-12.<br><br>Ward at 23:18-25; 24:1-4 Castillo at 116:14-17; 117:9-14, 25; 118:16-7 |
| 377. | Ward does not make decisions regarding the placement, or take any party's side during the meeting. | 377. | Plaintiffs deny that this is undisputed. Plaintiff's attorney was told he had to leave as he was not allowed to attend the TDM.<br><br>Castillo at 116:4-17; 117:9-14; 118:6-7, 10-12.<br><br>Plaintiff was informed by Acklin and Ward that she did not need an attorney. Castillo at 118:6-7, 10-12. Acklin has testified that she is unsure of the County's policy regarding exclusion of a party's attorney from a TDM. Acklin at 101:6-13; 117:19-20; Ward deposition at 23:18-25; 24:1-4, 34:18-20. |
| 378. | Ward was not consulted, nor did she suggest how the case should proceed or participate in the decisions regarding placement in this case. | 378. | Plaintiff disputes that this is undisputed. Despite her self-serving claims otherwise, Ward was in no way "a neutral third party" or "facilitator" in that she |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | | | was another DCFS social worker aligned with Defendants' interests. |
| 379. | Facilitating the TDM, was the extent of Ward's involvement in this case. | 379. | Plaintiffs deny that this is undisputed. Plaintiff's attorney was told he had to leave as he was not allowed to attend the TDM.<br><br>Castillo at 116:4-17; 117:9-14; 118:6-7, 10-12.<br><br>Further disputed in that Defendant Ward told Plaintiffs' attorney he could not be present, that he had to leave the building.<br><br>Plaintiff was informed by Acklin and Ward that she did not need an attorney. Castillo at 118:6-7, 10-12. Acklin has testified that she is unsure of the County's policy regarding exclusion of a party's attorney from a TDM. Acklin at 101:6-13; 117:19-20; Ward deposition at 23:18-25; 24:1-4, 34:18-20.<br><br>Ward at 23:18-25; 24:1-4 Castillo at 116:14-17; 117:9-14, 25; 118:16-7 |
| 380. | Plaintiff Castillo's attorney, William Becker, Esq. appeared at DCFS for the TDM meeting that day. | 380. | Undisputed. |
| 381. | Since a TDM is a family proceeding, and not a legal | 381. | Plaintiffs deny that this is undisputed. Plaintiff's attorney |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S UNDISPUTED MATERIAL FACTS** | | **SUPPORTING EVIDENCE** |
|---|---|---|---|
| | proceeding, counsel for the parents and for DCFS do not generally attend, and Mr. Becker was asked to leave the meeting. | | was told he had to leave as he was not allowed to attend the TCM.<br><br>Castillo at 116:4-17; 117:9-14; 118:6-7, 10-12.<br><br>Becker decl. ¶4, pg. 2: 23-28; Castillo decl. ¶46, pg. 10: 13-20.<br><br>Further disputed in that Defendant Ward told Plaintiffs' attorney he could not be present, that he had to leave the building.<br><br>Plaintiff was informed by Acklin and Ward that she did not need an attorney. Castillo at 118:6-7, 10-12. Acklin has testified that she is unsure of the County's policy regarding exclusion of a party's attorney from a TDM. Acklin at 101:6-13; 117:19-20; Ward deposition at 23:18-25; 24:1-4, 34:18-20. |
| 382. | Castillo did not express any issue with her counsel not being present in the TDM, and the meeting moved forward without any issue. | 382. | Plaintiffs deny that this is undisputed. Ward has testified that she cannot remember anything Plaintiff said about the issue with her attorney at the TDM. Ward at 34:18-20; 36:9-13; 47:13-24. Defendant Aguilar has testified that he does not recall anything about Plaintiff's attorney at the TDM, even though his decl. says otherwise. Aguilar deposition at 60:12-25; 61:1-8; |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S UNDISPUTED MATERIAL FACTS** | | **SUPPORTING EVIDENCE** |
|---|---|---|---|
| | | | 64:6-11; 54: 14-22; 56: 2-6. Plaintiff denies this. Plaintiff demanded her attorney be present and her attorney was told he was not allowed into the meeting and that he had to leave the building. Castillo at 117:25, 118:1, 118:10-12. Plaintiff was informed by Acklin and Ward that she did not need an attorney. Castillo at 118:6-7, 10-12.<br><br>Further disputed in that Aguilar testified that ¶11 of his decl. is not based in his own personal knowledge. Aguilar 56: 2-6; 61-22-25; 62: 1-4.<br><br>**Evidence**:<br>Castillo Dec. ¶46, p. 10, 13-20. |
| 383. | Had Castillo insisted that her counsel be present, the meeting would have been rescheduled so that County counsel could also attend. | 383. | Plaintiff denies this.<br>Plaintiff demanded her attorney be present and her attorney was told he was not allowed and he had to leave, Plaintiff was not told he could be present if the meeting was rescheduled so county counsel could attend. Ward at 23:15-17; 23:18-25; 24:1-4. Further disputed in that Ward testified that she did not call County counsel when she saw that Plaintiff's attorney was present. Ward at 38:2-4 Ward did not call county counsel as she claims "the family wanted to proceed without attorneys |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | | | present", but cannot recall who told her that. Ward at 38:5-7; 39:1-18. Plaintiff's attorney was told he had to leave as he was not allowed to attend the TCM. Castillo at 116:4-17; 117:9-14; 118:6-7, 10-12.<br><br>Becker decl. ¶4, pg. 2: 23-28; Castillo decl. ¶46, pg. 10: 13-20. |
| 384. | Castillo also could have left the meeting at any time to consult with her attorney, and no one said he had to leave the building during the TDM. | 384. | Plaintiffs deny that this is undisputed. Plaintiff's attorney was told he had to leave as he was not allowed to attend the TCM. Further, no one informed the Plaintiff that she had a right to consult with her attorney or that she could step out of the meeting to talk to him.<br><br>Castillo at 150:25; 151:1-13; 116:4-17; 117:9-14; 118:6-7, 10-12.<br><br>Plaintiff demanded her attorney be present and her attorney was told he was not allowed and he had to leave, Plaintiff was not told he could be present if the meeting was rescheduled so county counsel could attend. Ward at 23:15-17; 23:18-25; 24:1-4.<br><br>Becker decl. ¶4, pg. 2: 23-28; Castillo decl. ¶46, pg. 10: 13-20. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | | | Further disputed in that Defendant Ward told Plaintiffs' attorney he could not be present, that he had to leave the building.<br><br>Castillo at 118:6-7, 10-12. Acklin has testified that she is unsure of the County's policy regarding exclusion of a party's attorney from a TDM.<br><br>Acklin at 101:6-13; 117:19-20; Ward deposition at 23:18-25; 24:1-4, 34:18-20.<br><br>Castillo Dec. ¶45, p. 13, ln 1-9; ¶46, p. 13, ln 10-13. |
| 385. | At no time did Aguilar, Acklin, Ward, nor anyone representing DCFS, tell Castillo's attorney that he had to leave the building or that he could not consult with Castillo. | 385. | Plaintiffs deny that this is undisputed. Plaintiff's attorney was told he had to leave as he was not allowed to attend the TCM. Further disputed in that Defendant Ward told Plaintiffs' attorney he could not be present, that he had to leave the building. Plaintiff was informed by Acklin and Ward that she did not need an attorney.<br>Castillo at 116:4-17; 117:9-14; 118:6-7, 10-12; Ward deposition at 23:18-25; 24:1-4, 38:2-4,7; 47:13-24.<br><br>Becker decl. ¶4, pg. 2: 23-28; Castillo decl. ¶46, pg. 10: 13-20.<br><br>Acklin has testified that she is |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | | | unsure of the County's policy regarding exclusion of a party's attorney from a TDM.<br>Acklin at 101:6-13; 117:19-20.<br><br>**Evidence**:<br>Castillo Dec. ¶45, p. 13, ln 1-9; ¶46, p. 13, ln 10-13. |
| 386. | Defendants Acklin and Aguilar, CSW Erika Price, and Department of Mental Health employee Lana Adrian Easterly were all present at the TDM that day. | 386. | Undisputed. |
| 387. | Castillo was present, along with several members of her family, including her mother, Lydia Castillo, brother, Douglas Castillo, maternal aunt to B.U. and L.V., Diana Lopez, Georgina Castillo (maternal aunt). | 387. | Undisputed. |
| 388. | M.V. and L.V.'s father, Villasano, paternal grandmother Irma Villasano, and paternal grandfather Ramiro Villasano, were also all present. | 388. | Undisputed. |
| 389. | A Safety Plan is in the Juvenile Case file, signed by all present at the TDM on October 12, 2012, including Castillo and Moises Villasano, (except for Ward, who is not a participant). | 389. | Plaintiff denies that this is undisputed.<br><br>Plaintiff did not willingly sign the documents at the TDM, she was told that if she did not sign the documents, things would go worse for her. Castillo at 124:1-10, 12-15.<br><br>Plaintiff denies that this is undisputed. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S UNDISPUTED MATERIAL FACTS** | | **SUPPORTING EVIDENCE** |
|---|---|---|---|
| | | | Plaintiff did not willingly sign the documents at the TDM, she was told that if she did not sign the documents, things would go worse for her. Castillo at 124:1-10, 12-15.<br><br>Further disputed in that Defendants Aguilar and Ward have no recollection of what Plaintiff, her family or any of the defendants said at the October 12, 2012 TDM.<br><br>Aguilar at 65:3-18, 15-22; Ward at 41:13-15; 47:13-24; 48:1-4. |
| 390. | At the TDM the Case Plan was agreed upon, specifically, that: (1) the children would continue to reside with paternal grandmother for L.V. (later changed to mother's cousin Diana Padilla); (2) that Castillo and Villasno would participate in individual counseling, domestic violence, grief counseling (Castillo), and parenting classes; (3) Castillo would complete substance abuse awareness class; (4) that the minors would be assessed by DMH and receive services; (5) that requested changes would go to the court; and (6) that Gina Castillo (maternal uncle's wife) would be live-scanned for approval to transport the children and supervise visitation. | 390. | Plaintiff denies that this is undisputed.<br><br>Plaintiff did not willingly sign the documents at the TDM, she was told that if she did not sign the documents, things would go worse for her. Castillo at 124:1-10, 12-15.<br><br>Further disputed in that Defendants Aguilar and Ward have no recollection of what Plaintiff, her family or any of the defendants said at the October 12, 2012 TDM. Aguilar at 65:3-18, 15-22; 72: 20-25; 73: 1; Ward at 41:13-15; 47:13-24; 48:1-4. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S UNDISPUTED MATERIAL FACTS** | | **SUPPORTING EVIDENCE** |
|---|---|---|---|
| 391. | Castillo was informed that the Coroner's Report would need to be obtained to determine the cause of M.V.'s death. | 391. | Plaintiff disputes this in that that Acklin has testified in her March 28, 2016 deposition, that she did not verify the veracity of documents listed in her declaration; and has "authenticated" documents she knew were false in her declaration in support of this motion; and that her declaration is incorrect. Luongo bases her declaration on Acklin's and on documents prepared by Acklin.<br><br>**Evidence**:<br>Acklin at 129: 22-24; 130: 14-16; 181: 1-2, 25; 185: 1-6; 186: 23-25. |
| 392. | Castillo was also informed that the children would be in placement pending LAPD's investigation. | 392. | Plaintiff disputes this in that that Acklin has testified in her March 28, 2016 deposition, that she did not verify the veracity of documents listed in her declaration; and has "authenticated" documents she knew were false in her declaration in support of this motion; and that her declaration is incorrect. Luongo bases her declaration on Acklin's and on documents prepared by Acklin.<br><br>**Evidence**:<br>Acklin at 129: 22-24; 130: 14-16; 181: 1-2, 25; 185: 1-6; 186: 23-25. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| 393. | The estimated completion of the plan was April 12, 2013. | 393. | Plaintiff denies that this is undisputed. Plaintiff was told no date for completion, rather she was told her children would be in placement until the autopsy report was completed. Castillo at 124:1-10. |
| 394. | A Child Welfare Services Initial Case Plan- Voluntary Case Plan Family Assessment ("Case Plan") was signed by Castillo, Villasano, Acklin and Aguilar at the TDM on October 12, 2012. | 394. | Plaintiff denies that this is undisputed. Plaintiff had no idea what any of the documents were that she was told to sign at the TDM, or the implications of those documents. Castillo at 125:1-2. Plaintiff was told if she didn't sign the documents she could lose her children permanently. Castillo at 154:9-12.<br><br>Further disputed in that Defendants Aguilar and Ward have no recollection of what Plaintiff, her family or any of the Defendants said at the October 12, 2012 TDM, and no recollection of anyone signing any documents, including the Child Welfare Services Initial Case Plan. Aguilar at 65:3-18, 15-22; 72:20-25, 73:1 Ward at 40:17-19, 41:13-15; 47:13-24; 48:1-4. |
| 395. | The Case Plan Goal was for B.U. and L.V. to be returned home by April 12, 2013. | 395. | Plaintiff denies that this is undisputed. Plaintiff was told no date for completion, rather she was told her children would be in placement until the autopsy |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | | | report was completed. Castillo at 124:1-10. |
| 396. | The Case Plan states "[p]arents were willing to sign the Voluntary Family Reunitcat[ion] Plan." | 396. | Plaintiff denies that this is undisputed.<br><br>Plaintiff did not willingly sign the documents at the TDM, she was told that if she did not sign the documents, things would go worse for her. Castillo at 124:1-10, 12-15.<br><br>Further disputed in that Defendants Aguilar and Ward have no recollection of what Plaintiff, her family or any of the defendants said at the October 12, 2012 TDM. Aguilar at 65:3-18, 15-22; Ward at 41:13-15; 47:13-24; 48:1-4.<br><br>**Evidence**:<br>Castillo Dec. ¶ 51; pg 14, ln 26-28; ¶ 55, p. 15, ln 22-27.<br><br>Plaintiff denies that this is undisputed. Plaintiff had no idea what any of the documents were that she was told to sign at the TDM, or the implications of those documents. Castillo at 125:1-2. Plaintiff was told if she didn't sign the documents she could lose her children permanently. Castillo at 154:9-12. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| 397. | The Case Plan provided for "[m]onitored visitation with parents 3 hours per week or more per the caregiver's discretion." | 397. | Undisputed. |
| 398. | The Case Plan set for the parents' responsibilities in the Safety Plan (parenting classes, grief counseling, etc.) and provided that a CSW would visit the family monthly to assess the family's compliance with the Case Plan. | 398. | Plaintiff denies that this is undisputed.<br><br>Plaintiff did not willingly sign the documents at the TDM, she was told that if she did not sign the documents, things would go worse for her. Castillo at 124:1-10, 12-15.<br><br>Further disputed in that Defendants Aguilar and Ward have no recollection of what Plaintiff, her family or any of the defendants said at the October 12, 2012 TDM. Aguilar at 65:3-18, 15-22; Ward at 41:13-15; 47:13-24; 48:1-4.<br>Plaintiff further disputes this as Plaintiff had no idea what any of the documents were that she was told to sign at the TDM, or the implications of those documents. Castillo at 125:1-2. Plaintiff was told if she didn't sign the documents she could lose her children permanently. Castillo at 154:9-12.<br><br>Further disputed in that Defendants Aguilar and Ward have no recollection of what Plaintiff, her family or any of the |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S UNDISPUTED MATERIAL FACTS** | | **SUPPORTING EVIDENCE** |
|---|---|---|---|
| | | | Defendants said at the October 12, 2012 TDM, and no recollection of anyone signing any documents. Aguilar at 65:3-18, 15-22; 72:20-25, 73:1 Ward at 40:17-19, 41:13-15; 47:13-24; 48:1-4. |
| 399. | If Castillo did not consent to the VPA, Safety Plan or Case Plan, she could have refused to sign these documents. | 399. | Plaintiff denies this.<br>Plaintiff was not informed in writing or verbally that she could not consent and not sign the documents. Plaintiff was told by Acklin that "in order to get your girls back you need to sign the voluntary placement agreement." Castillo at 97:13-25, 98:1, 99:1-4, 21-24. Plaintiff was told if she didn't sign the documents she could lose her children permanently. Castillo at 154:9-12.<br>Further disputed in that Acklin has testified that she is not sure if she told Plaintiff that voluntary placement could be revoked. Acklin at 110:8-10.<br><br>Plaintiff denies that this is undisputed. Plaintiff had no idea what any of the documents were that she was told to sign at the TDM, or the implications of those documents. Castillo at 125:1-2. |
| 400. | Castillo also could have revoked the VPA at any time. | 400. | Plaintiff denies this.<br>Plaintiff was not informed in writing or verbally that she could |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S UNDISPUTED MATERIAL FACTS** | | **SUPPORTING EVIDENCE** |
|---|---|---|---|
| | | | not consent and not sign the documents. Plaintiff was told by Acklin that "in order to get your girls back you need to sign the voluntary placement agreement." Castillo at 97:13-25, 98:1, 99:1-4, 21-24. Plaintiff was told if she didn't sign the documents she could lose her children permanently. Castillo at 154:9-12.<br><br>Further disputed in that Acklin has testified that she is not sure if she told Plaintiff that voluntary placement could be revoked. Acklin at 110:8-10.<br><br>Further disputed in that Defendant Espinoza was under the impression while being Plaintiff's case worker, that VPA could not be revoked. Espinoza at 133:17-22,25; 134:1-3.<br><br>Plaintiff denies that this is undisputed. Plaintiff had no idea what any of the documents were that she was told to sign at the TDM, or the implications of those documents. Castillo at 125:1-2.<br><br>Further disputed in that Defendants Aguilar and Ward have no recollection of what Plaintiff, her family or any of the |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S UNDISPUTED MATERIAL FACTS** | | **SUPPORTING EVIDENCE** |
|---|---|---|---|
| | | | Defendants said at the October 12, 2012 TDM, and no recollection of anyone signing any documents, including the Child Welfare Services Initial Case Plan. Aguilar at 65:3-18, 15-22; 72:20-25, 73:1 Ward at 40:17-19, 41:13-15; 47:13-24; 48:1-4.<br><br>Plaintiff denies that this is undisputed.<br><br>Plaintiff did not willingly sign the documents at the TDM, she was told that if she did not sign the documents, things would go worse for her. Castillo at 124:1-10, 12-15.<br><br>Plaintiffs dispute that this is undisputed. This evidence is improperly included in Moving Party's Uncontroverted Facts as charges from said arrest have been expunged pursuant to Penal Code section 1203.4.Further, Plaintiff was not on probation for a drug charge.<br><br>**Evidence**:<br>Castillo deposition at 34:21-24; 35:5-6.<br><br>Plaintiffs dispute this statement, which is entirely conclusory, |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | | | without foundation. |
| 401. | At no time did Aguilar, Acklin or any other person call Castillo a drug addict, or tell her that if she did not agree to the VPA her children would be placed in foster care. | 401. | Plaintiff denies that this is Undisputed. Plaintiff denies this. Plaintiff was accused in front of her daughters of being a criminal and a drug addict. Castillo at 120:5-8, 13-15; 160:15-17.<br><br>Castello decl. ¶50: pg. 11: 7-17.<br><br>Further disputed in that Espinoza was under the impression that Plaintiff had a history of using drugs. Espinoza at 70:18-19. Further disputed in that Plaintiff was by Acklin that "in order to get your girls back you need to sign the voluntary placement agreement."<br><br>Castillo at 97:13-25, 98:1, 99:1-4, 21-24; 100:1-4. Plaintiff was told if she didn't sign the documents she could lose her children permanently. Castillo at 154:9-12. |
| 402. | At no time did Acklin, nor anyone else, threaten Castillo that her kids would be taken to foster parents if she did not agree to the case plan, nor was Castillo ever told she was not entitled to consult her lawyer before the case plan was executed. | 402. | Plaintiff denies that this is Undisputed, in that Plaintiff was by Acklin that "in order to get your girls back you need to sign the voluntary placement agreement."<br><br>Castillo at 97:13-25, 98:1, 99:1-4, 21-24; 100:1-4. Plaintiff was told if she didn't sign the documents she could lose her children |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | | | permanently. Castillo at 154:9-12.<br><br>Plaintiff's attorney was told he had to leave as he was not allowed to attend the TDM.<br><br>Castillo at 116:4-17; 117:9-14; 118:6-7, 10-12.<br><br>Becker decl ¶4, pg. 2: 23-28; Castello decl. ¶46, pg. 10: 13-20.<br><br>Further disputed in that Defendant Ward told Plaintiffs' attorney he could not be present, that he had to leave the building. Ward deposition at 23:18-25; 24:1-4, 34:18-20.<br>Further Plaintiff was told she did not need an attorney. Castillo at 118:6-7, 10-12. Acklin has testified that she is unsure of the County's policy regarding exclusion of a party's attorney from a TDM.<br>Acklin at 101:6-13; 117:19-20. |
| 403. | On or about October 16, 2012, based on the terms of the case plan, the children were placed with Castillo's cousin, Diana Padilla. | 403. | Undisputed. |
| 404. | Castillo and the children were agreeable to the placement with Padilla. | 404. | Plaintiff denies this.<br>Plaintiff was not informed in writing or verbally that she could not consent and not sign the documents. Plaintiff was told by Acklin that "in order to get your |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S UNDISPUTED MATERIAL FACTS** | | **SUPPORTING EVIDENCE** |
|---|---|---|---|
| | | | girls back you need to sign the voluntary placement agreement." Castillo at 97:13-25, 98:1, 99:1-4, 21-24. Plaintiff was told if she didn't sign the documents she could lose her children permanently. Castillo at 154:9-12.<br>Further disputed in that Acklin has testified that she is not sure if she told Plaintiff that voluntary placement could be revoked. Acklin at 110:8-10.<br><br>Plaintiff denies that this is Undisputed, in that Plaintiff was not agreeable to placement, in fact she repeatedly asked Acklin for her children back. Further disputed in that Plaintiff had 3 conversations with Acklin prior to the October 12, TDM where she requested her daughters be returned to her. Castillo at 113:13-14.<br><br>Castillo at 97:13-25, 98:1, 99:1-4, 21-24; 100:1-4. Plaintiff was told if she didn't sign the documents she could lose her children permanently. Castillo at 154:9-12. |
| 405. | On or about October 18, 2012, after the children were placed with Padilla, Continuing Services CSW Defendant Virginia Espinoza was assigned to the case. | 405. | Undisputed. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| 406. | Defendants Acklin and Aguilar were not involved with the case after it was assigned to Continuing Services. | 406. | Plaintiff does not have sufficient information to either dispute or agree to this statement. |
| 407. | Espinoza's role was to visit with the family monthly and monitor compliance with the Case Plan, including the parents' classes and grief counseling. | 407. | Plaintiff does not have sufficient information to either dispute or agree to this statement. |
| 408. | Espinoza also monitored the case for the final Coroner's Report for M.V., and for the LAPD's completion of their investigation. | 408. | Plaintiff does not have sufficient information to either dispute or agree to this statement. |
| 409. | Espinoza had no involvement with the detention, nor was she consulted about whether the kids should have been detained. | 409. | Plaintiff does not have sufficient information to either dispute or agree to this statement. |
| 410. | Espinoza understood that Castillo consented to the VPA and Case Plan. | 410. | Espinoza knew Plaintiff always calling her wanting her children back and coming to the DCFS office.<br><br>Espinoza at 85:17-25; 86:6-10; 89:2-15.<br><br>Plaintiff told Espinoza she wanted her girls back numerous times.<br><br>Castillo decl. ¶57, pg. 12: 22-28, pg. 13: 1-3; ¶58, pg. 13: 4-6; ¶60, pg. 13: 14-19. |
| 411. | From October 18, 2012 through May 9, 2013, Espinoza monitored the case, visiting and maintaining contact the family at least once a month. | 411. | Espinoza did not go to the plaintiff's home to meet with Plaintiff.<br><br>Espinoza at 89: 2-5. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| 412. | Castillo saw the children during the entire time they were with her cousin, Diana Padilla. | 412. | Plaintiff saw children at supervised visitation.<br><br>Espinoza at 88: 10-12.<br>Castello at 165: 8-20. |
| 413. | On February 27, 2012, Castillo had still not completed her parenting and domestic violence classes, but the family was in grief counseling. | 413. | Undisputed. |
| 414. | The DCFS records contain a copy of the Coroner's Report dated March 6, 2013, stating the cause of M.V.'s death was unknown. | 414. | Plaintiff gave Espinoza copy of Dr. Tovar autopsy report in February 2013<br><br>Espinoza at 90:7-19<br>Castello decl. ¶65, pg. 14: 10-19. |
| 415. | The autopsy states the official cause of death was "Undetermined." | 415. | Undisputed. |
| 416. | On March 29, 2012, Plaintiff Castillo told Espinoza that she had completed her domestic violence classes, but had not yet obtained a certificate, and had not completed her parenting class. | 416. | Undisputed. |
| 417. | In April 2013, LAPD closed its investigation into the case. | 417. | Undisputed. |
| 418. | On April 11, 2013, Moises provided Espinoza with the completion of his parenting and domestic violence classes. | 418. | Undisputed. |
| 419. | On April 17, 2013, Espinoza requested to schedule a TDM, and on April 19, 2013, a TDM was scheduled for May 9, 2013, with the goal of returning the children at that time. | 419. | Undisputed. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| 420. | On April 30, 2012, Castillo's probation officer confirmed that all her drug tests were negative and that she was in compliance with her probation; this information had been requested in early March 2013. | 420. | Undisputed. |
| 421. | A TDM was held on May 9, 2013, with the goal of returning B.U. and L.V. to Castillo's care. | 421. | Undisputed. |
| 422. | Espinoza and her supervisor, SCSW Christina Alfaro were present for DCFS. | 422. | Undisputed. |
| 423. | Castillo, Diana Lopez, Castillo's therapist, Martha Castillo (no relation), Lydia Castillo, and B.U. were all present. The TDM was facilitated by TDM Facilitator Gilbert Salazar. | 423. | Undisputed. |
| 424. | Martha Castillo reported the family had made progress in counseling, and there were no concerns with the children being returned. | 424. | Undisputed. |
| 425. | At the TDM, Castillo provided her completion and certificates for the parenting classes, grief and loss classes, domestic violence classes and the drug program. The family was compliant with the Case Plan. At the TDM it was determined that the children would be returned to Castillo's care, the mother and children would continue in grief counseling, and Espinoza would continue to monitor the case. | 425. | Undisputed. |
| 426. | At the TDM it was determined that the children would be returned to | 426. | Undisputed. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S UNDISPUTED MATERIAL FACTS** | | **SUPPORTING EVIDENCE** |
|---|---|---|---|
| | Castillo's care, the mother and children would continue in grief counseling, and Espinoza would continue to monitor the case. | | |
| 427. | The family was compliant with the Case Plan. | 427. | Undisputed. |
| 428. | At the TDM it was determined that the children would be returned to Castillo's care, the mother and children would continue in grief counseling, and Espinoza would continue to monitor the case. | 428. | Undisputed. |
| 429. | Castillo *did not revoke the VPA at any time during the time that the children were in custody*. | 429. | Plaintiffs deny that this is undisputed.<br><br>Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that the documents referenced in this were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion. Further disputed in that Acklin has testified that Plaintiff signed no documents on October 4, 2012 Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19.<br><br>Plaintiff denies that this is undisputed. Plaintiff certainly did |

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | | | revoke the VPA by repeatedly demanding her children back. Castillo deposition at 109:4-7, 15-18; 110:9-13; 111:20-24; 112:6-9; 113:13-14; 141:20-25; 142:1-9.<br><br>Further Plaintiff was told by defendant Acklin that she had no other option, if she did not sign, she could lose her daughters permanently. Castillo deposition at97:13-25; 98:1; 99:1-4, 8-11, 21-24; 100:1-4.<br><br>Further, Acklin has testified that she does not know if she even told Plaintiff that the VPA could be revoked. Acklin at 110:8-10.<br><br>Further disputed in that Defendant Espinoza has testified that she was under the impression that a VPA cannot be revoked and did not know a parent involved in a VPA can request to go to court. Espinoza at 133:17-25; 134:1-3.<br><br>In fact Defendant Espinoza herself was under the impression that a parent has no legal recourse to get their dhilcren back under a VPA other than completing the program.<br><br>Espinoza at 135:21-25 |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| 430. | Had Castillo revoked the VPA, the case would have proceeded to the Juvenile Court. | 430. | Plaintiff denies that this is undisputed. Plaintiff certainly did revoke the VPA by repeatedly demanding her children back.<br><br>Castillo at 109:4-7, 15-18; 110:9-13; 111:20-24; 112:6-9; 113:13-14; 141:20-25; 142:1-9.<br><br>Further, Acklin has testified that she does not know if she even told Plaintiff that the VPA could be revoked. Acklin at 110:8-10. Further disputed in that Defendant Espinoza has testified that she was under the impression that a VPA cannot be revoked and did not know a parent involved in a VPA can request to go to court. Espinoza at 133:17-25; 134:1-3.<br><br>Plaintiff denies this.<br>Plaintiff was not informed in writing or verbally that she could not consent and not sign the documents. Plaintiff was told by Acklin that "in order to get your girls back you need to sign the voluntary placement agreement." Castillo at 97:13-25, 98:1, 99:1-4, 21-24. Plaintiff was told if she didn't sign the documents she could lose her children permanently. Castillo at 154:9-12. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | | | Further disputed in that Acklin has testified that she is not sure if she told Plaintiff that voluntary placement could be revoked. Acklin at 110:8-10.<br><br>Plaintiff denies that this is undisputed. Plaintiff had no idea what any of the documents were that she was told to sign at the TDM, or the implications of those documents. Castillo at 125:1-2. Plaintiff was told if she didn't sign the documents she could lose her children permanently. Castillo at 154:9-12.<br><br>Further disputed in that Defendants Aguilar and Ward have no recollection of what Plaintiff, her family or any of the Defendants said at the October 12, 2012 TDM, and no recollection of anyone signing any documents, including the Child Welfare Services Initial Case Plan. Aguilar at 65:3-18, 15-22; 72:20-25, 73:1 Ward at 40:17-19, 41:13-15; 47:13-24; 48:1-4.<br><br>Plaintiff denies that this is undisputed.<br><br>Plaintiff did not willingly sign the documents at the TDM, she was |

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | | | told that if she did not sign the documents, things would go worse for her. Castillo at 124:1-10, 12-15. |
| 431. | Espinoza monitored the family until around August 21, 2013, when DCFS closed this case. | 431. | Undisputed. |
| 432. | Plaintiffs' FAC asserts a conclusory Monell Claim for violations of their First, Fourth and Fourteenth Amendment Rights. Even though the allegations are not remotely applicable based on the facts of this case, Plaintiffs allege that the County has "policies and practices" of: (1) detaining children without a warrant or exigent circumstances; (2) detaining children without basis during dependency proceedings; (3) examining children without need; (4) using "trickery, duress, fabrication and/or false testimony or evidence, or failing to disclosure exculpatory evidence," in reports and court documents; (5) removing children solely on the basis of their disability or association; (6) inadequate training and/or failure to train employees; (7) a policy of authorizing or ratifying the inclusion of false statements and misrepresentation and/or exaggeration of allegations in reports to the Juvenile Court. (FAC ¶144(a)-(l)). | 432. | Defendant Acklin has admitted to submitting fabricated documents to court and that the October 4, 2012 VPA was never signed by Plaintiff. Thus, the Plaintiff's rights were violated.<br><br>Plaintiff denies that this is undisputed. Policy was not followed. No warrant was obtained in this case prior to detention. No consent of either parent or signed VPA was obtained from the date of detention up to October 12, 2012 – and there was never a detention hearing scheduled during that time.<br><br>In fact, defendant Acklin, knowing Plaintiff did not sign the VPA in 10/4/12. Represented to other defendants that plaintiff agreed.<br><br>Acklin at 50: 18-25, 51: 1; 129: 22-24; 130: 14-16; 134: 17-19; 137: 9-12; 165: 21-25; 166: 1; 181: 1-2, 25; 185: 1-6; 186: 23-25. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S UNDISPUTED MATERIAL FACTS** | | **SUPPORTING EVIDENCE** |
|---|---|---|---|
| | | | Plaintiffs deny that this is undisputed.<br><br>Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that the documents referenced in this were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion. Further disputed in that Acklin has testified that Plaintiff signed no documents on October 4, 2012 Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19.<br><br>Plaintiff denies that this is undisputed. Further disputed in that Acklin told Plaintiff on October 4, 2012, that she would call Plaintiff the next day with her court date, however, Aklin called Plaintiff on October 5, 2012 and told her the court case was cancelled.<br><br>Castillo at 111:11-16; 112:6-9.<br><br>Acklin at 115:7-11; Castillo at |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | | | 109:4-8.<br><br>Disputed. Plaintiff never agreed to a voluntary case on October 5, 2012. The documentation in the DCFS file indicating that Plaintiff signed the VPA on October 4, 2012 is admittedly a falsified document. On that same date, Plaintiff repeatedly begged Acklin not to take her children.<br><br>Acklin at 115:7-11; 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25<br><br>Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19; 109:4-8.<br><br>Plaintiff denies this.<br>Plaintiff was not informed in writing or verbally that she could not consent and not sign the documents. Plaintiff was told by Acklin that "in order to get your girls back you need to sign the voluntary placement agreement." Castillo at 97:13-25, 98:1, 99:1-4, 21-24. Plaintiff was told if she didn't sign the documents she could lose her children permanently. Castillo at 154:9-12.<br><br>Further disputed in that Acklin has testified that she is not sure if |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | | | she told Plaintiff that voluntary placement could be revoked. Acklin at 110:8-10.<br><br>Plaintiff denies that this is undisputed. Plaintiff had no idea what any of the documents were that she was told to sign at the TDM, or the implications of those documents. Castillo at 125:1-2. Plaintiff was told if she didn't sign the documents she could lose her children permanently. Castillo at 154:9-12.<br><br>Plaintiffs dispute that this is undisputed. This evidence is improperly included in Moving Party's Uncontroverted Facts as charges from said arrest have been expunged pursuant to Penal Code section 1203.4.Further, Plaintiff was not on probation for a drug charge.<br><br>**Evidence**:<br>Castillo deposition at 34:21-24; 35:5-6.<br><br>Plaintiffs dispute this statement, which is entirely conclusory, without foundation. |
| 433. | In October 2012 the County had a policy regarding obtaining warrants. | 433. | Plaintiff disputes this in that Acklin has testified in her March 28, 2016 deposition, that she did not verify the veracity of |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | | | documents listed in her declaration; and has "authenticated" documents she knew were false in her declaration in support of this motion; and that her declaration is incorrect, which was relied upon by Luongo for her "authentication" of all Exhibits..<br><br>**Evidence**:<br>Acklin at 129: 22-24; 130: 14-16; 181: 1-2, 25; 185: 1-6; 186: 23-25. |
| 434. | Warrants were obtained to detain children unless there was exigency, consent or a court order. | 434. | Plaintiff denies that this is undisputed. Policy was not followed. No warrant was obtained in this case prior to detention. No consent of either parent or signed VPA was obtained from the date of detention up to October 12, 2012 – and there was never a detention hearing scheduled during that time.<br>Acklin at 50:18-25, 51:1; 134:17-19; 137:9-12; 165:21-25; 166:1. |
| 435. | The County also had a practice in October 2012 that if a VPA is signed by the parents, the case does not proceed to court and a Detention Report is not necessary. | 435. | Plaintiff denies that this is undisputed. Policy was not followed. No warrant was obtained in this case prior to detention. No consent of either parent or signed VPA was obtained from the date of detention up to October 12, 2012 – and there was never a detention hearing scheduled |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | | | during that time.<br>Acklin at 50:18-25, 51:1; 129: 22-24; 130: 14-16; 134:17-19; 137:9-12; 165:21-25; 166:1; 181:1-25; 185: 1-6; 186: 23-25.<br><br>Acklin, knowing plaintiff did not sign the VPA or any document or 10/4/12. Represent to the other defendants that plaintiff agreed to the VPA. |
| 436. | In October 2012, Acklin had been trained in obtaining warrants. | 436. | Plaintiff does not have sufficient information to either dispute or agree to this statement. However, it is undisputed that Acklin never obtained a warrant in this case. |
| 437. | Plaintiffs' FAC vaguely refers to 6 cases to support that the County/DCFS "has a pattern, practice and policy of violating the rights of families in dependency actions:" 1. Arce v. County of Los Angeles, et al., BC420124; 2. Evelyn Pena v. County of Los Angeles, et al. cv11-05038 GAP (AJWx); 3. Alondro Cole et al. v. County of Los Angeles, et al., cv10-5701 GHK (FFMx); 4. Sean Kooiari et al. v. County of Los Angeles, et al., cv06-0695 SJO; 5. Cheila Hen-era, et al. v. County of Los Angeles, et al., BC391052; and 6. Frank Marshall et al. v. County of Los Angles, et al., BC 391052. | 437. | Plaintiff rights were violated.<br><br>Plaintiff denies that this is undisputed. Policy was not followed. No warrant was obtained in this case prior to detention. No consent of either parent or signed VPA was obtained from the date of detention up to October 12, 2012 – and there was never a detention hearing scheduled during that time.<br><br>In fact, defendant Acklin, knowing Plaintiff did not sign the VPA in 10/4/12. Represented to other defendants that plaintiff agreed.<br><br>Acklin at 50: 18-25, 51: 1; 129: |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S UNDISPUTED MATERIAL FACTS** | | **SUPPORTING EVIDENCE** |
|---|---|---|---|
| | | | 22-24; 130: 14-16; 134: 17-19; 137: 9-12; 165: 21-25; 166: 1; 181: 1-2, 25; 185: 1-6; 186: 23-25.<br><br>Plaintiffs deny that this is undisputed.<br><br>Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that the documents referenced in this were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion. Further disputed in that Acklin has testified that Plaintiff signed no documents on October 4, 2012 Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19.<br><br>Objection: several levels of hearsay: *see also* Objections to and Motion to Strike Luongo Decl. and Acklin Decl. filed herewith.<br><br>Plaintiff denies that this is undisputed. Further disputed in that Acklin told Plaintiff on |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | | | October 4, 2012, that she would call Plaintiff the next day with her court date, however, Aklin called Plaintiff on October 5, 2012 and told her the court case was cancelled.<br><br>Castillo at 111:11-16; 112:6-9.<br><br>Further disputed in that Plaintiff repeatedly begged Acklin not to take her children.<br><br>Acklin at 115:7-11; Castillo at 109:4-8.<br><br>Disputed. Plaintiff never agreed to a voluntary case on October 5, 2012. The documentation in the DCFS file indicating that Plaintiff signed the VPA on October 4, 2012 is admittedly a falsified document. On that same date, Plaintiff repeatedly begged Acklin not to take her children.<br><br>Acklin at 115:7-11; 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25<br><br>Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19; 109:4-8.<br><br>Plaintiff denies this.<br>Plaintiff was not informed in writing or verbally that she could |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | | | not consent and not sign the documents. Plaintiff was told by Acklin that "in order to get your girls back you need to sign the voluntary placement agreement." Castillo at 97:13-25, 98:1, 99:1-4, 21-24. Plaintiff was told if she didn't sign the documents she could lose her children permanently. Castillo at 154:9-12. Further disputed in that Acklin has testified that she is not sure if she told Plaintiff that voluntary placement could be revoked. Acklin at 110:8-10.<br><br>Plaintiff denies that this is undisputed. Plaintiff had no idea what any of the documents were that she was told to sign at the TDM, or the implications of those documents. Castillo at 125:1-2.<br><br>Plaintiff denies that this is undisputed. Plaintiff had no idea what any of the documents were that she was told to sign at the TDM, or the implications of those documents. Castillo at 125:1-2. Plaintiff was told if she didn't sign the documents she could lose her children permanently. Castillo at 154:9-12.<br><br>Further disputed in that Defendants Aguilar and Ward have no recollection of what |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | | | Plaintiff, her family or any of the Defendants said at the October 12, 2012 TDM, and no recollection of anyone signing any documents, including the Child Welfare Services Initial Case Plan. Aguilar at 65:3-18, 15-22; 72:20-25, 73:1 Ward at 40:17-19, 41:13-15; 47:13-24; 48:1-4.<br><br>Plaintiff did not willingly sign the documents at the TDM, she was told that if she did not sign the documents, things would go worse for her. Castillo at 124:1-10, 12-15.<br><br>Plaintiffs dispute this statement, which is entirely conclusory, without foundation. |
| 438. | The alleged "violations" are not specified and these cases do not relate to a voluntary placement as is the case here. Not one of these cases referred to by Plaintiffs resulted in a judgment against the County. | 438. | Placement number voluntary here forged documents, neither parents' consents and no detention hearing was set within 72 hours.<br><br>Plaintiff denies that this is undisputed. Policy was not followed. No warrant was obtained in this case prior to detention. No consent of either parent or signed VPA was obtained from the date of detention up to October 12, 2012 – and there was never a detention hearing scheduled during that |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | | | time.<br><br>This was not a voluntary case. Plaintiff never signed a VPA on 10/4/12.<br><br>Acklin at 50: 18-25, 51:1; 129: 22-24; 130: 14-16; 134: 17-19; 137: 9-12; 165: 21-25; 166: 1; 181: 1-2, 25; 185: 1-6; 186: 23-25.<br><br>Further, defendants Exhibit I has been withdrawn and thus proves no VPA was signed on 10/4/12 and detention was not lawful. |
| 439. | Plaintiffs also refer to the contents of an April 2012 "County of Los Angeles Special Investigation Unit Report Regarding DCFS Recurring Systemic Issues," ("SUI Report") but the Report is irrelevant to Plaintiffs' consent case. | 439. | Disputed. The recurring systemic issues of Defendant are highly relevant to Plaintiffs' *Monell* claims. |

Opposing party also contends that the following other material facts are in dispute:

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| 1. | On June 27, 2012, around 4:35 p.m., Plaintiff's son Moises Junior was born. About a month and a half later, baby Moises started vomiting forcefully after each bottle of milk. Plaintiff called his doctor and they changed his formula. However, he | 440. | Declaration of Lisa Castillo filed herewith ("Castillo Decl."), ¶ 2. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | continued to vomit. | | |
| 2. | Plaintiff took the baby to Children's Hospital and they diagnosed him with pyloric stenosis, which is a blockage of the digestive tract that can cause a baby to vomit forcefully and often. He was then sent into surgery to treat the pyloric stenosis. | 441. | Castillo Decl., ¶ 3. |
| 3. | On October 2, 2012, after picking up the girls from school, Plaintiffs went straight home. Plaintiff put her son on the swing and he started crying because he wanted Plaintiff to continue carrying him. Every time Plaintiff would put him down he would cry. He started acting fussy. Plaintiff didn't know what was wrong with him. All he wanted was for Plaintiff to carry him. | 442. | Castillo Decl., ¶ 4. |
| 4. | Later that evening Plaintiff's mom arrived home from work. She asked if she could take him to the living room. Plaintiff's mom and her brother Edwin were taking care of the baby. Later Plaintiff's mom brought her the baby and told Plaintiff he was still crying and seemed uncomfortable. Plaintiff still remembers her mom telling her, "he smells like milk by his neck." | 443. | Castillo Decl., ¶ 5. |
| 5. | Plaintiff decided to bathe him. Plaintiff prepared his tub, started bathing him and was talking to him. He was happy that Plaintiff was bathing him. He made eye contact with Plaintiff as he was giggling and smiling. | 444. | Castillo Decl., ¶ 6. |

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| 6. | After his bath, Plaintiff brought him to the room and changed him into his pajamas. Plaintiff prepared a bottle of formula for him. Plaintiff burped him and then rocked him to sleep. After he fell asleep, Plaintiff put him down on her bed. Plaintiff was there with him for a few minutes. | 445. | Castillo Decl., ¶ 7; Castillo deposition at 72:18-21. |
| 7. | Plaintiff was really hungry so she went to the kitchen to prepare herself a salad. While Plaintiff was in the kitchen, her mom was bathing her 3-year old Liana. Plaintiff's mom said when she went to the room to change Liana after the bath, she saw the baby sleeping. She changed Liana and brought her out of the room. | 446. | Castillo Decl., ¶ 8. |
| 8. | At the meantime, Plaintiff prepared her salad and ate at the dinner table with her 13-year old daughter Bianca and her niece Michelle Castillo. Plaintiff's brother Edwin was in the living room watching television. | 447. | Castillo Decl., ¶ 9. |
| 9. | When Plaintiff finished her salad, she went to her room to check on her son. She doesn't recall what time it was or how long it took for her to go back. What Plaintiff does recall was making her salad, eating at the dinner table, and as soon as she was done, going to the room to check on the baby. | 448. | Castillo Decl., ¶ 10. |
| 10. | As Plaintiff walked in the room she saw the baby facing down, so she rushed towards him and picked him up. Plaintiff saw light pinkish blood coming from his nose and saliva with light milk coming from his | 449. | Castillo Decl., ¶ 11. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | mouth. When Plaintiff picked him up, he was not stiff or solid, and he was pale. He didn't feel the same. | | |
| 11. | Plaintiff yelled out for her mom to come to help. Plaintiff was yelling hysterically crying, "call 911, call 911." Plaintiff's brother started doing CPR for the baby. The paramedics took him into the ambulance and took him to the Brotman Hospital. | 450. | Castillo Decl., ¶ 12. |
| 12. | Later, Plaintiff was told that her son should have been taken to Children's Hospital or Cedars Sinai. Apparently, Plaintiff's son needed a ventilator machine and Brotman Hospital did not have a ventilator machine for him, so they were using a manual ventilator. | 451. | Castillo Decl., ¶ 13. |
| 13. | Finally, Children's Hospital's medical team arrived at Brotman Hospital. Plaintiff was told by one of Children's Hospital staff that they were trying to stabilize him to transport him to Cedars Sinai, because Cedars Sinai had the equipment he needed and they had a bed for him ready. | 452. | Castillo Decl., ¶ 14. |
| 14. | After Plaintiffs arrived at Cedars Sinai, Dr. Joel Barron immediately started to treat Plaintiff's son. Plaintiff was asked to step out of the room. Plaintiff waited outside his room till Dr. Barron notified her it was okay to come back in. | 453. | Castillo Decl., ¶ 15; Castillo deposition at 75:14-18.. |
| 15. | Dr. Barron asked Plaintiff what happened. Plaintiff explained to him, "he started being fussy late in the | 454. | Castillo Decl., ¶ 16. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | evening, and I bathed him, rocked him to sleep, and laid him on my bed. As I went to eat my salad, after I went to check on him, he was face down with pinkish blood coming out of his nose, and saliva with light milk coming from his mouth." Dr. Barron told Plaintiff her son was in a very critical condition. | | |
| 16. | Later that day the hospital social worker, Lisa Sitzman, came to talk to Plaintiff. She wanted to know what happened. Again, Plaintiff explained to her what happened. After explaining to her what happened, she told Plaintiff the Department of Children and Family Services would come later this afternoon to talk to her. She said, "this is a hospital protocol," Plaintiff had nothing to worry about, and if they had any questions they could talk to her or the doctors treating the baby. | 455. | Castillo Decl., ¶ 17. |
| 17. | On Wednesday, October 3, 2012, later that afternoon, Plaintiff got another visit from Lisa Sitzman, who stopped by to see Plaintiff's son and see how Plaintiff was doing. She also gave Plaintiff a doctor's note for Bianca's school. She said if the social workers from the DCFS came, please have them call her or speak to the doctors. | 456. | Castillo Decl., ¶ 18. |
| 18. | In that afternoon, at approximately 5:00 p.m., Rihana Acklin from the Department of Children and Family Services came into Plaintiff's son's | 457. | Castillo Decl., ¶ 19. |

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | room with another worker who was not introduced to Plaintiff. Acklin got a chair and said she needed to ask Plaintiff a few questions. She first started with what happened at Plaintiff's house with her son. Again, Plaintiff told her what happened. She then asked Plaintiff who had custody of her daughters. Plaintiff told her Bianca is from a different dad who lives in Las Vegas and Plaintiff has always had custody of her. As for Liana, Plaintiff told Acklin Plaintiff had physical and legal custody and that Plaintiff did have a court order. Acklin asked, "Where is her dad now, Moises Villasano?" Plaintiff told her that she hadn't heard from him since Plaintiff's son's birth. Moises Villasano was present at his birth, and that was the last time Plaintiffs saw him. About a month after the baby's birth was the last time that Plaintiffs spoke to him. | | |
| 19. | Acklin asked Plaintiff for her son's medical history and the baby's father's involvement in his life. Plaintiff told Acklin the baby had surgery for pyloric stenosis. Plaintiff's baby's father was not present at the hospital but he would call to see how the baby was doing. Plaintiff told Acklin she had not had any contact with the father, nor had he tried to have any contact with his children for about a month after her son's birth. Rihana asked Plaintiff if she had a criminal record, Plaintiff | 458. | Castillo Decl., ¶ 20. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | told her she did. Plaintiff disclosed her background and provided her probation officer, Deputy Anthony Allen's name and phone number. | | |
| 20. | Rihana Acklin told Plaintiff it was imperative that she speak to the father. She even had the medical staff at the hospital call him on his cell phone. She then told Plaintiff she was going to wait until he arrived at the hospital so she could speak to him. Plaintiff said okay, that is fine. She then left Plaintiff's son's room. Plaintiff stayed in her son's room by his bedside. Plaintiff did not know where Acklin went or what her plans were. | 459. | Castillo Decl., ¶ 21. |
| 21. | However, Bianca told Plaintiff that Rihana pulled her to the side and took her into a room. When Bianca sat down, Rihana told her, "how would you feel being put in a foster home?" Bianca told her, "I don't want to go to a foster home, I'd feel sad." All Rihana said was, okay, thank you. From what Plaintiff was told by Bianca and Liana, Rihanna also spoke to Liana without informing Plaintiff or asking for her permission. She spoke to both of Plaintiff's girls without informing her or asking for her permission. | 460. | Castillo Decl., ¶ 22. |
| 22. | Acklin admitted she entered Plaintiff's home, knowing Plaintiff was not home, without a warrant and without Plaintiff's consent. | 461. | Davis Decl., ¶ 11; Exhibit "B", p. 85:14-25, p. 86:1-11, 86:20-25. |
| 23. | When Acklin went to Plaintiff's home, she inspected the home for | 462. | Davis Decl., ¶ 14; Exhibit "B", p. 90, ll. 15-19. |



LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | less than 10 minutes and took no photographs. | | |
| 24. | At around 11:00 p.m. that day, Rihana went into Plaintiff's son's room and told Plaintiff she needed to talk to Moises and her together. As Plaintiff walked in, Acklin and Moises were sitting. Plaintiff remained standing. She told Plaintiff, "I have decided to take your kids away from you." Plaintiff asked her, "why?" She replied, "because your son is dead." Plaintiff then responded, "my son is not dead, he is in a coma." Her response was "oh well, whatever (shrugged her shoulders). I am removing your kids from your home." Plaintiff asked Rihana; "on what grounds are you taking my kids?" she said she feared for Plaintiff's girls' safety because of the condition her son was in. She said she needed to make sure Plaintiff had nothing to do with her son being in a coma. | 463. | Acklin at 61:23-25; 63:9-11; 125:19-25; 126:1-6; Acklin Dec. ¶3, p. 2, ln 18-19; Castillo deposition at 84:10-19; Castillo Decl. ¶ 23, pg 5, ln 18-26.<br><br>All of the risk fields on the Safety Assessment filled out by Acklin are marked – "no" and the safety risk form states that Plaintiff caused no physical harm to M.V. Acklin told Castillo that she was removing the children because she feared for their safety because of the coma M.V. was in. Acklin has testified that at the time of her decision to detain, no one at the hospital had told her that M.V. had been injured. Acklin testified that both B.U. and L.V. told her they were not abused by Plaintiff. Acklin at 65:25; 66:1-4. |
| 25. | Plaintiff asked her "have you talked to the doctors?" She said "yes I did." Plaintiff stepped out of the room to talk to the nurses and Dr. Muhhamed Zuhdi. Dr. Zuhdi said "I have spoken to her and she said she has made her decision." The medical staff told Acklin that there was no sign of neglect or abuse on Plaintiff's son. In fact, the nurses told her "she has a very supportive family, you removing her kids from her will be | 464. | Castillo Decl., ¶ 24; Acklin at 61:23-25; 63:9-11; 125:19-25; 126:1-6; Acklin Dec. ¶3, p. 2, ln 18-19; Castillo deposition at 84:10-19. |

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | too much for her to handle." | | |
| 26. | Plaintiff went back to the room and asked Rihana, "Why are you taking them when you have medical professionals telling you there is no sign of child abuse or neglect?" Plaintiff asked her if she could speak to her supervisor and requested his name. She refused to give Plaintiff the supervisor's name and she said it was actually her supervisor that insisted upon the immediate removal of the girls. She also stated that she was just an emergency social worker. Plaintiff asked her why she waited so long to come to tell her that she was removing the girls, while earlier that day Plaintiff's whole family was there, and she could have asked one of Plaintiff's family members to take them or do the required paperwork instead of placing Plaintiff's daughters in a foster home. She said, "I am sorry I have made my decision, we will set up a court date and the judge will decide what to do with the girls." She said she was going to call Plaintiff tomorrow to give her the court date, and Plaintiff's family members could go to the office and do fingerprinting so that Liana and Bianca can be with their relatives. | 465. | Castillo Decl., ¶ 25; Acklin at 61:23-25; 63:9-11; 125:19-25; 126:1-6; Acklin Dec. ¶3, p. 2, ln 18-19; Castillo deposition at 84:10-19.<br><br>All of the risk fields on the Safety Assessment filled out by Acklin are marked – "no" and the safety risk form states that Plaintiff caused no physical harm to M.V. Acklin told Castillo that she was removing the children because she feared for their safety because of the coma M.V. was in. Acklin has testified that at the time of her decision to detain, no one at the hospital had told her that M.V. had been injured. Acklin testified that both B.U. and L.V. told her they were not abused by Plaintiff. Acklin at 65:25; 66:1-4. |
| 27. | Plaintiff asked Rihana, "You mean to tell me, you can just walk in here, with no paperwork, no police, and just takes my kids?" She replied, "Yes, I have the authority to do that. | 466. | Castillo Decl., ¶ 26; Acklin at 61:23-25; 63:9-11; 125:19-25; 126:1-6; Acklin Dec. ¶3, p. 2, ln 18-19; Castillo deposition at 84:10-19. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS** | | **SUPPORTING EVIDENCE** |
|---|---|---|---|
| | And if you try to stop me or keep continuing having this conversation of "why?" all you are doing is prolonging my job and worsening your case." Plaintiff didn't have a choice but to accept. She said she was not going to separate the girls and that she was going to bring them to the hospital to see their brother. She said Plaintiffs' relatives could go to the office for fingerprints, and that she would call me tomorrow with a court date for Plaintiff to see a judge so that he could decide what to do with the girls. | | All of the risk fields on the Safety Assessment filled out by Acklin are marked – "no" and the safety risk form states that Plaintiff caused no physical harm to M.V. Acklin told Castillo that she was removing the children because she feared for their safety because of the coma M.V. was in. Acklin has testified that at the time of her decision to detain, no one at the hospital had told her that M.V. had been injured. Acklin testified that both B.U. and L.V. told her they were not abused by Plaintiff. Acklin at 65:25; 66:1-4. |
| 28. | Acklin had told her supervisor that the hospital did not know what had happened to baby Moises and her supervisor told her to detain the children. | 467. | Declaration of Vincent W. Davis filed herewith, ("Davis Decl.") ¶ 4, Exhibit "B", p. 61:23-25 to p. 62:1-5. |
| 29. | Acklin never asked L.V.'s father Moises Villasano if she could detain his daughter on the evening of October 4, 2012 and he did not agree to said detention. | 468. | Davis Decl., ¶ 3, Exhibit "B", p. 50:18-25 to p. 51:1. |
| 30. | It is not County policy to detain children when they do not know what happened. | 469. | Davis Decl., ¶ 5; Exhibit "B", p. 62:15-17. |
| 31. | At the time of Acklin's decision to detain the girls, no one had told Acklin that baby Moises had suffered an injury. | 470. | Davis Decl., ¶ 6; Exhibit "B", p. 63, ll. 9-11. |
| 32. | At the time of the detention, the girls B.U. and L.V. had told Acklin that their mother Lisa Castillo had never | 471. | Davis Decl., ¶ 7; Exhibit "B", p. 65:25 to p. 66:1-4. |

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | abused them. | | |
| 33. | Acklin told Plaintiff that she was detaining the girls because of the "injury" to baby Moises and because of the family's history. | 472. | Davis Decl., ¶ 8; Exhibit "B", p. 68, ll. 11-19. |
| 34. | Even though relatives were present in the hospital, Acklin put the girls in placement because policy required relatives to be cleared before detained minors could be placed with them. | 473. | Davis Decl., ¶ 9; Exhibit "B", p. 72, ll. 6-24. |
| 35. | Sudden Infant Death Syndrome ("SIDS") is not child abuse. | 474. | Davis Decl., ¶ 10; Exhibit "B", p. 85, ll. 6-8. |
| 36. | On October 5, 2012, the doctors at LA USC told Acklin that the girls had not been abused. | 475. | Davis Decl., ¶ 12; Exhibit "B", p. 88, ll. 2-4. |
| 37. | The girls told Acklin that they had not suffered any abuse by either parent. | 476. | Davis Decl., ¶ 13; Exhibit "B", p. 87, ll. 20-25. |
| 38. | Acklin's Assistant Regional Administrator ("ARA") Wendy Luke decided that she did not want this case in court. | 477. | Davis Decl., ¶ 15; Exhibit "B", p. 97, ll. 1-6. |
| 39. | After Plaintiff's conversation with Rihana, at around 11:00 p.m. on October 4, 2012, Plaintiff went to tell the girls in another room that Rihana would be taking them. Both girls said they did not want to leave and wondered why and started crying. Plaintiff brought the girls back to the room where Rihana was and asked if Plaintiff could walk the girls down since they were still crying. Rihana said Plaintiff could walk down with the girls but only to the hospital door, not to Rihana's | 478. | Castillo Decl., ¶ 27; Acklin at 61:23-25; 63:9-11; 125:19-25; 126:1-6; Acklin Dec. ¶3, p. 2, ln 18-19; Castillo deposition at 84:10-19; Castillo Decl. ¶ 23, pg 5, ln 18-26.<br><br>All of the risk fields on the Safety Assessment filled out by Acklin are marked – "no" and the safety risk form states that Plaintiff caused no physical harm to M.V. Acklin told Castillo that she was removing the children because |



LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | car. Plaintiff walked the girls down to the door carrying L.V. and holding B.U.'s hand. At the door of the hospital, Rihana said how the girls had to go with her and took L.V. from Plaintiff's arms. They were still crying. Both girls were then taken away while Plaintiff had to wait at the door and watch them go. | | she feared for their safety because of the coma M.V. was in. Acklin has testified that at the time of her decision to detain, no one at the hospital had told her that M.V. had been injured. Acklin testified that both B.U. and L.V. told her they were not abused by Plaintiff. Acklin at 65:25; 66:1-4. |
| 40. | Plaintiff never signed any documents on October 4, 2012. Plaintiff did not even receive any documents from the social worker. Plaintiff was only given a business card. | 479. | Castillo Decl., ¶ 28; Acklin at 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25; Castillo at 87:2-3; 95:9-25; 96:1; 107:14-19;<br><br>Acklin has admitted under oath that her declaration submitted in support of this motion contains false information and that the documents referenced in this were not signed by Plaintiff on October 4, 2012 and that these falsified documents were knowingly relied upon in the dependency case and in Defendants' present motion. Defendants have withdrawn the VPA of 10/4/12 and paragraphs 9 and 21 of Acklin's declaration. Acklin has testified that Plaintiff signed no documents on October 4, 2012. |
| 41. | Acklin testified that the girls were detained on the night of October 4, 2012, but she did not speak to | 480. | Davis Decl., ¶ 19; Exhibit "B", p. 107, ll. 11-16. |

| | **MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS** | | **SUPPORTING EVIDENCE** |
|---|---|---|---|
| | Plaintiff concerning "voluntary placement" until October 5, 2012. | | |
| 42. | Acklin was not sure if she told Plaintiff that "voluntary placement" could be terminated at any time. | 481. | Davis Decl., ¶ 20; Exhibit "B", p. 110, ll. 8-10. |
| 43. | Acklin admitted that Plaintiff pleaded with her on October 4, 2012 not to take her children. | 482. | Davis Decl., ¶ 21; Exhibit "B", p. 115, ll. 7-11. |
| 44. | Acklin admitted that she noted Plaintiff did not cause serious physical harm to her child on her October 5, 2012 Safety Assessment Form. | 483. | Davis Decl., ¶ 24; Exhibit "B", p. 125, ll. 19-23. |
| 45. | Acklin admitted that she checked "no" to questions 2 through 12 on the Safety Assessment Form noting those listed risks were not present here. | 484. | Davis Decl., ¶ 25; Exhibit "B", p. 125:24-25 to p. 126:1-6. |
| 46. | At deposition, Acklin admitted that Plaintiff did not sign the VPA on October 4, 2012 per the copy of the document attached to Defendants' Motion for Summary Judgment as Exhibit "I". | 485. | Davis Decl., ¶ 26; See Exhibit "B", p. 129, ll. 22-24, p. 130, ll. 14-16. p. 162, ll. 18-20 and p. 179, ll. 14-21. |
| 47. | At deposition, Acklin admitted that she never asked Plaintiff Lisa Castillo to sign the VPA on October 4, 2012. | 486. | Davis Decl., ¶ 28; See Exhibit "B", p. 134, ll. 17-19. |
| 48. | Acklin admitted that only DCFS employees have access to the documents in the juvenile dependency case file. | 487. | Davis Decl., ¶ 49; Exhibit "B", p. 180, ll. 23-25. |
| 49. | Acklin acknowledged that it must have been a DCFS employee who put the false VPA into the case file. | 488. | Davis Decl., ¶ 50; Exhibit "B", p. 181, ll. 1-3. |
| 50. | On Friday, October 5, 2012, at approximately 3:00 a.m., B.U. called | 489. | Castillo Decl., ¶ 29; Castillo deposition at 93:1-7. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | Plaintiff. She was crying and told Plaintiff L.V. was taken away from her. | | |
| 51. | Later that day, Plaintiff's son was declared deceased. | 490. | Castillo Decl., ¶ 30. |
| 52. | On or around 10:00 a.m., Plaintiff called Rihanna Aklin and asked her to return her girls. She said the girls were separated and L.V. had been placed in a home in Lancaster and B.U was still waiting for a home. | 491. | Castillo Decl., ¶ 31; Castillo at 109:4-7, 15-18; 110:9-13; 111:20-24; 112:6-9; 113:13-14; 141:20-25; 142:1-9. |
| 53. | Acklin admitted that if she detains children, they must have a detention hearing within seventy-two (72) hours. | 492. | Davis Decl., ¶ 30; See Exhibit "B", p. 136, ll. 15-18. |
| 54. | Acklin admitted that Plaintiff signed the VPA on October 12, 2012, more than seventy-two (72) hours after the girls were detained. | 493. | Davis Decl., ¶ 31; Exhibit "B", p. 137, ll. 9-12. |
| 55. | Acklin testified that she never put in her Title 20 reports that she did a due diligence search for B.U.'s father, even though she was required to do so. | 494. | Davis Decl., ¶ 32; Exhibit "B", p. 142, ll. 7-16. |
| 56. | Plaintiff asked Rihana to give her girls back to her, and Plaintiff told her she "had medical doctors speak to you regarding my sons' condition and they told you there are no signs of child abuse or neglect." Rihana responded, "Ms. Castillo I need you to go home now, I need to speak to you at your house." Plaintiff told her, "you have no respect, my son just passed away and all you are thinking about is you need to speak to me at my house." Plaintiff told her "No, I am not leaving this hospital. Leave | 495. | Castillo Decl., ¶ 32; Castillo at 109:4-7, 15-18; 110:9-13; 111:20-24; 112:6-9; 113:13-14; 141:20-25; 142:1-9. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS** | | **SUPPORTING EVIDENCE** |
|---|---|---|---|
| | me alone and what you should do is please bring my girls to the hospital because they need to be with their mom. They need me and I need them, I just lost my son and you took my girls away from me." Plaintiff requested that she give Plaintiff her supervisor's name and phone number. Rihanna gave Plaintiff the name Erasmo Aguilar, and transferred the call to his extension, no answer, so Plaintiff left Mr. Aguilar a voicemail. | | |
| 57. | Later that morning Mr. Aguilar returned Plaintiff's call. This was a very unpleasant conversation because he was rude and arrogant. Plaintiff told him she was the mother of L.V. and B.U. He responded, "Yes, I know who you are." Plaintiff told him, "my son just passed away and you decided to take my kids for no valid reason. I need my girls; what do I have to do to get my girls back?" He said "first of all, we have a valid reason, your son just passed away and we need to know why." Plaintiff responded "you took the girls away from me yesterday, my son passed away this morning. The doctors have spoken to Rihana and told her that they have no suspicion of child abuse or neglect and you had the final call on making the decision; why?" | 496. | Castillo Decl., ¶ 33. |
| 58. | Mr. Aguilar said, "You know, Ms. Castillo, I am still standing behind my decision. We already told you, | 497. | Castillo Decl., ¶ 34. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS** | | **SUPPORTING EVIDENCE** |
|---|---|---|---|
| | have your family members come for fingerprinting and once we get their report back we will decide." Plaintiff told him, "How long is that going to take?" He said "I do not know; the FBI needs to send us the background check." Plaintiff told him, "this doesn't make any sense, and this is going to take forever." Mr. Aguilar's response was, "Ms. Castillo you are nobody special and neither are your girls; what do you want me to do, call the FBI and tell them, 'hey, please hurry, Ms. Castillo wants her girls with her relatives.'" Plaintiff told him, "I don't want my girls with my relatives, I want you to return my girls to me, and they need their mom." He said, "Are you done? Because the more you call us, the more we will take our time and prolong your case." | | |
| 59. | At around 12:00 p.m. or 1:00 p.m. as Plaintiff was crying next to her son, about seven police officers came to the hospital and interviewed her. First about the incident: how it happened, about Plaintiff, her education, and if she had any criminal record. Plaintiff disclosed her background, and provided details about her case and her probation officer's contact information. | 498. | Castillo Decl., ¶ 35. |
| 60. | After the interview they took Plaintiff back to her house. A photographer inspected the house with the officer and took pictures of Plaintiff's room and checked the | 499. | Castillo Decl., ¶ 36. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS** | | **SUPPORTING EVIDENCE** |
|---|---|---|---|
| | whole house. Officer Olmedo, stated "I really don't know why they are doing this to you but just follow their directions, because if you don't it's just not going to help you." | | |
| 61. | Later that afternoon, Plaintiff's brother Douglas Castillo called her and informed Plaintiff that B.U. was not going home with them, that she was being sent to Fontana with Liana's paternal grandmother and that Liana had been sent to a foster home in Lancaster. Plaintiff does not know what happened or how they made that decision. | 500. | Castillo Decl., ¶ 37. |
| 62. | Plaintiff called Acklin again and asked her why she separated the girls. Plaintiff asked what was going to happen next. She said Plaintiff had a court date scheduled on Tuesday, October 9, 2012, in Monterey Park Children's Court House. She also said that the judge would decide what to do with the girls. | 501. | Castillo Decl., ¶ 38; Castillo at 109:4-7, 15-18; 110:9-13; 111:20-24; 112:6-9; 113:13-14; 141:20-25; 142:1-9. |
| 63. | That evening Plaintiff received another call from Acklin telling her that her court date has been cancelled until further notice for a team meeting. She said she would call Plaintiff and let her know when this team meeting would be scheduled, but as for now she said she did not have a confirmed date. Plaintiff asked her, "if you cancelled my court date that means I am getting my girls back right?" She said, "not exactly, but having a team meeting instead of seeing a judge is | 502. | Castillo Decl., ¶ 39; Castillo at 109:4-7, 15-18; 110:9-13; 111:20-24; 112:6-9; 113:13-14; 141:20-25; 142:1-9; Acklin at 115:7-11; 125:1; 126:1-5; 129:22-24; 130:14-16; 163:1-21; 165:17-25; 166:1; 181: 1-2; 185:1-6; 186: 23-25. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | for the best interest for the girls to avoid the possibility of losing them or having them placed in a foster home." She said it would not be necessary to see the judge. | | |
| 64. | On October 9, 2012, Plaintiff called Rihana Acklin again. Plaintiff told her she had not heard from her office and when they were going to have the meeting. She said she still didn't have a confirmed date and would call Plaintiff tomorrow or later in the afternoon. | 503. | Castillo Decl., ¶ 40; Castillo at 109:4-7, 15-18; 110:9-13; 111:20-24; 112:6-9; 113:13-14; 141:20-25; 142:1-9. |
| 65. | On or about Tuesday October 9, 2012, Plaintiff contacted her probation officer Deputy Anthony Allen. Plaintiff told him she gave his contact information to LAPD and DCFS to contact him. | 504. | Castillo Decl., ¶ 41. |
| 66. | On October 10, 2012, Rihana Acklin called Plaintiff at around 1:30 or 2:30 p.m. She told Plaintiff that she needed to take a drug test within 1 hour. Plaintiff replied that she would do it. She gave Plaintiff the information: U-Turn & Alcohol Drug Program 3761 Stocker Suite 105, Los Angeles, 90008. She also said, depending on Plaintiff's drug results, this can help determine what decision they are going to make. She said they were scheduled to meet on Friday, October 12, 2012. Again, Plaintiff asked her to return her daughters. All she said was, "I'm sorry, we can't until we decide in the meeting what we are going to do with the girls." Plaintiff drove | 505. | Castillo Decl., ¶ 42; Castillo at 109:4-7, 15-18; 110:9-13; 111:20-24; 112:6-9; 113:13-14; 141:20-25; 142:1-9. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS** | | **SUPPORTING EVIDENCE** |
|---|---|---|---|
| | immediately to the location and took her drug test. | | |
| 67. | As soon as Plaintiff completed the test, she called Rihana to inform her that her drug test was completed. | 506. | Castillo Decl., ¶ 43; Castillo at 109:4-7, 15-18; 110:9-13; 111:20-24; 112:6-9; 113:13-14; 141:20-25; 142:1-9. |
| 68. | On or around October 11, 2012, Dr. Joel Barron called Plaintiff to follow up. He told Plaintiff that he called DCFS and spoke to Rihanna's supervisor and she confirmed that they received his letter via fax regarding Plaintiff's family. | 507. | Castillo Decl., ¶ 44; Castillo at 109:4-7, 15-18; 110:9-13; 111:20-24; 112:6-9; 113:13-14; 141:20-25; 142:1-9. |
| 69. | On October 12, 2012, the day of the meeting, Plaintiff showed up with her mom Lidia Castillo, her brother Douglas Castillo, her brother's wife, Gina Castillo and her cousin Diana Padilla. L.V., B.U., and Plaintiff's son's father, Moises Villasano, showed up with his parents Irma Villasano and Ramiro Villasano. | 508. | Castillo Decl., ¶ 45. |
| 70. | Plaintiff's attorney William Becker went with her. They all signed in with the front desk at the DCFS building. One of the social workers, Norma Ward, confirmed all the attendees before they walked into the room. When Ward saw Plaintiff's attorney, she asked who he was. Mr. Becker introduced himself and said he was the attorney for Lisa Castillo. Immediately, Norma Ward stated, "you cannot be here this is not a court hearing. This is a team meeting." Plaintiff told her, "I want him to be present." She said this was "family only meeting, an attorney is | 509. | Castillo Decl., ¶ 46; Declaration of William Becker filed herewith ("Becker Decl."), ¶ 4; Castillo at 116:4-17; 117:9-14; 118:6-7, 10-12; Norma Ward ("Ward") deposition at 23:18-25; 24:1-4, 34:18-20. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS** | | **SUPPORTING EVIDENCE** |
|---|---|---|---|
| | not required, and he cannot be present." | | |
| 71. | Mr. Becker told Ward to please note that Lisa Castillo had an attorney present on this day. The worker responded that she would, but he could not be present in the meeting, as it was not allowed. | 510. | Castillo Decl., ¶ 47; Becker Decl. ¶ 4; Castillo at 116:4-17; 117:9-14; 118:6-7, 10-12; Norma Ward ("Ward") deposition at 23:18-25; 24:1-4, 34:18-20. |
| 72. | There was a single page paper in the center of the table in the meeting room. Apparently it was set up as a sign-in sheet. As Plaintiffs' family walked in, the worker Norma Ward stated every person present in that meeting was required to print his or her name, state the relationship to the child, and sign on the last column of the sign-in sheet. | 511. | Castillo Decl., ¶ 48. |
| 73. | As everyone all sat down, Norma Ward stated the rules: no speaking over each other and no side talking. The people present at the meeting from DCFS were: Lana Adrian of the Department of Mental Health, Supervisor Erasmo Aguilar of DCFS, Social Worker Rihana Aklin of DCFS, and Facilitator Norma Ward of DCFS. They had a tape recorder on the table, but Plaintiff doesn't recall seeing anyone turning it on or turned it off, but a tape recorder was near the facilitator. | 512. | Castillo Decl., ¶ 49. |
| 74. | As they proceeded, they started off by talking about Plaintiff's criminal record. Plaintiff said she had explained to them her case and provided all her probation officer information. As the meeting | 513. | Castillo Decl., ¶ 50; Castillo at 124:1-10, 12-15. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS** | | **SUPPORTING EVIDENCE** |
|---|---|---|---|
| | continued, Supervisor Erasmo Aguilar started accusing Plaintiff in front of her daughters of her being a drug addict. He said, "just confess and say the truth, you know you're a drug addict." Plaintiff told him, "didn't you just send me to take a drug test; did I test dirty? Have you even contacted my probation officer to see what terms and conditions I am out on, have you read my rap sheet, how I got arrested, and what was my plea bargain?" He didn't answer. Plaintiff asked Acklin, "Rihana, I gave you the information, have you tried contacting my probation office, because I spoke to him and he said no one from this office has contacted him." She changed the subject and continued speaking. | | |
| 75. | They discussed Plaintiff's custody case regarding L.V., and based on that they said Plaintiff needed to go to parenting classes, a drug program class due to her criminal record, domestic violence class with no basis, and a grief and loss classes. Plaintiff told them "you said you took my kids because you didn't know the cause of the death of my son, when in fact you took my girls a day before my son passed away. You spoke to medical staff and they told you there were no sign of child abuse or neglect, and the doctor himself wrote you a letter on Cedars Sinai stationery advocating that you return | 514. | Castillo Decl., ¶ 51; Castillo at 124:1-10, 12-15. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | my girls to me." | | |
| 76. | During the meeting, nobody from the DCFS ever said that any changes requested would go to the court. The completion date on the Safety Plan was placed by the social workers. Nobody from the DCFS verbally informed Plaintiff that she has the right to cancel this plan at any time. Plaintiff was not told of her rights or her children's rights. They never gave Plaintiff any documents regarding her rights, their policy or procedure, or any document saying that Plaintiff has a right to a hearing at the meeting. | 515. | Castillo Decl., ¶ 52; Castillo at 124:1-10, 12-15.<br><br>Acklin has testified that she does not know if she even told Plaintiff that the VPA could be revoked. Acklin at 110:8-10. |
| 77. | Plaintiff was not allowed to even pick up the girls to take them to school. Plaintiff had to have someone supervise the pick up or have someone else take them. Plaintiff could not sleep over nor could they sleep over at Plaintiff's house. All contact with her girls needed to be supervised. Plaintiff asked Acklin again if she could take her girls back. She said Plaintiff needed to go to grief and loss classes because they wanted to make sure she was fine to handle her girls since she had just lost her son. | 516. | Castillo Decl., ¶ 53; Castillo at 124:1-10, 12-15. |
| 78. | They recapped the meeting by stating that Plaintiff would go to do all her classes including the grief and loss, and wait for the autopsy and police report. The girls would go to grief and loss classes as well. | 517. | Castillo Decl., ¶ 54; Castillo at 124:1-10, 12-15. |

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| 79. | As the meeting was wrapping up, Mr. Erasmo Aguilar asked Moises Villasano to step outside, that he needed to speak to him privately. Moises Villasano states Mr. Erasmo Aguilar advised he could try to get full custody for Liana. | 518. | Castillo Decl., ¶ 55. |
| 80. | When the meeting ended, Acklin told Plaintiff, "in order to get your girls back with this plan, which is for your best interest you need to sign the voluntary placement agreement." She said, "please make sure you do everything that we discussed." Plaintiff told her she needed a copy of the sign in sheet and a copy of the voluntary agreement. When she came back, she handed Plaintiff a copy of the sign-in sheet stapled to two new sheets of papers titled Safety Plan with their handwriting. Plaintiff was also given a copy of the Voluntary Agreement. These two documents were the only two documents Plaintiff signed. | 519. | Castillo Decl., ¶ 56; Castillo at 124:1-10, 12-15.<br><br>Plaintiff was told by Acklin that "in order to get your girls back you need to sign the voluntary placement agreement." Castillo at 97:13-25, 98:1, 99:1-4, 21-24. Plaintiff was told if she didn't sign the documents she could lose her children permanently. Castillo at 154:9-12. |
| 81. | In or around the second week of November of 2012, Plaintiff followed up with the coroner's office and still no autopsy report was available. Plaintiff called Acklin afterward to see if she could help expedite the autopsy report. Plaintiff told her she wanted her girls back, and she didn't want to continue with this plan. However, Acklin said she was no longer Plaintiffs' social worker and that she still needed Plaintiff's son's autopsy report. | 520. | Castillo Decl., ¶ 57. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS** | | **SUPPORTING EVIDENCE** |
|---|---|---|---|
| | Plaintiff then asked her what was going to happen after they got the autopsy report. Was Plaintiff going to get her girls back? The holidays were coming and Plaintiff wanted them to be together. She said that decision was no longer up to her; Plaintiffs' case has been transferred to a different social worker, Virginia Espinoza. | | |
| 82. | Plaintiff contacted Virginia Espinoza, introduced herself and told her she was eager to get her girls back and if she could help Plaintiff to get the autopsy report. She said that usually autopsy reports took months to be completed and that Plaintiff needed to wait. | 521. | Castillo Decl., ¶ 58.<br><br>Espinoza knew Plaintiff was always calling her wanting her children back and coming to the DCFS office. 89:2-15 |
| 83. | Plaintiff's mom called Espinoza and told her she wanted to try to get custody of the girls. Espinoza told her that she needed to take her fingerprints before they made a decision. Once Plaintiff's mom completed the fingerprints, she tried to contact Espinoza the next day to tell her the fingerprints were done. Plaintiff's mom never heard back from Espinoza. Plaintiff's mom had to call her again and find out the status with her fingerprints. Espinoza told Plaintiff's mom they couldn't get results with her fingerprints, and she requested that my mom take a second one. Plaintiff's mom did. Espinoza never called her back to tell her the results. | 522. | Castillo Decl., ¶ 59. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS** | | **SUPPORTING EVIDENCE** |
|---|---|---|---|
| 84. | In December 2012, Plaintiff called Espinoza and Plaintiff asked her if she had any news regarding the autopsy. She said no. Plaintiff then asked her if Plaintiff could have the girls sleep with Plaintiff for Christmas. She said not until they had the autopsy report. Plaintiff told her, "Virginia, I want my girls back. This is taking too long." She said Plaintiff needed to wait until they reviewed her case in six (6) months and had the autopsy report. | 523. | Castillo Decl., ¶ 60. |
| 85. | If Lisa Castillo demanded her children back, this would constitute revocation of the VPA requiring that this matter be submitted to juvenile dependency court by petition. | 524. | Davis Decl., ¶ 34, 93; *See* Exhibit "B", p. 144, ll. 16-25 and Exhibit "C", p. 74, ll. 9-13. |
| 86. | On or around January 2013, Plaintiff called Espinoza and told her B.U.'s birthday was coming up. Plaintiff asked her if she could take B.U. out on that day and she said as long as Diana is present it is okay. | 525. | Castillo Decl., ¶ 61. |
| 87. | Plaintiff told Espinoza "This is not right, what you're doing to me. You're not returning my kids, you don't let me spend time with them alone, I can't sleep over and neither can they; we have been separated since October 4, 2012 and I want my girls back." | 526. | Castillo Decl., ¶ 62. |
| 88. | All Espinoza said was "I'm really sorry, I just took over the case, I am not the one that made that decision to remove your girls and open your case. I am really sorry, but you cannot have unsupervised | 527. | Castillo Decl., ¶ 63. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS** | | **SUPPORTING EVIDENCE** |
|---|---|---|---|
| | visitations." | | |
| 89. | On February 14, 2013, Plaintiff called Dr. Jason Tovar. He gave Plaintiff good news and said the autopsy report was ready for pick up. He said the cause of Plaintiff's baby's death was "Sequele of Hypoxic Ischemic Encephal and Cardiac Arrest." In the meantime, Plaintiff called Virginia to inform her that the report was ready, but Plaintiff received no answer. Plaintiff called numerous times and left voicemails, but she could not get Espinoza on the phone. Almost every day, Plaintiff left Espinoza a message and she never heard back from her. | 528. | Castillo Decl., ¶ 64; Espinoza at 90:7-19.<br><br>Plaintiff gave Espinoza copy of Dr. Tovar autopsy report in February 2013. |
| 90. | On or around March 2013, Plaintiff decided to personally visit Virginia Espinoza to tell her the autopsy report was ready, since Plaintiff could never get her on the phone nor did she return Plaintiff's calls. Espinoza said they needed to request their own copy of the autopsy report. She said she was going to request it that afternoon and schedule a team meeting and that she would call Plaintiff with the date and time of the team meeting. She also mentioned that by law the case needed to remain open for a minimum of 6 months or up to a year, and Plaintiffs' case was still not at 6 months. Plaintiff told her that they removed her kids because they wanted the autopsy report, so the rest | 529. | Castillo Decl., ¶ 64; Espinoza at 90:7-19.<br><br>Plaintiff gave Espinoza copy of Dr. Tovar autopsy report in February 2013. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS** | | **SUPPORTING EVIDENCE** |
|---|---|---|---|
| | should be irrelevant to the case. Plaintiff told her she wanted her kids back. | | |
| 91. | Plaintiff waited for Espinoza's phone call to receive a team meeting date, but she never called. Plaintiff left Espinoza numerous messages and she couldn't get her on the phone, so Plaintiff left messages to her supervisor Cristina Alfaro, and Plaintiff never got a return phone call. Finally, Plaintiff got ahold of Virginia Espinoza, and she said she needed to confirm with Ms. Alfaro when it would be a good day for her to meet with Plaintiffs for the team meeting. Plaintiff told her she had the autopsy report already and that this meeting was very crucial for Plaintiffs, so please make sure she confirmed a date. | 530. | Castillo Decl., ¶ 66.<br><br>Espinoza knew Plaintiff always calling her wanting her children back and coming to the DCFS office. 89:2-15 |
| 92. | Plaintiff didn't get a call from Espinoza until about a week later. She told Plaintiff to make sure she had all her certificates completed by then, and they would decide if Plaintiff could get her girls returned to her. She said even if they had the autopsy report and Plaintiff's certificates, a team meeting needed to be scheduled to decide if the girls could go home with Plaintiff. | 531. | Castillo Decl., ¶ 67.<br><br>Espinoza knew Plaintiff always calling her wanting her children back and coming to the DCFS office. 89:2-15<br><br>Plaintiff gave Espinoza copy of Dr. Tovar autopsy report in February 2013. |
| 93. | On May 9th, 2013 Plaintiff went to the DCFS building. The attendees at the meeting were: Plaintiff's mom Blanca Castillo, Diana Lopez, Bianca and Liana, Martha Castillo, DCFS Worker Virginia Espinoza, | 532. | Castillo Decl., ¶ 68. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS** | | **SUPPORTING EVIDENCE** |
|---|---|---|---|
| | DCFS Supervisor Cristina Alfaro, and DCFS Facilitator Gilbert Salazar. | | |
| 94. | The introduction of the meeting was to touch base on the notes of October 12, 2012. Plaintiff presented all her certificates and letters, the parenting classes, grief and loss, domestic violence, and the drug program. It was a very brief meeting. They verified Plaintiff's certificates and Espinoza also said that the father of L.V., Moises, had also completed all his classes. The supervisor suggested since Plaintiff had finished all her classes and they had the autopsy report they were going to allow for the girls to return home with Plaintiff. However, they would not close the case because they needed to continue monitoring the case. | 533. | Castillo Decl., ¶ 69. |
| 95. | On May 9, 2013, Plaintiff was really happy that the girls were coming home with her, but at the same time, she was annoyed that they continued to stalk Plaintiffs with this case. | 534. | Castillo Decl., ¶ 70. |
| 96. | Defendants failed to keep a complete documented record of the investigation leading up to the detention of the minor plaintiffs as required. A fully documented record is crucial in establishing that the rules and regulations were properly followed prior to detention of the children. That is especially true where, as here, the social worker chooses to circumvent the standard Structured Decision Making | 535. | Declaration of Terry Greenstein filed herewith ("Greenstein Decl.") ¶ 4. |

| | **MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS** | | **SUPPORTING EVIDENCE** |
|---|---|---|---|
| | ("SDM") "decision tree" and to make her own decision outside of that standardized system. Although defendant chose not to use SDM, the reasons why they made that choice were not provided in any of the documents pertaining to the investigation. | | |
| 97. | Tellingly, in the "Safety Assessment" and "Risk Assessment" records in the file, defendants did not check any of the boxes evidencing safety or risk factors that would justify detaining the girls on the basis of exigencies. | 536. | Greenstein Decl., ¶ 5, Exhibit "A" thereto. |
| 98. | Other errors the defendants made in their investigation are: Neither Acklin nor a Public Health Nurse obtained the prior medical history or records for the deceased child Moises Villasano; | 537. | Greenstein Decl., ¶ 6(a). |
| 99. | Other errors the defendants made in their investigation are: Acklin ignored the statements from Dr. Joel Barron and Dr. Mohammed Zuhdi who treated Moises that there were no risk factors and that the child likely died from SIDS; | 538. | Greenstein Decl., ¶ 6(b). |
| 100. | Other errors the defendants made in their investigation are: Acklin ignored the statements from mother Lisa Castillo, father, and all of the extended family members that there were no risk factors and that mother had never abused or neglected her children; | 539. | Greenstein Decl., ¶ 6(c). |
| 101. | Other errors the defendants made in their investigation are: Acklin took | 540. | Greenstein Decl., ¶ 6(d). |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| | statements from the minor children without mother's consent; | | |
| 102. | Other errors the defendants made in their investigation are: Acklin ignored the statements from children that mother had never abused or neglected her children; | 541. | Greenstein Decl., ¶ 6(e). |
| 103. | Other errors the defendants made in their investigation are: Acklin did not ask the younger child about any current or past abuse or neglect; | 542. | Greenstein Decl., ¶ 6(f). |
| 104. | Other errors the defendants made in their investigation are: No physical description of the children re: marks, bumps or bruises that could potentially evidence abuse or neglect; | 543. | Greenstein Decl., ¶ 6(g). |
| 105. | Other errors the defendants made in their investigation are: No exam by a Public Heath Nurse of the two children; | 544. | Greenstein Decl., ¶ 6(h). |
| 106. | Other errors the defendants made in their investigation are: No consultation notes from Acklin, her supervisor or any other defendants prior to detainment; | 545. | Greenstein Decl., ¶ 6(i). |
| 107. | Other errors the defendants made in their investigation are: None of the factors listed at *Welfare and Institutions Code section* 300 (a-j) were noted as the reason for detention. | 546. | Greenstein Decl., ¶ 6(j). |
| 108. | Other errors the defendants made in their investigation are: There is no evidence that any of the factors listed at *Welfare and Institutions Code section* 300 (a-j) justified detention. | 547. | Greenstein Decl., ¶ 6(k). |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | | SUPPORTING EVIDENCE |
|---|---|---|---|
| 109. | The most serious error was that defendants chose to detain the minor daughters on October 4, 2012 without any exigency or warrant as required by law. There is absolutely no record of any imminent threat or risk to the two girls justifying their detention from their mother. It is undisputed that defendants did not obtain a warrant for the detention of the girls. Plaintiff Lisa Castillo did not consent to the detention of her daughters on October 4, 2012 in any way. | 548. | Greenstein Decl., ¶ 7. |
| 110. | Instead, defendants attempted to forge consent documents to show plaintiff consented to taking her daughters away on October 4, 2012. They backdated a October 12, 2012 "Voluntary Placement Agreement" ("VPA") to October 4, 2012 in an attempt to fraudulently establish plaintiff's nonexistent consent to defendants' seizing and taking her daughters from her. It is undisputed that the October 4, 2102 VPA has been fabricated. | 549. | Greenstein Decl., ¶ 8. |
| 111. | Defendants continued to violate the relevant law, rules and regulations after the detention by doing the following: Not filing a petition with the juvenile dependency court under *WIC section* 332 so that the detention of the girls could be adjudicated within seventy-two (72) hours as required by law; | 550. | Greenstein Decl., ¶ 9(a). |
| 112. | Defendants continued to violate the relevant law, rules and regulations | 551. | Greenstein Decl., ¶ 9(b). |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS** | | **SUPPORTING EVIDENCE** |
|---|---|---|---|
| | after the detention by doing the following: Not conferring proper notice to the children or family members of a detention hearing in juvenile dependency court as required by *WIC section* 307.4; | | |
| 113. | Defendants continued to violate the relevant law, rules and regulations after the detention by doing the following: Never even bringing the detention of these two girls to court so that a prior determination and adjudication of plaintiffs' rights could take place; | 552. | Greenstein Decl., ¶ 9(c). |
| 114. | Defendants continued to violate the relevant law, rules and regulations after the detention by doing the following: Placing the two girls in separate foster homes when they were detained in violation of *WIC section* 306.5. | 553. | Greenstein Decl., ¶ 9(d). |
| 115. | It appears that the defendants realized after the fact that they had committed a grievous error by seizing and detaining the minor girls on October 4, 2012 without a showing of any exigency, without obtaining a warrant, and without obtaining the consent of their mother. They tried to "fix" this mistake by fraudulently altering the date on the VPA to claim they obtained mother's consent on October 4, 2012, before the girls were detained from her. As a result, the two girls were taken from their mother's custody and care for six (6) month without any justification | 554. | Greenstein Decl., ¶ 10. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS** | | **SUPPORTING EVIDENCE** |
|---|---|---|---|
| | whatsoever, and based solely on forgery and lies by the defendants. | | |
| 116. | In addition to the errors described above, defendants' most grievous error in continuing the detention of the girls were based on defendant Espinoza's misunderstanding of what a "voluntary" case plan means. "Voluntary" means exactly what is says—that Plaintiff Lisa Castillo could have ended the "voluntary" case plan at any time. | 555. | Declaration of Keith Price filed herewith ("Price Decl."), ¶ 4.<br><br>Espinoza knew Plaintiff always calling her wanting her children back and coming to the DCFS office. 89:2-15 |
| 117. | At deposition, Espinoza had the novel view that Plaintiff Lisa Castillo was "locked in" to her "voluntary" case plan and that there was no way to terminate it before she completed all of the requirements set forth in her plan—the multiple classes she was required to take, the drug testing, the obtaining of the autopsy report, and the six-month waiting period—before even having the chance of having her girls returned to her. Espinoza testified that although the case plan was called "voluntary," it was "voluntary" in name only. | 556. | Price Decl., ¶ 5.<br><br>Espinoza knew Plaintiff always calling her wanting her children back and coming to the DCFS office. 89:2-15 |
| 118. | A case where minors are seized and detained from their parents *must* go to juvenile dependency court. Where such a serious matter occurs as taking children away from their parents with its concomitant violation of constitutional rights, due process would require that the matter be adjudicated via a court proceeding. The detention of | 557. | Price Decl., ¶ 6. |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

| | **MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS** | | **SUPPORTING EVIDENCE** |
|---|---|---|---|
| | children from their parents should be made by court order, which is precisely why there are such strict time limits on the filing of a juvenile dependency petition and setting a hearing in court (legal requirements wholly ignored in this case). | | |
| 119. | Plaintiff Lisa Castillo could have terminated her "voluntary" case plan at any time. The record shows that Ms. Castillo repeatedly requested and demanded her girls back which, at the least, should have led Espinoza to advise her that the case plan could be terminated and the matter referred to juvenile dependency court. There is absolutely no record that this ever occurred. As a result, the two girls were taken from their mother's custody and care for six (6) month without any justification whatsoever, and based solely on the mistakes and lies of the defendants. The defendants here were clearly not acting in the best interests of the Plaintiffs' family. | 558. | Price Decl., ¶ 7.<br><br>Espinoza knew Plaintiff always calling her wanting her children back and coming to the DCFS office. 89:2-15 |

Respectfully Submitted,

Date: May 9, 2016 LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES

BY: ____*/s/ Luke Jackson*____________
Vincent W. Davis, Esq.
Luke Jackson, Esq.
*Attorneys for Plaintiffs*

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 150 North Santa Anita Avenue, Suite 200, Arcadia, California 91106.

On May 9 2016, I served the foregoing document described as:

**STATEMENT OF GENUINE ISSUES IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, REQUEST FOR CONTINUANCE PER *FRCP RULE* 56(d)**

on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED MAILING LIST**

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed document(s) with the Clerk of the Court by using the CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system. Participants in this case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☐ **BY MAIL:** I deposited such envelope in the mail at Arcadia, California. The envelope was mailed with postage thereon fully prepaid. As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Burbank, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **FEDERAL:** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction.

Executed on May 9, 2016, at Arcadia, California.

/s/ Ruby Silva
Ruby Silva

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

**SERVICE LIST**

**RE: Castillo, Lisa v. County of Los Angeles**
**Case No.: CV14-07702 BRO (VBKx)**

Avi Burkwitz, Esq., Bar No.: 217225
aburkwitz@pbbllp.com
Natalie U. Luongo, Esq., Bar No.: 285288
nluongo@pbbllp.com
**PETERSON · BRADFORD · BURKWITZ**
100 North First Street, Suite 300
Burbank, California 91502
Attorneys for Defendants